**LOEB & LOEB LLP**
Schuyler G. Carroll
Daniel B. Besikof
Noah Weingarten
345 Park Avenue
New York, NY 10154
Tel: (212) 407-4000
Fax: (212) 407-4990
Email: scarroll@loeb.com
dbesikof@loeb.com
nweingarten@loeb.com

*Proposed Counsel to the Debtors and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Absolut Facilities Management, LLC,<br><br>Debtor.[1] | Chapter 11<br><br>Case No. 19-45422 |
| In re:<br><br>Absolut Center for Nursing and Rehabilitation at Allegany, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 19-45423 |

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Absolut Facilities Management, LLC (1412); Absolut Center for Nursing and Rehabilitation at Allegany, LLC (7875); Absolut Center for Nursing and Rehabilitation at Aurora Park, LLC (8266); Absolut Center for Nursing and Rehabilitation at Gasport, LLC (8080); Absolut at Orchard Brooke, LLC (1641); Absolut Center for Nursing and Rehabilitation at Orchard Park, LLC (8300); Absolut Center for Nursing and Rehabilitation at Three Rivers, LLC (8133); and Absolut Center for Nursing and Rehabilitation at Westfield, LLC (7924).

| | | |
|---|---|---|
| In re:<br><br>Absolut Center for Nursing and Rehabilitation at Aurora Park, LLC,<br><br>Debtor. | ) | Chapter 11<br><br>Case No. 19-45424 |
| In re:<br><br>Absolut Center for Nursing and Rehabilitation at Gasport, LLC,<br><br>Debtor. | ) | Chapter 11<br><br>Case No. 19-45425 |
| In re:<br><br>Absolut at Orchard Brooke, LLC,<br><br>Debtor. | ) | Chapter 11<br><br>Case No. 19-45426 |
| In re:<br><br>Absolut Center for Nursing and Rehabilitation at Orchard Park, LLC,<br><br>Debtor. | ) | Chapter 11<br><br>Case No. 19-45427 |
| In re:<br><br>Absolut Center for Nursing and Rehabilitation at Three Rivers, LLC,<br><br>Debtor. | ) | Chapter 11<br><br>Case No. 19-45428 |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| Absolut Center for Nursing and Rehabilitation at Westfield, LLC, | ) | Case No. 19-45429 |
| Debtor. | ) | |

**MOTION FOR ORDER AUTHORIZING AND DIRECTING JOINT ADMINISTRATION AND USE OF CONSOLIDATED CAPTION**

By this motion (this "**Motion**"), Absolut Facilities Management, LLC, Absolut Center for Nursing and Rehabilitation at Allegany, LLC, Absolut Center for Nursing and Rehabilitation at Aurora Park, LLC, Absolut Center for Nursing and Rehabilitation at Gasport, LLC, Absolut at Orchard Brooke, LLC, Absolut Center for Nursing and Rehabilitation at Orchard Park, LLC, Absolut Center for Nursing and Rehabilitation at Three Rivers, LLC, and Absolut Center for Nursing and Rehabilitation at Westfield, LLC, as debtors and debtors-in-possession (collectively, the "**Debtors**"), in the above-captioned chapter 11 cases (collectively, the "**Chapter 11 Cases**"), hereby request entry of an Order substantially in the form attached hereto authorizing and directing the joint administration of the Cases and the use of a consolidated caption pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the **"Bankruptcy Rules**").

**JURISDICTION**

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Referral of Matters to the Bankruptcy Judges* of the United States District Court for the Eastern District of New York, entered on December 5, 2012. This Motion is a core proceeding related to the administration of the bankruptcy estates under 28 U.S.C. § 157(b)(2)(A). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicate for the relief requested herein is Bankruptcy Rule 1015(b).

**BACKGROUND**

3. On September 10, 2019 (the "**Petition Date**"), the Debtors filed their voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") commencing Chapter 11 Cases. The Debtors continue to manage and operate their business as debtors-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108.

4. An official committee of unsecured creditors has yet to be appointed in these Chapter 11 Cases. Further, no trustee or examiner has been requested or appointed in these Chapter 11 Cases.

5. A detailed description of the Debtors and their business, the facts and circumstances leading up to the filing of the Debtors' Chapter 11 Cases, and the facts supporting this Motion are set forth in greater detail in the *Declaration of Michael Wyse in Support of Debtors' Chapter 11 Petitions and First-Day Motions* (the "**First Day Declaration**"), which is being filed concurrently herewith and is incorporated by reference in this Motion.

