**LOEB & LOEB LLP**
Schuyler G. Carroll
Daniel B. Besikof
Noah Weingarten
345 Park Avenue
New York, NY 10154
Tel: (212) 407-4000
Fax: (212) 407-4990
Email: scarroll@loeb.com
        dbesikof@loeb.com
        nweingarten@loeb.com

*Proposed Counsel to the Debtors*
*and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Absolut Facilities Management, LLC, *et al.*<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 19-45422<br>Case No. 19-45423<br>Case No. 19-45424<br>Case No. 19-45425<br>Case No. 19-45426<br>Case No. 19-45427<br>Case No. 19-45428<br>Case No. 19-45429<br><br>(Joint Administration Requested) |

**DEBTORS' MOTION FOR AN ORDER EXTENDING TIME FOR**
**DEBTORS TO FILE THEIR SCHEDULES OF ASSETS AND**
**LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Absolut Facilities Management, LLC (1412); Absolut Center for Nursing and Rehabilitation at Allegany, LLC (7875); Absolut Center for Nursing and Rehabilitation at Aurora Park, LLC (8266); Absolut Center for Nursing and Rehabilitation at Gasport, LLC (8080); Absolut at Orchard Brooke, LLC (1641); Absolut Center for Nursing and Rehabilitation at Orchard Park, LLC (8300); Absolut Center for Nursing and Rehabilitation at Three Rivers, LLC (8133); and Absolut Center for Nursing and Rehabilitation at Westfield, LLC (7924).

18060385

By this Motion (this "**Motion**"), the above-captioned debtors (the "**Debtors**"), as debtors and debtors-in-possession herein, request the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), extending the deadline by which each Debtor must file its Schedules of Assets and Liabilities and Statement of Financial Affairs ("**Schedules and Statement**") required pursuant to section 521 of title 11 of the United States Code (the "**Bankruptcy Code**"), and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"). In support of this Motion, the Debtors respectfully represent as follows:

## JURISDICTION AND VENUE

1.  This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Referral of Matters to the Bankruptcy Judges* of the United States District Court for the Eastern District of New York, entered on December 5, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.  The statutory basis for the relief requested in the Motion are sections 105(a) and 521 of the Bankruptcy Code, Bankruptcy Rules 1007 and 9006, and E.D.N.Y. Local Bankruptcy Rule 1007.

## BACKGROUND

3.  On September 10, 2019 (the "**Petition Date**"), the Debtors filed their voluntary petitions for relief under chapter 11 of the Bankruptcy Code commencing the above-captioned cases (the "**Chapter 11 Cases**"). The Debtors continue to manage and operate their business as debtors-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108. Concurrently with the filing of this Motion, the Debtors have requested procedural consolidation and joint administration of the Chapter 11 Cases.

4. An official committee of unsecured creditors has yet to be appointed in these Chapter 11 Cases. Further, no trustee or examiner has been requested or appointed in these Chapter 11 Cases.

5. A detailed description of the Debtors and their business, the facts and circumstances leading up to the filing of the Debtors' Chapter 11 Cases, and the facts supporting this Motion are set forth in greater detail in the *Declaration of Michael Wyse in Support of Debtors' Chapter 11 Petitions and First-Day Motions* (the "**First Day Declaration**"), which is being filed concurrently herewith and is incorporated by reference in this Motion.

## RELIEF REQUESTED

6. Section 521 of the Bankruptcy Code and Bankruptcy Rule 1007(c) require a debtor to file schedules of assets and liabilities and a statement of financial affairs within fourteen (14) days from the date of filing its petition.

7. By this Motion, the Debtors seek an extension of 28 days from the Initial Deadline (as defined below), for a total of 42 days from the Petition Date, through and including October 22, 2019 to file their Schedules and Statements, without prejudice to the Debtors' rights to request additional time.

## BASIS FOR RELIEF REQUESTED

8. Although the Debtors have commenced the process of gathering the necessary information to prepare and finalize their Schedules and Statements, the fourteen-day period provided by Bankruptcy Rule 1007(c), or September 24, 2019 (the "**Initial Deadline**"), will be insufficient for each Debtor to complete its Schedules and Statements.

9. Pursuant to Bankruptcy Rules 1007(a)(5), 1007(c) and 9006(b), an extension of time to file the Schedules and Statements may be granted "for cause." While the Bankruptcy Rules do not define or delineate the parameters necessary to establish cause, courts have held that "cause"

is a liberal standard, and extensions of time to file schedules and statements of financial affairs should be granted in the absence of prejudice or bad faith. *See Bryant v. Smith*, 165 B.R. 176, 181-82 (W.D. Va. 1994).

10. As more fully described in the First Day Declaration, the Debtors operate seven senior care and skilled nursing health facilities in the state of New York (the "**Senior Care Facilities**"). The Senior Care Facilities provide long-term care and rehabilitative services to many senior patients. As healthcare providers, the Debtors must comply with federal and state laws that impose obligations to maintain the confidentiality of patient information. For this reason, the Debtors must carefully review any information that is being made publicly available in these Chapter 11 Cases to ensure that they are not violating any such laws. Such review cannot be satisfactorily completed within the fourteen-day period set forth in Bankruptcy Rule 1007(c).

