**LOEB & LOEB LLP**
Schuyler G. Carroll
Daniel B. Besikof
Noah Weingarten
345 Park Avenue
New York, NY 10154
Tel: (212) 407-4000
Fax: (212) 407-4990
Email: scarroll@loeb.com
       dbesikof@loeb.com
       nweingarten@loeb.com

*Proposed Counsel to the Debtors
and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | Chapter 11 |
| | ) | |
| | ) | Case No. 19-45422 |
| | ) | Case No. 19-45423 |
| In re: | ) | Case No. 19-45424 |
| | ) | Case No. 19-45425 |
| Absolut Facilities Management, LLC, *et al*. | ) | Case No. 19-45426 |
| | ) | Case No. 19-45427 |
| Debtors.[1] | ) | Case No. 19-45428 |
| | ) | Case No. 19-45429 |
| | ) | |
| | ) | (Joint Administration Requested) |
| | ) | |

**DEBTORS' EMERGENCY MOTION (I) FOR
AUTHORITY TO FILE UNDER SEAL SEPARATE SCHEDULE F, MATRIX
AND OTHER DOCUMENTS CONTAINING PATIENT INFORMATION,
(II) TO AUTHORIZE CERTAIN PROCEDURES TO MAINTAIN THE
CONFIDENTIALITY OF PATIENT INFORMATION (III) TO MODIFY
NOTICE TO PATIENTS, AND (IV) FOR RELIEF FROM REQUIRED FORM
<u>OF MAILING MATRIX WITH REGARD TO SEPARATE MATRIX</u>**

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Absolut Facilities Management, LLC (1412); Absolut Center for Nursing and Rehabilitation at Allegany, LLC (7875); Absolut Center for Nursing and Rehabilitation at Aurora Park, LLC (8266); Absolut Center for Nursing and Rehabilitation at Gasport, LLC (8080); Absolut at Orchard Brooke, LLC (1641); Absolut Center for Nursing and Rehabilitation at Orchard Park, LLC (8300); Absolut Center for Nursing and Rehabilitation at Three Rivers, LLC (8133); and Absolut Center for Nursing and Rehabilitation at Westfield, LLC (7924).

1

Absolut Facilities Management, LLC and its affiliated debtor entities (collectively, the "**Debtors**"), as debtors-in-possession in the above-referenced chapter 11 cases, by and through proposed counsel, Loeb & Loeb LLP, respectfully submit this motion for an order (i) authorizing the Debtors to file under seal a separate Schedule F and matrix containing all patients with known or suspected claims (the "**Patient Matrix**" and "**Supplemental Schedule F**," respectively) as well as any other references to Patients in any other filing, (ii) authorizing certain procedures to maintain the confidentiality of patient information, (iii) modifying notice to patients, and (iv) granting relief from required form of mailing matrix with regard to the Patient Matrix (the "**Motion**"), pursuant to section 107(b) of title 11 of the United States Code ("**Bankruptcy Code**"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and E.D.N.Y. Local Bankruptcy Rule 9018-1.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Referral of Matters to the Bankruptcy Judges* of the United States District Court for the Eastern District of New York, entered on December 5, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory basis for the relief requested in the Motion is section 107 of the Bankruptcy Code, Bankruptcy Rule 9018, and E.D.N.Y. Local Bankruptcy Rule 9018-1.

## BACKGROUND

3. On September 10, 2019 (the "**Petition Date**"), the Debtors filed their voluntary petitions for relief under chapter 11 of the Bankruptcy Code commencing the above-captioned cases (the "**Chapter 11 Cases**"). The Debtors continue to manage and operate their business as debtors-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108. Concurrently with the

filing of this Motion, the Debtors have requested procedural consolidation and joint administration of the Chapter 11 Cases.

4. An official committee of unsecured creditors has yet to be appointed in these Chapter 11 Cases. Further, no trustee or examiner has been requested or appointed in these Chapter 11 Cases.

5. A detailed description of the Debtors and their business, the facts and circumstances leading up to the filing of the Debtors' Chapter 11 Cases, and the facts supporting this Motion are set forth in greater detail in the *Declaration of Michael Wyse in Support of Debtors' Chapter 11 Petitions and First-Day Motions* (the "**First Day Declaration**"), which is being filed concurrently herewith and is incorporated by reference in this Motion.

