**LOEB & LOEB LLP**
Schuyler G. Carroll
Daniel B. Besikof
Noah Weingarten
345 Park Avenue
New York, NY 10154
Tel: (212) 407-4000
Fax: (212) 407-4990
Email: scarroll@loeb.com
      dbesikof@loeb.com
      nweingarten@loeb.com

*Proposed Counsel to the Debtors*
*and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| | ) Chapter 11 |
| | ) |
| | ) Case No. 19-45422 |
| | ) Case No. 19-45423 |
| In re: | ) Case No. 19-45424 |
| | ) Case No. 19-45425 |
| Absolut Facilities Management, LLC, *et al.* | ) Case No. 19-45426 |
| | ) Case No. 19-45427 |
| Debtors.[1] | ) Case No. 19-45428 |
| | ) Case No. 19-45429 |
| | ) |
| | ) (Joint Administration Requested) |
| | ) |

**MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS (I) AUTHORIZING
THE DEBTORS TO (A) CONTINUE INSURANCE COVERAGE ENTERED
INTO PREPETITION, (B) PAY AND SATISFY PREPETITION OBLIGATIONS
RELATED THERETO, INCLUDING BROKER FEES AND PREMIUM
FINANCING OBLIGATIONS; AND (II) GRANTING RELATED RELIEF**

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Absolut Facilities Management, LLC (1412); Absolut Center for Nursing and Rehabilitation at Allegany, LLC (7875); Absolut Center for Nursing and Rehabilitation at Aurora Park, LLC (8266); Absolut Center for Nursing and Rehabilitation at Gasport, LLC (8080); Absolut at Orchard Brooke, LLC (1641); Absolut Center for Nursing and Rehabilitation at Orchard Park, LLC (8300); Absolut Center for Nursing and Rehabilitation at Three Rivers, LLC (8133); and Absolut Center for Nursing and Rehabilitation at Westfield, LLC (7924).

Absolut Facilities Management, LLC and its affiliated debtor entities (collectively, the "**Debtors**"), as debtors-in-possession in the above-referenced chapter 11 cases, by and through proposed counsel, Loeb & Loeb LLP, respectfully submit this motion for entry of interim and final orders (I) authorizing the Debtors to (A) continue insurance coverage entered into prepetition, (B) pay and satisfy prepetition obligations related thereto, including broker fees and premium financing obligations; and (II) granting related relief (the "**Motion**"), pursuant to section 105 and 363 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 6003 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Referral of Matters to the Bankruptcy Judges* of the United States District Court for the Eastern District of New York, entered on December 5, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory basis for the relief requested in the Motion are sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rule 6003.

## BACKGROUND

3.      On September 10, 2019 (the "**Petition Date**"), the Debtors filed their voluntary petitions for relief under chapter 11 of the Bankruptcy Code commencing the above-captioned cases (the "**Chapter 11 Cases**").  The Debtors continue to manage and operate their business as debtors-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108.  Concurrently with the filing of this Motion, the Debtors have requested procedural consolidation and joint administration of the Chapter 11 Cases.

4.      An official committee of unsecured creditors has yet to be appointed in these Chapter 11 Cases.  Further, no trustee or examiner has been requested or appointed in these Chapter 11 Cases.

5.      A detailed description of the Debtors and their business, the facts and circumstances leading up to the filing of the Debtors' Chapter 11 Cases, and the facts supporting this Motion are set forth in greater detail in the *Declaration of Michael Wyse in Support of Debtors' Chapter 11 Petitions and First-Day Motions* (the "**First Day Declaration**"), which is being filed concurrently herewith and is incorporated by reference in this Motion.

## RELIEF REQUESTED

### A.      The Debtors' Insurance Policies

6.      As more fully described in the First Day Declaration, the Debtors operates seven senior care and skilled nursing health facilities in the state of New York (the "**Facilities**").  The Facilities provide long-term care and rehabilitative services to many patients.

