**LOEB & LOEB LLP**
Schuyler G. Carroll
Daniel B. Besikof
Noah Weingarten
345 Park Avenue
New York, NY 10154
Tel: (212) 407-4000
Fax: (212) 407-4990
Email:  scarroll@loeb.com
            dbesikof@loeb.com
            nweingarten@loeb.com

*Proposed Counsel to the Debtors*
*and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re:<br><br>Absolut Facilities Management, LLC, *et al*.<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 19-76260<br>Case No. 19-76263<br>Case No. 19-76267<br>Case No. 19-76268<br>Case No. 19-76269<br>Case No. 19-76270<br>Case No. 19-76271<br>Case No. 19-76272<br><br>(Joint Administration Requested) |

**DEBTORS' EMERGENCY MOTION TO**
**REDACT THE CRITICAL VENDORS MOTION**

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Absolut Facilities Management, LLC (1412); Absolut Center for Nursing and Rehabilitation at Allegany, LLC (7875); Absolut Center for Nursing and Rehabilitation at Aurora Park, LLC (8266); Absolut Center for Nursing and Rehabilitation at Gasport, LLC (8080); Absolut at Orchard Brooke, LLC (1641); Absolut Center for Nursing and Rehabilitation at Orchard Park, LLC (8300); Absolut Center for Nursing and Rehabilitation at Three Rivers, LLC (8133); and Absolut Center for Nursing and Rehabilitation at Westfield, LLC (7924).

Absolut Facilities Management, LLC and its affiliated debtor entities (collectively, the "**Debtors**"), as debtors-in-possession in the above-referenced chapter 11 cases, by and through proposed counsel, Loeb & Loeb LLP, respectfully submit this motion (the "**Motion**") to redact the *Debtors' Emergency Motion for Entry of Interim and Final Orders Authorizing the Debtors to Pay Certain Prepetition Claims of Critical Vendors* (Dkt. No. 10) (the "**Critical Vendors Motion**"),[2] pursuant to 11 U.S.C. §§ 105(a), 107(b)(1) and Fed. R. Bankr. P. 9018 to redact Exhibit C attached to the Critical Vendors Motion, containing the list of Critical of Vendors.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Referral of Matters to the Bankruptcy Judges* of the United States District Court for the Eastern District of New York, entered on December 5, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested in the Motion are Sections 105 and 107(b)(1) of title 11 of the United States Code (the "**Bankruptcy Code**") and rule 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## BACKGROUND

3. On September 11, 2019 (the "**Petition Date**"), the Debtors filed their voluntary petitions for relief under chapter 11 of commencing the above captioned cases (the "**Chapter 11 Cases**"). The Debtors continue to manage and operate their business as debtors-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108.

4. A detailed description of the Debtors and their business, the facts and circumstances leading up to the filing of the Debtors' Chapter 11 Cases are set forth in greater detail in the

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Critical Vendors Motion.

*Declaration of Michael Wyse in Support of Debtors' Chapter 11 Petitions and First-Day Motions* (Dkt. No. 15) and is incorporated by reference in this Motion.

**RELIEF REQUESTED**

5.  The Debtors seek entry of an order authorizing the Debtors to redact the list of Critical Vendors annexed as Exhibit C to the Critical Vendors Motion pursuant to §§ 105(a) and 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018.

**BASIS FOR RELIEF**

6.  Section 107(b) of the Bankruptcy Code provides, "[o]n a request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information." Section 105(a) permits a court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." Further, Bankruptcy Rule 9018 authorizes a court to enter an order "to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information."

7.  "Commercial information" is information that would result in "an unfair advantage to competitors by providing them information as to the commercial operations of the debtor." *Video Software Dealers Ass'n. v. Orion Pictures Corp., (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994) (affirming bankruptcy court's denial of motion to modify protective order sealing documents). Commercial information need not rise to the level of a "trade secret" to be protected under section 107(b) of the Bankruptcy Code. *Id.* at 28. Rather, § 107(b)'s protections extend to commercial information that, if disclosed to the public, could be used by various parties for an unfair advantage. *Id.* at 27-28. When the information sought to be protected falls within any of the categories specified in § 107(b) and Bankruptcy Rule 9018, "the court is required to protect a requesting interested party and has no discretion to deny the application." *Id.* at 27.

8. The relief requested herein is entirely appropriate and warranted under the circumstances. Publicly disclosing the Debtors' confidential list of Critical Vendors will materially harm the Debtors' ability to negotiate payment amounts with the potential Critical Vendors. At the same time, the Debtors believe the list of Critical Vendors will assist the Court's review of the arguments in support of the relief requested by the Critical Vendors Motion on an interim and final basis. Accordingly, the Debtors have filed this Motion to obtain authority to redact the list of Critical Vendors from the version filed publicly on the docket maintained in these Chapter 11 Cases.

9. In the event the Court enters an order redacting the Critical Vendors Motion, the Debtors will provide the Court, the United States Trustee, and the estate with an unredacted version of the Critical Vendors Motion. Thus, by redacting the Critical Vendors Motion and providing the Court, the United States Trustee and the estate with an unredacted version, the Debtors are balancing two concerns: seeking the necessary relief to allow the Debtors to smoothly operate their business during the infancy of these Chapter 11 Cases while also preventing the disclosure of the Debtors' trade secret and commercial information.

## NOTICE

10. Notice of this Motion has been provided to: (i) the Office of the United States Trustee; (ii) the Debtors' secured creditors; (iii) any party whose interests are directly affected by this specific pleading; (iv) those persons who have formally appeared and requested notice and service in these proceedings pursuant to Bankruptcy Rules 2002 and 3017; (v) counsel for the proposed DIP Lender; (vi) the consolidated 30 largest unsecured creditors of the Debtors; and (vii) all governmental agencies having a regulatory or statutory interest in these cases. No other or further notice need be provided.

## NO PRIOR REQUEST

11.     No prior request for the relief sought in this Motion has been made to this or any other court.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter the Interim Order and Final Order, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated:  September 11, 2019          LOEB & LOEB LLP
        New York, New York

         /s/ Schuyler G. Carroll

         Schuyler G. Carroll
         Daniel B. Besikof
         Noah Weingarten
         345 Park Avenue
         New York, NY 10154
         Tel: (212) 407-4000
         Fax: (212) 407-4990
         scarroll@loeb.com
         dbesikof@loeb.com
         nweingarten@loeb.com

         *Proposed Counsel to the Debtors
         and Debtors-in-Possession*