**LOEB & LOEB LLP**
Schuyler G. Carroll
Stephen A. Aschettino
Daniel B. Besikof
Noah Weingarten
345 Park Avenue
New York, NY 10154
Tel: (212) 407-4000
Fax: (212) 407-4990
Email:  scarroll@loeb.com
            saschettino@loeb.com
            dbesikof@loeb.com
            nweingarten@loeb.com

*Proposed Counsel to the Debtors*
*and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: <br><br> Absolut Facilities Management, LLC, *et al*. <br><br> Debtors.[1] | Chapter 11 <br><br> Case No. 19-76260 <br> Case No. 19-76263 <br> Case No. 19-76267 <br> Case No. 19-76268 <br> Case No. 19-76269 <br> Case No. 19-76270 <br> Case No. 19-76271 <br> Case No. 19-76272 <br><br> (Jointly Administered) |

**NOTICE OF MOTION FOR ENTRY OF ORDER APPROVING**
**THE DEBTORS' PLAN OF CLOSURE FOR ORCHARD PARK FACILITY**

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Absolut Facilities Management, LLC (1412); Absolut Center for Nursing and Rehabilitation at Allegany, LLC (7875); Absolut Center for Nursing and Rehabilitation at Aurora Park, LLC (8266); Absolut Center for Nursing and Rehabilitation at Gasport, LLC (8080); Absolut at Orchard Brooke, LLC (1641); Absolut Center for Nursing and Rehabilitation at Orchard Park, LLC (8300); Absolut Center for Nursing and Rehabilitation at Three Rivers, LLC (8133); and Absolut Center for Nursing and Rehabilitation at Westfield, LLC (7924).

18183791

**PLEASE TAKE NOTICE** that on September 20, 2019, Absolut Facilities Management, LLC and its affiliated debtor entities (collectively, the "**Debtors**"), as debtors-in-possession in the above-referenced chapter 11 cases, by and through their undersigned counsel, filed the attached *Motion for Entry of Order Approving the Debtors' Plan of Closure for Orchard Park Facility* (the "**Motion**") with the United States Bankruptcy Court for the Eastern District of New York (the "**Court**"), pursuant to 11 U.S.C. §§ 105, 363, and 1108.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the Motion must be filed with the Clerk of the Court together with proof of service thereof, and served so as to be **actually received by September 26, 2019 at 4:00 p.m. (Eastern Time)** upon (i) undersigned counsel for the Debtors, Schuyler G. Carroll, Esq., Stephen A. Aschettino, Esq., Daniel B. Besikof, Esq., and Noah Weingarten, Esq., Loeb & Loeb LLP, 345 Park Avenue, New York, NY 10154; (ii) the United States Trustee for the Eastern District of New York, Alfonse D'Amato Federal Courthouse, 560 Federal Plaza, Central Islip, NY 11722 (Attn: Christine H. Black, Esq.); (iii) the Debtors' secured creditors; (iv) counsel to the Arba Group and its affiliates, Arent Fox LLP, 1301 Avenue of the Americas, Floor 42, New York, NY 10019 (Attn: George Angelich, Esq.); (iv) those persons who have formally appeared and requested notice and service in these proceedings pursuant to Bankruptcy Rules 2002 and 3017; and (v) all governmental agencies having a regulatory or statutory interest in these cases. No other or further notice need be provided.

**PLEASE TAKE FURTHER NOTICE** that responses or objections to the Motion, if any, must (a) be in writing; (b) comply with the Bankruptcy Rules and the Local Rules; and (c) state with particularity the legal and factual basis for the objection.

**PLEASE TAKE FURTHER NOTICE** that the Motion will be considered at a hearing on October 3, 2019 at 1:30 p.m. (Eastern Time), before the Honorable Alan S. Trust, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Eastern District of New York, Alfonse M. D'Amato Federal Courthouse, 290 Federal Plaza, Central Islip, NY 11722, courtroom 960.

**PLEASE TAKE FURTHER NOTICE**, that the hearing on the Motion may be adjourned without further notice except as announced in open court on the hearing date, or at any adjourned hearing.

