**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| | )    Chapter 11 |
| | ) |
| | )    Case No. 19-76260 |
| | )    Case No. 19-76263 |
| In re: | )    Case No. 19-76267 |
| | )    Case No. 19-76268 |
| Absolut Facilities Management, LLC, *et al.* | )    Case No. 19-76269 |
| | )    Case No. 19-76270 |
| Debtors.[1] | )    Case No. 19-76271 |
| | )    Case No. 19-76272 |
| | ) |
| | )    (Jointly Administered) |
| | ) |

**JOINDER OF CAPITAL FINANCE, LLC TO THE PLAINTIFF'S**
**APPLICATION FOR ENTRY OF ORDERS GRANTING**
**A TEMPORARY RESTRAINING ORDER AND PRELIMINARY**
**INJUNCTION ENJOINING DEFENDANTS FROM IMPLEMENTING**
**UNAPPROVED PLAN OF CLOSURE PRIOR TO APPROVAL UNDER 11 U.S.C. § 363**

Capital Finance, LLC ("**Capital Finance**"), the above-captioned Debtors' pre-petition first priority secured lender, by and through its undersigned counsel, hereby joins in the *Plaintiff's Application for Entry of Orders Granting a Temporary Restraining Order and Preliminary Injunction Enjoining Defendants From Implementing Unapproved Plan of Closure Prior to Approval Under 11 U.S.C. § 363* and the memorandum of law in support thereof (collectively, the "**Application**"). In support hereof, Capital Finance respectfully represents as follows:

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Absolut Facilities Management, LLC (1412); Absolut Center for Nursing and Rehabilitation at Allegany, LLC (7875); Absolut Center for Nursing and Rehabilitation at Aurora Park, LLC (8266); Absolut Center for Nursing and Rehabilitation at Gasport, LLC (8080); Absolut at Orchard Brooke, LLC (1641); Absolut Center for Nursing and Rehabilitation at Orchard Park, LLC (8300); Absolut Center for Nursing and Rehabilitation at Three Rivers, LLC (8133); and Absolut Center for Nursing and Rehabilitation at Westfield, LLC (7924).

1.    Capital Finance maintains valid, binding, and perfected first priority liens upon and security interest in all of the Debtors' personal property, including the Debtors' cash and accounts receivable with respect to the skilled nursing facility located at 6060 Armor Road, Orchard Park, New York 14127 (the "**Orchard Facility**").  Capital Finance only became aware of the closure of the Orchard Facility on September 18, 2019 – eight days after the Debtors' received the New York State Department of Health's approval to close the Orchard Facility - during the Court's hearing on the Debtors' interim request to use Capital Finance's cash collateral.  And, the Debtors' only sent Capital Finance a copy of the Orchard Facility's closure plan on September 23, 2019.

2.    In the span of the days since the petition date, the Debtors, without Court approval, have already transferred 40% of residents to facilities unaffiliated with the Debtors.  The result of which is a substantial diminution in Capital Finance's collateral, including the loss of accounts receivables, without a corresponding adequate protection package of equal value.

3.    At this stage of the Debtors' bankruptcy cases, it is premature to implement the terms of the closure plan with respect to the Orchard Facility because the Debtors have failed to provide interested parties the necessary information to evaluate whether the closure is appropriate.  For example, the Debtors have not identified the operating losses for the Orchard Facility prior to starting the closure process, the costs of closing the Orchard Facility and how those costs are being paid, the benefit to the Debtors' estates by closing the Orchard Facility or the cost of keeping the Orchard Facility open with its reduced population of approximately 40 residents.

4.    Accordingly, until the Debtors demonstrate the financial picture around the closing of the Orchard Facility and Capital Finance has time to review such information, Capital Finance does not consent to the closure of the Orchard Facility and such closure must be stayed.

WHEREFORE, Capital Finance respectfully requests that the Court grant the Application and grant such other and further relief as the Court deems just and proper.

Dated: New York, New York
      September 25, 2019

**BLANK ROME LLP**

By:    _/s/ Evan J. Zucker_           
        Evan J. Zucker
        1271 Avenue of the Americas
        New York, New York 10020
        (212) 885-5000

        Kenneth J. Ottaviano (_pro hac vice_ motion pending)
        Paige Barr Tinkham (_pro hac vice_ motion pending)
        444 West Lake Street, Suite 1650
        Chicago, Illinois 60606
        (312) 776-2600

        _Attorneys for Capital Finance, LLC_