**Hearing Date and Time: 10/03/2019 at 1:30 p.m.**

WHITEFORD, TAYLOR & PRESTON LLP
220 White Plains Road, Second Floor
Tarrytown, NY 10591
(914) 761-8400
klewis@wtplaw.com
Kenneth M. Lewis

*Attorneys for Capital Funding, LLC*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| | ) | |
| | ) | Chapter 11 |
| | ) | |
| | ) | Case No. 19-76260-ast |
| In re: | ) | Case No. 19-76263-ast |
| | ) | Case No. 19-76267-ast |
| Absolut Facilities Management, LLC, *et al*., | ) | Case No. 19-76268-ast |
| | ) | Case No. 19-76269-ast |
| | ) | Case No. 19-76270-ast |
| Debtors.[1] | ) | Case No. 19-76271-ast |
| | ) | Case No. 19-76272-ast |
| | ) | |
| | ) | (Jointly Administered) |
| | ) | |

**(i) JOINDER OF CAPITAL FUNDING, LLC TO 6060 ARMOR ROAD, LLC'S APPLICATION FOR THE ENTRY OF ORDERS GRANTING A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION ENJOINING THE DEBTORS FROM IMPLEMENTING UNAPPROVED PLAN OF CLOSURE PRIOR TO APPROVAL UNDER 11 U.S.C. SECTION 363 AND (ii) OBJECTION OF CAPITAL FUNDING, LLC TO DEBTORS' MOTION FOR ENTRY OF AN ORDER APPROVING THE DEBTORS' PLAN OF CLOSURE FOR ORCHARD PARK FACILITY**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Absolut Facilities Management, LLC (1412); Absolut Center for Nursing and Rehabilitation at Allegany, LLC (7875); Absolut Center for Nursing and Rehabilitation at Aurora Park, LLC (8266); Absolut Center for Nursing and Rehabilitation at Gasport, LLC (8080); Absolut at Orchard Brooke, LLC (1641); Absolut Center for Nursing and Rehabilitation at Orchard Park, LLC (8300); Absolut Center for Nursing and Rehabilitation at Three Rivers, LLC (8133); and Absolut Center for Nursing and Rehabilitation at Westfield, LLC (7924).

Capital Funding, LLC, by its attorneys, Whiteford, Taylor & Preston LLP, respectfully submits this (i) Joinder to 6060 Armor Road, LLC's Application for the Entry of Orders Granting a Temporary Restraining Order and Preliminary Injunction Enjoining the Debtors from Implementing Unapproved Plan of Closure Prior to Approval Under 11 U.S.C. Section 363 [Doc. Nos. 55 and 56], and (ii) Objection to the Debtors' Motion for Entry of an Order Approving the Debtors' Plan of Closure for the Orchard Park Facility dated September 20, 2019 [Doc. No. 51].

1.    On or about June 16, 2011, 6060 Armor Road, LLC ("Armor Road"), the owner of the property located at 6060 Armor Duells Road, Orchard Park, New York, 14127 (the "Property") that is leased to certain of the Debtors, borrowed $17,776,000 from Capital Funding. The proceeds were used to refinance a nursing home project known as the Absolut Center for Nursing and Rehabilitation at Orchard Park, and an adult residential care project known as Absolut at Orchard Brooke. The loan is insured by the Federal Housing Administration, a unit of the United States Department of Housing and Urban Development ("HUD").

2.    As security for the loan, Armor Road granted to Capital Funding a security interest in, among other things, the Property and the Lease. In addition, as required by HUD, the Debtors granted to Capital Funding a security interest in all of their property related to the project, including licenses, Medicare and Medicare Provider Agreements, accounts and health care insurance receivables. See HUD's Regulatory Agreement for Nursing Homes, Rider, I. A copy of the Regulatory Agreement is annexed as Exhibit "A".

3.    Pursuant to an intercreditor agreement by and between, among other parties, Capital Funding and Capital Finance, LLC, who provided the Debtors with working capital loans, Capital Funding's security interest in certain of its collateral was subordinated to that of Capital Finance.

4.      As discussed in Armor Road's papers, as well as in Capital Finance's Joinder [Doc. No. 58], the Debtors are apparently continuing to move forward with the implementation of their closure plan at a frenzied pace, which may cause irreparable harm to the estate, and in turn, Capital Funding's collateral.  The value of Capital Funding's collateral is tied to the Property being utilized as an operating facility. Transferring patients and otherwise pursuing an accelerated closure of the facility is effectively dissipating a potentially valuable asset of the estate.

5.      As further discussed in Armor Road's papers, within 48 hours of the final patient's discharge, the Debtors will be required to surrender their Operating Certificate to the New York Department of Health, which is not only a violation of the HUD Regulatory Agreement, see Regulatory Agreement, paragraph 5, but would drastically reduce, if not completely eliminate, any going concern value of the facility.

6.      Indeed, to preserve the going concern value of HUD insured loans, HUD prohibits an operator from discontinuing the intended use of the project as a skilled nursing facility, or from altering any permit or approval without HUD's approval.  See HUD's Regulatory Agreement for Nursing Homes, Rider, B.5(a) & (b).

7.      Thus, until the Debtors can demonstrate that closing the facility will enhance, or at least preserve, the value of the estate, and, in turn, the value of Capital Funding's collateral, they should be enjoined from continuing to shut down the facility.


[Intentionally left blank.]

WHEREFORE, Capital Funding respectfully requests that the Court grant Armor Road's application for a temporary restraining order and preliminary injunction enjoining the Debtors from implementing their plan of closure, deny the Debtors' motion approving the plan of closure, and grant Capital Funding such other and further relief as is just and proper.

Dated: Tarrytown, New York
         September 26, 2019

WHITEFORD, TAYLOR & PRESTON LLP


By: */s/ Kenneth M. Lewis*
     Kenneth M. Lewis

220 White Plains Road
Tarrytown, NY 10591
(914) 761-8400
klewis@wtplaw.com

*Attorneys for Capital Funding, LLC*