**Hearing Date and Time: 10/03/2019 at 1:30 p.m.**

WHITEFORD, TAYLOR & PRESTON LLP
220 White Plains Road, Second Floor
Tarrytown, NY 10591
(914) 761-8400
klewis@wtplaw.com
Kenneth M. Lewis

*Attorneys for Capital Funding, LLC*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| | ) | |
| | ) | Chapter 11 |
| | ) | |
| | ) | Case No. 19-76260-ast |
| In re: | ) | Case No. 19-76263-ast |
| | ) | Case No. 19-76267-ast |
| Absolut Facilities Management, LLC, *et al.*, | ) | Case No. 19-76268-ast |
| | ) | Case No. 19-76269-ast |
| | ) | Case No. 19-76270-ast |
| Debtors.[1] | ) | Case No. 19-76271-ast |
| | ) | Case No. 19-76272-ast |
| | ) | |
| | ) | (Jointly Administered) |
| | ) | |

**LIMITED OBJECTION OF CAPITAL FUNDING, LLC TO DEBTORS'
EMERGENCY MOTION FOR ENTRY OF INTERIM AND FINAL
ORDERS (I) AUTHORIZING DEBTORS TO (A) OBTAIN POSTPETITION
FINANCING PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 364(c)(1), 364(c)(2),
364(d)(1), AND 364(e) AND (B) USE CASH COLLATERAL PURSUANT
TO 11 U.S.C. § 363, (C) GRANTING ADEQUATE PROTECTION PURSUANT
TO 11 U.S.C. §§ 361, 362, 363, AND 364, AND SCHEDULING FINAL HEARING
<u>PURSUANT TO BANKRUPTCY RULES 4001(b) AND (c)</u>**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Absolut Facilities Management, LLC (1412); Absolut Center for Nursing and Rehabilitation at Allegany, LLC (7875); Absolut Center for Nursing and Rehabilitation at Aurora Park, LLC (8266); Absolut Center for Nursing and Rehabilitation at Gasport, LLC (8080); Absolut at Orchard Brooke, LLC (1641); Absolut Center for Nursing and Rehabilitation at Orchard Park, LLC (8300); Absolut Center for Nursing and Rehabilitation at Three Rivers, LLC (8133); and Absolut Center for Nursing and Rehabilitation at Westfield, LLC (7924).

Capital Funding, LLC, by its attorneys, Whiteford, Taylor & Preston LLP, respectfully submits this Limited Objection to the Debtors' Emergency Motion for Entry of Interim and Final Orders (I) Authorizing Debtors to (A) Obtain Postpetition Financing Pursuant to 11 U.S.C. §§ 105, 361, 362, 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1), and 364(e) and (B) Use Cash Collateral Pursuant to 11 U.S.C. § 363, (C) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361, 362, 363, and 364, and (D) Scheduling Final Hearing Pursuant to Bankruptcy Rules 4001(b) and (c) [Docket No. 4].

1.  On or about June 16, 2011, 6060 Armor Road, LLC ("Armor Road"), the owner of the property located at 6060 Armor Duells Road, Orchard Park, New York, 14127 (the "Property") that is leased to certain of the Debtors, borrowed $17,776,000 from Capital Funding. The proceeds were used to refinance a nursing home project known as the Absolut Center for Nursing and Rehabilitation at Orchard Park, and an adult residential care project known as Absolut at Orchard Brooke. The loan is insured by the Federal Housing Administration, a unit of the United States Department of Housing and Urban Development ("HUD").

2.  As security for the loan, Armor Road granted to Capital Funding a security interest in, among other things, the Property and the Lease. In addition, as required by HUD, the Debtors granted to Capital Funding a security interest in all of their property related to the project, including licenses, Medicare and Medicare Provider Agreements, accounts and health care insurance receivables.

3.  Pursuant to an intercreditor agreement by and between, among other parties, Capital Funding and Capital Finance, LLC, who provided the Debtors with working capital loans, Capital Funding's security interest in certain of its collateral was subordinated to that of Capital Finance.

4. Capital Funding hereby incorporates Capital Finance's Limited Objection to the DIP Financing Motion [Doc. No. 60] into this Objection, to the extent such objection is not inconsistent with any of the relief, protections, and reservations sought by Capital Funding.

5. In addition, through discussions with Debtors' counsel, it is our understanding that nothing contained in either any Interim or Final Orders is intended to alter or affect, impair or subordinate any security interests, liens or claims of existing lienholders, including Capital Funding.  Capital Funding intends to work with the Debtors to include language in any Interim and Final Orders to ensure that such claims and interests are not impaired, and is filing this Objection, in part, in the event the parties are unable to reach a consensual resolution.

WHEREFORE, Capital Funding respectfully requests that the Court sustain its Objection, and grant Capital Funding such other and further relief as is just and proper.

Dated: Tarrytown, New York
September 26, 2019

WHITEFORD, TAYLOR & PRESTON LLP

By: */s/ Kenneth M. Lewis*
    Kenneth M. Lewis

220 White Plains Road
Tarrytown, NY 10591
(914) 761-8400
klewis@wtplaw.com

*Attorneys for Capital Funding, LLC*