Andrew I. Silfen
George P. Angelich
Jordana L. Renert
ARENT FOX LLP
1301 Avenue of the Americas, Floor 42
New York, NY  10019
Telephone: (212) 484-3900
Facsimile: (212) 484-3990
Email: andrew.silfen@arentfox.com
      george.angelich@arentfox.com
      jordana.renert@arentfox.com

*Counsel for Arba Group*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Absolut Facilities Management, LLC, *et al.*,<br><br>           Debtors. [1] | Chapter 11<br><br>Case No. 19-76260 (AST)<br>Case No. 19-76263 (AST)<br>Case No. 19-76267 (AST)<br>Case No. 19-76268 (AST)<br>Case No. 19-76269 (AST)<br>Case No. 19-76270 (AST)<br>Case No. 19-76271 (AST)<br>Case No. 19-76272 (AST)<br><br>(Jointly Administered) |

**NOTICE OF UNRESOLVED OBJECTION TO**
**DEBTORS' PROPOSED FORM OF INTERIM DIP FINANCING ORDER**

Arba Group and its affiliates (collectively, the "Landlords"[2]) for six skilled nursing facilities

and one assisted living facility operated by the above-captioned debtors and debtors-in-possession

(collectively, the "Debtors"), by and through its undersigned counsel, hereby provides this Court

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Absolut Facilities Management, LLC (1412); Absolut Center for Nursing and Rehabilitation at Allegany, LLC (7875); Absolut Center for Nursing and Rehabilitation at Aurora Park, LLC (8266); Absolut Center for Nursing and Rehabilitation at Gasport, LLC (8080); Absolut at Orchard Brooke, LLC (1641); Absolut Center for Nursing and Rehabilitation at Orchard Park, LLC (8300); Absolut Center for Nursing and Rehabilitation at Three Rivers, LLC (8133); and Absolut Center for Nursing and Rehabilitation at Westfield, LLC (7924).

[2] The Landlords are 292 Main Street, LLC; 6060 Armor Road, LLC; 2178 N. Fifth Street, LLC; 101 Creekside Drive, LLC; 4540 Lincoln Drive, LLC; and 26 Cass Street, LLC.

and parties in interest notice that the Landlord's objections [Docket Nos. 30 and 39] (the "Objections") to the *Debtors' Emergency Motion for Entry of Interim and Final Orders (I) Authorizing Debtors to (A) Obtain Postpetition Financing Pursuant to 11 U.S.C. §§ 105, 361, 362, 364(c)(1), 364(c)(3), 364(d)(1), and 364(e) and (B) Use Cash Collateral* [Docket No. 4] (the "DIP Motion") have not been resolved.

On September 23, 2019, five (5) days after the second hearing on the DIP Motion, the Landlords received (for the first time) a draft of a proposed interim order granting the DIP Motion (the "Debtors Proposed Order"), requesting  comments by the parties a mere five (5) hours later. The Landlords provided the Debtors with timely comments to the Debtors Proposed Order, which are consistent with discussions amongst the Debtors, the Lender, the Pre-Petition Lender and the Landlords as well as the parties' discussion of the DIP Motion on the record at the hearing.  Without prior notice to the Landlord, on September 25, 2019, the Debtors uploaded the Debtors Proposed Order.  The Debtors Proposed Order fails to incorporate any of the Landlords' comments.

As indicated on the record at the September 18, 2019 hearing, the Court approved limited relief and mandated that any proposed order be narrowly tailored and any "bells and whistles" would be subject to scrutiny by the Court.  The Debtors Proposed Order contains various findings by this Court and inappropriate protections to the Debtors and Lender[3] that were not discussed with the Landlords or approved on the record at that September 18 hearing, including, among other things, (a) overreaching findings of the Court for which there was no record made, (b) blanket approval of the DIP Loan Agreement and the provisions therein, (c)  a determination that the insider Lender is entitled to protections pursuant to section 364(e) of the Bankruptcy Code, (d) a waiver of the equitable doctrine of "marshalling",  (e) expansive automatic termination rights upon an event

---

[3] Capitalized terms used but not defined herein shall have the meanings assigned such terms in the DIP Motion.

of default, and (f) broad rights by the Debtors and Lender to modify the DIP Facility and DIP Loan Agreement without Court approval.  Additionally, the Debtors Proposed Order fails to preserve the priority of preexisting lien holders as expressly agreed to at the hearing or attach a current budget.

The Landlords request that this Court not enter the Debtors Proposed Order because it does not resolve the Objections nor accurately reflect the record.  The Landlords attach hereto as <u>Exhibit A</u>, a revised proposed form of interim DIP order that is consistent with the record and relief granted at the September 18 hearing (the "<u>Landlords Proposed Order</u>").  A redlined version of the Landlords Proposed Order reflecting the changes made to the Debtors Proposed Order is attached hereto as <u>Exhibit B</u>.  The Landlords request that this Court enter the Landlords Proposed Order or, in the alternative, hold a telephonic hearing to resolve these issues.


Dated:   New York, New York
         September 18, 2019

ARENT FOX LLP

*Counsel for Arba Group*

By:    <u>*/s/ George P. Angelich*</u>
       Andrew I. Silfen
       George P. Angelich
       Jordana L. Renert
       1301 Avenue of the Americas
       New York, New York 10019
       Telephone: (212) 484-3900
       Facsimile: (212) 484-3990