**Hearing Date and Time:  October 23, 2019 at 12:00 p.m.**
**Objection Deadline:  October 16, 2019 at 4:00 p.m.**

**LOEB & LOEB LLP**
Schuyler G. Carroll
Stephen A. Aschettino
Daniel B. Besikof
Noah Weingarten
345 Park Avenue
New York, NY 10154
Tel: (212) 407-4000
Fax: (212) 407-4990
Email:  scarroll@loeb.com
            saschettino@loeb.com
            dbesikof@loeb.com
            nweingarten@loeb.com

*Proposed Counsel to the Debtors*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
|  | ) Chapter 11 |
|  | ) |
|  | ) Case No. 19-76260 (AST) |
|  | ) Case No. 19-76263 (AST) |
| In re: | ) Case No. 19-76267 (AST) |
|  | ) Case No. 19-76268 (AST) |
| Absolut Facilities Management, LLC, *et al*. | ) Case No. 19-76269 (AST) |
|  | ) Case No. 19-76270 (AST) |
| Debtors.[1] | ) Case No. 19-76271 (AST) |
|  | ) Case No. 19-76272 (AST) |
|  | ) |
|  | ) (Jointly Administered) |
|  | ) |

**MOTION FOR ENTRY OF AN ORDER AUTHORIZING**
**THE DEBTORS TO REJECT ORCHARD PARK FACILITY LEASE**

Absolut Facilities Management, LLC and its affiliated debtor entities (collectively, the "**Debtors**"), as debtors-in-possession in the above-referenced chapter 11 cases, by and through

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Absolut Facilities Management, LLC (1412); Absolut Center for Nursing and Rehabilitation at Allegany, LLC (7875); Absolut Center for Nursing and Rehabilitation at Aurora Park, LLC (8266); Absolut Center for Nursing and Rehabilitation at Gasport, LLC (8080); Absolut at Orchard Brooke, LLC (1641); Absolut Center for Nursing and Rehabilitation at Orchard Park, LLC (8300); Absolut Center for Nursing and Rehabilitation at Three Rivers, LLC (8133); and Absolut Center for Nursing and Rehabilitation at Westfield, LLC (7924).

proposed counsel, Loeb & Loeb LLP, respectfully submit this motion (the "**Motion**") for an order substantially in the form attached hereto as Exhibit A (the "**Proposed Order**"), pursuant to sections 105(a), 365, and 554 of title 11 of the United States Code (the "**Bankruptcy Code**"), authorizing the Debtors to reject the Orchard Park Lease (defined below) effective as of the date upon which the Debtors turn over possession of the Orchard Park Facility, and abandoning any of the Debtors' property, fixtures or equipment that is of little or no value at the Orchard Park Facility. In support of the Motion, the Debtors rely upon the (1) *Declaration of Michael Wyse in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 15] (the "**Wyse Declaration**"), and (2) *Supplemental Declaration of Michael Wyse in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 57] (the "**Supplemental Wyse Declaration**", and together with the Wyse Declaration, the "**First Day Declarations**").[2] In further support of the Motion, the Debtors, by and through their undersigned counsel, respectfully represent as follows:

## JURISDICTION AND VENUE

1.  This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b).

2.  Venue is proper in this District under 28 U.S.C. §§ 1408 and 1409.

3.  The statutory predicates for the relief requested herein are Bankruptcy Code sections 105(a) and 365.

## BACKGROUND

4.  On September 10, 2019 (the "**Petition Date**"), the Debtors commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**"). The

---

[2] Capitalized terms used but not defined herein shall have the meaning set forth in the First Day Declarations.

Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code.

5.  An official committee of unsecured creditors has yet to be appointed in these Chapter 11 Cases. Further, no trustee or examiner has been appointed. However, on September 26, 2019, the Arba Group and its affiliates filed *Landlords' (i) Motion for Entry of an Order Appointing Chapter 11 Trustee or, Alternatively, an Examiner, Pursuant to Section 1104, and (ii) Preliminary Objection to Debtors' Motion to Approve Plan of Closure for Orchard Park Facility* [Docket No. 69], seeking, among other things, the appointment of a Chapter 11 trustee or examiner.

6.  A detailed description of the Debtors and their business, the facts and circumstances leading up to the filing of the Debtors' Chapter 11 Cases, and the facts supporting this Motion are set forth in greater detail in the First Day Declarations.

7.  As more fully described in the Wyse Declaration, the Debtors operate seven senior care and skilled nursing health facilities in the State of New York (the "**Facilities**") (Wyse Decl. ¶ 5). Among these Facilities, Debtor Absolut Center for Nursing and Rehabilitation at Orchard Park, LLC ("**Debtor Orchard Park**") owns and operates the Orchard Park Facility (Wyse Supp. Decl. ¶ 5).

