| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NEW YORK<br>-----------------------------------------------------x<br>In re:<br><br>**Absolut Facilities Management, LLC,** *et al***.**<br><br><br><br>Debtors.<br><br><br><br><br><br><br><br>-----------------------------------------------------x | **Hearing Date and Time:**<br>**October 3, 2019 @ 1:30 p.m.**<br><br><br><br>Chapter 11<br><br>Case No. 19-76260-ast<br>Case No. 19-76263-ast<br>Case No. 19-76267-ast<br>Case No. 19-76268-ast<br>Case No. 19-76269-ast<br>Case No. 19-76270-ast<br>Case No. 19-76271-ast<br>Case No. 19-76272-ast<br><br>(Jointly Administered) |

### UNITED STATES TRUSTEE'S JOINDER IN LANDLORDS' MOTION SEEKING ENTRY OF AN ORDER UNDER 11 U.S.C. §1104 DIRECTING THE APPOINTMENT OF A CHAPTER 11 OPERATING TRUSTEE AND FOR RELATED RELIEF

**TO:   THE HONORABLE ALAN S. TRUST;**
**       UNITED STATES BANKRUPTCY JUDGE:**

WILLIAM K. HARRINGTON, United States Trustee for Region 2 (the "United States Trustee"), in furtherance of his duties and obligations under 28 U.S.C. § 586, and joining in support of the Landlords' (hereinafter defined) application seeking entry of an order under 11 U.S.C. §1104, appointing a chapter 11 operating trustee (the "Trustee's Motion"), represents and alleges as follows:

### PRELIMINARY STATEMENT

Post-petition, New York State authorized the closure of a skilled-nursing facility. The closure of the facility is not in the ordinary course of the Debtors' business, and the United States Trustee submits that management cannot act unilaterally to close the facility. While the Debtor has now sought Bankruptcy Court approval for the closure, it appears based upon information from the landlord, that the number of patients currently housed has decreased rapidly. The landlord has moved for a temporary

restraining order and the appointment of a chapter 11 trustee, arguing that the rapid closure evidences a failure to take into account the economic and human consequences of the closure, demonstrates mismanagement and self-dealing and is cause for the appointment of an operating trustee. Similarly, the level of animosity among the parties including a lack of trust that current management can perform its statutory functions, constitutes cause for the appointment of an operating trustee as in the best interests of creditors.

**FACTS**

1. On September 10, 2019, (the "Petition Date") Absolut Facilities Management, LLC; Absolut Center for Nursing and Rehabilitation at Allegany, LLC; Absolut Center for Nursing and Rehabilitation at Aurora Park, LLC; Absolut Center for Nursing and Rehabilitation at Gasport, LLC; Absolut at Orchard Brooke, LLC; Absolut Center for Nursing and Rehabilitation at Orchard Park, LLC; Absolut Center for Nursing and Rehabilitation at Three Rivers, LLC; and Absolut Center for Nursing and Rehabilitation at Westfield, LLC (collectively the "Debtors"), each filed voluntary petitions under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") (Debtors' ECF Docket No. 1). The cases are jointly administered.

2. According to the Supplemental Declaration of Michael Wyse Regarding the Closure of Orchard Park Facility, six of the Debtors operate a skilled nursing facility, and one debtor, Absolut at Orchard Brooke, LLC ("Orchard Brooke Facility"), operates an assisted living facility (See Supplemental Declaration of Michael Wyse, Chief Restructuring Officer Bankruptcy Docket No. 20 at ¶5) ("Wyse Declaration").

3. According to the Wyse Declaration at paragraph 5, the Debtor, Absolut Rehabilitation at Orchard Park, LLC (the "Orchard Park Facility"), is a skilled nursing facility with 202 beds, employing 234 people, with annual revenues in excess of $18 million.

4. During the Court hearing on September 18, 2019, Debtors' counsel advised that on September 11, 2019, one day after the Petition Date, New York State had approved a closure plan with respect to the Orchard Park Facility. Counsel advised that the Orchard Park Facility would be closing, a process that would take approximately 60 days.

5. At the same hearing, the Debtors' counsel advised that the closure could be effectuated without Bankruptcy Court approval.  The United States Trustee disagreed and took the position that closure of the facility was not in the ordinary course and required notice.

