UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| | ) | Chapter 11 |
| | ) | |
| | ) | Case No. 19-76260-ast |
| | ) | Case No. 19-76263-ast |
| In re: | ) | Case No. 19-76267-ast |
| | ) | Case No. 19-76268-ast |
| Absolut Facilities Management, LLC, *et al.* | ) | Case No. 19-76269-ast |
| | ) | Case No. 19-76270-ast |
| Debtors.[1] | ) | Case No. 19-76271-ast |
| | ) | Case No. 19-76272-ast |
| | ) | |
| | ) | (Jointly Administered) |
| | ) | |

**INTERIM ORDER (I) AUTHORIZING, BUT NOT DIRECTING, DEBTORS
TO (A) PAY AND HONOR PREPETITION EMPLOYEE OBLIGATIONS
AND (B) MAINTAIN AND CONTINUE CERTAIN COMPENSATION AND
BENEFIT PROGRAMS POSTPETITION; AND (II) GRANTING RELATED RELIEF**

On September 12 and 18, 2019, the Court conducted hearings to consider the *Debtors'*

*Emergency Motion for Interim and Final Orders (I) Authorizing, But Not Directing, Debtors to*

*(A) Pay and Honor Prepetition Employee Obligations, and (B) Maintain and Continue Certain*

*Compensation and Benefit Programs Postpetition; and (II) Granting Related Relief* (the

"**Employee Wage Motion**")[2] filed by the above-captioned debtors (the "**Debtors**").  The Court

finds that: (i) it has jurisdiction over the matters raised in the Employee Wage Motion pursuant to

28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii)

---

[1]  The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Absolut Facilities Management, LLC (1412); Absolut Center for Nursing and Rehabilitation at Allegany, LLC (7875); Absolut Center for Nursing and Rehabilitation at Aurora Park, LLC (8266); Absolut Center for Nursing and Rehabilitation at Gasport, LLC (8080); Absolut at Orchard Brooke, LLC (1641); Absolut Center for Nursing and Rehabilitation at Orchard Park, LLC (8300); Absolut Center for Nursing and Rehabilitation at Three Rivers, LLC (8133); and Absolut Center for Nursing and Rehabilitation at Westfield, LLC (7924).

[2]  Capitalized terms used but not defined shall have the meaning ascribed to them in the Employee Wage Motion.

venue being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; (iv) the relief requested

in the Employee Wage Motion is in the best interests of the Debtors, their estates, and their

creditors; (v) proper and adequate notice of the Employee Wage Motion has been given and no

other or further notice is necessary; and (vi) upon the record herein after due deliberation thereon,

good and sufficient cause exists for the granting of the relief as set forth herein.

Therefore, **IT IS HEREBY ORDERED THAT**

1.       The Employee Wage Motion is **GRANTED** on an interim basis, expressly as set

forth herein.

2.       Pursuant to sections 105(a), 363(b), 507(a)(4), 507(a)(5), 541, 1107(a), and 1108

of the Bankruptcy Code and Bankruptcy Rule 6003, the Debtors are authorized, but not directed,

to pay and/or honor, in their sole discretion, prepetition payroll and payroll tax obligations in a

total amount not to exceed $831,486, and in the amounts to be specified in amounts not exceeding

the amounts listed on <u>Exhibit 1,</u> through the final hearing to be held on **October 16, 2019 at 10:00**

**a.m.;** provided, however, that no single individual shall be paid on account of any prepetition claim

for wages, benefits, or other compensation over the statutory cap of $13,650 provided for under

sections 507(a)(4) and (5) of the Bankruptcy Code, absent further order of the Court; and further,

as stated on the record Debtors must, on or before **October 9, 2019,** file a schedule specifying for

each listed week on Exhibit 1, during what pre-petition days and in what amounts the payroll and

payrolls taxes were incurred, when they were due to be paid, and whether any payroll taxes were

withheld from employee paychecks but not remitted to any taxing authority; Debtors do not need

to list these amounts by employee.

3.       Nothing herein shall be deemed to authorize the payment of any amounts in

satisfaction of bonus or severance obligations to insiders that are subject to section 503(c) of the

Bankruptcy Code.

4.      The Debtors and any applicable third parties are authorized to continue to allocate and distribute postpetition Employee Withholdings to the appropriate taxing authorities or third-party recipients in accordance with the Debtors' stated policies and prepetition practices.

5.      The Banks are authorized, when requested by the Debtors, to receive, process, honor, and pay any and all checks drawn on, or electronic transfer requests from, the Debtors' accounts, whether such checks or requests are presented or submitted prior to or after the Petition Date, to the extent such checks or requests are expressly identified by the Debtors as related directly to the payment of the amounts authorized herein, provided that sufficient funds are available in the applicable bank accounts to make such payments.

6.      The Banks may rely on the representations of the Debtors with respect to whether any check or other transfer drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to this Order, and any such Bank shall not have any liability to any party for relying on such representations.

7.      The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a result of the filing of these Chapter 11 Cases with respect to prepetition amounts owed in connection with any amounts authorized herein.

8.      A final hearing to consider the relief requested in the Employee Wage Motion shall be held on **October 16, 2019 at 10:00 a.m. (Eastern Time) and any objections or responses to the Employee Wage Motion shall be filed and served so as to be actually received on or prior to October 11, 2019 at 4:00 p.m. (Eastern Time)**, and served on the following parties: (a) proposed counsel to the Debtors, Loeb & Loeb LLP, 345 Park Avenue, New York,

New York 10154, Attn: Schuyler G. Carroll, Esq. (scarroll@loeb.com), Daniel B. Besikof, Esq. (dbesikof@loeb.com), or Noah Weingarten, Esq. (nweingarten@loeb.com); (b) the U.S. Trustee for the Eastern District of New York, Alfonse D'Amato Federal Courthouse, 560 Federal Plaza, Central Islip, New York 11722-4456 (Attn: Christine H. Black, Esq.), Christine.H.Black@usdoj.gov; and, if applicable, (c) counsel to any statutory committees appointed in these Chapter 11 Cases.

9.       Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission regarding the validity or amount of any claim against the Debtor; (b) a waiver of the Debtors' rights to subsequently dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (e) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; (f) to grant third-party beneficiary status or bestow any additional rights on any third party; or (g) to be otherwise enforceable by any third party.

10.      Notwithstanding the relief granted herein or any action taken hereunder, nothing contained in this Order shall create any rights in favor of, or enhance the status of any claim held by, any Employee, or any other person or entity.

11.      The Court finds and determines that the requirements of Bankruptcy Rule 6003 are satisfied and that the relief requested is necessary to avoid immediate and irreparable harm.

12.      The notice of the relief requested in the Employee Wage Motion satisfies Bankruptcy Rule 6004(a) and, pursuant to Bankruptcy Rule 6004(h), the terms and provisions of this Order shall be immediately effective and enforceable upon its entry.

13.      The Debtors are authorized to take all steps necessary or appropriate to carry

out the terms of this Order.

14.     The Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.



**Dated: October 2, 2019**
   **Central Islip, New York**                                       **Alan S. Trust**
                                                              **United States Bankruptcy Judge**