**LOEB & LOEB LLP**
Schuyler G. Carroll
Daniel B. Besikof
Noah Weingarten
345 Park Avenue
New York, NY 10154
Tel: (212) 407-4000
Fax: (212) 407-4990
Email: scarroll@loeb.com
        dbesikof@loeb.com
        nweingarten@loeb.com

*Proposed Counsel to the Debtors*
*and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | Chapter 11 |
| | ) | |
| | ) | Case No. 19-76260 |
| | ) | Case No. 19-76263 |
| In re: | ) | Case No. 19-76267 |
| | ) | Case No. 19-76268 |
| Absolut Facilities Management, LLC, *et al.* | ) | Case No. 19-76269 |
| | ) | Case No. 19-76270 |
| Debtors.[1] | ) | Case No. 19-76271 |
| | ) | Case No. 19-76272 |
| | ) | |
| | ) | (Jointly Administered) |

**STATEMENT OF FINANCIAL AFFAIRS FOR**
**ABSOLUT AT ORCHARD BROOKE, LLC (CASE NO. 19-76269)**

---

[1]  The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Absolut Facilities Management, LLC (1412); Absolut Center for Nursing and Rehabilitation at Allegany, LLC (7875); Absolut Center for Nursing and Rehabilitation at Aurora Park, LLC (8266); Absolut Center for Nursing and Rehabilitation at Gasport, LLC (8080); Absolut at Orchard Brooke, LLC (1641); Absolut Center for Nursing and Rehabilitation at Orchard Park, LLC (8300); Absolut Center for Nursing and Rehabilitation at Three Rivers, LLC (8133); and Absolut Center for Nursing and Rehabilitation at Westfield, LLC (7924).

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| | )    Chapter 11 |
| | ) |
| | )    Case No. 19-76260-ast |
| | )    Case No. 19-76263-ast |
| In re: | )    Case No. 19-76267-ast |
| | )    Case No. 19-76268-ast |
| Absolut Facilities Management, LLC, *et al*. | )    Case No. 19-76269-ast |
| | )    Case No. 19-76270-ast |
| Debtors.[1] | )    Case No. 19-76271-ast |
| | )    Case No. 19-76272-ast |
| | ) |
| | )    (Jointly Administered) |
| | ) |

GLOBAL NOTES, METHODOLOGY AND SPECIFIC
DISCLOSURES REGARDING THE DEBTORS' SCHEDULES OF
ASSETS AND LIABILITIES AND STATEMENT OF FINANCIAL AFFAIRS

## Introduction

Absolut Facilities Management, LLC and its affiliated debtors and debtors-in-possession (collectively, the "**Debtors**") with the assistance of their advisors, have filed their respective Schedules of Assets and Liabilities (the "**Schedules**") and Statements of Financial Affairs (the "**Statements**," and together with the Schedules, the "**Schedules and Statements**") with the United States Bankruptcy Court for the Eastern District of New York (the "**Bankruptcy Court**"), pursuant to section 521 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

These Global Notes, Methodology, and Specific Disclosures Regarding the Debtors' Schedules of Assets and Liabilities and Statement of Financial Affairs (the "**Global Notes**") pertain to, are incorporated by reference in, and comprise an integral part of each Debtor's Schedules and Statements. The Global Notes should be referred to, considered, and reviewed in connection with any review of the Schedules and Statements.

The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("**GAAP**"), nor are they intended to be fully reconciled with the financial statements of each Debtor (whether

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Absolut Facilities Management, LLC (1412); Absolut Center for Nursing and Rehabilitation at Allegany, LLC (7875); Absolut Center for Nursing and Rehabilitation at Aurora Park, LLC (8266); Absolut Center for Nursing and Rehabilitation at Gasport, LLC (8080); Absolut at Orchard Brooke, LLC (1641); Absolut Center for Nursing and Rehabilitation at Orchard Park, LLC (8300); Absolut Center for Nursing and Rehabilitation at Three Rivers, LLC (8133); and Absolut Center for Nursing and Rehabilitation at Westfield, LLC (7924).

publicly filed or otherwise).  Additionally, the Schedules and Statements contain unaudited information that is subject to further review and potential adjustment, and reflect the Debtors' reasonable efforts to report the assets and liabilities of each Debtor on an unconsolidated basis.

In preparing the Schedules and Statements, the Debtors relied upon information derived from their books and records that was available at the time of such preparation.  Although the Debtors have made reasonable efforts to ensure the accuracy and completeness of such financial information, inadvertent errors or omissions, as well as the discovery of conflicting, revised, or subsequent information, may cause a material change to the Schedules and Statements.

