

**SCHUYLER G. CARROLL**
Partner

345 Park Avenue
New York, NY  10154

**Direct**   212.407.4820
**Main**    212.407.4000
**Fax**      212.202.5431
scarroll@loeb.com

Via ECF

October 23, 2019

Hon. Alan S. Trust
U.S. Bankruptcy Judge
U.S. Bankruptcy Court
Eastern District of New York
Alfonse M. D'Amato Federal Courthouse
290 Federal Plaza,
Central Islip, New York 11722

Re:   *In re: Absolut Facilities Management, LLC, et al.*, No. 19-76260 (AST)
      (Jointly Administered)

Dear Judge Trust:

We represent Absolut Facilities Management, LLC and its debtor affiliates, as debtors and debtors-in-possession in the above-referenced chapter 11 cases. We write pursuant to your instructions (Dkt. No. 132) to provide an update on the status of the motions to appoint trustees filed by the landlords (the "**Landlords**") and the U.S. Trustee (Dkt. Nos. 69 and 102).

As discussed at the October 3 hearing, the Debtors and Landlords arrived at a settlement, which would resolve the Landlords' motion, and which was read into the record at the October 3 hearing (the "**Landlord Settlement**"). The Landlord Settlement provides for, among other things, the Debtors to commence a sale process for all of the Debtors' facilities. It also provides for the Debtors to attempt to avoid the surrender of the Orchard Park facility's operating certificate to the New York Department of Health ("**DOH**").

Although, as discussed below, the Debtors and the Landlords have not finalized the term sheet memorializing the Landlord Settlement, the Debtors have taken steps to implement the Landlord Settlement. More specifically, the Debtors have interviewed investment bankers and brokers to run a sale process for the Debtors' facilities. The Debtors have identified, considered and negotiated with many potential parties and are consulting with the Landlords in the selection of an investment banker or broker for this task.

Unfortunately, due to factors largely outside of the Debtors' control, the Debtors were not able to avoid the surrender of the Orchard Park operating certificate. As of the time of the October 3 hearing, approximately 14 residents remained at Orchard Park. As the Debtors noted in other filings with this Court, the Debtors could not force the residents to stay at Orchard Park, and in

Los Angeles   New York   Chicago   Nashville   Washington, DC   San Francisco   Beijing   Hong Kong   www.loeb.com

For the United States offices, a limited liability partnership including professional corporations. For Hong Kong office, a limited liability partnership.

18297566



the days that followed, all of those residents requested placement in other skilled nursing facilities and were safely moved to facilities of their choosing.

Pursuant to the Orchard Park closure plan and applicable DOH regulations, the Debtors were required to surrender the Orchard Park operating certificate within 48 hours of the final resident moving from the Orchard Park facility.  In an effort to cooperate with the Landlords to preserve the Orchard Park operating certificate and allow its transfer to a new operator for the benefit of the Landlords, the Debtors delayed surrendering the Orchard Park operating certificate and engaged in numerous discussions with DOH staff and counsel.[1]  The Landlords and their counsel participated directly in all of these discussions.

A variety of potential options were discussed with the DOH for preserving the operating certificate until Orchard Park could be transferred, including the placement of the operating certificate with a temporary receiver until transfer issues could be sorted out.  The Debtors agreed to this concept, but the DOH required that the Landlords provide information (i) regarding the identity of a potential new operator, (ii) suggesting that the potential new operator would pass the licensure requirements to operate Orchard Park after the transfer, and (iii) supporting the need for the skilled nursing beds in Erie County.  Despite numerous representations from the Landlords that it would identify a potential replacement operator in short order – a promise that the Debtors have heard from the Landlords for months – ultimately the Landlords did not provide any of that requested information to the DOH.

On October 18, 2019, the DOH formally rejected the receivership option, as well as the Debtors' request for an additional delay to surrender the Orchard Park operating certificate.  By e-mail dated October 18, 2019, the DOH advised the Debtors and the Landlords of this decision.  A copy of that e-mail is attached as Exhibit A.  In that e-mail, the DOH made clear that the decision to force the surrender of the operating certificate was predicated, in part on the Landlords' failure to provide the requested information and, in larger part on the fact that the continued operation of the facility cannot be justified in any event.  Of course, the Debtors agree that the continued operation of Orchard Park is untenable, which is why the Debtors began implementing a closure plan for the facility in August, prior to the petition date.