**RELIEF REQUESTED**

6. By this Motion, the Debtors seek entry of an Order authorizing and directing joint administration of the Chapter 11 Cases, under Case No. 19-45422. The Debtors also request that the following consolidated form of caption be used for all pleadings and orders in the Cases:

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Absolut Facilities Management, LLC, *et al.* | ) | Case No. 19-45422(__) |
| | ) | Case No. 19-45423(__) |
| Debtors. [1] | ) | Case No. 19-45424(__) |
| | ) | Case No. 19-45425(__) |
| | ) | Case No. 19-45426(__) |
| | ) | Case No. 19-45427(__) |
| | ) | Case No. 19-45428(__) |
| | ) | Case No. 19-45429(__) |
| | ) | |
| | ) | |
| | ) | (Jointly Administered) |

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Absolut Facilities Management, LLC (1412); Absolut Center for Nursing and Rehabilitation at Allegany, LLC (7875); Absolut Center for Nursing and Rehabilitation at Aurora Park, LLC (8266); Absolut Center for Nursing and Rehabilitation at Gasport, LLC (8080); Absolut at Orchard Brooke, LLC (1641); Absolut Center for Nursing and Rehabilitation at Orchard Park, LLC (8300); Absolut Center for Nursing and Rehabilitation at Three Rivers, LLC (8133); and Absolut Center for Nursing and Rehabilitation at Westfield, LLC (7924).

7. In addition, the Debtors request that the Clerk of Court make separate docket entries on the docket of each of the Debtor's cases (except for Absolut Facilities Management, LLC), substantially as follows:

> An order has been entered in this case consolidating this case with the case of Absolut Facilities Management, LLC, Case No. 19-45422, for procedural purposes only and providing for its joint administration in accordance with the terms hereof. The docket in Case No. 19-45422 should be consulted for all matters affecting this case.

**BASIS FOR RELIEF**

8. Bankruptcy Rule 1015(b) authorizes courts to jointly administer bankruptcy proceedings if the debtor entities are affiliated entities with proceedings pending in the same court. Bankruptcy Rule 1015(b) provides in relevant part that "[i]f a joint petition or two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." The Debtors are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code and as used in Bankruptcy Rule 1015(b). Absolut Facilities Management, LLC is the 54% owner of each of the other Debtors.

9. For logistical and judicial efficiency, the Chapter 11 Cases should be jointly administered. Joint administration will eliminate duplicative notices, applications, and orders, thereby saving considerable time and expense for the Debtors and their estates. Such time and expense will be better spent maximizing estate assets and formulating a plan of reorganization for payment to all creditors

10. Joint administration will not result in any prejudice to the Debtors' creditors or other parties-in-interest. Instead, joint administration serves the best interest of the Debtors' estates because the issues related to the reorganization of each of the Debtors involve common ownership, creditor, and management issues. Nearly all of the motions, hearings, and orders in the Cases will involve the same parties and will affect all of the Debtors. Accordingly, joint administration will promote judicial economy and ease the burden and expense of administering the estates.

11. The Debtors do not seek substantive consolidation of the Debtors' estates at this time.

## CONCLUSION

12. WHEREFORE, the Debtors respectfully request that the Court enter an Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated: September 10, 2019
       New York, New York

LOEB & LOEB LLP

*/s/ Schuyler G. Carroll*

Schuyler G. Carroll
Daniel B. Besikof
Noah Weingarten
345 Park Avenue
New York, NY 10154
Tel: (212) 407-4000
Fax: (212) 407-4990
scarroll@loeb.com
dbesikof@loeb.com
nweingarten@loeb.com

*Proposed Counsel to the Debtors
and Debtors-in-Possession*

# Exhibit A

**(Proposed Order)**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Absolut Facilities Management, LLC, | Case No. 19-45422 |
| Debtor.[1] | |
| In re: | Chapter 11 |
| Absolut Center for Nursing and Rehabilitation at Allegany, LLC, | Case No. 19-45423 |
| Debtor. | |
| In re: | Chapter 11 |
| Absolut Center for Nursing and Rehabilitation at Aurora Park, LLC, | Case No. 19-45424 |
| Debtor. | |
| In re: | Chapter 11 |
| Absolut Center for Nursing and Rehabilitation at Gasport, LLC, | Case No. 19-45425 |
| Debtor. | |

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Absolut Facilities Management, LLC (1412); Absolut Center for Nursing and Rehabilitation at Allegany, LLC (7875); Absolut Center for Nursing and Rehabilitation at Aurora Park, LLC (8266); Absolut Center for Nursing and Rehabilitation at Gasport, LLC (8080); Absolut at Orchard Brooke, LLC (1641); Absolut Center for Nursing and Rehabilitation at Orchard Park, LLC (8300); Absolut Center for Nursing and Rehabilitation at Three Rivers, LLC (8133); and Absolut Center for Nursing and Rehabilitation at Westfield, LLC (7924).