11. The nature of the Debtors' business affairs, the limited staff available to perform the required internal review of their financial records and other records, the numerous matters that the Debtors must address in the early days of these Chapter 11 Cases, and the pressure incident to the commencement of the Chapter 11 Cases provide ample cause justifying, if not necessitating, the extension of each Debtor's deadline to file its Schedules and Statements.

12. In addition, the additional time requested by the Debtors to prepare and file their Schedules and Statements will help the Debtors smoothly transition into chapter 11 and, therefore, ultimately maximize the value of their estates for the benefit of creditors and all parties-in-interest. Consequently, it is in the best interests of the Debtors and their creditors that the Debtors be granted the extension of time to file their Schedules and Statements. Therefore, the Debtors submit that cause exists to extend the deadline for the Debtors to file their Schedules and Statements, without prejudice to the Debtors' right to seek a further extension of the deadline from this Court.

13. Courts in this and other jurisdictions have granted similar relief in other cases. *See*, *e.g.*, *In re Interfaith Med. Ctr., Inc.*, Case No. 12-48226 (CEC) (Bankr. E.D.N.Y. Dec. 3, 2012) (Dkt. No. 36) (granting additional 45 days to file schedules and statements); *In re Global Aviation Holdings Inc.*, Case No. 12-40783 (CEC) (Bankr. E.D.N.Y. Feb. 7, 2012) (Dkt. No. 38); *In re Avaya Inc.*, Case No. 17-10089 (SMB) (Bankr. S.D.N.Y. Feb. 10, 2017) (Dkt. No. 143) (granting an additional 47 days to file schedules and statements).;

## NOTICE

14. Notice of this Motion has been provided to: (i) the Office of the United States Trustee; (ii) the Debtors' secured creditors; (iii) any party whose interests are directly affected by this specific pleading; (iv) those persons who have formally appeared and requested notice and service in these proceedings pursuant to Bankruptcy Rules 2002 and 3017; (v) counsel for the proposed DIP Lender; (vi) the consolidated 30 largest unsecured creditors of the Debtors; and (vii) all governmental agencies having a regulatory or statutory interest in these cases. No other or further notice need be provided.

## NO PREVIOUS REQUEST

15. No previous request for the relief sought herein has been made by any of the Debtors to this or any other court.

## **CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter the proposed order, substantially in the form attached as **Exhibit A** hereto, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated:  September 10, 2019                  LOEB & LOEB LLP
        New York, New York

                                         */s/ Schuyler G. Carroll*

                                         Schuyler G. Carroll
                                         Daniel B. Besikof
                                         Noah Weingarten
                                         345 Park Avenue
                                         New York, NY 10154
                                         Tel: (212) 407-4000
                                         Fax: (212) 407-4990
                                         scarroll@loeb.com
                                         dbesikof@loeb.com
                                         nweingarten@loeb.com

                                         *Proposed Counsel to the Debtors*
                                         *and Debtors-in-Possession*

# **Exhibit A**

**(Proposed Order)**

18060385

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
|  | ) | Chapter 11 |
|  | ) |  |
|  | ) | Case No. 19-45422 |
|  | ) | Case No. 19-45423 |
| In re: | ) | Case No. 19-45424 |
|  | ) | Case No. 19-45425 |
| Absolut Facilities Management, LLC, *et al*. | ) | Case No. 19-45426 |
|  | ) | Case No. 19-45427 |
| Debtors.[1] | ) | Case No. 19-45428 |
|  | ) | Case No. 19-45429 |
|  | ) |  |
|  | ) | (Jointly Administered) |
|  | ) |  |

Upon consideration of the motion (the "**Motion for Extension of Deadline**")[2] of the above-captioned debtors and debtors-in-possession (the "**Debtors**") for entry of an order, pursuant to Bankruptcy Rules 1007(a)(5), 1007(c), and 9006(b), granting each Debtor an extension of time to file its Schedules and Statements; the Court having reviewed the Motion for Extension of Deadline and the First-Day Declaration; and the Court having determined that the relief requested in the Motion for Extension of Deadline is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and the Court having jurisdiction to consider the Motion for Extension of Deadline and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and venue being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Motion for Extension of Deadline has been given

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Absolut Facilities Management, LLC (1412); Absolut Center for Nursing and Rehabilitation at Allegany, LLC (7875); Absolut Center for Nursing and Rehabilitation at Aurora Park, LLC (8266); Absolut Center for Nursing and Rehabilitation at Gasport, LLC (8080); Absolut at Orchard Brooke, LLC (1641); Absolut Center for Nursing and Rehabilitation at Orchard Park, LLC (8300); Absolut Center for Nursing and Rehabilitation at Three Rivers, LLC (8133); and Absolut Center for Nursing and Rehabilitation at Westfield, LLC (7924).

[2] All capitalized terms not defined herein are given the meaning assigned to them in the Motion for Extension of Deadline.

18147131                                                1

and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Motion for Extension of Deadline is GRANTED as set forth herein.

2. Each of the Debtors are granted an extension of time through and including October 22, 2019 to file their Schedules and Statements, without prejudice to the Debtors' right to seek a further extension of this time period by the filing of a motion on appropriate notice.

3. This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.