6. As more fully described in the First Day Declaration, the Debtors operate seven senior care and skilled nursing health facilities in the state of New York (the "**Facilities**"). The Facilities provide long-term care and rehabilitative services to many patients (the "**Patients**").[2] The Debtors believe that the overwhelming majority of Patients are not creditors and do not hold claims against the Debtors or their estates. The Debtors intend to include all Patients with known or suspected claims on their schedules in a Supplemental Schedule F (defined below). Other than the small number of Patients that may hold refund claims or that have otherwise asserted claims against the Debtors,[3] the Debtors do not believe that their Patients hold claims against the Debtors or their estates.

## RELIEF REQUESTED

7. The Debtors request that the Court enter an Order, substantially in the form

---

[2] "Patients" is defined to encompass both current and former patients of the Debtors, as well as guardians or responsible parties to the Debtors' current and former patients, to the extent known to the Debtors.

[3] The Debtors have sought by separate motion authority to pay all patient refund claims in full in the ordinary course of business.

attached, authorizing, but not requiring the Debtors (A) to file under seal the Supplemental Schedule F and Patient Matrix and any other references to Patients in any other filings, (B) to omit any reference to Patients from any certificate of service not filed under seal; (C) to provide notice of these proceedings to all Patients via publication and provide separate notice to those Patients that are (i) included on the Supplemental Schedule F, (ii) request further notices and/or pleadings, or (iii) timely file a proof of claim; and (D) to authorize the Debtors to submit an alternatively formatted mailing matrix with respect to Patients.

## BASIS FOR RELIEF REQUESTED

**I.    The Court Should Authorize the Debtors to File Under Seal the Supplemental Schedule F and Patient Matrix and any Other Filings and Omit Any References to Patients from Any Certificate of Service Not Filed Under Seal to Allow the Debtors to Comply with Their Obligations Under HIPAA**

8. In order for the Debtors comply with their confidentiality requirements under the Health Insurance Portability and Accountability Act of 1996, 42 U.S.C. § 1320d *et seq.* ("**HIPAA**"), while also allowing the Debtors to comply with their disclosure requirements in these Chapter 11 Cases, the Debtors seek approval to file the Supplemental Schedule F and Patient Matrix and any other references to Patients in any other filings under seal. The Debtors also seek authorization to omit any reference to Patients from any certificate of service not filed under seal.

9. HIPAA prohibits the "wrongful disclosure" of "individually identifiable health information." 42 U.S.C. § 1320d-6; *see also* 45 C.F.R. § 164.502 (collectively, the "**HIPAA Privacy Rule**"). The term "individually identifiable health information" is defined as any information relating to the individual's "past, present or future physical or mental health or condition, the provision of health care to the individual, or the past, present or future payment for the provision of health care to the individual" that also "identifies the individual or with respect to which there is a reasonable basis to believe that the information can be used to identify the

individual." 42 U.S.C. § 1320d(6).

10. Patients of the Debtors with claims against the Debtors must be listed in the Debtors' Schedules and Statements (the "**Schedules**"). The simple listing of a Patient's name on the Schedule F, the creditor matrix under Rule 1007 and E.D.N.Y. Local Bankruptcy Rule 1007-3, the Schedules, a certificate of service or any other filing would violate the HIPAA Privacy Rule. Absent relief, the Debtors respectfully submit that they cannot simultaneously comply with their obligations under HIPAA and their disclosure requirements in these Chapter 11 Cases.

11. For these reasons, the Debtors seek this Court's authorization to file the Patient Matrix and Supplemental Schedule F, as well as any other reference to any Patient in any other filing, under seal. The Patient Matrix will list all Patients going back to at least March 10, 2017.[4] The Supplemental Schedule F will list any Patient with a known or suspected claim against the Debtors. The Debtors will make an unredacted copy of the Supplemental Schedule F and Patient Matrix as well as any other filing referencing a Patient and filed under seal available to (a) the Court and to the United States Trustee upon request; and (b) any other party-in-interest only after this Court has entered an order, after notice and a hearing, authorizing the Debtors to do so.