7.      In the ordinary course of business, the Debtors maintain and are covered by various insurance policies (collectively, the "**Insurance Policies**") that are provided and/or administered by multiple third-party insurance carriers (collectively, the "**Insurance Carriers**").

8.      The Insurance Policies are described as follows:

- General Liability & Professional Liability Insurance. The Debtors maintain a general liability and professional liability insurance policy (the "**GL and PL Policy**") to provide coverage relating to, among other things, personal injury liability, advertising injury, and professional liability.  The aggregate annual premium paid for the GL and PL Policy is approximately $1,211,546.57.  The GL and PL Policy expired on August 9, 2019 but has been extended, subject to a finance agreement with Agile Premium Finance, a Division of Valley National Bank.  The finance agreement requires a down payment of $274,821.01 on or about the Petition Date and 10 monthly installments of $95,220.77 due to Agile on the 8th of each month, beginning on October 8, 2019.

- Automobile Insurance. The Debtors maintain an automobile insurance policy (the "**Automobile Policy**"), which covers seventeen automobiles owned or leased by the Debtors that are used for business-related activities. The aggregate annual premium paid

for the Automobile Policy is approximately $29,481.00. The Automobile Policy expired on August 9, 2019 but has been renewed, subject to a finance agreement with Bank Direct, which requires monthly installments of $13,879.72 (covering the premiums for the Automobile Policy and the Property Insurance) due on the 7th of each month. The September 2019 installment has not been paid and has accrued a late fee of $689.99. The Debtors seek to pay that installment pursuant to this Motion.

- NY Statutory Disability Benefit Law Insurance. The Debtors maintain an insurance policy to provide disability benefits in accordance with Section 205 of the New York Disability Benefits Law (the "**Disability Benefits Policy**"). The aggregate annual premium paid for the Disability Benefits Policy is approximately $400,000.00; however this amount is variable based on actual payroll figures. The Disability Benefits Policy expires on December 31, 2019.

- Crime Insurance. The Debtors maintain a crime insurance policy (the "**Crime Insurance Policy**") to protect against employee theft, premises, in transit, forgery, computer fraud, funds transfer fraud, money order and counterfeit currency fraud, credit card fraud, client coverage, and expense coverage. The aggregate annual premium for the Crime Insurance Policy is $5,517. The Crime Insurance Policy expires on March 15, 2020.

- Director and Officer Insurance and Employment Practices Liability. Each of the Debtors maintains a directors' and officers' and employment practices liability policy (each being a "**DOLI Policy**") covering, among other things, actions taken by directors and officers in connection with these Chapter 11 Cases, and wrongful acts arising from the employment process. The aggregate annual premium owed for the DOLI Policy is approximately $66,125.00. Each of the DOLI Policies expired on September 9, 2019. The Debtors are binding a new DOLI Policy for a period of one year.

- Workers' Compensation Insurance. The Debtors maintain a workers' compensation insurance policy (the "**Workers' Compensation Insurance Policy**"), which provides coverage for medical expenses and a portion of lost wages for employees who become injured or ill on the job. The aggregate annual cost of maintaining the Workers' Compensation Insurance Policy is approximately $1,116,059.16. The Workers' Compensation Insurance Policy expires on May 1, 2020. The monthly installment due under the Workers' Compensation Insurance Policy is $93,004.93 and is due to First Insurance on the 1st of the month. The September 2019 installment has been remitted, and there are five remaining installments, due on the 1st of each month beginning with October 1, 2019 for a total of $465,024.65 still owed.

- Property Insurance. The Debtors maintain property insurance (the "**Property Insurance Policy**"), which provides coverage for various damage to and restoration of the Debtors' property such as, but not limited to, mold, pollutant clean up and removal, damage to buildings, and damage to personal property. The aggregate annual cost of maintaining the Property Insurance Policy is approximately $128,484.00, and, as set forth above, is subject to a finance agreement with Bank Direct, which requires monthly installments of

$13,879.72 (covering the premiums for the Automobile Policy and the Property Insurance) due on the 7th of each month.  The Property Insurance Policy expires on August 9, 2020.