Dated: September 20, 2019  
        New York, New York

LOEB & LOEB LLP

*/s/ Schuyler G. Carroll*
Schuyler G. Carroll
Stephen A. Aschettino
Daniel B. Besikof
Noah Weingarten
345 Park Avenue
New York, NY 10154
Tel: (212) 407-4000
Fax: (212) 407-4990
scarroll@loeb.com
saschettino@loeb.com
dbesikof@loeb.com
nweingarten@loeb.com

*Proposed Counsel to the Debtors
and Debtors-in-Possession*

18183791

3

**LOEB & LOEB LLP**
Schuyler G. Carroll
Stephen A. Aschettino
Daniel B. Besikof
Noah Weingarten
345 Park Avenue
New York, NY 10154
Tel: (212) 407-4000
Fax: (212) 407-4990
Email:  scarroll@loeb.com
        saschettino@loeb.com
        dbesikof@loeb.com
        nweingarten@loeb.com

*Proposed Counsel to the Debtors
and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: <br><br> Absolut Facilities Management, LLC, *et al*. <br><br> Debtors.[1] | Chapter 11 <br><br> Case No. 19-76260 <br> Case No. 19-76263 <br> Case No. 19-76267 <br> Case No. 19-76268 <br> Case No. 19-76269 <br> Case No. 19-76270 <br> Case No. 19-76271 <br> Case No. 19-76272 <br><br> (Jointly Administered) |

**MOTION FOR ENTRY OF ORDER APPROVING THE DEBTORS'
PLAN OF CLOSURE FOR ORCHARD PARK FACILITY**

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Absolut Facilities Management, LLC (1412); Absolut Center for Nursing and Rehabilitation at Allegany, LLC (7875); Absolut Center for Nursing and Rehabilitation at Aurora Park, LLC (8266); Absolut Center for Nursing and Rehabilitation at Gasport, LLC (8080); Absolut at Orchard Brooke, LLC (1641); Absolut Center for Nursing and Rehabilitation at Orchard Park, LLC (8300); Absolut Center for Nursing and Rehabilitation at Three Rivers, LLC (8133); and Absolut Center for Nursing and Rehabilitation at Westfield, LLC (7924).

18183791

Absolut Facilities Management, LLC and its affiliated debtor entities (collectively, the "**Debtors**"), as debtors-in-possession in the above-referenced chapter 11 cases, by and through proposed counsel, Loeb & Loeb LLP, respectfully submit this motion (the "**Motion**") for an order approving the Debtors' plan of closure (the "**Closure Plan**") for Absolut Center for Nursing and Rehabilitation at Orchard Park (the "**Orchard Park Facility**"), pursuant to sections 105, 363 and 1108 of title 11 of the United States Code (the "**Bankruptcy Code**").

## PRELIMINARY STATEMENT

1.  By this Motion, the Debtors seek authority, in coordination with regulatory agencies and applicable law, to implement the Closure Plan of the Orchard Park Facility. In short, the Debtors came to a sound business judgment that closing operations at the Orchard Park Facility is in the estates' best interest due to the enormous expenses and losses being incurred to operate the facility, which substantially impacts the Debtors' cash flow.

2.  In carrying out this business judgment, nearly a month before the Debtors commenced these Chapter 11 Cases (defined below), the Debtors filed the Closure Plan with the New York State Department of Health (the "**DOH**"), pursuant to New York State law. The Debtors obtained approval from the DOH about 12 hours after commencing these bankruptcy proceedings. In effecting the Closure Plan, the Debtors are working closely with the DOH, as well as the patient care ombudsman appointed by the DOH, and any patient care ombudsman that may be appointed in these cases to minimize disruptions to patient care as well as the Debtors' estates.

3.  As explained at the recent hearing, the Debtors do not believe that Court approval is necessary to implement the Closure Plan as the Bankruptcy Code does not require a debtor to continue to operate its business after it files for bankruptcy—especially when, as here, it is clear that these operations are an enormous drain on the Debtors' resources. Nevertheless, in an

abundance of caution and in response to comments made at the September 18, 2019 hearing, the Debtors seek approval of the Closure Plan.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Referral of Matters to the Bankruptcy Judges* of the United States District Court for the Eastern District of New York, entered on December 5, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The statutory bases for the relief requested in the Motion are sections 105, 363, and 1108 of the Bankruptcy Code.