8.  Debtor Orchard Park operates the Orchard Park Facility at such premises pursuant to that certain Operating Lease, by and between 6060 Armor Road, LLC (the "**Landlord**") and Debtor Orchard Park, dated as of June 7, 2007, which has been amended pursuant to (i) that certain First Amendment to Operating Lease, dated as of February 26, 2009, (ii) that certain HUD Addendum to Operating Lease, dated as of June 1, 2011, (iii) that certain Second Amendment to Operating Lease, effective as of March 1, 2018, and (iv) that certain Omnibus Third Amendment to Operating Leases, effective as of March 1, 2018 (as amended, the "**Orchard Park Lease**").

9. However, operating the Orchard Park Facility pursuant to the Orchard Park Lease is too costly for the estates and would not be useful in a sale process as the Orchard Park Lease is substantially above-market. Indeed, the Debtors and the Landlord, with the assistance of two industry leading brokers, have attempted, without success, to market the Orchard Park Facility for months. Thus, the costs of maintaining the Orchard Park Lease and keeping the Orchard Park Facility open outweigh any benefit that the Debtors' estates receive from continuing to lease the premises and operate the facility.

10. Therefore, as set forth more fully in the *Debtors' Motion for Entry of Order Approving Plan of Closure for Orchard Park Facility* [Docket No. 51] (the "**Closure Motion**"), the Debtors are implementing a closure plan of the Orchard Park Facility that was approved by the New York State Department of Health on September 11, 2019 (the "**Closure Plan**"). The Closure Plan calls for a target closing of the Orchard Park Facility of no later than November 15, 2019. The Debtors seek to reject the Orchard Park Lease effective as of the date the Debtors turn over possession to the Landlord.

## RELIEF REQUESTED

11. The Debtors have determined that operating the Orchard Park Facility at the premises leased pursuant to the Orchard Park Lease is financially burdensome and no longer necessary for the Debtors to conduct their business and reorganization. The Debtors have further determined that assignment of the Orchard Park Lease through a sale process is not viable since the lease is substantially above-market. Accordingly, by this Motion, the Debtors seek to reject the Orchard Park Lease effective as of the date the Debtors turn over possession of the Orchard Park Facility to the Landlord.

## BASIS FOR RELIEF

**A.     Rejection of the Orchard Park Lease is a Sound Exercise of the Debtors' Business Judgment.**

12.     Bankruptcy Code section 365(a) provides that a debtor, "subject to the court's approval, may assume or reject any executory contract or unexpired lease." 11 U.S.C. § 365(a). Courts routinely approve motions to reject executory contracts or unexpired leases upon a showing that the debtor's decision to take such action will benefit the debtor's estate and is an exercise of sound business judgment. When analyzing a debtor's decision to reject an executory contract or an unexpired lease, courts typically apply a business judgment standard to determine whether to approve the proposed rejection. The "business judgment" test is not a strict standard; it merely requires a showing that either assumption or rejection of the executory contract or unexpired lease will benefit the debtor's estate.

13.     Furthermore, Bankruptcy Code section 554(a) provides that "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a). Courts generally give great deference to a debtor's decision to abandon property. Here the costs of retrieving, marketing and reselling the abandoned property outweigh any recovery to the Debtors' estates.

14.     The Debtors' rejection of the Orchard Park Lease is an appropriate exercise of their business judgment and will reduce the administrative burden on their estates. The Orchard Park Lease is financially burdensome and no longer necessary to the continued operation of the Debtors' business. Indeed, the Orchard Park Facility Lease accounts for 31.5% of the Debtors' total rent amount, or 24% of the Debtors' cumulative revenue. Furthermore, the Debtors believe that the Orchard Park Lease has no marketable value that could be generated through assumption and assignment. Indeed, even if a potential operator could be identified the ongoing losses that will be

incurred waiting for an operator and waiting for the transaction to be approved and then to be consummated would far outweigh the potential to obtain any income from assignment. Accordingly, the Debtors' continued full performance under the Orchard Park Lease would constitute an unnecessary depletion of value of the Debtors' estates. This Motion should be granted.

**B.      Claims Bar Date**

15.     The Landlord may seek to assert a rejection damage claim under Bankruptcy Code section 502, or other claims in connection with the Orchard Park Lease. The Debtors propose that the Landlord be required to file such claim by no later than 30 days after the Orchard Park Lease is rejected. The Debtors further propose that failure to file a timely claim by such bar date shall forever prohibit the Landlord from receiving any distribution on account of such claims from the Debtors' estates or otherwise.