6. On September 20, 2019, the Debtors filed a motion, returnable on October 3, 2019, seeking Court approval of the closure of the Orchard Park Facility (the "Closure Motion") (Bankruptcy Docket ECF Document No. 51).

7. On September 23, 2019, 6060 Armor Road, LLC, the landlord, filed an adversary proceeding styled as:   "6060 Armor Road, LLC v. Absolut Facilities Management, LLC"  Adv. Pro. No. 19-08121-ast (the "Adversary Proceeding") seeking the imposition of an injunction based upon activities at the Orchard Park Facility (the "TRO").[1] In its motion, the landlord asserts, *inter alia,* that the Debtors, without court approval, are rapidly emptying the patients from the Orchard Park Facility. Apparently, if the current pace is maintained, the landlord asserts that all of the patients housed at the facility could be moved out before the Court has had an opportunity to hear the Closure Motion.   This, according to the landlord, will deprive the creditor body of the ability to analyze and review the proposed closure. Additionally, such a rapid closure is without consideration of the Debtors' fiduciary obligations to maximize the estate for the benefit of the creditors (*See* Adversary Proceeding Docket 19-08121 ECF Docket No. 1).

8. On September 26, 2019, moving by order to show cause, Arba Group and its affiliates (collectively the Landlords") filed a motion under Bankruptcy Code section 1104 seeking the

appointment of an operating trustee for all of the Debtors, or alternatively, a trustee only for the Orchard Brooke and the Orchard Park Facilities, or as a further alternative, the appointment of an examiner. (Bankruptcy Court docket ECF Docket No. 69) (the "Trustee Motion").

9. The Landlords' Trustee Motion is premised upon the Debtors' implementation of the closure of the Orchard Park Facility prior to obtaining Bankruptcy Court approval. The Landlords accuse the Debtors of mismanagement and self-dealing by implementing the rapid closure of the Orchard Park Facility, without full and adequate notice to the creditors and Bankruptcy Court approval, thereby seeking to moot the Closure Motion. In support of its position, the Landlords allege that the Orchard Park Facility, which had an occupancy of 180 patients of as of August 15, 2019, may be down to as few as 20 patients as of September 25, 2019 ( *See* Landlords' Motion for Entry of an Order Appointing a Chapter 11 Trustee at ¶3 Bankruptcy Court Docket ECF Docket No. 69). This according to the Landlord, will result in the loss of the license and impede the ability to obtain an alternative operator.

10. The Landlords' Trustee Motion also asserts that the Debtors' pre-petition management, by demanding $10 million payment from the Landlords, is operating the Debtors for its own self-interest (*See* Trustee Motion, Bankruptcy Court Docket ECF No. 69 at ¶ 2).

11. On September 25, 2019 the Debtors filed opposition to the TRO Motion asserting that the patients are voluntarily leaving, or being transferred to another long-term facility (*See* Debtors' Opposition to the TRO Adv. Pro. Docket ECF No. 8). The Landlords filed a reply on September 16, 2019 (Adv. Pro Docket ECF No. 9).

12. On September 27, 2019 the Court signed the "Order Granting Shortened Notice with Respect to a Hearing on a portion of the Landlords' Motion for entry of an Order Appointing Chapter 11 Trustee, Or, Alternatively An Examiner Pursuant to Section 1104" (*See* Bankruptcy Court Docket, ECF Docket No. 77)("Trustee Hearing"). The Court scheduled the Trustee Hearing for October 3, 2019 at

---

[1] The TRO is also supported by Capital Funding LLC ("Capital"), who on September 26, 2019 filed a Joinder (Bankruptcy Docket ECF Document No. 58; Adv. Pro. Docket ECF Document No. 11). Capital has also filed an objection to the

1:30 p.m., with respect to the Orchard Park Facility.   Objections are due on October 2, 2019 at 10 a.m. The Court directed the Debtors to file the New York State Closure Plan no later than October 1, 2019 at 10 a.m.

13. On September 27, 2019, the Debtors filed the Orchard Park Facility Closure Plan (the "Closure Plan")(Bankruptcy Docket ECF No. 83).