The Debtors and their officers, employees, agents, attorneys, and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided in the Schedules and Statements and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating or delivering the information contained in the Schedules and Statements.  Except as expressly required by the Bankruptcy Code, the Debtors and their officers, employees, agents, attorneys and financial advisors expressly do not undertake any obligation to update, modify, revise, or re-categorize the information provided in the Schedules and Statements or to notify any third party should the information be updated, modified, revised, or re-categorized.  The Debtors, on behalf of themselves, their officers, employees, agents and advisors disclaim any liability to any third party arising out of or related to the information contained in the Schedules and Statements and reserve all rights with respect thereto.

The Schedules and Statements have been signed by an authorized representative of each of the Debtors. In reviewing and signing the Schedules and Statements, this representative relied upon the efforts, statements and representations of the Debtors' other personnel and professionals. The representative has not (and could not have) personally verified the accuracy of each such statement and representation, including, for example and without limitation, statements and representations concerning amounts owed to creditors and their addresses.

### Global Notes and Overview of Methodology

1. **Reservation of Rights**. Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, inadvertent errors or omissions may exist. The Debtors reserve all rights to amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including, without limitation, the right to amend the Schedules and Statements with respect to any claim ("**Claim**") description, designation, or Debtor against which the Claim is asserted; dispute or otherwise assert offsets or defenses to any Claim reflected in the Schedules and Statements as to amount, liability, priority, status, or classification; subsequently designate any Claim as "disputed," "contingent," or "unliquidated;" or object to the extent, validity, enforceability, priority, or avoidability of any Claim.  Any failure to designate a Claim in the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such Claim or amount is not "disputed," "contingent," or "unliquidated."  Listing a Claim does not constitute an admission of liability by the Debtor against which the Claim is listed or against any of the Debtors. Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights with respect to the Debtors' chapter 11 cases, including, without limitation, issues involving Claims, substantive consolidation, defenses, equitable subordination,

recharacterization, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code, and any other relevant non- bankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph. Notwithstanding the foregoing, the Debtors shall not be required to update the Schedules and Statements.

The listing in the Schedules or Statements (including, without limitation, Schedule A/B, Schedule E/F or Statement 4) by the Debtors of any obligation between a Debtor and another Debtor is a statement of what appears in the Debtors' books and records and does not reflect any admission or conclusion of the Debtors regarding whether such amount would be allowed as a Claim or how such obligations may be classified and/or characterized in a plan of reorganization or by the Bankruptcy Court.

2. **Description of Cases and "as of" Information Date**. On September 10, 2019 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On September 20, 2019, the Bankruptcy Court entered an order directing procedural consolidation and joint administration of the Debtors' chapter 11 cases [Docket No. 48].

**The asset information provided in the Schedules and Statements, except as otherwise noted, represents the asset data of the Debtors as of September 10, 2019.**

3. **Net Book Value of Assets**. It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets for the Debtors to obtain current market valuations for all of their assets. Accordingly, unless otherwise indicated, the Debtors' Schedules and Statements reflect net book values as of the close of business on September 10, 2019, in the Debtors' books and records. Additionally, because the book values of certain assets, may materially differ from their fair market values, they may be listed as undetermined amounts as of the Petition Date. Furthermore, as applicable, assets that have fully depreciated or were expensed for accounting purposes may not appear in the Schedules and Statements if they have no net book value.

4. **Recharacterization**. Notwithstanding the Debtors' reasonable efforts to properly characterize, classify, categorize, or designate certain Claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors may, nevertheless, have improperly characterized, classified, categorized, designated, or omitted certain items due to, among other things, the complexity and size of the Debtors' businesses. Accordingly, the Debtors reserve all of their rights to recharacterize, reclassify, recategorize, redesignate, add, or delete items reported in the Schedules and Statements at a later time as is necessary, to the extent appropriate or to the extent additional information becomes available, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired postpetition, whether claims are secured or unsecured or whether claims are entitled to priority or no priority.

5. **Real Property and Personal Property–Leased**. In the ordinary course of their businesses, the Debtors leased real property and various articles of personal property, including, fixtures, and equipment, from certain third-party lessors. The Debtors have made

reasonable efforts to list all such leases in the Schedules and Statements. The Debtors have made reasonable efforts to include lease obligations on Schedule D (secured debt) to the extent applicable and to the extent the lessor filed a UCC-1. However, nothing in the Schedules or Statements is or shall be construed as an admission or determination as to the legal status of any lease (including whether to assume and assign or reject such lease or whether it is a true lease or properly designated as a financing arrangement).

6. **Excluded Assets and Liabilities**. The Debtors have sought to allocate liabilities between the prepetition and post-petition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and post-petition periods may change.

The liabilities listed on the Schedules do not reflect any analysis of Claims under section 503(b)(9) of the Bankruptcy Code. Accordingly, the Debtors reserve all of their rights to dispute or challenge the validity of any asserted Claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's Claim.