The DOH's decision makes clear that the closure of the Orchard Park facility is appropriate, as the DOH indicated there is substantially greater supply than demand in the area. The pertinent language from the DOH e-mail is below:

> this position was reached partly because the Department did not receive the information requested from [the Landlords], (a cursory analysis of how a potential new operator could meet licensing requirements), but mostly because the DOH finds any potential new operator will be unable to show there is a current regional need for a facility of this nature.  By the DOH's analysis this region is "over bedded" to the tune of approximately 600 facility beds.  What this means practically, is that

---

[1] While the Debtors mistakenly submitted the Form 855A to CMS, as a result of a clerical error, the Debtors were able to obtain its return.



supply has outpaced demand in this region of the state such that continued operation of this facility is not justifiable.

Moreover, the DOH's decision makes clear that even if the Debtors or the Landlords identified a replacement operator for Orchard Park, the DOH would not approve any sale or transfer – thus, confirming that Orchard Park has no value to the Debtors. As a result of the foregoing, the DOH mandated surrender of the operating certificate by no later than October 21, 2019. The Debtors advised the Landlords on the morning of October 21, 2019 that they intended to surrender the operating certificate by the close of business that day. The Debtors received no response whatsoever from the Landlords. Hearing no response, and consistent with the DOH's mandate and 28 U.S.C. § 959(b), the Debtors surrendered the operating certificate to the DOH.

Despite this development, the Debtors and the Landlords have continued to negotiate the term sheet memorializing the Landlord Settlement. Progress on the term sheet has been slowed, in part because of the efforts to work with the DOH and in part because of the observance by the principals for the Landlords and the Debtors of several significant Jewish holidays. The parties, however, are in the process of exchanging drafts and intend to discuss further this week. The Debtors are hopeful that the term sheet will be finalized and submitted before the hearing scheduled for November 4, 2019.

We thank the Court for its attention to this matter.

Sincerely,

Schuyler G. Carroll
Partner

# EXHIBIT A

**From:** Hennige, Tracy L (HEALTH) <Tracy.Hennige@health.ny.gov>
**Sent:** Friday, October 18, 2019 4:15 PM
**To:** Sean Doolan <sdoolan@hinmanstraub.com>; Michael.Blass@arentfox.com; sam@dhclegal.com
**Cc:** Deetz, Valerie A (HEALTH) <valerie.deetz@health.ny.gov>; Hennessey, Mark J (HEALTH) <Mark.Hennessey@health.ny.gov>; Sheppard, Dan (HEALTH) <Dan.Sheppard@health.ny.gov>; Zahnleuter, Richard J (HEALTH) <richard.zahnleuter@health.ny.gov>; Treacy, Jennifer (HEALTH) <jennifer.treacy@health.ny.gov>; Ngwashi, Marthe J (HEALTH) <Marthe.Ngwashi@health.ny.gov>; Raleigh, Tracy (HEALTH) <Tracy.Raleigh@health.ny.gov>; Mcgarvey, Sheila T (HEALTH) <sheila.mcgarvey@health.ny.gov>
**Subject:** RE: Absolut at Orchard Park
**Importance:** High

Gentleman:

After further discussions offline between DOH's Division of Legal Affairs and our program staff at the Office of Primary Care and Health Systems Management's Center for Health Care Provider Services and Oversight we have concluded that the suggested receivership solution at Absolut at Orchard Park is not tenable.

Understand this position was reached partly because the Department did not receive the information requested from you, (a cursory analysis of how a potential new operator could meet licensing requirements), but mostly because the DOH finds any potential new operator will be unable to show there is a current regional need for a facility of this nature. By the DOH's analysis this region is "over bedded" to the tune of approximately 600 facility beds.  What this means practically, is that supply has outpaced demand in this region of the state such that continued operation of this facility is not justifiable.

State regulation requires the surrender of the operating certificate. Accordingly, we request yet again the surrender of the operating certificate for this facility by Monday, October, 21 2019.  It is my understating that several request have been made and it has yet to be surrendered. I am not sure what the delay is, but we appreciate your cooperation.

Many thanks in advance.
Best wishes,

tlh

PRIVILEGED AND CONFIDENTIAL
ATTORNEY WORK PRODUCT
ATTORNEY CLIENT PRIVILEGE

**Tracy L. Hennige**
*Senior Attorney*

**NYS Department of Health**
Division of Legal Affairs

Bureau of Litigation
Empire State Plaza
Corning Tower Room 2435
Albany, NY 12237
(Ph)    518-473-4631
(Fax)   518-473-2802

**Attorney-Client Privilege & Work Product Doctrine**
This message contains information which may be confidential and privileged. Unless you are the intended addressee (or authorized to receive for the intended addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply and delete the message.

---

**Attention:**
This e-mail is privileged and confidential. If you are not the
intended recipient please delete the message and notify the sender.
Any views or opinions presented are solely those of the author.

---