| | | |
|---|---|---|
| In re:<br><br>Absolut at Orchard Brooke, LLC,<br><br>Debtor. | ) | Chapter 11<br><br>Case No. 19-45426 |
| In re:<br><br>Absolut Center for Nursing and Rehabilitation at Orchard Park, LLC,<br><br>Debtor. | ) | Chapter 11<br><br>Case No. 19-45427 |
| In re:<br><br>Absolut Center for Nursing and Rehabilitation at Three Rivers, LLC,<br><br>Debtor. | ) | Chapter 11<br><br>Case No. 19-45428 |
| In re:<br><br>Absolut Center for Nursing and Rehabilitation at Westfield, LLC,<br><br>Debtor. | ) | Chapter 11<br><br>Case No. 19-45429 |

**ORDER GRANTING DEBTORS' MOTION FOR AN ORDER AUTHORIZING AND DIRECTING JOINT ADMINISTRATION AND USE OF CONSOLIDATED CAPTION**

This matter came before the Court pursuant to the *Motion for Order Authorizing and Directing Joint Administration and Use of Consolidated Caption* (the "**Motion**") filed by Absolut Facilities Management, LLC, Absolut Center for Nursing and Rehabilitation at Allegany, LLC, Absolut Center for Nursing and Rehabilitation at Aurora Park, LLC, Absolut Center for Nursing and Rehabilitation at Gasport, LLC, Absolut at Orchard Brooke, LLC, Absolut Center for Nursing and Rehabilitation at Orchard Park, LLC, Absolut Center for Nursing and Rehabilitation at Three

Rivers, LLC, and Absolut Center for Nursing and Rehabilitation at Westfield, LLC (collectively, the "**Debtors**") as debtors and debtors-in-possession in the above-captioned chapter 11 cases (the "**Cases**"), and it appearing that the relief requested is in the best interests of the Debtors' bankruptcy estates, their creditors and all other parties in interest; due and sufficient notice of the Motion having been given; it appearing that no other or further notice need be provided; this Court having jurisdiction to consider the Motion and the relief requested in the Motion being a core proceeding under 28 U.S.C. §§ 1408 and 1409; venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; no objections having been filed to the Motion; after due deliberation; and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED**:

1. The Motion is granted.

2. The above-captioned cases are consolidated for procedural purposes only and shall be administered jointly under Case No. 19-45422 in accordance with the provisions of Bankruptcy Rule 1015.

3. The Clerk of the Court shall maintain one file and one docket for the Debtors' chapter 11 cases, which file and docket shall be the file and docket for the chapter 11 case of Absolut Facilities Management, LLC, Case No. 19-45422.

4. Parties in interest are directed to use the caption, annexed to this Order as **Exhibit 1**, when filing a pleading with the Court in the chapter 11 cases of the Debtors, indicating that the pleading relates to the jointly administered chapter 11 cases of "Absolut Facilities Management, LLC, *et al.*"

5. The caption set forth as **Exhibit 1** satisfies the requirements of section 342(c) of the Bankruptcy Code.

6. A docket entry will be made on the docket for the other Chapter 11 Cases, other than Absolut Facilities Management, LLC, substantially as follows:

> "An order has been entered in this case consolidating this case with the case of Absolut Facilities Management, LLC, Case No. 19-45422, for procedural purposes only and providing for its joint administration in accordance with the terms hereof. The docket in Case No. 19-45422 should be consulted for all matters affecting this case."

7. Nothing contained in this Order shall be deemed or construed as directing or otherwise effecting the substantive consolidation of any of the above-captioned cases. While all other filings regarding the Debtors shall be filed in Absolut Facilities Management, LLC, bankruptcy Case No. 19-45422, the Debtors shall file their bankruptcy statements and schedules, and any amendments thereto, and monthly operating reports in their respective case. Additionally, proofs of claim filed by creditors of each Debtor shall reflect the style and case number of the Debtor to which the claim relates and in whose case such claim is to be filed. Separate claims registers shall be maintained for each case.

8. The Debtors are authorized to take all actions necessary to implement the relief granted by this Order.

**Exhibit 1**

**(Consolidated Caption)**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Absolut Facilities Management, LLC, *et al*. | ) | Case No. 19-45422(__) |
| | ) | Case No. 19-45423(__) |
| Debtors.[1] | ) | Case No. 19-45424(__) |
| | ) | Case No. 19-45425(__) |
| | ) | Case No. 19-45426(__) |
| | ) | Case No. 19-45427(__) |
| | ) | Case No. 19-45428(__) |
| | ) | Case No. 19-45429(__) |
| | ) | |
| | ) | (Jointly Administered) |

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Absolut Facilities Management, LLC (1412); Absolut Center for Nursing and Rehabilitation at Allegany, LLC (7875); Absolut Center for Nursing and Rehabilitation at Aurora Park, LLC (8266); Absolut Center for Nursing and Rehabilitation at Gasport, LLC (8080); Absolut at Orchard Brooke, LLC (1641); Absolut Center for Nursing and Rehabilitation at Orchard Park, LLC (8300); Absolut Center for Nursing and Rehabilitation at Three Rivers, LLC (8133); and Absolut Center for Nursing and Rehabilitation at Westfield, LLC (7924).