12. The Court is authorized to grant relief under section 107(b) of the Bankruptcy Code. Section 107(b) provides that, "[o]n request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information." Bankruptcy Rule 9018 provides that "the court may make any order which justice requires to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information."

---

[4] The Debtors propose to include only Patients treated on or after March 10, 2017 on the Patient Matrix because the statute of limitations for medical malpractice in New York is two years and six months from the date of the act forming the basis for a medical malpractice claim. *See* N.Y. C.P.L.R. 214-A.

13. In addition to the relief requested above, the Debtors seek authorization to omit any reference to Patients from any certificate of service not filed under seal. When the Debtors serve any paper upon any person listed on the Patient Matrix and on Schedule F, the Debtors will note in the respective certificate of service that the parties served include persons listed on the Patient Matrix. Notwithstanding the foregoing, the Debtors shall not be required (but may elect) to file under seal any references in any of their Schedules or other filings containing any reference to litigations commenced by or against Patients, since the existence of and parties to such litigations are already in the public domain.

14. Because the privacy restrictions of HIPAA may still be imposed beyond final disposition of these cases, the Debtors further request that the Supplemental Schedule F and Patient Matrix, as well as any other documents filed under seal pursuant to this Motion, be kept confidential indefinitely and not deemed unsealed after the final disposition of these cases.

15. The requested relief is entirely appropriate to permit the Debtors to comply with their requirements under HIPAA and their disclosure requirements in these Chapter 11 Cases. In light of the above, the Debtors submit that the relief requested in this Motion is in the best interests of the Debtors' estates and does not prejudice the rights of any party in these Chapter 11 Cases.

## II. The Court Should Authorize Notice to the Patients by Publication Unless a Patient is Included on a Supplemental Schedule F

16. The Debtors seek the Court's authorization to provide notice to all Patients via publication in the local newspapers, as set forth in the Publication Notice attached to this Motion as **Exhibit A** (the "**Publication Notice**"). The Debtors intend to provide written notice to all Patients that hold known claims against the Debtors on the Supplemental Schedule F. However, it would be extremely costly for the Debtors to provide formal, written, ongoing notice to every single one of the approximately 10,000 Patients from just approximately the last three years that

do not hold known claims against the Debtors. In addition, many of the Patients who are no longer being treated by the Debtors have likely moved or otherwise reside at an address other than the address in the Debtors' records. Accordingly, the Debtors seek authorization to provide notice to the Patients not listed on the Supplemental schedule F by publication.

17. The Debtors submit that notice by publication to all Patients is an entirely appropriate and adequate means of providing notice. The Publication Notice includes the date that the petitions were filed, the case numbers, the location of the United States Bankruptcy Court for the Eastern District of New York (the "**Court**"), the Claims Agent's website, and will include other relevant information as it becomes available, such as the deadline to file a proof of claim in the Chapter 11 Cases. Additionally, the Debtors' Claims Agent's website will assist Patients in gathering whatever information about the case is relevant to them. Moreover, the Debtors will publish the Publication Notice in each of the Buffalo News and the Orchard Park Sun for a term of two consecutive days. Given that the Facilities served primarily patients in western New York, the Debtors submit that the proposed notice by publication in those newspapers is reasonably calculated under the circumstances to provide notice to Patients of the Debtors.

18. The Debtors, therefore, request that the Court enter an Order deeming such notice on the terms set forth herein to provide effective, adequate, and sufficient notice to all Patients and reasonably calculated under the circumstances to apprise those parties of the filing of these Chapter 11 Cases and of the deadline to file proofs of claim in these Chapter 11 Cases. The Debtors further request that, except with respect to Patients with known claims, no other notices and/or pleadings be required to be given to the Patients in these cases unless any such Patient requests further notices and/or pleadings or timely files a proof of claim.

**III.     The Court Should Grant Relief from the Form of the Patient Matrix**

19.     Because the Debtors are seeking authority to file the Patient Matrix under seal, and because technical compliance with E.D.N.Y. Local Bankruptcy Rule 1007-3 would cause the Debtors to incur significant cost and would result in undue delay, the Debtors respectfully request that they not be required to provide the Patient Matrix in the format required by the Local Rules. The Debtors believe that it is in the best interests of the estates that the Patient Matrix be submitted in a format that can be readily created from the Debtors' existing records.