9.      The Debtors request that the Court authorize them to continue insurance coverage entered into prepetition.

**B.      Insurance Premiums and Related Finance Payments**

10.     The Debtors pay for the cost of insurance in the ordinary course of business (*e.g.* monthly, quarterly, or annually) from immediately available funds.

11.     On an interim basis, the Debtors seek authority, but not direction, to satisfy prepetition obligations to pay insurance premiums and associated fees in an amount not to exceed $345,000, which may become due and payable prior to a final hearing, representing the initial premium financing payment due to Agile Premium Finance in respect of the GL and PL Policy along with the DOLI Policies, the past-due payment on the Automobile Insurance and Property Insurance Policies, as well as a partial payment to the Insurance Broker (defined below).

**C.      Premium Financing Agreements**

12.     <u>Premium Financing</u>.   The Debtors maintain the following premium financing agreements (the "**Premium Financing Agreements**"), described below:

- **Bank Direct Capital Finance**.   The Debtors are party to that certain Commercial Insurance Premium Finance and Security Agreement dated July 3, 2019, pursuant to which the Debtors finance their premiums relating to the Automobile Policy and Property Insurance Policy.  The premiums on those policies, together with applicable fees and taxes, total $169,915.  The Debtors' monthly obligation in respect of this Premium Financing Agreement equals $13,879.72.

- **Agile Premium Finance.**   The GL and PL Policy along with the DOLI Policies were extended subject to entry by the Debtors into a finance agreement with Agile Premium Finance, a Division of Valley National Bank. The finance agreement requires a down payment of  $274,821.01 on or about the Petition Date and 10 monthly installments of $95,220.77 due to Agile on the 8th of every month, beginning October 8, 2019.

**D.      Insurance Brokers and Administrators**

13.     The Debtors procure their Insurance Policies through Grandview Brokerage, Inc.

(the "**Insurance Broker**").  The Insurance Broker assists the Debtors in obtaining insurance coverage at competitive rates by evaluating available offerings.  The Insurance Broker collects commissions when the Debtors purchase coverage or when premium payments are remitted in connection with the policies.  As of the Petition Date, the Debtors owed the Insurance Broker $331,167.81 (the "**Prepetition Balance**").  Absent payment of the Prepetition Balance, which the Debtors propose to pay in six monthly installments of $55,194.64, the Debtors will be unable to obtain coverage through the Insurance Policies.  Accordingly, the Debtors seek authority to pay the Prepetition Balance to the Insurance Broker to ensure uninterrupted coverage under the Insurance Policies.

## BASIS FOR RELIEF REQUESTED

**A.    The Court Should Authorize, But Not Direct, the Debtors, in Their Discretion, to Make Necessary Payments Related to the Insurance Policies**

14.    Section 363(c) of the Bankruptcy Code authorizes a debtor-in-possession to use property of the estate in the ordinary course of business without notice or hearing.  The Debtors submit that maintaining and renewing the Insurance Policies and obtaining replacement or additional coverage, as needed, would be in the ordinary course of business pursuant to sections 363(c), 1107(a), and 1108 of the Bankruptcy Code, and would be allowed without further application to the Court.  Nonetheless, out of an abundance of caution, the Debtors are seeking the Court's authorization to continue to maintain and perform their obligations under the Insurance Policies in the ordinary course of business and to obtain additional coverage as needed.

15.    In addition, to the extent applicable, section 363(b) of the Bankruptcy Code permits a court to authorize debtors to pay certain prepetition claims.  Section 363(b)(1) provides that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate . . . ." 11 U.S.C. § 363(b)(1); *see also Official Comm. of*

*Unsecured Creditors v. LTV Corp. (In re Chateaugay Corp.)*, 973 F.2d 141, 143 (2d Cir. 1992). To permit payment of prepetition claims, a court must conclude that the debtor has "articulate[d] some business justification, other than the mere appeasement of major creditors . . . ." *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989).