## BACKGROUND

**A.    General Background**

6. On September 10, 2019 (the "**Petition Date**"), the Debtors commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**"). The Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code.

7. An official committee of unsecured creditors has yet to be appointed in these Chapter 11 Cases. Further, no trustee or examiner has been requested or appointed.

8. A detailed description of the Debtors and their business, the facts and circumstances leading up to the filing of the Debtors' Chapter 11 Cases, and the facts supporting this Motion are set forth in greater detail in the *Declaration of Michael Wyse in Support of Debtors' Chapter 11 Petitions and First-Day Motions* (Dkt. No. 15) (the "**Wyse Declaration**" or "**Wyse Decl.**") and the *Supplemental Declaration of Michael Wyse Regarding Closure of Orchard Park Facility* (Dkt. No. 20) (the "**Wyse Supp. Decl.**").

B.      **The Debtors' Closure Plan of the Orchard Park Facility**

9.      As more fully described in the Wyse Declaration, the Debtors operate seven senior care and skilled nursing health facilities in the State of New York (the "**Facilities**") (Wyse Decl. ¶ 5). Among these Facilities, Debtor Absolut Center for Nursing and Rehabilitation at Orchard Park, LLC owns and operates the Orchard Park Facility (Wyse Supp. Decl. ¶ 5).

10.     In accordance with New York State regulations governing the closure of healthcare facilities, on August 15, 2019—approximately one month before the Petition Date—the Debtors filed the Closure Plan with the DOH (*id.* at ¶ 6).

11.     The Closure Plan provides for the closure of the Orchard Park Facility and details each step that will be followed to terminate the operation of services. Among the most relevant terms, as of August 15, 2019, admission of new residents at the Orchard Park Facility ceased, and the Closure Plan calls for a target closing date of no later than November 15, 2019. The Closure Plan also calls for personnel at the Orchard Park to solicit residents' preferences for alternative long-term placement at nearby facilities of the Debtors.

12.     The Closure Plan's formal submission followed numerous discussions between the Debtors and the DOH. On September 11, 2019, just hours after the Petition Date, the DOH notified the Debtors that the Closure Plan was approved (*id.*). Since receiving approval, as required by the Closure Plan and the DOH, the Debtors have been implementing the Closure Plan. In doing so, the Debtors will continue to work closely with the DOH and the patient care ombudsman appointed by the DOH, to minimize disruptions in patient care and to the Debtors' estates.

**RELIEF REQUESTED**

13.     The Debtors request that the Court enter an Order, substantially in the form attached as **Exhibit A**, approving the Debtors' Closure Plan for the Orchard Park Facility as required by

the DOH and other applicable authorities, pursuant to sections 105, 363, and 1108 of the Bankruptcy Code.

**BASIS FOR RELIEF REQUESTED**

14.     As a threshold matter, nothing in the Bankruptcy Code requires a Debtor to continue operating its business post-petition.  To the contrary, under section 1108, the Bankruptcy Code grants a debtor-in-possession the *right*—not requirement—to operate its business.  Section 1108 provides that a debtor-in-possession "may operate the debtor's business."[2]  With the use of the permissive term "may," section 1108 "allows the debtor to modify or cease operations of the debtor if it is appropriate under the circumstances."  *In re St. Vincents Catholic Med. Ctrs.*, 429 B.R. 139, 151 (Bankr. S.D.N.Y. 2010) (citation omitted) (authorizing closure of Debtors' hospital and certain affiliated outpatient clinics and practices); *see also In re Thrifty Liquors, Inc.*, 26 B.R. 26, 28 (Bankr. D. Mass. 1982) (section 1108 "clearly indicates that a trustee is not required to operate the debtor's business and, necessarily implies the lesser authority to modify the operation of the business on such grounds as he deems appropriate under the circumstances"; and observing that "[t]he Court cannot order the Trustee to continue operation of the Debtor's business and, absent a showing that the proposed termination or modification is an abuse of discretion unsupported by any factual basis and/or not in the best interests of creditors"); *see also* 7 *Collier on Bankruptcy* ¶ 1108.13 (Alan N. Resnick & Henry Sommer eds., 16th ed.) (a debtor is not required to operate its business "if such operations will reduce the value of the debtor's assets or if the debtor's business is moribund").