## NOTICE

16.     Notice of this Motion has been provided to: (i) the Office of the United States Trustee; (ii) the Debtors' secured creditors; (iii) the Debtors' Landlord; (iv) those persons who have formally appeared and requested notice and service in these proceedings pursuant to Bankruptcy Rules 2002 and 3017; and (v) all governmental agencies having a regulatory or statutory interest in these cases. The Debtors respectfully submit that such notice is sufficient and that no further notice of this Motion is required.

## NO PRIOR REQUEST

17.     No previous request for the relief sought herein has been made to this Court or any other court.

**WHEREFORE**, the Debtors respectfully request that the Court enter the Proposed Order: (i) granting the relief sought herein, and (ii) granting the Debtors such other and further relief as the Court may deem proper.

Dated: September 30, 2019  LOEB & LOEB LLP
New York, New York

*/s/ Schuyler G. Carroll*
Schuyler G. Carroll
Stephen A. Aschettino
Daniel B. Besikof
Noah Weingarten
345 Park Avenue
New York, NY 10154
Tel: (212) 407-4000
Fax: (212) 407-4990
scarroll@loeb.com
saschettino@loeb.com
dbesikof@loeb.com
nweingarten@loeb.com

*Proposed Counsel to the Debtors
and Debtors-in-Possession*

# **Exhibit A**

**(Proposed Order)**

18195975.1
233620-10001

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | ) Chapter 11 <br> ) <br> ) Case No. 19-76260 (AST) <br> ) Case No. 19-76263 (AST) <br> ) Case No. 19-76267 (AST) <br> ) Case No. 19-76268 (AST) <br> ) Case No. 19-76269 (AST) <br> ) Case No. 19-76270 (AST) <br> ) Case No. 19-76271 (AST) <br> ) Case No. 19-76272 (AST) <br> ) <br> ) (Jointly Administered) <br> ) |
| Absolut Facilities Management, LLC, *et al*. | |
| Debtors.[1] | |

## ORDER GRANTING MOTION TO REJECT ORCHARD PARK LEASE

Upon the motion (the "**Motion**")[2] of the debtors and debtors in possession referenced in the Motion (the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") for entry of an order (this "**Order**") (i) authorizing the Debtors to reject the Orchard Park Lease effective as of the date the Debtors turn over possession of the Orchard Park Facility to the Landlord, and (ii) granting certain related relief, all as more fully set forth in the Motion; and upon the record of the hearing on the Motion, if any; the Court having reviewed the Motion and the (1) *Declaration of Michael Wyse in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 15] (the "**Wyse Declaration**"), and (2) *Supplemental Declaration of Michael Wyse in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 57] (the "**Supplemental Wyse**

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Absolut Facilities Management, LLC (1412); Absolut Center for Nursing and Rehabilitation at Allegany, LLC (7875); Absolut Center for Nursing and Rehabilitation at Aurora Park, LLC (8266); Absolut Center for Nursing and Rehabilitation at Gasport, LLC (8080); Absolut at Orchard Brooke, LLC (1641); Absolut Center for Nursing and Rehabilitation at Orchard Park, LLC (8300); Absolut Center for Nursing and Rehabilitation at Three Rivers, LLC (8133); and Absolut Center for Nursing and Rehabilitation at Westfield, LLC (7924).

[2] Capitalized terms used but not defined herein shall have the meaning set forth in the Motion.

**Declaration**", and together with the Wyse Declaration, the "**First Day Declarations**"); and the Court having jurisdiction over this matter pursuant to 28 U.S.C. 157 and §§ 1334(b); and the Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Debtors consent to entry of a final order under Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given, under the circumstances, and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefore, it is hereby

### ORDERED, ADJUDGED, AND DECREED THAT:

1. The Motion is GRANTED as set forth herein.

2. Pursuant to Bankruptcy Code sections 105(a), 365, and 554, the Orchard Park Lease is rejected as of the date the Debtors turn over possession of the Orchard Park Facility to the Landlord.

3. Notwithstanding the relief granted herein and any actions taken hereunder, nothing in the Motion or this order shall: (a) constitute an admission as to the validity or priority of any claim against the Debtors, or (b) constitute a waiver of the Debtors' rights to dispute any claim.

4. The Landlord may file a claim under Bankruptcy Code section 502 or other claims in connection with the rejection of the Orchard Park Lease not later than 30 days after the Orchard Park Lease is rejected, and the failure to file a timely claim by the claims bar date set by the Court shall forever prohibit such counterparty from receiving any distribution on account of such claims from the Debtors' estates unless this Court orders otherwise in accordance with the applicable provisions of the Bankruptcy Code and Rules of Bankruptcy Procedure or other legal precedent.

5. The Debtors are authorized to take such actions and to execute such documents as may be necessary to implement the relief granted by this Order.

6. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Order.