## APPLICABLE LAW

### A. The Appointment of a Trustee is Required Upon a Finding of Cause or where it is in the Best Interests of Creditors

14. The Bankruptcy Code at section 1104 directs the Court to appoint a chapter 11 trustee at any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the United States Trustee, and after notice and hearing

> (1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause . . .
> (2) if such appointment is in the interests of creditors, any equity securities holders and other interests of the estate . . .

11 U.S.C. §1104(a)(1), (a)(2).

15. Upon a finding of cause, 1104(a)(1) mandates the appointment of a trustee. *Oklahoma Refining Co., v. Blail (In re Oklahoma Refining Co.),* 838 F.3d 1133, 1136 (10th Cir. 1988); *In re V. Savino Oil & Heating Co., Inc.,* 99 B.R. 518, 525 (Bankr. E.D.N.Y. 1989).   The list of wrongs constituting "cause" is non-exclusive; thus "[f]actors relevant to the appointment of a trustee under §1104(a)(1) include: conflicts of interest, including inappropriate relations between corporate parents and the subsidiaries; misuse of assets and funds; inadequate record keeping and reporting; various instances of conduct found to establish fraud or dishonesty; and lack of credibility and creditor confidence." *In re Altman*, 230 B.R. 6, 16 (Bankr. D. Conn. 1999), *aff'd in part, vacated in part,* 254 B.R. 509 (D. Conn.

---

Closure Plan (see Bankruptcy Court Docket ECF Document No. 63).

2000). The "court need not find any of the enumerated wrongs to find cause for appointment a trustee." *Oklahoma Refining*, *supra.* 838 F. 2d at 1136. For example, one court ordered the appointment of a trustee after discovering that the debtor's principal had been looting the estate through a kickback scheme in connection with a company hired to perform management services (*see In re Bibo Inc.,* 76 F.3d 256 (9th Cir. 1996)). Yet another court determined that underlying conflicts and self-dealing by management warranted the appointment of a trustee. *In re Embrace Sys. Corp.*, 178 B.R. 112 (Bankr. W.D. Mich. 1995).

B.  **The Best Interests of Creditors and Other Parties in Interest May Require the Appointment of a Trustee**

16. Under Bankruptcy Code section 1104(a)(2) the court shall order the appointment of a trustee "if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate."

17. The Legislative history of subsection 1104(a)(2) indicates that the court may appoint a trustee under subsection (a)(2) even though the party requesting such an appointment is unable to establish cause under subsection (a)(1). *Collier's On Bankruptcy,* 16th Ed. ¶1104.02[3][d] *citing* 124 Cong. Rec. H11, 102 (daily ed. Sept. 28, 1978), *reprinted in* App. Pt. 4(f) *infra;* S17,419 (daily ed. Oct. 6, 1978), *reprinted in* App. Pr. 49f)(iii) *infra.*

18. Subsection (a)(2), requires the Court to examine the interests of all parties, including creditors and equity, and according to *Collier's,* to engage in a balancing test of the costs and benefits to determine whether the appointment of a trustee is appropriate. *Collier's, supra*, at ¶1104.02[3][d][ii]. If management is functioning there may be little or no benefit to appointing a trustee, but ". . . when significant tensions are present among the parties or corporate governance issues arise that place management in a conflict position, appointment of a trustee may diffuse tension and relieve suspicions about the debtor's managers. This may be necessary to a successful completion of plan

negotiations and ultimate reorganization of the case." *Collier's, Id. (See Cajun Elec. Power Coop. Inc., v. Central La. Coop., Inc., (In re Cajun Power Coop, Inc.)),* 74 F. 3d 599 (5th Cir. 1996) (adopting on rehearing the opinion of dissent in 69 F.3d at 751) *cert. denied,* 519 U.S. 808, 117 S.Ct. 51, 136 L.Ed.2d 15 (1996) (finding that a conflict among cooperative members constituted "cause").

19. As pointed out by *Collier's* " . . . the "interests" standard requires a finding that appointment of a trustee would be in the interest of essentially all interested constituencies." *Id., supra.*, at ¶1104.02[3][d][i].