The Debtors have excluded certain categories of assets, tax accruals, and liabilities from the Schedules and Statements, including, without limitation, goodwill, accrued salaries, certain employee benefit accruals, and deferred gains. In addition, certain immaterial assets and liabilities may have been excluded.

The Bankruptcy Court has authorized the Debtors to pay, in their discretion, certain outstanding Claims on a post-petition basis. Prepetition liabilities which have been paid post-petition have been excluded from the Schedules and Statements. To the extent the Debtors pay any of the claims listed in the Schedules and Statements pursuant to any orders entered by the Bankruptcy Court, the Debtors reserve all rights to amend and supplement the Schedules and Statements and take other action, such as filing claims objections, as is necessary and appropriate to avoid overpayment or duplicate payment for such liabilities.

7. **Insiders**.    Solely, for purposes of the Schedules and Statements, the Debtors define "insiders" to include the following: (a) directors; (b) equity holders holding 1% or more of the equity interest of the Debtor entities; and (c) relatives of any of the foregoing (to the extent known by the Debtors). Entities listed as "insiders" have been included for informational purposes and their inclusion shall not constitute an admission that those entities are insiders for purposes of section 101(31) of the Bankruptcy Code.

8. **Intercompany and Other Transactions.**    For certain reporting and internal accounting purposes, the Debtors record certain intercompany receivables and payables. Receivables and payables among the Debtors are reported as assets on Schedule A/B or liabilities on Schedule E/F part 2, as appropriate (collectively, the "***Intercompany Claims***"). Intercompany receivables reported on Schedule A/B 77 and Intercompany claims reported on Schedule E/F, part 2, are reported as of August 31, 2019. While the Debtors have used commercially reasonable efforts to ensure that the proper intercompany balance is attributed to each legal entity, the Debtors and their estates reserve all rights to amend the Intercompany Claims in the Schedules and Statements, including, without limitation, to change the characterization, classification, categorization or designation of such claims, including, but not limited to, the right to assert that any or all Intercompany Claims are, in

fact, consolidated or otherwise properly assets or liabilities of a different Debtor entity. Although separate Schedules and Statements have been prepared and filed for each of the Debtors, certain of the information set forth in the Schedules and Statements has been prepared on a consolidated basis. As a result, the Schedules and Statements may not reflect all intercompany activity.

9. **Executory Contracts and Unexpired Leases**. Although the Debtors made diligent attempts to attribute executory contracts and unexpired leases to their rightful Debtors, in certain instances, the Debtors may have inadvertently failed to do so due to the complexity and size of the Debtors' businesses.

Moreover, other than real property leases reported in Schedule A/B 55, the Debtors have not necessarily set forth executory contracts and unexpired leases as assets in the Schedules and Statements, even though these contracts and leases may have some value to the Debtors' estates. The Debtors' executory contracts and unexpired leases have been set forth in Schedule G.

10. **Materialman's/Mechanic's Liens**. The assets listed in the Schedules and Statements are presented without consideration of any materialman's or mechanic's liens.

11. **Classifications**. Listing a Claim or contract on (a) Schedule D as "secured," (b) Schedule E/F part 1 as "priority," (c) Schedule E/F part 2 as "unsecured," or (d) Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of the Claimant, or a waiver of the Debtors' rights to recharacterize or reclassify such Claims, or contracts or leases, to file claim objections in respect of same, or to exercise their rights to setoff against or other rights with respect to such Claims.

12. **Claims Description**. Schedules D and E/F permit each Debtor to designate a Claim as "disputed," "contingent," and/or "unliquidated." Any failure to designate a Claim on a given Debtor's Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by that Debtor that such amount is not "disputed," "contingent," or "unliquidated," or that such Claim is not subject to objection. Moreover, listing a Claim does not constitute an admission of liability by the Debtors.

13. **Causes of Action**. Despite their reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third-parties as assets in the Schedules and Statements, including, without limitation, causes of actions arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers. The Debtors reserve all of their rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross-Claim, counter-Claim, or recoupment and any Claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law, or in equity, or pursuant to any other theory of law (collectively, "**Causes of Action**") they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any Claims or Causes of Action or in any way

prejudice or impair the assertion of such Claims or Causes of Action.

14. **Summary of Significant Reporting Policies**. The following is a summary of significant reporting policies:

    a.   **Undetermined Amounts.** The description of an amount as "unknown," "TBD" or "undetermined" is not intended to reflect upon the materiality of such amount.

    b.   **Totals.** All totals that are included in the Schedules and Statements represent totals of all known amounts. To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

    c.   **Liens.** Property and equipment listed in the Schedules and Statements are presented without consideration of any liens that may attach (or have attached) to such property and equipment.