## NOTICE

20.     Notice of this Motion has been provided to: (i) the Office of the United States Trustee; (ii) the Debtors' secured creditors; (iii) those persons who have formally appeared and requested notice and service in these proceedings pursuant to Bankruptcy Rules 2002 and 3017; (iv) counsel for the proposed DIP Lender; (v) the consolidated 30 largest unsecured creditors of the Debtors; and (vi) all governmental agencies having a regulatory or statutory interest in these cases.  No other or further notice need be provided.

## **CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter the proposed order, substantially in the form attached as **Exhibit B**, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated: September 10, 2019
        New York, New York

LOEB & LOEB LLP

*/s/ Schuyler G. Carroll*

Schuyler G. Carroll
Daniel B. Besikof
Noah Weingarten
345 Park Avenue
New York, NY 10154
Tel: (212) 407-4000
Fax: (212) 407-4990
scarroll@loeb.com
dbesikof@loeb.com
nweingarten@loeb.com

*Proposed Counsel to the Debtors
and Debtors-in-Possession*

## **Exhibit A**

**Publication Notice**

18059610

TAKE NOTICE that Absolut Facilities Management, LLC and its debtor affiliates (the "Debtors") which operate as Absolut Care through (1) Absolut Care of Allegany in Allegany, NY; (2) Absolut Care of Aurora Park in Aurora, NY; (3) Absolut Care of Gasport in Gasport, NY; (4) Absolut Care of Orchard Brooke in Orchard Park, NY; (5) Absolut Care of Orchard Park in Orchard Park, NY; (6) Absolut Care of Three Rivers in Painted Post, NY; and (7) Absolut Care of Westfield in Westfield, NY filed for protection under Chapter 11 of the Bankruptcy Code on September 10, 2019, in the United States Bankruptcy Court for the Eastern District of New York (the "Court"), Central Islip Division. The jointly administered bankruptcy case number is 19-45422. If you are owed money by, or otherwise have a claim against, the Debtors, the Court has set _____ 2019, as the deadline to file a proof of claim in the Debtors' bankruptcy cases. Any creditor who fails to file a proof of claim on or before, _____, 2019, will be barred from asserting its claims against the Debtors. Proof of claim forms may be obtained from the Debtors' Claims & Noticing Agent, Prime Clerk, at:
http://cases.primeclerk.com/absolutcare.

Creditors may also call Schuyler G. Carroll, Daniel B. Besikof, or Noah Weingarten of Loeb & Loeb LLP, proposed counsel for the Debtors, at the following number for further information: (212) 407-4000.

18059610

# Exhibit B

# Proposed Order

18059610

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
|  | ) | Chapter 11 |
|  | ) |  |
|  | ) | Case No. 19-45422 |
|  | ) | Case No. 19-45423 |
| In re: | ) | Case No. 19-45424 |
|  | ) | Case No. 19-45425 |
| Absolut Facilities Management, LLC, *et al*. | ) | Case No. 19-45426 |
|  | ) | Case No. 19-45427 |
| Debtors.[1] | ) | Case No. 19-45428 |
|  | ) | Case No. 19-45429 |
|  | ) |  |
|  | ) | (Joint Administration Requested) |
|  | ) |  |

**ORDER GRANTING DEBTORS' EMERGENCY MOTION (I) FOR
AUTHORITY TO FILE UNDER SEAL SEPARATE SCHEDULE F, MATRIX
AND OTHER DOCUMENTS CONTAINING PATIENT INFORMATION,
(II) TO AUTHORIZE CERTAIN PROCEDURES TO MAINTAIN THE
CONFIDENTIALITY OF PATIENT INFORMATION (III) TO MODIFY
NOTICE TO PATIENTS, AND (IV) FOR RELIEF FROM REQUIRED FORM
OF MAILING MATRIX WITH REGARD TO SEPARATE MATRIX**