16.     Likewise, the Court is empowered to approve payment of certain prepetition claims, including those under the Insurance Policies, under section 105 of the Bankruptcy Code and the "doctrine of necessity."  Section 105(a) of the Bankruptcy Code authorizes this Court to "issue any order . . . necessary or appropriate to carry out the provisions" of the Bankruptcy Code.  For the reasons set forth herein, authorizing the Debtors to pay the aforementioned obligations and honor their prepetition and ongoing obligations under the Insurance Policies is proper in accordance with section 105 of the Bankruptcy Code.  *See, e.g.*, *In re Pers. Commc'ns Devices, LLC*, 588 B.R. 661, 666 (Bankr. E.D.N.Y. 2018) ("[The necessity of payment] rule recognizes the existence of the judicial power to authorize a debtor in a reorganization case to pay pre-petition claims where such payment is essential to the continued operation of the debtor." (quoting *Ionosphere Clubs*, 98 B.R. at 175-76))*; see also In re Lehigh & New England Ry. Co.*, 657 F.2d 570, 581 (3d Cir. 1981) (holding that a court could authorize the payment of prepetition claims if such payment was essential to the continued operation of the debtor).

17.     The Insurance Policies are critical to the preservation of the Debtors' property, and nonpayment of any premiums, deductibles, or similar obligations under the Insurance Policies could result in the (a) termination of the existing Insurance Policies, (b) failure to renew the Insurance Policies, or (c) refusal to enter into new insurance agreements with the Debtors in the future.  Any interruption in insurance coverage could expose the Debtors to serious risks, such as (a) incurring direct liability for claims, material costs, and other losses that would have been

7

payable by the Insurance Carriers under the Insurance Policies, and (b) higher costs to re-establish lapsed policies or obtain new insurance coverage.

18.     Moreover, maintaining the Insurance Policies is required by the Bankruptcy Code and the Office of the United States Trustee's (the "**U.S. Trustee**") Operating Guidelines.  Section 1112(b)(4)(C) of the Bankruptcy Code provides that "failure to maintain appropriate insurance that poses a risk to the estate or to the public" is "cause" for mandatory conversion or dismissal of a chapter 11 case.  The Debtors believe it is essential to their estates, and consistent with the Bankruptcy Code and the U.S. Trustee's Operating Guidelines, to maintain and continue to make all payments required under their Insurance Policies and have the authority to supplement, amend, extend, renew, or replace their Insurance Policies as needed, in their judgment, without further order of the Court.

19.     Courts in this Circuit and other circuits have approved relief similar to the relief requested in this Motion.  *See, e.g.*, *In re Long Beach Med. Ctr.*, Case No. 14-70593 (Bankr. E.D.N.Y. Mar. 12, 2014) [Dkt. No. 77]; *In re Cengage Learning Inc., et al.*, Case No 13-44106 (Bankr. E.D.N.Y. Aug. 2, 2013) [Dkt. No. 215]; *In re Sound Shore Medical Ctr., et al.*, Case No 13-22840 (RDD) (Bankr. S.D.N.Y. July 1, 2013) [Dkt. No. 144]; *In re Patriot Coal Corp.*, Case No. 12-12900 (SCC) (Bankr. S.D.N.Y. Aug. 2, 2012) [Dkt. No. 258]; *In re Lightsquared, Inc.*, Case No. 12-12080 (SCC) (Bankr. S.D.N.Y. June 11, 2012) [Dkt. No. 118].

**B.     Debtors Have Satisfied Bankruptcy Rule 6003**

20.     Bankruptcy Rule 6003 provides that the relief requested in the Motion may be granted if the "relief is necessary to avoid immediate and irreparable harm . . . ."  As described herein, the Insurance Policies are critical to the Debtors' business operations and any interruption in insurance coverage could expose the Debtors to serious risks.  To successfully preserve and protect the Debtors' estates and their assets, the Debtors believe that it is necessary and in the best

interests of the estates and all stakeholders to seek the relief requested herein.  Accordingly, the

Debtors submit that the relief requested is necessary to avoid immediate and irreparable harm, and

therefore, Bankruptcy Rule 6003 is satisfied.