15.     It appears that no court has required a debtor to continue operating a facility or any other type of operation.  Indeed, despite having filed two objections which squarely oppose

---

[2] Pursuant to section 1107(a), the Debtors, as debtors-in-possession, possess the powers and right of a trustee.

closure, the Arba Group and its affiliates (the "**Landlord**") has failed to cite a single case which even requires a debtor to obtain court approval.  On the other hand, a debtor's fiduciary duties to the estate create an affirmative duty to close the business when the business impairs the value of the estate—lest the debtor breach those duties.  *See* 7 *Collier on Bankruptcy* ¶ 1108.13 ("continued operation of a business that ought to be closed down and liquidated may be a breach of the fiduciary duties of a trustee or debtor in possession").

16.     Moreover, section 363(b)(1) permits a debtor-in-possession "after notice and a hearing" to "use, sell, or lease, other than in the ordinary course of business, property of the estate." In determining whether to approve a transaction under section 363(b), courts in this Circuit have roundly required that such a transaction be supported by a "good business reason." *See, e.g.*, *Official Comm. of Unsecured Creditors of Enron Corp. v. Enron Corp. (In re Enron Corp.)*, 335 B.R. 22, 27-28 (S.D.N.Y. 2005) (affirming finding of good business purpose) (quoting *Comm. Of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1071 (2d Cir. 1983)).

17.     In the present case, the Debtors are complying with their fiduciary duties to the estates and exercising "good business reason" by seeking authority to implement the Closure Plan of the Orchard Park Facility.  Put simply, the Debtors have no alternative but to close the Orchard Park Facility due to the strain it places on the Debtors' cash flow.  The Debtors' financial condition has deteriorated as a result of the Debtors' above-market rent to lease their facilities (Wyse Decl. ¶ 22), the lagging Medicare and Medicaid payments (*id* at ¶¶ 23-24), the fact that Medicaid and Medicare payments are not keeping up with the cost of living (*id.* at ¶ 25), and the Debtors entered into their leases when reimbursement rates were higher (*id.*).  The monthly rent for the Orchard Park Facility is particularly crushing to the Debtors' limited cash flow as it accounts for approximately 31.5% of the Debtors' total rent amount, or 24% of the Debtors' cumulative

revenue. Moreover, closure will improve the cash flow and operations of certain of the Debtors' other facilities.

18. As the Court in *St. Vincents Catholic Medical Centers* found, "a requirement by this Court to continue operation of the Hospital would have been extremely detrimental to the financial condition of the Debtors and would likely undermine the safety of the patients that would remain at an anemic facility." 429 B.R. at 151. The same is true here. Forcing the Debtors to continue operating the Orchard Park Facility may well undermine patient safety. Accordingly, the Debtors have validly exercised their business judgment to close the Orchard Park Facility to manage the Debtors' interim cash flow, eliminate a significant financial burden on the Debtors' estate, and eliminate any risk to patients.

19. Courts in this Circuit have approved similar relief to that requested herein, over the objection of interested parties. *See, e.g.*, *In re St. Vincents Catholic Med. Ctrs.*, 429 B.R. 139; *In re Saint Vincents Catholic Med Ctr. of N.Y.*, Case No. 05-14945 (Bankr. S.D.N.Y. Sept. 20, 2005) (Dkt. No. 394) (order authorizing closure of St. Mary's hospital).

20. Absent the Closure Plan, the Debtors' ability to reorganize will be impeded substantially as they will lack sufficient cash to continue operating the Orchard Park Facility.

### REQUEST FOR WAIVER OF STAY

21. To the extent that the relief sought in this Motion constitutes a use of property under section 363(b), the Debtors seek a waiver of the fourteen-day stay under Bankruptcy Rule 6004(h). Further, to the extent applicable, the Debtors request that the Court find that the provisions of Bankruptcy Rule 6003 are satisfied. As explained herein, the relief requested in this Motion is immediately necessary for the Debtors to adequately preserve the value of their estates.