20. When deciding if a trustee should be appointed under Bankruptcy Code section 1104(a)(2), a court will consider: (1) the debtor's trustworthiness; (2) past and present performance; (3) whether the creditors have confidence in present management; (4) the benefits of appointing a trustee balance against the cost of the appointment. *In re Eurospark, Indus.,* 424 B.R. 621 (Bankr. E.D.N.Y. 2010)(citing *In re Ionoshpere Clubs,Inc.,* 113 B.R. 164, 168 (Bankr. S.D.N.Y. 1990).

21. Courts have appointed a chapter 11 trustee under Bankruptcy Code section 1104(a)(2) when management suffered material conflicts of interest and could not be counted on to conduct an independent investigation of questionable transactions they were involved in (*see In re PrS Ins. Group, Inc.,* 274 B.R. 381, 389 (Bankr. D.Del. 2001)). One court found that a lack in confidence in management and a greater likelihood that a planned sale would be consummated with a trustee, justified the appointment of a trustee (*See In re Euro-Am. Lodging Corp.,* 365 B.R. 421, 432 (Bankr. S.D.N.Y. 2007)). In *In re Ridgemour Meyer Properties, Inc.,* 413 B.R. 101 (Bankr. S.D.N.Y. 2008), pre-petition actions evidencing management's secrecy and lack of candor was sufficient for the court to appoint a trustee under 1104(a)(2).

## ARGUMENT

22. A chapter 11 trustee should be appointed in these cases because there are

allegations that the Debtors' present management [2]lacks the capacity to effectively manage the Debtors, has engaged in gross mismanagement and a pattern of self-dealing contrary to the interests of the Debtors, creditors and other parties in interest. The United States Trustee submits that not only is the cause for the appointment of a trustee under Bankruptcy Code section 1104(a)(1), but under Bankruptcy Code section 1104(a)(2), best the interests of all constituencies require the appointment of an independent fiduciary.

23. In this newly filed chapter 11 case, the Debtors are, apparently, moving at an extraordinary pace to move the patients from the Orchard Park Facility. The Debtors' Closure Motion, which first questions whether Bankruptcy Court approval is required to close the Orchard Park Facility, offers few details. Even after reviewing the Closure Plan, the creditors, and the United States Trustee have little information as to what is actually occurring at the facility. The United States Trustee questions whether there is proper concern for the health and welfare of the patients, not only those who were discharged from the Orchard Park Facility, but also those who remain, in part, because, the Debtors have provided limited information as to the protocol the Debtors are using to control the discharge of the patients.

24. There are also the issues surrounding the facility itself. According to the Wyse Declaration, the Orchard Park Facility had annual income in excess of $18 million. This is not a small operation. Yet, while the Debtors have suggested that of the 225 employees of the Orchard Park Facility, all but 25 will be re-employed, the Debtors' generalized statements in the Closure Plan, provides little, if anything, that backs up that assertion.

25. Other than asserting some cash flow benefits, the Debtors have not addressed the consequences emanating from the closure. For instance, according to the Landlords, the closure will result in the loss of the license to operate the Orchard Park Facility. As the Landlords point out, if other operators are interested in this location, the rapid closure, and the consequential loss of the license,

---

[2] While Wyse was appointed pre-petition as the Chief Restructuring Officer of Absolut Facilities Management, d/b/a Absolut Care LLC., (see Wyse Declaration at paragraph 2), debtor in possession financing is being provided by Israel Sherman,

seemingly destroys the ability to market the facility to other operators to the possible detriment of all creditors. Nevertheless, the Closure Motion is devoid of any details concerning the license, and the effect of the closure on the license.

### C. The Landlords' Allegations of Mismanagement By Present Management and The Interests of the Creditors and Parties in Interest Demonstrate the Need for an Independent Fiduciary

26. The Debtors' failure to recognize the need for Bankruptcy Court supervision over the closure of the Orchard Park Facility demonstrates a deeper issue, the Debtors' failure to recognize its fiduciary obligations as a debtor in possession.