15. **Estimates and Assumptions**. Because of the timing of the filings, management was required to make certain estimates and assumptions that affected the reported amounts of these assets and liabilities. Actual amounts could differ from those estimates, perhaps materially.

16. **Currency**. Unless otherwise indicated, all amounts are reflected in U.S. dollars.

17. **Intercompany**. The listing in the Schedules or Statements (including, without limitation, Schedule A/B or Schedule E/F) by the Debtors of any obligation between a Debtor and another Debtor is a statement of what appears in the Debtors' books and records and does not reflect any admission or conclusion of the Debtors regarding whether such amount would be allowed as a Claim or how such obligations may be classified and/or characterized in a plan of reorganization or by the Bankruptcy Court.

18. **Setoffs**. The Debtors incur certain offsets and other similar rights during the ordinary course of business. Offsets in the ordinary course can result from various items, including, without limitation, intercompany transactions, pricing discrepancies, returns, refunds, warranties, debit memos, credits, and other disputes between the Debtors and their suppliers and/or customers. These offsets and other similar rights are consistent with the ordinary course of business in the Debtors' industry and are not tracked separately. Therefore, although such offsets and other similar rights may have been accounted for when certain amounts were included in the Schedules, offsets are not independently accounted for, and as such, are or may be excluded from the Debtors' Schedules and Statements.

19. **Resident Names and Addresses**. Resident and guardian names and addresses have been removed from the entries listed on the Schedules and Statements and have been replaced with reference to a unique resident number. Such redacted information is available upon entry of an order by the Bankruptcy Court authorizing the production of such redacted information.

20. **Global Notes Control**. If the Schedules and Statements differ from these Global Notes, the Global Notes shall control.

18271345.1
233620-10001

## Specific Disclosures with Respect to the Debtors' Schedules

**Schedule A/B.** All values set forth in Schedule A/B reflect the book value of the Debtors' assets as of September 10, 2019, unless otherwise noted below. Other than real property leases reported on Schedule A/B 55, the Debtors have not included leases and contracts on Schedule A/B. Leases and contracts are listed on Schedule G.

> **Schedule A/B 3**. Cash values held in financial accounts are listed on Schedule A/B 3 as of September 10, 2019. Details with respect to the Debtors' cash management system and bank accounts are provided in the *Debtors' Emergency Motion for Interim and Final Orders (I) Authorizing the Debtors to (A) Continue Using their Cash Management System and (B) Maintain Existing Bank Accounts and Business Forms; (II) Waiving Certain Deposit Guidelines; and (III) Granting Related Relief* [Docket No. 11] (the "**Cash Management Motion**").

> **Schedule A/B 11**. Accounts receivable do not include intercompany receivables. Intercompany receivables are reported on Schedule A/B 77.

> **Schedule A/B 15.** Ownership interests in subsidiaries have been listed in Schedules A/B 15 as an undetermined amount because the fair market value of such ownership is dependent on numerous variables and factors and likely differs significantly from their net book value.

> **Schedule A/B 55**. The Debtors do not own any real property. The Debtors have also listed their real property leases in Schedule A/B 55, along with the Debtors leasehold improvements, if any.

> **Schedule A/B 63**. The Debtors maintain a resident database/list. The amount is listed as undetermined because the fair market value of such ownership cannot be determined.

> **Schedule A/B 74 & 75**. In the ordinary course of their businesses, the Debtors may have accrued, or may subsequently accrue, certain rights to counter-Claims, setoffs, refunds, or warranty Claims. Additionally, certain of the Debtors may be a party to pending litigation in which the Debtors have asserted, or may assert, Claims as a plaintiff or counter-Claims as a defendant. Because such Claims are unknown to the Debtors and not quantifiable as of the Petition Date, they are not listed on Schedule A/B 74 or 75. The Debtors' failure to list any contingent and/or unliquidated claim held by the Debtors in response to these questions shall not constitute a waiver, release, relinquishment, or forfeiture of such claim.

**Schedule D.** The Claims listed on Schedule D arose or were incurred on various dates; a determination of the date upon which each Claim arose or was incurred would be unduly burdensome and cost prohibitive. Accordingly, not all such dates are included. All Claims listed on Schedule D, however, appear to have been incurred before the Petition Date.

Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of liens. Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements. Except as specifically stated on Schedule D,

real property lessors, utility companies, and other parties that may hold security deposits have not been listed on Schedule D. Nothing herein shall be construed as an admission by the Debtors of the legal rights of the Claimant or a waiver of the Debtors' rights to recharacterize or reclassify such Claim or contract, including by filing a claim objection or adversary proceeding in respect of same.

Moreover, the Debtors have not included on Schedule D parties that may believe their Claims are secured through setoff rights, letters of credit, surety bonds, or inchoate statutory lien rights.