On September ___, 2019, the Court conducted a hearing to consider the *Debtors' Emergency Motion (I) for Authority to File Under Seal Separate Schedule F, Matrix and Other Documents Containing Patient Information, (II) to Authorize Certain Procedures to Maintain the Confidentiality of Patient Information, (III) to Modify Notice to Patients, and (IV) for Relief from Required Form of Mailing Matrix with Regard to Separate Matrix* (the "**Patient Procedures Motion**"),[2] filed by the above-captioned debtors (the "**Debtors**"). The Court finds that: (i) it has

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Absolut Facilities Management, LLC (1412); Absolut Center for Nursing and Rehabilitation at Allegany, LLC (7875); Absolut Center for Nursing and Rehabilitation at Aurora Park, LLC (8266); Absolut Center for Nursing and Rehabilitation at Gasport, LLC (8080); Absolut at Orchard Brooke, LLC (1641); Absolut Center for Nursing and Rehabilitation at Orchard Park, LLC (8300); Absolut Center for Nursing and Rehabilitation at Three Rivers, LLC (8133); and Absolut Center for Nursing and Rehabilitation at Westfield, LLC (7924).

[2] Capitalized terms not defined herein are given the meaning ascribed to them in the Patient Procedures Motion.

jurisdiction over the matters raised in the Patient Procedures Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) venue being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; (iv) the relief requested in the Patient Procedures Motion is in the best interests of the Debtors, their estates, and their creditors; (v) proper and adequate notice of the Patient Procedures Motion has been given and no other or further notice is necessary; and (vi) upon the record herein after due deliberation thereon, good and sufficient cause exists for the granting of the relief as set forth herein.

Therefore, **IT IS HEREBY ORDERED THAT**:

1. The Patient Procedures Motion is **GRANTED**.

2. The Debtors are authorized to file each separate Supplemental Schedule F and Patient Matrix, which shall list all Patients going back to at least March 10, 2017, as well as all other documents containing Patient information, under seal. Notwithstanding the foregoing, the Debtors may elect not to file under seal any references in any of their schedules, statements of financial affairs or other filings any reference to litigations commenced by or against Patients, since the existence of and parties to such litigations are already in the public domain, and such disclosure shall be consistent with and not violate HIPAA.

3. The Clerk of the Court shall accept each separate Supplemental Schedule F and Patient Matrix, as well as any other document referencing Patient information, for filing and shall file such documents under seal.

4. The Debtors shall omit any reference to the names of Patients from the publicly filed matrix of creditors and any certificate of service not filed under seal.

5. The Debtors shall make an un-redacted copy of the Supplemental Schedule F, the Patient Matrix and any other document filed under seal containing Patient information available

to (a) the Court and to the United States Trustee upon request; and (b) any other party in interest only after this Court has entered an order, after notice and a hearing, authorizing the Debtors to do so.

6. Each separate Patient Matrix, Supplemental Schedule F and other document filed under seal pursuant hereto shall be kept confidential indefinitely and shall not be deemed unsealed 60 days after the final disposition of the bankruptcy proceedings.

7. All Patients with known or suspected claims against the Debtors shall be included in a Supplemental Schedule F and shall receive the notices provided to other general unsecured creditors in the Chapter 11 Cases.

8. The notice to Patients substantially in the form attached as Exhibit A to the Patient Procedures Motion shall be published in the Buffalo News and Orchard Park Sun for two consecutive days within 14 days of the entry of this Order and shall be deemed effective, adequate, and sufficient notice to all Patients, other than Patients included on a Supplemental Schedule F, and reasonably calculated under the circumstances to apprise those parties of the filing of the Debtors' Chapter 11 Cases and the deadline by which proofs of claim must be filed in these cases, and no further notices and/or pleadings are required to be given to such Patients in these cases unless any such Patient requests further notices and/or pleadings or such timely files a proof of claim.

9. The Debtors are not required to file the Patient Matrix in the format required by the Local Rules for the filing of creditor matrices. The Patient Matrix may be submitted in a format that can be readily created from the Debtors' existing records.

10. The terms and conditions of this Order shall be immediately effective and enforceable upon entry of this Order.

11. This Court shall retain exclusive jurisdiction to hear and decide any and all disputes related to or arising from the implementation, interpretation or enforcement of this Order.