## WAIVER OF BANKRUPTCY RULES

21.     In addition, to the extent that any aspect of the relief sought herein constitutes a use

of property under Bankruptcy Code section 363(b), the Debtors seek a waiver of the notice

requirements under Bankruptcy Rule 6004(a), E.D.N.Y. Local Bankruptcy Rule 6004-1 and the

fourteen-day stay under Bankruptcy Rule 6004(h), to the extent applicable.  As described above,

the relief that the Debtors seek in this Motion is immediately necessary in order for the Debtors to

be able to continue to operate their business and preserve the value of their estates.  The Debtors

respectfully request that the Court waive the notice requirements imposed by Bankruptcy Rule

6004(a) and 6004(h), as the exigent nature of the relief sought herein justifies immediate relief.

## RESERVATION OF RIGHTS

22.     Nothing contained herein is intended or should be construed as an admission as to

the validity of any claims against the Debtors, or waiver of the Debtors', or any other party in

interest's, rights to dispute and/or contest any claim, or the approval or assumption of any

agreement, contract, or lease under section 365 of the Bankruptcy Code.  The Debtors expressly

reserve their right to contest any claim related to the relief sought herein, and if the Court grants

the relief sought herein, any payment made pursuant to an order of this Court is not intended to be,

nor should it be, construed as an admission as to the validity of any claim or a waiver of the

Debtors' or any party in interest's rights to subsequently dispute and/or contest such claim.

## NOTICE

23.     Notice of this Motion has been provided to: (i) the Office of the United States

Trustee; (ii) the Debtors' secured creditors; (iii) any party whose interests are directly affected by

this specific pleading; (iv) those persons who have formally appeared and requested notice and service in these proceedings pursuant to Bankruptcy Rules 2002 and 3017; (v) counsel for the proposed DIP Lender; (vi) the consolidated 30 largest unsecured creditors of the Debtors; and (vii) all governmental agencies having a regulatory or statutory interest in these cases.  No other or further notice need be provided.

## **CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter the Interim Order and Final Order, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated:    September 10, 2019                        LOEB & LOEB LLP
         New York, New York

                                                  */s/ Schuyler G. Carroll*

                                                  Schuyler G. Carroll
                                                  Daniel B. Besikof
                                                  Noah Weingarten
                                                  345 Park Avenue
                                                  New York, NY 10154
                                                  Tel: (212) 407-4000
                                                  Fax: (212) 407-4990
                                                  scarroll@loeb.com
                                                  dbesikof@loeb.com
                                                  nweingarten@loeb.com

                                                  *Proposed Counsel to the Debtors*
                                                  *and Debtors-in-Possession*

## **Proposed Interim Order**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ) | Chapter 11 |
| ) | |
| ) | Case No. 19-45422 |
| ) | Case No. 19-45423 |
| In re: ) | Case No. 19-45424 |
| ) | Case No. 19-45425 |
| Absolut Facilities Management, LLC, *et al.* ) | Case No. 19-45426 |
| ) | Case No. 19-45427 |
| Debtors.[1] ) | Case No. 19-45428 |
| ) | Case No. 19-45429 |
| ) | |
| ) | (Jointly Administered) |
| ) | |

**INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO**
**(A) CONTINUE INSURANCE COVERAGE ENTERED INTO PREPETITION,**
**(B) PAY AND SATISFY PREPETITION OBLIGATIONS RELATED THERETO,**
**INCLUDING BROKER FEES AND PREMIUM FINANCING**
**OBLIGATIONS; AND (II) GRANTING RELATED RELIEF**