## NOTICE

22.     Notice of this Motion has been provided to: (i) the Office of the United States Trustee; (ii) the Debtors' secured creditors; (iii) the Debtors' Landlord; (iv) those persons who have formally appeared and requested notice and service in these proceedings pursuant to Bankruptcy Rules 2002 and 3017; and (v) all governmental agencies having a regulatory or statutory interest in these cases.  No other or further notice need be provided.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter the proposed order, substantially in the form attached as **Exhibit A**, granting the relief requested herein and such other and further relief as the Court deems appropriate under the circumstances.

Dated:   September 20, 2019             LOEB & LOEB LLP
         New York, New York

*/s/ Schuyler G. Carroll*
Schuyler G. Carroll
Stephen A. Aschettino
Daniel B. Besikof
Noah Weingarten
345 Park Avenue
New York, NY 10154
Tel: (212) 407-4000
Fax: (212) 407-4990
scarroll@loeb.com
saschettino@loeb.com
dbesikof@loeb.com
nweingarten@loeb.com

*Proposed Counsel to the Debtors
and Debtors-in-Possession*

**Exhibit A**

**(Proposed Order)**

18183791

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re:<br><br>Absolut Facilities Management, LLC, *et al*.<br><br>Debtors.[1] | )  Chapter 11<br>)<br>)  Case No. 19-76260-ast<br>)  Case No. 19-76263-ast<br>)  Case No. 19-76267-ast<br>)  Case No. 19-76268-ast<br>)  Case No. 19-76269-ast<br>)  Case No. 19-76270-ast<br>)  Case No. 19-76271-ast<br>)  Case No. 19-76272-ast<br>)<br>)  (Jointly Administered)<br>) |

**ORDER APPROVING THE DEBTORS'**
**PLAN OF CLOSURE FOR ORCHARD PARK FACILITY**

On October __, 2019, the Court conducted a hearing to consider the Debtors' Motion for Entry of Order Approving the Debtors' Plan of Closure for Orchard Park Facility (the "**Closure Motion**")[2] filed by the above-captioned debtors (the "**Debtors**"). The Court finds that: (i) it has jurisdiction over the matters raised in the Closure Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) the relief requested in the Closure Motion is in the best interests of the Debtors, their estates, and their creditors; (iv) proper and adequate notice of the Closure Motion has been given and no other or further notice is necessary; and (v) upon the record herein after due deliberation thereon, good and sufficient cause exists for the granting of the relief as set forth herein.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Absolut Facilities Management, LLC (1412); Absolut Center for Nursing and Rehabilitation at Allegany, LLC (7875); Absolut Center for Nursing and Rehabilitation at Aurora Park, LLC (8266); Absolut Center for Nursing and Rehabilitation at Gasport, LLC (8080); Absolut at Orchard Brooke, LLC (1641); Absolut Center for Nursing and Rehabilitation at Orchard Park, LLC (8300); Absolut Center for Nursing and Rehabilitation at Three Rivers, LLC (8133); and Absolut Center for Nursing and Rehabilitation at Westfield, LLC (7924).

[2] Capitalized terms used but not defined shall have the meaning ascribed to them in the Closure Motion.

18183791

Therefore, **IT IS HEREBY ORDERED THAT**

1. The Closure Motion is **GRANTED**, as set forth herein.

2. Any objection to the relief requested in the Closure Motion or granted in the provisions of this Order has either been withdrawn with prejudice or is hereby overruled in its entirety.

3. The Debtors are hereby authorized and empowered, in coordination with the DOH, other regulatory agencies, and pursuant to applicable law, to take all actions necessary to complete the implementation of the Closure Plan according to its terms.

4. The requirements set forth in Bankruptcy Rule 6004(a) are satisfied by the contents of the Motion.

5. Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

6. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

7. This Court shall retain exclusive jurisdiction to hear and decide all disputes related to or arising from the implementation, interpretation, or enforcement of this Order.