27. While it is conceded that the State may have approved the Closure Plan, the Debtors only moved for Court approval after being pressured by the parties in interest. Moreover, the Debtors represented that the closure of Orchard Park would be carried out over 60 days, terminating in November 2019, thereby providing the parties in interest with the much needed time to review and analyze the closure. But, as brought to the attention of all by the Landlords, it appears that the Debtors have moved with exceptional speed to close the facility.

28. Consequently, before the schedules are filed, before the 341(a) meeting, before the appointment of a Bankruptcy Court ombudsman, the Debtors are conducting activities that gravely impact the future of the case. While the Debtors have argued that the closure of the Orchard Park Facility will produce a positive cash flow, the Court has yet to even have the opportunity make that factual finding. Additionally, there is no finding that the even if there was a short-term cash flow benefit, that short-term benefit would ultimately produce the type of savings that a sale of the Orchard Park Facility might produce, or that the closure will produce a long-term benefit for the creditors and parties interest. Conversely, it appears that the rapid closure may result in the loss of the license and the inability to market the facility, thereby potentially damaging the creditors and parties in interest.

---

who upon information and belief controlled the Debtors pre-petition.

29. Based upon the Landlord's allegations, management's pre-petition conduct in seeking a substantial payment from the Landlords, coupled with its post-petition conduct of rapidly closing the Orchard Park Facility without a Bankruptcy Court order, it appears that cause exists for the appointment of a trustee under 1104(a)(1).  (*See In re Bibo, Inc., supra.,* 76 F.3d at 257-8, ordering the appointment of a trustee after discovering that the debtor's principal had been looting the estate through a kickback scheme in connection with a company hired to perform management; *In re Embrace Sys. Corp.*, *supra.,* 178 B.R. 112 trustee appointed after court determined that underlying conflicts and self-dealing by management warranted the appointment of a trustee).

30. As set forth by the Landlords, the Debtors' management has apparently ignored the needs of the creditors to be fully informed by failing to provide a sufficient rationale supporting management's unilateral decision to embark on the closure of the Orchard Park Facility before receiving Bankruptcy Court approval.

31. In the instant case, the Debtors' management has failed to provide the transparency that is required or all debtors who seek the Court's protection under the Bankruptcy Code. The rising distrust of the creditor body is evidenced by the pleadings filed in this case.   The balance of costs and benefits among all constituents favors the appointment of a chapter 11 trustee under Bankruptcy Code section 1104(a)(2), as in the best interests of creditors and parties in interest.

## **CONCLUSION**

32. Not only does the Debtors' apparent mismanagement and self-dealing constitute cause for the appointment of a trustee, but it also appears that the parties in interest distrust management. As such, to protect the interests of all constituencies, creditors, patients and employees the Debtors' cases require the services of an independent fiduciary.

**WHEREFORE**, it is respectfully requested that the United States Trustee's the

appointment of a chapter 11 trustee be granted in its entirety, and that the Court grant such other and further relief as may be just and proper.

Dated:  Central Islip, New York  
        October 1, 2019

WILLIAM K. HARRINGTON  
UNITED STATES TRUSTEE FOR REGION 2  
    The Alfonse D'Amato Federal Courthouse  
    560 Federal Plaza  
    Central Islip, New York  
    (631) 715-7800

By:  ***/s/ Christine H. Black***  
      Christine H. Black  
      Assistant United States Trustee

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NEW YORK<br>-----------------------------------------------------x<br>In re:<br><br>Absolut Facilities Management, LLC, et al.<br><br><br>Debtors.<br><br><br><br><br><br><br><br>-----------------------------------------------------x | Hearing Date and Time:<br>October 3, 2019 @ 1:30 p.m.<br><br><br><br>Chapter 11<br><br>Case No. 19-76260-ast<br>Case No. 19-76263-ast<br>Case No. 19-76267-ast<br>Case No. 19-76268-ast<br>Case No. 19-76269-ast<br>Case No. 19-76270-ast<br>Case No. 19-76271-ast<br>Case No. 19-76272-ast<br><br>(Jointly Administered) |

## CERTIFICATE OF SERVICE

I, Joann Lomangino, am employed by the Office of the United States Trustee for the Eastern District of New York, hereby certify that on October 1, 2019, I caused a copy of the annexed, **UNITED STATES TRUSTEE'S JOINDER IN LANDLORDS' MOTION SEEKING ENTRY OF AN ORDER UNDER 11 U.S.C. §1104 DIRECTING THE APPOINTMENT OF A CHAPTER 11 OPERATING TRUSTEE AND FOR RELATED RELIEF** to be served by electronic mail transmission, as so indicated on the annexed service list.