**Schedule E/F part 2**. The Debtors have used reasonable efforts to report all general unsecured Claims against the Debtors on Schedule E/F part 2, based upon the Debtors' books and records as of the Petition Date.

Determining the date upon which each Claim on Schedule E/F part 2 was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list a date for each Claim listed on Schedule E/F part 2. Furthermore, claims listed on Schedule E/F part 2 may have been aggregated by unique creditor name and remit to address and may include several dates of incurrence for the aggregate balance listed.

Schedule E/F part 2 contains information regarding pending litigation involving the Debtors. The dollar amount of potential Claims associated with any such pending litigation is listed as "undetermined" and marked as contingent, unliquidated, and disputed in the Schedules and Statements. Some of the litigation Claims listed on Schedule E/F may be subject to subordination pursuant to section 510 of the Bankruptcy Code. Schedule E/F part 2 may also include potential or threatened litigation claims. Any information contained in Schedule E/F part 2 with respect to such potential litigation shall not be a binding representation of the Debtors' liabilities with respect to any of the potential suits and proceedings included therein. The Debtors expressly incorporate by reference into Schedule E/F part 2 all parties to pending litigation listed in the Debtors' Statements 7, as contingent, unliquidated, and disputed claims, to the extent not already listed on Schedule E/F part 2.

Schedule E/F part 2 reflects the prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption, or assumption and assignment, of executory contracts or unexpired leases. Additionally, Schedule E/F part 2 does not include potential rejection damage Claims, if any, of the counterparties to executory contracts and unexpired leases that may be rejected.

**Schedule G**. Certain information, such as the contact information of the counter-party, may not be included where such information could not be obtained using the Debtors' reasonable efforts. Listing or omitting a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is or is not an executory contract or unexpired lease, was in effect on the Petition Date, or is valid or enforceable. Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first refusal, and other miscellaneous rights. Such rights, powers, duties, and obligations are not set forth separately on Schedule G.

Certain confidentiality and non-disclosure agreements may not be listed on Schedule G.

Certain of the contracts and agreements listed on Schedule G may consist of several parts, including, purchase orders, amendments, restatements, waivers, letters, and other documents that may not be listed on Schedule G or that may be listed as a single entry. In some cases, the same supplier or provider may appear multiple times on Schedule G. This multiple listing is intended to reflect distinct agreements between the applicable Debtor and such supplier or provider. The Debtors expressly reserve their rights to challenge whether such related materials constitute an executory contract, a single contract or agreement, or multiple, severable or separate contracts.

The contracts, agreements, and leases listed on Schedule G may have expired, have been terminated or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda and other documents, instruments, and agreements that may not be listed therein despite the Debtors' use of reasonable efforts to identify such documents. Further, unless otherwise specified on Schedule G, each executory contract or unexpired lease listed thereon shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument, or other document is listed thereon.

In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their businesses, such as subordination, nondisturbance, and attornment agreements, supplemental agreements, settlement agreements, amendments/letter agreements, title agreements and confidentiality agreements. Such documents may not be set forth on Schedule G. Certain of the executory agreements may not have been memorialized and could be subject to dispute. Executory agreements that are oral in nature have not been included on the Schedule G.

**Schedule H**. For purposes of Schedule H, the Debtors that are either the principal obligors or guarantors under the prepetition debt facilities are listed as Co-Debtors on Schedule H. The Debtors may not have identified certain guarantees associated with the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements.

In the ordinary course of their businesses, the Debtors may be involved in pending or threatened litigation. These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-Claims and counter-Claims against other parties. Because the Debtors have treated all such Claims as contingent, disputed, or unliquidated, such Claims have not been set forth individually on Schedule H. Litigation matters can be found on each Debtor's Schedule E/F part 2 and Statement 7, as applicable.

## Specific Disclosures with Respect to the Debtors' Statements

**Statement 3**. Statement 3 includes any disbursement or other transfer made by the Debtors within 90 days before the Petition Date except for those made to insiders (which payments appear in response to Statement question 4), employees, and bankruptcy professionals (which payments appear in Statement 11 and include any retainers paid to bankruptcy professionals). The amounts listed in Statement 3 reflect the Debtors' disbursements netted against any check level detail; thus, to the extent a disbursement was made to pay for multiple invoices, only one entry has been listed on Statement 3.

**Statement 4**.  Statement 4 accounts for a respective Debtor's intercompany transactions, as well as other transfers to insiders as applicable.  With respect to individuals, the amounts listed reflect the universe of payments and transfers to such individuals including compensation, bonus (if any), expense reimbursement, relocation reimbursement, and/or severance.  Amounts paid on behalf of such employee for certain life and disability coverage, which coverage is provided to all of the Debtors' employees, has not been included.