On September __, 19, the Court conducted a hearing to consider the *Debtors' Motion of Debtors for Entry of an Order (I) Authorizing The Debtors To (A) Continue Insurance Coverage Entered Into Prepetition, (B) Pay And Satisfy Prepetition Obligations Related Thereto, Including Broker Fees and Premium Financing Obligations; And (II) Granting Related Relief* (the "**Insurance Motion**"),[2] filed by the above-captioned debtors (the "**Debtors**").  The Court finds that: (i) it has jurisdiction over the matters raised in the Insurance Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) the relief

---

[1]  The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Absolut Facilities Management, LLC (1412); Absolut Center for Nursing and Rehabilitation at Allegany, LLC (7875); Absolut Center for Nursing and Rehabilitation at Aurora Park, LLC (8266); Absolut Center for Nursing and Rehabilitation at Gasport, LLC (8080); Absolut at Orchard Brooke, LLC (1641); Absolut Center for Nursing and Rehabilitation at Orchard Park, LLC (8300); Absolut Center for Nursing and Rehabilitation at Three Rivers, LLC (8133); and Absolut Center for Nursing and Rehabilitation at Westfield, LLC (7924).

[2]  Capitalized terms not defined herein are given the meaning ascribed to them in the Insurance Motion.

18071800

requested in the Insurance Motion is in the best interests of the Debtors, their estates, and their creditors; (iv) proper and adequate notice of the Insurance Motion has been given and no other or further notice is necessary; and (v) upon the record herein after due deliberation thereon, good and sufficient cause exists for the granting of the relief as set forth herein.

Therefore, **IT IS HEREBY ORDERED THAT**:

1.      The Insurance Motion is GRANTED on an interim basis, as set forth herein.

2.      The Debtors are authorized to maintain the Insurance Policies without interruption and to pay, honor, or otherwise satisfy premiums, claims, deductibles, retentions, retrospective adjustments, administrative fees, brokerage fees, and any other obligations on account of the Insurance Policies, and the Premium Financing Agreements that become due and payable prior to the entry of the Final Order, including, without limitation, any amounts that arose pre-petition, in an aggregate amount not to exceed $345,000.

3.      A final hearing to consider the relief requested in the Insurance Motion shall be held on _____ __, 2019 at _____ (Eastern Time), and any objections or responses to the Insurance Motion shall be filed and served so as to be actually received on or prior to _____ __, 2019 at 4:00 p.m. (Eastern Time) on the following parties: (a) proposed counsel to the Debtors, Loeb & Loeb LLP, 345 Park Avenue, New York, NY 154 (Attn: Schuyler G. Carroll Esq., Daniel B. Besikof, Esq., and Noah Weingarten, Esq.); (b) the U.S. Trustee for the Eastern District of New York; and, if applicable, (c) counsel to any statutory committees appointed in these Chapter 11 Cases.

4.      Notwithstanding the relief granted in this Interim Order and any actions taken pursuant to such relief, nothing in this Interim Order shall be deemed: (a) an admission regarding the validity or amount of any claim against the Debtors; (b) a waiver of the Debtors' right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or

18071800

2

admission that any particular claim is of a type specified or defined in this Interim Order or in the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law.

5.     The Court finds and determines that the requirements of Bankruptcy Rule 6003 are satisfied and that the relief requested is necessary to avoid immediate and irreparable harm.

6.     The notice of the relief requested in the Insurance Motion satisfies Bankruptcy Rule 6004(a) and, pursuant to Bankruptcy Rule 6004(h), the terms and provisions of this Interim Order shall be immediately effective and enforceable upon its entry.

7.     The Debtors are authorized to take all steps necessary or appropriate to carry out the terms of this Interim Order.