## SERVICE LIST

**By electronic Mail:**

Loeb & Loeb LLP
345 Park Avenue
New York, New York   10154
Schuyler Carroll, Esq. email: scarroll@loeb.com
Stephen A. Aschettino, Esq., email: saschettino@loeb.com
Daniel B.Besikof, Esq., email: dbesikof@loeb.com
Noah Weingarten, Esq. email: nweigarten@loeb.com

BODNER LAW PLLC
Attn: Jonathan S. Bodner, Esq.
Attn: Harry M. Gutfleish, Esq.
40 Cutter Mill Road, Suite 301
Great Neck, New York 11021
(T) (516) 444-3923
jbodner@bodnerlawpllc.com
hgutfleish@bodnerlawpllc.com

Kenneth J. Ottaviano
Paige Barr Tinkham
**BLANK ROME LLP**
444 West Lake Street, Suite 1650
Chicago, Illinois 60606
Telephone: (312) 776-2600
Facsimile: (312) 776-2601
KOttaviano@BlankRome.com
PTinkham@BlankRome.com

Evan J. Zucker
**BLANK ROME LLP**
1271 Avenue of the Americas
New York, New York 10020
Telephone: (212) 885-5000
Facsimile: (212) 885-5001
EZucker@BlankRome.com

Suzanne Hepner
LEVY RATNER, P.C.
80 Eighth Avenue, 8th Floor
New York, New York 10011-7175
Telephone: (212) 627-8100
Facsimile: (212) 627-8182
Email: shepner@levyratner.com

LAZARUS & LAZARUS, P.C.
Harlan M. Lazarus, Esq.
*Counsel to the Creditor Clinical Staffing Resources Corp.*
240 Madison Avenue, 8th Flr.
New York, NY 10016
212-889-7400
Hlazarus@lazarusandlazarus.com

Robert A. Benjamin
Kaufman Borgeest & Ryan LLP
200 Summit Lake Drive, 1st Floor
Valhalla, New York 10595
914.449.1000
914.449.1100 fax
rbenjamin@kbrlaw.com

Aviva Francis, Esq.
Jacobowitz Newman Tversky LLP
377 Pearsall Avenue, Suite C
Cedarhurst, New York 11516
Tel: (516)-545-0343
Fax: (212) 671-1883
Email: afrancis@jntllp.com

Evan M. Newman, Esq.
Jacobowitz Newman Tversky LLP
377 Pearsall Avenue, Suite C
Cedarhurst, New York 11516
Tel: (516)-545-0343
Fax: (212) 671-1883
Email: enewman@jntllp.com

Garry M. Graber, Esq.
HODGSON RUSS LLP
140 Pearl Street, Suite 100
Buffalo, NY 14202
Telephone: (716) 856-4000
Facsimile (716) 849-0349
Email: ggraber@hodgsonruss.com

WHITEFORD, TAYLOR & PRESTON LLP
220 White Plains Road, Second Floor
Tarrytown, NY 10591 Attn.: Kenneth M. Lewis, Esq.
(914) 761-8400
klewis@wtplaw.com

WHITEFORD, TAYLOR & PRESTON LLP
200 First Avenue, Floor 3
Pittsburgh, PA 15222
Attn.: Daniel R. Schimizzi, Esq.
(412) 275-2401
dschimmizzi@wtplaw.com

BONll, SCHOENCCK &KING, PLLC
Camille W. Hill, Esq.
One Lincoln Center, 18th Floor
Syracuse, New York 13202
Tel.: (315) 218-8000
Fax: (315) 21.8-8100
chill@bsk.com


**By First Class Mail:**

**HODGSON RUSS LLP**
*Attorneys for Creditor Latina Boulevard Foods LLC*
James C. Thoman
140 Pearl Street, Suite 100
Buffalo, New York 14202-4040
(716) 856-4000