**Statement 5**.  Statement 5 excludes goods returned in the ordinary course of business.

**Statement 7**.  Any information contained in Statement 7 shall not be a binding representation of the Debtors' liabilities with respect to any of the suits and proceedings identified therein.

**Statement 10**.  The Debtors occasionally incur losses for a variety of reasons, including theft and property damage.  The Debtors, however, may not have records of all such losses if such losses do not have a material impact on the Debtors' businesses or are not reported for insurance purposes.

**Statement 11**.  Out of an abundance of caution, the Debtors have included payments to all professionals who have rendered any advice related the Debtors' bankruptcy proceedings in Statement 11.  However, it is possible that the disclosed fees also relate to other, non-bankruptcy related services, and may include services rendered to other parties.

**Statement 26d**.  The Debtors have provided financial statements in the ordinary course of their businesses to numerous financial institutions, creditors, and other parties within two years immediately before the Petition Date.  Considering the number of such recipients and the possibility that such information may have been shared with parties without the Debtors' knowledge or consent or subject to confidentiality agreements, the Debtors have not disclosed any parties that may have received such financial statements for the purposes of Statement 26d.

**Statement 30**.  Unless otherwise indicated in a Debtor's specific response to Statement 30, the Debtors have included a comprehensive response to Statement 30 in Statement 4.

**Fill in this information to identify the case:**

Debtor name     **Absolut at Orchard Brooke, LLC**

United States Bankruptcy Court for the:     EASTERN DISTRICT OF NEW YORK

Case number (if known)   **19-76269**

☐ Check if this is an
amended filing

## Official Form 207
## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy      **04/19**

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages,
write the debtor's name and case number (if known).

**Part 1:    Income**

1. **Gross revenue from business**

   ☐ None.

   | Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
   |---|---|---|
   | **From the beginning of the fiscal year to filing date:**<br>From **1/01/2019** to **Filing Date** | ■ Operating a business<br>☐ Other _____ | **$1,442,268.00** |
   | **For prior year:**<br>From **1/01/2018** to **12/31/2018** | ■ Operating a business<br>☐ Other _____ | **$2,118,740.00** |
   | **For year before that:**<br>From **1/01/2017** to **12/31/2017** | ■ Operating a business<br>☐ Other _____ | **$2,020,298.00** |

2. **Non-business revenue**
   Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

   ☐ None.

   | | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
   |---|---|---|
   | **For prior year:**<br>From **1/01/2018** to **12/31/2018** | Interest Income | **$4.00** |

**Part 2:    List Certain Transfers Made Before Filing for Bankruptcy**

3. **Certain payments or transfers to creditors within 90 days before filing this case**
   List payments or transfers--including expense reimbursements--to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,825. (This amount may be adjusted on 4/01/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

| Debtor | Absolut at Orchard Brooke, LLC | | Case number *(if known)* | 19-76269 |
|---|---|---|---|---|

■ None.

| Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer
Check all that apply |
|---|---|---|---|

4. **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**
List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,825. (This amount may be adjusted on 4/01/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☐ None.

| Insider's name and address
Relationship to debtor | Dates | Total amount of value | Reasons for payment or transfer |
|---|---|---|---|
| 4.1.    **See Attached Intercompany Schedule** | | **$0.00** | |

5. **Repossessions, foreclosures, and returns**
List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

■ None

| Creditor's name and address | Describe of the Property | Date | Value of property |
|---|---|---|---|

6. **Setoffs**
List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

■ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|

**Part 3:    Legal Actions or Assignments**

7. **Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**
List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case**.**

☐ None.

| Case title
Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|
| 7.1.    **EEOC decree v all facilities (from investigation Lisa Valentin)** | **ADA Discrimination** | **EEOC** | ■ Pending
☐ On appeal
☐ Concluded |

| Debtor | **Absolut at Orchard Brooke, LLC** | Case number (*if known*) **19-76269** |
| --- | --- | --- |

| | Case title<br>Case number | Nature of case | Court or agency's name and address | Status of case |
| --- | --- | --- | --- | --- |
| 7.2. | **PATIENT 5790 v. Absolut at Orchard Brooke, LLC, Orchard Brooke Living Center, Absolut Center for Nursing and Rehabilitation at Orchard Park, LLC, Absolut Facilities Management, LLC, IPC Healthcare, IPC Hospitalist of New York, IPC Hospitalist Services of New York, P.C., Mercy Hospital of Buffalo and Catholic Health System, Inc.** | | **Erie** | ☐ Pending<br>☐ On appeal<br>☐ Concluded |

**8. Assignments and receivership**
List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

■ None

---

**Part 4:   Certain Gifts and Charitable Contributions**

9. **List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

■ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
| --- | --- | --- | --- |

**Part 5:   Certain Losses**

10. **All losses from fire, theft, or other casualty within 1 year before filing this case.**

■ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br><br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br><br>List unpaid claims on Official Form 106A/B (*Schedule A/B: Assets – Real and Personal Property*). | Dates of loss | Value of property lost |
| --- | --- | --- | --- |

**Part 6:   Certain Payments or Transfers**

11. **Payments related to bankruptcy**
List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

■ None.

| Who was paid or who received the transfer?<br>Address | If not money, describe any property transferred | Dates | Total amount or value |
| --- | --- | --- | --- |

12. **Self-settled trusts of which the debtor is a beneficiary**
List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

| Debtor | **Absolut at Orchard Brooke, LLC** | Case number *(if known)* **19-76269** |
|--------|-----------------|-------------|

■ None.