8.     This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Interim Order.

**<u>Proposed Final Order</u>**

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF NEW YORK

<table>
<tr><td></td><td>)</td><td>Chapter 11</td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td>Case No. 19-45422</td></tr>
<tr><td></td><td>)</td><td>Case No. 19-45423</td></tr>
<tr><td>In re:</td><td>)</td><td>Case No. 19-45424</td></tr>
<tr><td></td><td>)</td><td>Case No. 19-45425</td></tr>
<tr><td>Absolut Facilities Management, LLC, <em>et al.</em></td><td>)</td><td>Case No. 19-45426</td></tr>
<tr><td></td><td>)</td><td>Case No. 19-45427</td></tr>
<tr><td>Debtors.[1]</td><td>)</td><td>Case No. 19-45428</td></tr>
<tr><td></td><td>)</td><td>Case No. 19-45429</td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td>(Jointly Administered)</td></tr>
<tr><td></td><td>)</td><td></td></tr>
</table>

## FINAL ORDER (I) AUTHORIZING THE DEBTORS TO (A) CONTINUE INSURANCE COVERAGE ENTERED INTO PREPETITION, (B) PAY AND SATISFY PREPETITION OBLIGATIONS RELATED THERETO, INCLUDING BROKER FEES AND PREMIUM FINANCING OBLIGATIONS; AND (II) GRANTING RELATED RELIEF

On _____, the Court conducted a final hearing to consider the *Debtors' Motion of Debtors for Entry of an Order (I) Authorizing The Debtors To (A) Continue Insurance Coverage Entered Into Prepetition, (B) Pay And Satisfy Prepetition Obligations Related Thereto, Including Broker Fees and Premium Financing Obligations; And (II) Granting Related Relief* (the "**Insurance Motion**"),[2] filed by the above-captioned debtors (the "**Debtors**").  The Court finds that: (i) it has jurisdiction over the matters raised in the Insurance Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) the relief

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Absolut Facilities Management, LLC (1412); Absolut Center for Nursing and Rehabilitation at Allegany, LLC (7875); Absolut Center for Nursing and Rehabilitation at Aurora Park, LLC (8266); Absolut Center for Nursing and Rehabilitation at Gasport, LLC (8080); Absolut at Orchard Brooke, LLC (1641); Absolut Center for Nursing and Rehabilitation at Orchard Park, LLC (8300); Absolut Center for Nursing and Rehabilitation at Three Rivers, LLC (8133); and Absolut Center for Nursing and Rehabilitation at Westfield, LLC (7924).

[2] Capitalized terms not defined herein are given the meaning ascribed to them in the Insurance Motion.

18150851

requested in the Insurance Motion is in the best interests of the Debtors, their estates, and their creditors; (iv) proper and adequate notice of the Insurance Motion has been given and no other or further notice is necessary; and (v) upon the record herein after due deliberation thereon, good and sufficient cause exists for the granting of the relief as set forth herein.

Therefore, **IT IS HEREBY ORDERED THAT**:

1.     The Insurance Motion is GRANTED on a final basis, as set forth herein.

2.     The Debtors are authorized to maintain the Insurance Policies without interruption and to pay, honor, or otherwise satisfy premiums, claims, deductibles, retentions, retrospective adjustments, administrative fees, brokerage fees, and any other obligations on account of the Insurance Policies, and the Premium Financing Agreements that become due and payable prior to the entry of the Final Order, including, without limitation, any amounts that arose pre-petition, in an aggregate amount not to exceed $_____. The Debtors are authorized, in addition to the initial monthly installment paid to the Insurance Broker to pay five additional monthly installments of $55,166 to the Insurance Broker.

3.     Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief, nothing in this Final Order shall be deemed: (a) an admission regarding the validity or amount of any claim against the Debtors; (b) a waiver of the Debtors' right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Interim Order or in the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law.

4.      The Court finds and determines that the requirements of Bankruptcy Rule 6003 are satisfied and that the relief requested is necessary to avoid immediate and irreparable harm.

5.      The notice of the relief requested in the Insurance Motion satisfies Bankruptcy Rule 6004(a) and, pursuant to Bankruptcy Rule 6004(h), the terms and provisions of this Interim Order shall be immediately effective and enforceable upon its entry.

6.      The Debtors are authorized to take all steps necessary or appropriate to carry out the terms of this Interim Order.

7.      This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Interim Order.