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|

13. **Transfers not already listed on this statement**
   List any transfers of money or other property by sale, trade, or any other means made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

   ■ None.

| Who received transfer? Address | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|

| **Part 7:** | Previous Locations |
|---|---|

14. **Previous addresses**
   List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

   ■ Does not apply

| Address | Dates of occupancy From-To |
|---|---|

| **Part 8:** | Health Care Bankruptcies |
|---|---|

15. **Health Care bankruptcies**
   Is the debtor primarily engaged in offering services and facilities for:
   - diagnosing or treating injury, deformity, or disease, or
   - providing any surgical, psychiatric, drug treatment, or obstetric care?

   ☐ No. Go to Part 9.
   ■ Yes. Fill in the information below.

| | Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|---|
| 15.1. | **Orchard Brooke Living Centre**<br>**6060 Armor Road**<br>**Orchard Park, NY 14127** | **Adult Living** | **80** |

|  | Location where patient records are maintained (if different from facility address). If electronic, identify any service provider.<br>**Resident's records are kept at facility except for medication records which are electronic through Point Click Care.**<br><br>**Off-site mediical record storage is at:**<br><br>**South Towns Self Storage**<br>**275 Thron Ave.**<br>**Orchard Park, NY 14127**<br>**716-662-2098** | How are records kept?<br><br>*Check all that apply:* |
|---|---|---|

   ■ Electronically
   ■ Paper

| **Part 9:** | Personally Identifiable Information |
|---|---|

16. **Does the debtor collect and retain personally identifiable information of customers?**

   ☐ No.
   ■ Yes. State the nature of the information collected and retained.

Debtor    **Absolut at Orchard Brooke, LLC**                                    Case number *(if known)* **19-76269**

**NAME, ADDRESS, TELEPHONE NUMBER, SOCIAL SECURITY NUMBER, BIRTH DATE, AMONG OTHER INFORMATION**

Does the debtor have a privacy policy about that information?

☐ No

■ Yes

17. **Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☐ No. Go to Part 10.

■ Yes. Does the debtor serve as plan administrator?

    ■ No Go to Part 10.
    ☐ Yes. Fill in below:

| Part 10: | Certain Financial Accounts, Safe Deposit Boxes, and Storage Units |
|---|---|

18. **Closed financial accounts**
Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

■ None

| Financial Institution name and Address | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|

19. **Safe deposit boxes**
List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

■ None

| Depository institution name and address | Names of anyone with access to it Address | Description of the contents | Do you still have it? |
|---|---|---|---|

20. **Off-premises storage**
List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☐ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Do you still have it? |
|---|---|---|---|
| **South Towns Self Storage 275 Thorn Ave. Orchard Park, NY 14127** | - | **Resident's records** | ☐ No ■ Yes |

| Part 11: | Property the Debtor Holds or Controls That the Debtor Does Not Own |
|---|---|

21. **Property held for another**
List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☐ None

Debtor    **Absolut at Orchard Brooke, LLC**                          Case number *(if known)* **19-76269**

| Owner's name and address | Location of the property | Describe the property | Value |
|---|---|---|---|
| **Various Patients**<br>**Orchard Brooke**<br>**6060 Armor Duells Rd**<br>**Orchard Park, NY 14127** | **M&T Bank**<br>**626 Commerce Drive**<br>**Buffalo, NY 14228** | **Patient Trust Funds** | **$6,741.11** |

| Owner's name and address | Location of the property | Describe the property | Value |
|---|---|---|---|
| **Various Patients**<br>**Orchard Brooke**<br>**6060 Armor Duells Rd**<br>**Orchard Park, NY 14127** | **M&T**<br>**626 Commerce Drive**<br>**Buffalo, NY 14228** | **Patient Trust Funds** | **$16,729.51** |

**Part 12:**    Details About Environment Information

For the purpose of Part 12, the following definitions apply:

*Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

*Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

*Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

22.    **Has the debtor been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.**

☑    No.
☐    Yes. Provide details below.

| Case title<br>Case number | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|

23.    **Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☑    No.
☐    Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

24.    **Has the debtor notified any governmental unit of any release of hazardous material?**

☑    No.
☐    Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

**Part 13:**    Details About the Debtor's Business or Connections to Any Business

25.    **Other businesses in which the debtor has or has had an interest**
List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☑    None

| Business name address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN.<br><br>Dates business existed |
|---|---|---|

26.    **Books, records, and financial statements**
26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

Debtor   **Absolut at Orchard Brooke, LLC** _____   Case number *(if known)* **19-76269** _____

☐ None

| Name and address | Date of service From-To |
|---|---|
| 26a.1.   **Billit Information Technology, LLC**<br>**300 Gleed Avenue**<br>**East Aurora, NY 14052** | **Dates services rendered 1/1/17 - current** |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| Name and address | Date of service From-To |
|---|---|
| 26b.1.   **Bonadio & Co LLP**<br>**Certified Public Accountants**<br>**171 Sully's Trail**<br>**Pittsford, NY 14534** | **Dates services rendered 1/1/17 - current** |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.1.   **Billit Information Technology, LLC**<br>**300 Gleed Avenue**<br>**East Aurora, NY 14052** | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

■ None

| Name and address |
|---|
| |

27. **Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☐   No
■   Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| 27.1. **KATHRYN MCNALLY** | **7/1/19** | **$7,323.21 - FOOD, INVENTORY FOR ORCHARD BROOKE TOGETHER WITH ORCHARD PARK** |

| Name and address of the person who has possession of inventory records |
|---|
| **KATHY STEINER**<br>**300 GLEED AVE.**<br>**EAST AURORA, NY 14052** |

Debtor   **Absolut at Orchard Brooke, LLC**                                   Case number *(if known)* **19-76269**

| | | | |
|---|---|---|---|
| 27.2. | **Name of the person who supervised the taking of the inventory**<br>**KATHRYN MCNALLY** | **Date of inventory**<br><br>**8/31/19** | **The dollar amount and basis (cost, market, or other basis) of each inventory**<br>**$6,281.81 - FOOD, INVENTORY FOR ORCHARD BROOKE TOGETHER WITH ORCHARD PARK** |
| | **Name and address of the person who has possession of inventory records**<br>**KATHY STEINER**<br>**300 GLEED AVE.**<br>**EAST AURORA, NY 14052** | | |

28. **List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| **ISRAEL SHERMAN** | **255 WARNER AVENUE**<br>**Roslyn Heights, NY 11577** | **MEMBER** | **45** |

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| **ABSOLUT FACILITIES MGMNT** | **255 WARNER AVENUE**<br>**ROSLYN HEIGHTS, NY 11577** | **MEMBER** | **54** |

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| **WILLIAM K LENHART** | **400 SEASAGE DR**<br>**APT 602**<br>**DELRAY BEACH, FL 33483** | **INDEPENDENT ADVISOR** | |

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| **MICHAEL WYSE** | **85 BROAD ST**<br>**18TH FLOOR**<br>**NEW YORK, NY 10004** | **CHIEF RESTRUCTURING OFFICER** | |

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| **PHILLIP HOFFMAN** | **300 GLEED AVENUE**<br>**EAST AURORA, NY 14052** | **CFO** | |

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| **LORRY DOTTER** | **300 GLEED AVENUE**<br>**EAST AURORA, NY 14052** | **COO** | |

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| **SAMUEL SHERMAN** | **300 GLEED AVENUE**<br>**EAST AURORA, NY 14052** | **MEMBER** | **1** |

29. **Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

■ No
☐ Yes. Identify below.

30. **Payments, distributions, or withdrawals credited or given to insiders**
Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

| Debtor | **Absolut at Orchard Brooke, LLC** | Case number *(if known)* **19-76269** |
| --- | --- | --- |

- ■ No
- ☐ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
| --- | --- | --- | --- |

**31. Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

- ■ No
- ☐ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
| --- | --- |

**32. Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

- ☐ No
- ■ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the parent corporation |
| --- | --- |
| **1199 SEIU Regional Pension Fund** | EIN: **16-1112391** |

---

**Part 14:**  **Signature and Declaration**

**WARNING** -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on      **October 16, 2019**

*/s/ Michael Wyse*                                                          **Michael Wyse**
Signature of individual signing on behalf of the debtor        Printed name

Position or relationship to debtor     **Chief Restructuring Officer**

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**
☐ No
■ Yes

In re Absolut at Orchard Brooke, LLC
Case No. 19-76269
SOFA:  Part 2, Question 4  -Intercompany Transfers as of August 31, 2019

| Due To | Due From | Amount |
|---|---|---|
| Absolut at Orchard Brooke, LLC | Absolut Facilities Mgt, LLC | -$1,046,810.46 |
| Absolut at Orchard Brooke, LLC | Avante | -$41.39 |