**LOEB & LOEB LLP**
Schuyler G. Carroll
Daniel B. Besikof
Noah Weingarten
345 Park Avenue
New York, NY 10154
Tel: (212) 407-4000
Fax: (212) 407-4990
Email: scarroll@loeb.com
    dbesikof@loeb.com
    nweingarten@loeb.com

*Proposed Counsel to the Debtors*
*and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re:<br><br>Absolut Facilities Management, LLC, *et al.*<br><br>Debtors.[1] | ) Chapter 11<br>)<br>) Case No. 19-76260-ast<br>) Case No. 19-76263-ast<br>) Case No. 19-76267-ast<br>) Case No. 19-76268-ast<br>) Case No. 19-76269-ast<br>) Case No. 19-76270-ast<br>) Case No. 19-76271-ast<br>) Case No. 19-76272-ast<br>)<br>) (Jointly Administered)<br>) |

## DEBTORS' APPLICATION FOR ENTRY OF ORDER
## AUTHORIZING THE EMPLOYMENT AND RETENTION OF LOEB & LOEB LLP
## AS COUNSEL TO THE DEBTORS *NUNC PRO TUNC* TO PETITION DATE

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' federal tax identification number, are: Absolut Facilities Management, LLC (1412); Absolut Center for Nursing and Rehabilitation at Allegany, LLC (7875); Absolut Center for Nursing and Rehabilitation at Aurora Park, LLC (8266); Absolut Center for Nursing and Rehabilitation at Gasport, LLC (8080); Absolut at Orchard Brooke, LLC (1641); Absolut Center for Nursing and Rehabilitation at Orchard Park, LLC (8300); Absolut Center for Nursing and Rehabilitation at Three Rivers, LLC (8133); and Absolut Center for Nursing and Rehabilitation at Westfield, LLC (7924).

18203017

The above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") respectfully submit this application (the "**Application**") for entry of an order, substantially in the form attached hereto as **Exhibit A**, pursuant to sections 327(a), 329, and 330 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Local Rules 2014-1 of the Local Bankruptcy Rules for the Eastern District of New York (the "**Local Rules**"), authorizing the Debtors to employ and retain Loeb & Loeb LLP ("**Loeb**") as bankruptcy counsel in these Chapter 11 Cases effective *nunc pro tunc* to the Petition Date (as defined below).  In support of this Application, the Debtors submit the Declaration of Schuyler G. Carroll, a partner with Loeb (the "**Carroll Decl.**"), which is attached hereto as **Exhibit B**.  In further support of this Application, the Debtors respectfully state as follows:

## JURISDICTION

1.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334 and the *Referral of Matters to the Bankruptcy Judges* of the United States District Court for the Eastern District of New York, entered on December 5, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief sought herein are sections 327(a), 330, and 1107 (b) of the Bankruptcy Code, Bankruptcy Rule 2014(a), and Local Rules 2014-1 and 2016-1.

## BACKGROUND

3.      On September 10, 2019 (the "**Petition Date**"), the Debtors commenced voluntary cases under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**").  The Debtors continue to manage and operate their business as debtors-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108.

4.    On October 3, 2019, an official committee of unsecured creditors was appointed in the Chapter 11 Cases.  No trustee or examiner has been appointed.

5.    A detailed description of the Debtors and their business, the facts and circumstances leading up to the filing of the Chapter 11 Cases, and the facts supporting this Application, are set forth in greater detail in the *Declaration of Michael Wyse in Support of Debtors' Chapter 11 Petitions and First-Day Motions* (Dkt. No. 15) (the "**First Day Declaration**").

## RELIEF REQUESTED

6.    The Debtors request that the Court enter an Order, substantially in the form attached hereto as **Exhibit A**, authorizing the Debtors to employ and retain Loeb as its bankruptcy counsel, pursuant to sections 327(a), 329, and 330 of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Rules 2014-1 and 2016-1, in accordance with the terms of the engagement letter attached hereto as **Exhibit C** (the "**Engagement Letter**").

## LOEB'S QUALIFICATIONS

7.    The Debtors seek to retain Loeb because of Loeb's recognized expertise and extensive experience and knowledge in the fields of corporate restructuring, creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code, as well as Loeb's expertise in the restructuring of companies in the healthcare management industry.

8.    Loeb began representing the Debtors well before the Petition Date with respect to a potential chapter 11 restructuring.  In preparing for its representation of the Debtors in these Chapter 11 Cases, Loeb became familiar with the Debtors' business and many of the potential legal issues that may arise in the context of these Chapter 11 Cases.  As a result, Loeb is both well qualified and uniquely able to represent the Debtors in these Chapter 11 Cases in an efficient and timely manner.

9.      Loeb is well qualified to serve as bankruptcy counsel to the Debtors because of its knowledge and familiarity with the Debtors' business and its attorneys' experience in the fields of debtors' and creditors' rights, bankruptcy, debt restructuring, corporate reorganization, commercial law, taxation, and litigation.   Loeb has an extensive bankruptcy practice, having represented debtors, creditors' committees, individual creditors, and other parties-in-interest in numerous large proceedings under chapter 11 of the Bankruptcy Code in New York, Delaware, Georgia, New Mexico, Texas, and other jurisdictions throughout the country, including cases such as Lehman Brothers, Residential Capital, Cengage, Orion Health Care, Trident Healthcare Property, Remnant Oil Company, C & J Energy Services, North Philadelphia Health System, Toys"R"Us, Metro Fuel Services, Relativity, Downey Regional Medical Center, and others.

## SERVICES TO BE RENDERED

10.      The professional services the Debtors anticipate Loeb will render, include, without limitation, the following:

a.  advising the Debtors with respect to their powers and duties as debtors-in-possession in the continued management and operation of the Debtors' businesses and properties;

b.  advising and consulting on the conduct of these Chapter 11 Cases, including all of the legal and administrative requirements of operating in chapter 11;

c.  attending meetings and negotiating with representatives of creditors and other parties-in-interest;

d.  taking all necessary actions to protect and preserve the Debtors' estates including prosecuting actions on the Debtors' behalf, defending any action commenced against the Debtors and representing the Debtors in negotiations concerning litigation in which the Debtors are involved, including objections to claims filed against the Debtors' estates;

e.  preparing pleadings in connection with these Chapter 11 Cases, including motions, applications, answers, orders, reports, and all other papers necessary or appropriate to the administration of the Debtors' estates;

f.   advising the Debtors in connection with any potential sale of assets or investment by a third party;

g.   appearing before the Court and any appellate courts to represent the interests of the Debtors' estates;

h.   advising the Debtors regarding tax matters;

i.   assisting the Debtors in reviewing, estimating, and resolving claims asserted against the Debtors' estates;

j.   assisting the Debtors with compliance with applicable laws and governmental regulations;

k.   taking any necessary action on behalf of the Debtors to negotiate, prepare, and obtain approval of a disclosure statement and confirmation of a chapter 11 plan and all documents related thereto; and

l.   performing all other necessary legal services for the Debtors in connection with the prosecution and administration of these Chapter 11 Cases, including: (i) analyzing the Debtors' leases and contracts and advising the Debtors with respect to the assumption and assignment or rejection thereof; (ii) analyzing the validity of liens against the Debtors (if any); (iii) advising the Debtors on corporate and litigation matters; and (iv) providing non-bankruptcy services for the Debtors to the extent requested by the Debtors.

## PROFESSIONAL COMPENSATION

11.   The Debtors understand that Loeb intends to apply for compensation on an hourly basis for professional services rendered and to seek reimbursement of actual and necessary expenses incurred in connection with these Chapter 11 Cases, subject to the Court's approval and in compliance with the Bankruptcy Code, the Bankruptcy Rule, the Local Rules, any applicable U.S. Trustee or other guidelines, and any other applicable procedures and orders of the Court. Loeb will maintain detailed, contemporaneous records of time and any actual and necessary expenses incurred in connection with rendering the legal services described above.

12.   In connection with its retention, Loeb will bill at its customary hourly rates which, with respect to the professionals expected to work on this matter currently are: $675-$1,200 for

partners, $485-$770 for associates, and $260-$440 for paralegals. The hourly rates and corresponding rate structure to be utilized by Loeb in these Chapter 11 Cases are equivalent to, or less than, Loeb's standard hourly rates and corresponding rate structure for other restructuring matters, as well as similar corporate, litigation, and other matters, whether in court or otherwise, regardless of whether a fee application is required. Compensating Loeb on an hourly basis is consistent with section 328(a) of the Bankruptcy Code. The Debtors believe that Loeb's hourly rates and terms of engagement are appropriate, fair, and reasonable.

13.    The Debtors further understand that the foregoing hourly rates are subject to periodic increase (typically on or about February 1 of each year) in the normal course of Loeb's business. As noted above, the hourly rates that will be charged in these cases are Loeb's standard hourly rates (or less), according to Loeb. Loeb has informed the Debtors that these rates are set at a level designed to fairly compensate Loeb for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. The Debtors understand that it is Loeb's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case or cases. The expenses charged to clients include, among other things, telecopier charges, mail and express mail charges, special or hand delivery charges, document processing and photocopying charges, travel expenses, expenses for "working meals," and computerized research and transcription costs. The Debtors are informed that Loeb makes no profit from these expenses, but that Loeb believes it is appropriate to charge these expenses to the clients incurring them, rather than increase its hourly rates and thereby spread such expenses among all clients.

14.    As previously noted, Loeb was retained by the Debtors prior to the commencement of the Chapter 11 Cases. In connection with such retention, Loeb was paid retainers totaling $482,215.95 by or on behalf of the Debtors prior to the commencement of these cases. Those

retainers were applied  to fees incurred prior to the Petition Date.  At no point during the 90-day period prior to the Petition Date did Loeb receive any payment on account of an antecedent debt. As of the Petition Date, Loeb held a balance of the retainers previously paid by Debtors in the amount of $28,175.68.

15.     As of the commencement of the Chapter 11 Cases, there were no fees or expenses due to Loeb from the Debtors.  Nevertheless, if any amounts, after application of all invoices and retainers, are owed to Loeb as of the Petition Date, Loeb has informed Debtors that the firm will waive any claim relating thereto upon entry of a final order approving Loeb's engagement.

16.     Loeb has represented to Debtors that no promises have been received by Loeb or by any partner, associate or other attorney thereof as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code.  In addition, Loeb has advised the Debtors that it has not shared, nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the partners and associates and other attorneys of Loeb, or (b) any compensation another person or party has received or may receive.

## **LOEB'S DISINTERESTEDNESS**

17.     Loeb has informed the Debtors that, to the best of Loeb's knowledge, information, and belief, Loeb has no connection with the Debtors, their creditors, the United States Trustee for the Eastern District of New York, any person employed in the Office of the United States Trustee for the Eastern District of New York, or any other party-in-interest in these Chapter 11 Cases, except as may be set forth in the Carroll Decl.

18.     Loeb is an international law firm, with more than 400 attorneys housed in eight offices in the United States and China.  The Debtors have numerous creditors and interested parties.  Notwithstanding that Loeb has made significant efforts – as described in the Carroll Decl.

– to identify Loeb's connections with the interested parties in these Chapter 11 Cases, the Debtors understand that it is impossible for Loeb to state with certainty that every client representation or other connection has been disclosed. As noted in the Carroll Decl., if Loeb uncovers additional information that requires disclosure, Loeb has committed to update its disclosures through the filing of a supplemental declaration.

19.     Based on the Debtors' review of the Carroll Decl. and their knowledge of these cases, Loeb (a) does not currently represent or hold any interest adverse to the Debtors, their estates, creditors, equity security holders, or affiliates in the matters for which Loeb will be engaged and (b) is a "disinterested person" within the meaning of Bankruptcy Code section 101(14), as modified by Bankruptcy Code section 1107(b), and as required by Bankruptcy Code section 327(a). Moreover, the Debtors believe that retaining Loeb is necessary and in the best interests of the Debtors' estates.

### *NUNC PRO TUNC* RELIEF

20.     The Debtors have requested that the retention of Loeb be effective *nunc pro tunc* to the Petition Date. This relief is justified. The Debtors filed these cases in order to obtain a breathing spell to execute on its comprehensive business plan and to restructure its obligations to its creditors. The Debtors' efforts, since the Petition Date, have been focused on the Debtors' reorganization and in carrying out their obligations as debtors-in-possession under the Bankruptcy Code. Moreover, the delay in filing this Application is modest. For these reasons, *nunc pro tunc* approval is entirely appropriate.

### NOTICE

21.     The Debtors have provided notice of this Application to (a) the U.S. Trustee, (b) the proposed counsel to the official committee of unsecured creditors, (c) the Debtors' creditor

matrix, (d) Loeb and (e) those parties requesting notice pursuant to Bankruptcy Rule 2002 as of the filing of this Application. A copy of this Application is also available on the Debtors' case website at https://cases.primeclerk.com/absolutcare/Home-Index. The Debtors submit that no further notice is necessary under the circumstances.

## **CONCLUSION**

WHEREFORE, the Debtors respectfully requests this Court approve this Application, authorize the Debtors to retain and employ Loeb as their counsel in these Chapter 11 Cases, and grant such other relief the Court deems to be just and proper.

Dated: October 23, 2019
      New York, New York

Respectfully Submitted,
**Absolut Facilities Management, LLC, *et al*.**

By: */s/ Michael Wyse*
    Michael Wyse
    Chief Restructuring Officer

**Exhibit A**

**(Proposed Order)**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re:<br><br>Absolut Facilities Management, LLC, *et al.*<br><br>Debtors.[1] | ) Chapter 11<br>)<br>) Case No. 19-76260-ast<br>) Case No. 19-76263-ast<br>) Case No. 19-76267-ast<br>) Case No. 19-76268-ast<br>) Case No. 19-76269-ast<br>) Case No. 19-76270-ast<br>) Case No. 19-76271-ast<br>) Case No. 19-76272-ast<br>)<br>) (Jointly Administered)<br>) |

**ORDER GRANTING DEBTORS' APPLICATION FOR ENTRY OF ORDER**
**AUTHORIZING THE EMPLOYMENT AND RETENTION OF LOEB & LOEB LLP**
**AS COUNSEL TO THE DEBTORS *NUNC PRO TUNC* TO PETITION DATE**

Upon the application (the "**Application**")[2] of the above-captioned debtors and debtors in

possession (the "**Debtors**") to employ and retain the law firm of Loeb & Loeb LLP ("**Loeb**") as

bankruptcy counsel *nunc pro tunc* to the Petition Date; and upon the Declaration of Schuyler G.

Carroll in support thereof (the "**Carroll Decl.**"); and the Court being satisfied, based on the

representations made in the Application and the Carroll Decl., that the partners, counsel, and

associates of Loeb who will be engaged in the Chapter 11 Cases represent no interest adverse to

the Debtors' estates with respect to the matters upon which it is to be engaged, that they are

disinterested persons as that term is defined under section 101(14) of the Bankruptcy Code, as

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' federal tax identification number, are: Absolut Facilities Management, LLC (1412); Absolut Center for Nursing and Rehabilitation at Allegany, LLC (7875); Absolut Center for Nursing and Rehabilitation at Aurora Park, LLC (8266); Absolut Center for Nursing and Rehabilitation at Gasport, LLC (8080); Absolut at Orchard Brooke, LLC (1641); Absolut Center for Nursing and Rehabilitation at Orchard Park, LLC (8300); Absolut Center for Nursing and Rehabilitation at Three Rivers, LLC (8133); and Absolut Center for Nursing and Rehabilitation at Westfield, LLC (7924).

[2]  Capitalized terms used but not defined shall have the meaning ascribed to them in the Application.

modified by section 1107(b) of the Bankruptcy Code; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors, and other parties-in-interest; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue of this proceeding and the Application in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided; and it appearing that no other or further notice need be provided; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT**

1.    The Application is **GRANTED** as set forth therein.

2.    Pursuant to section 327(a) of the Bankruptcy Code, the Debtor is authorized to retain and employ Loeb as its counsel, effective *nunc pro tunc* to the Petition Date.

3.    Loeb shall be compensated for its services and reimbursed for any related expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any other applicable orders or procedures of this Court.

4.    Prior to any increases in Loeb's rates for any individual employed by Loeb and providing services in these Chapter 11 Cases, Loeb shall file a supplemental affidavit with the Court and provide ten business days' prior notice to the Debtors, the United States Trustee, and the official committee of unsecured creditors of such increase.  The supplemental affidavit shall explain the basis for the requested rate increase in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtors have consented to the rate increase.  The United States Trustee retains all rights to object to any rate increase on all grounds including, but not

limited to the reasonableness standard provided for in section 330 of the Bankruptcy Code, and the Court retains the right to review under section 330 of the Bankruptcy Code any rate increase.

5.      Notwithstanding any term in the Engagement Agreement to the contrary, the Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

6.      Notwithstanding any provision in the Bankruptcy Rules to the contrary, this Order shall be immediately effective and enforceable upon its entry.

7.      In the event of any inconsistency between the Engagement Agreement, the Application, and the Order, the Order shall govern.

**Exhibit B**

**(Declaration of Schuyler G. Carroll)**

**LOEB & LOEB LLP**
Schuyler G. Carroll
Daniel B. Besikof
Noah Weingarten
345 Park Avenue
New York, NY 10154
Tel: (212) 407-4000
Fax: (212) 407-4990
Email: scarroll@loeb.com
       dbesikof@loeb.com
       nweingarten@loeb.com

*Proposed Counsel to the Debtors*
*and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| | ) | Chapter 11 |
| | ) | |
| | ) | Case No. 19-76260-ast |
| In re: | ) | Case No. 19-76263-ast |
| | ) | Case No. 19-76267-ast |
| Absolut Facilities Management, LLC, *et al.* | ) | Case No. 19-76268-ast |
| | ) | Case No. 19-76269-ast |
| Debtors.[1] | ) | Case No. 19-76270-ast |
| | ) | Case No. 19-76271-ast |
| | ) | Case No. 19-76272-ast |
| | ) | |
| | ) | (Jointly Administered) |
| | ) | |

**DECLARATION OF SCHUYLER G. CARROLL IN SUPPORT OF
DEBTORS' APPLICATION FOR ENTRY OF ORDER AUTHORIZING THE
EMPLOYMENT AND RETENTION OF LOEB & LOEB LLP
AS COUNSEL TO THE DEBTORS *NUNC PRO TUNC* TO PETITION DATE**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' federal tax identification number, are: Absolut Facilities Management, LLC (1412); Absolut Center for Nursing and Rehabilitation at Allegany, LLC (7875); Absolut Center for Nursing and Rehabilitation at Aurora Park, LLC (8266); Absolut Center for Nursing and Rehabilitation at Gasport, LLC (8080); Absolut at Orchard Brooke, LLC (1641); Absolut Center for Nursing and Rehabilitation at Orchard Park, LLC (8300); Absolut Center for Nursing and Rehabilitation at Three Rivers, LLC (8133); and Absolut Center for Nursing and Rehabilitation at Westfield, LLC (7924).

I, Schuyler G. Carroll, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury as follows:

1.        I am a partner of the firm of Loeb & Loeb LLP ("**Loeb**"), which maintains offices for the practice of law at 345 Park Avenue, New York, New York 10154-1895.  I am an attorney-at-law, duly admitted in the State of New York.  I submit this Declaration in connection with the application of the Debtors and debtors-in-possession in the above-captioned cases (the "**Debtors**"),[2] to retain Loeb as bankruptcy counsel *nunc pro tunc* to the Petition Date.  Further, I hereby provide the disclosures required under sections 327(a) and 330 of the Bankruptcy Code, Bankruptcy Rule 2014(a), and Local Rules 2014-1 and 2016-1.  Except as otherwise noted, I have personal knowledge of the matters set forth herein.

## LOEB'S QUALIFICATIONS

2.        The Debtors seek to retain Loeb because of Loeb's recognized expertise and extensive experience and knowledge in the fields of corporate restructuring, creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code, as well as Loeb's expertise in the restructuring of companies in the healthcare management industry.

3.        Loeb began representing the Debtors well before the Petition Date with respect to a potential chapter 11 restructuring.  In preparing for its representation of the Debtors in these Chapter 11 Cases, Loeb became familiar with the Debtors' business and many of the potential legal issues that may arise in the context of these Chapter 11 Cases.  As a result, Loeb is both well qualified and uniquely able to represent the Debtors in these Chapter 11 Cases in an efficient and timely manner.

---

[2] Capitalized terms used but not defined shall have the meaning ascribed to them in the application filed herewith.

4.      Loeb is well qualified to serve as bankruptcy counsel to the Debtors because of its knowledge and familiarity with the Debtors' business and its attorneys' experience in the fields of debtors' and creditors' rights, bankruptcy, debt restructuring, corporate reorganization, commercial law, taxation, litigation and health care restructurings.  Loeb has an extensive bankruptcy practice, having represented debtors, creditors' committees, individual creditors and other parties-in-interest in numerous large proceedings under chapter 11 of the Bankruptcy Code in New York, Delaware, Georgia, New Mexico, Texas, and other jurisdictions throughout the country, including such cases as Lehman Brothers, Residential Capital, Cengage, Orion Health Care, Trident Healthcare Property, Remnant Oil Company, C & J Energy Services, North Philadelphia Health System, Toys"R"Us, Metro Fuel Services, Relativity, Downey Regional Medical Center, and others.

## SERVICES TO BE RENDERED

5.      The professional services the Debtors anticipate Loeb will render, include, without limitation, the following:

a. advising the Debtors with respect to their powers and duties as debtors-in-possession in the continued management and operation of the Debtors' businesses and properties;

b. advising and consulting on the conduct of these Chapter 11 Cases, including all of the legal and administrative requirements of operating in chapter 11;

c. attending meetings and negotiating with representatives of creditors and other parties-in-interest;

d. taking all necessary actions to protect and preserve the Debtors' estates including prosecuting actions on the Debtors' behalf, defending any action commenced against the Debtors and representing the Debtors in negotiations concerning litigation in which the Debtors are involved, including objections to claims filed against the Debtors' estates;

e. preparing pleadings in connection with these Chapter 11 Cases, including motions, applications, answers, orders, reports, and all other papers necessary or appropriate to the administration of the Debtors' estates;

f.  advising the Debtors in connection with any potential sale of assets or investment by a third party;

g.  appearing before the Court and any appellate courts to represent the interests of the Debtors' estates;

h.  advising the Debtors regarding tax matters;

i.  assisting the Debtors in reviewing, estimating, and resolving claims asserted against the Debtors' estates;

j.  assisting the Debtors with compliance with applicable laws and governmental regulations;

k.  taking any necessary action on behalf of the Debtors to negotiate, prepare, and obtain approval of a disclosure statement and confirmation of a chapter 11 plan and all documents related thereto; and

l.  performing all other necessary legal services for the Debtors in connection with the prosecution and administration of these Chapter 11 Cases, including: (i) analyzing the Debtors' leases and contracts and the assumption and assignment or rejection thereof; (ii) analyzing the validity of liens against the Debtors (if any); (iii) advising the Debtors on corporate and litigation matters and (iv) providing non-bankruptcy services for the Debtors to the extent requested by the Debtors.

## LOEB'S CONNECTIONS WITH THE DEBTORS

6.    Loeb has established procedures (the "**Conflict Procedures**") to determine whether it has any relationships to parties that may cause it not to be disinterested or to hold or represent an interest adverse to the Debtors.  Specifically, to implement such Conflict Procedures, Loeb took the following actions to identify (i) parties that may have connections to the Debtors and (ii) Loeb's relationship with such parties:

a.  Loeb requested and obtained from the Debtors extensive (but not necessarily comprehensive) lists of interested parties and creditors (the "**Potentially Interested Parties**").[3]  The Potentially Interested Parties include, among others, the Debtors; affiliates of the Debtors; the parties appearing on the Debtor's creditor matrix; Eastern District of New York Bankruptcy Judges; and

---

[3] Loeb will update the list of Potentially Interested Parties during this case, as appropriate.  Moreover, Loeb is continuing to review its relationships with Potentially Interested Parties and will supplement this Declaration to the extent a relationship should be disclosed.

4

employees of the Office of the United States Trustee for the Eastern District of New New York. A copy of the list of the Potentially Interested Parties searched by Loeb is annexed hereto as **Exhibit I**.

    b. Loeb then compared each of the known Potentially Interested Parties to the names in an electronic database of current and former clients that Loeb maintains (the "**Client Database**"). The Client Database generally includes the name of each client of the firm, the name of each party who is or was known to be adverse to such client of the firm, certain parties that are related to the client, and the names of the Loeb partners who are or were primarily responsible for Loeb's representation of such clients.

    c. Known connections between former or current clients of Loeb and the Potentially Interested Parties were compiled for purposes of preparing this Declaration.

7.      As a result of the Conflict Procedures, I have thus far ascertained that, except as may be set forth herein, upon information and belief, if retained, Loeb:

    a. is not a creditor of the Debtors (including by reason of unpaid fees for prepetition services), an equity security holder of the Debtors, or an "insider" of the Debtors, as that term is defined in section 101(31) of the Bankruptcy Code;

    b. is not and has not been, within two (2) years before the date of the filing of the petition, a director, officer, or employee of the Debtors; and

    c. does not have or represent an interest materially adverse to the interests of the Debtors' estates, or of any class of creditors, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason.

8.      Loeb is thus a "disinterested person" as that term is defined in section 101(14), as modified by section 1107(b), of the Bankruptcy Code. Loeb is qualified for retention as the Debtors' bankruptcy counsel.

## REPRESENTATION OF PARTIES-IN-INTEREST

9.      Loeb and certain of its attorneys may have in the past represented, may currently represent, and may in the future represent Potentially Interested Parties in connection with matters unrelated (except as otherwise disclosed herein) to the Debtors and these Chapter 11 Cases. More

specifically, as a result of the Conflict Procedures, I have thus far ascertained that upon information

and belief, Loeb has some connection with certain of the Potentially Interested Parties which are

identified below, none of which Loeb believes to be material with respect to these cases. However:

a.  Because of its broad-based general practice, Loeb: (i) has appeared in the past and may appear in the future in cases unrelated to these cases where one or more of the Potentially Interested Parties may be involved; and (ii) has represented in the past, currently represents, and/or may represent in the future one or more of said parties or other Potentially Interested Parties, including creditors, in matters unrelated to the Debtors and these cases;

b.  In addition, Loeb represents and has represented clients with interests adverse or potentially adverse to creditors or potential creditors of the Debtors;

c.  Loeb represents one or more clients which may also be represented by the law firms listed as creditors of the Debtors on matters unrelated to these cases;

d.  As shown on **Exhibit I-a**, Loeb currently represents certain potential creditors in matters wholly unrelated to the Debtors and these cases;

e.  Loeb also discloses that although potential creditor Lexington Insurance Company is not a client, Loeb represents its parent company, AIG in matters unrelated to the Chapter 11 Cases or the Debtors;

f.  Loeb further discloses that it represents the entities listed on Exhibit I-b, which are believed to be affiliated with the respective potential creditors of the Debtors also listed on **Exhibit I-b**;

g.  Certain of my partners at Loeb and certain associates and other attorneys of Loeb, and certain of such persons' relatives, may have familial or personal relationships, as well as business, contractual, or economic relationships, with affiliates, officers, directors, creditors, or competitors of the Debtors and/or other Potentially Interested Parties; and

h.  Although not currently clients, Loeb has in the past represented the potential creditors listed on **Exhibit I-c**.

10.  I believe that none of the representations or relationships recited above would give

rise to a finding that Loeb is not disinterested or that it represents or holds an interest adverse to

the Debtors.  Further, Loeb does not believe any of the representations or relationships recited

herein will prevent Loeb from representing the Debtors in any potential matters that will arise in

the Debtors' cases.  Moreover, pursuant to section 327(c) of the Bankruptcy Code, Loeb is not

disqualified from acting as the Debtors' bankruptcy counsel merely because it represents certain interested parties in matters unrelated to these Chapter 11 Cases.

11.     For the avoidance of doubt, Loeb will not commence a cause of action against any of the parties set forth above identified as being a current client of Loeb unless Loeb has an applicable waiver on file or first receives a waiver from such party allowing Loeb to commence such action.  To the extent that a waiver does not exist or is not obtained from such client and it is necessary for the Debtors to commence an action against that client, the Debtors will retain a different law firm for the limited purpose of commencing that action.

12.     Loeb has reviewed the relationship that its partners and employees have with the United States Trustee for region 2 (the "**U.S. Trustee**") and those persons employed in the office of the U.S. Trustee, and I do not believe that Loeb has any material connections with the U.S. Trustee or any person employed in the office of the U.S. Trustee.  No attorney or employee of Loeb is a relative of any United States Bankruptcy Judge for the Eastern District of New York. Accordingly, the proposed employment of Loeb is not prohibited by, or improper under, Bankruptcy Rule 5002.

## LOEB'S COMPENSATION

13.     Loeb is seeking to be retained by the Debtors as bankruptcy counsel and intends to apply to the Court for allowances of compensation and reimbursement of out-of-pocket expenses incurred after the Petition Date in connection with these Chapter 11 Cases, subject to Court approval and in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the guidelines of the U.S. Trustee, and any further orders of this Court.  In connection with its retention, Loeb will bill at hourly rates which, for the professionals expected to work on this case currently are: $675-$1,200 for partners in this matter, $485-$770 for associates, and $260-$440 for paralegals.  The hourly rates and corresponding rate structure to be

utilized by Loeb in these Chapter 11 Cases are equivalent to, or less than, Loeb's standard hourly rates and corresponding rate structure for other restructuring matters, as well as similar corporate, litigation and other matters, whether in court or otherwise, regardless of whether a fee application is required. Loeb will maintain detailed, contemporaneous records of time and any actual and necessary expenses incurred in connection with rendering the legal services described above.

14.    The foregoing hourly rates are subject to periodic increase (typically on or about February 1st of each year) in the normal course of Loeb's business. As noted above, the hourly rates that will be charged in these cases are Loeb's standard hourly rates or less. These rates are set at a level designed to fairly compensate Loeb for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. It is Loeb's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case or cases. The expenses charged to clients include, among other things, telecopier charges, mail and express mail charges, special or hand delivery charges, document processing and photocopying charges, travel expenses, expenses for "working meals," and computerized research and transcription costs. Loeb makes no profit from these expenses. Loeb believes that it is appropriate to charge these expenses to the clients incurring them rather than increase its hourly rates and thereby spread such expenses among all clients.

15.    This declaration is intended to comply with Bankruptcy Rule 2016(b). Loeb intends to apply to this Court for compensation for professional services rendered in connection with these cases in accordance with the procedures established by the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the administrative and other orders entered by this Court.

16.    In connection with its representation of the Debtors prior to the commencement of the Chapter 11 Cases, Loeb was paid retainers totaling $482,215.95 by or on behalf of the Debtors

for services to be rendered on the Debtors' behalf.  Those retainers were applied to fees incurred prior to the Petition Date.  At no point during the 90-day period prior to the Petition Date did Loeb receive any payment on account of an antecedent debt.  As of the commencement of the Chapter 11 Cases, the balance of the retainer payments which had not been applied to fees or expenses incurred prior to that time was $28,175.68.

17.    Loeb has not received any payment from the Debtors since the commencement of the Chapter 11 Cases, nor has Loeb received any payment from a third party.

19.    As of the Petition Date, there were no fees or expenses due to Loeb from the Debtors.  Nevertheless, if any amounts, after application of all invoices and retainers remain owed to Loeb as of the Petition Date, Loeb will waive any claim relating thereto upon entry of a final order approving Loeb's engagement.

20.    No promises have been received by Loeb or by any partner, associate, or other attorney thereof as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code.

21.    Loeb has not shared, nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the partners and associates and other attorneys of Loeb, or (b) any compensation another person or party has received or may receive.

22.    Except as disclosed herein, neither I, Loeb, nor any partner, associate, or other attorney or paraprofessional thereof, insofar as I have been able to ascertain and subject to disclosures herein, represents any interest adverse to the Debtors or its estate in the matter regarding which Loeb is to be engaged.  I therefore believe Loeb is a "disinterested person" as that term is defined in section 101(14), as modified by section 1107(b), of the Bankruptcy Code.

Moreover, I believe none of the representations or relationships recited herein would give rise to a finding that Loeb represents or holds an interest adverse to the Debtor.

23.     By reason of the foregoing, I believe Loeb is eligible for employment and retention by the Debtors pursuant to sections 327(a), 330, and 1107(b) of the Bankruptcy Code and the applicable Bankruptcy Rules and Local Rules.

Dated:   New York, New York
         October 23, 2019

By: _/s/ Schuyler G. Carroll_____
     Schuler G. Carroll

**<u>Exhibit C</u>**

**Engagement Letter**



SCHUYLER G. CARROLL
Partner

345 Park Avenue          **Direct**    212.407.4820
New York, NY 10154       **Main**     212.407.4000
                         **Fax**      212.202.5431
                         scarroll@loeb.com

Privileged & Confidential
Via E-mail (is@sunharbormanor.com)

July 1, 2019

Absolut Care Facilities Management, LLC
Attn: Israel Sherman
255 Warner Ave.
Roslyn Heights, N.Y. 11577

Re:   Engagement Letter

Dear Mr. Sherman:

We are pleased that you have chosen our firm to represent Absolut Care Facilities Management
LLC, Absolut Center for Nursing and Rehabilitation at Aurora Park, LLC; Absolut at Orchard
Brooke, LLC; Absolut Center for Nursing and Rehabilitation at Orchard Park, LLC; Absolut
Center for Nursing and Rehabilitation at Allegany, LLC; Absolut Center for Nursing and
Rehabilitation at Three Rivers, LLC; Absolut Center for Nursing and Rehabilitation at Gasport,
LLC; and Absolut Nursing and Rehabilitation Center of Westfield, LLC (collectively, the "Absolut
Entities"). We have set forth in this engagement agreement ("Agreement") the terms of our
forthcoming representation, which remains subject to our standard internal management
approval process. We will, of course let you know promptly, in writing, if for any reason, we do
not receive such approval. If you have any questions concerning any of the information
provided in this engagement agreement, I will welcome your call.

1.     Scope of Services.

Our initial responsibilities on your behalf will be representing Absolut Entities in preparing to
commence Chapter 11 Bankruptcy Cases and to represent each of the Absolut Entities as
debtors in the Chapter 11 Bankruptcy Cases. **Other than the Absolut Entities, we will not be
representing any parent, subsidiary, related, affiliated or associated person or entity of
you, or any of your or their respective officers, directors, investors, agents, partners or
employees.** Thereafter, we will perform such further legal services for you as you and we may
agree upon from time to time. All further legal services will be governed by the terms of this
engagement agreement.

2.     Fees.

Our fees shall be based on the number of hours spent on your matter, at the hourly billing rates
of the attorneys and paraprofessionals who work on your matter. My current billing rate is
$1,090 per hour and I will be principally responsible for overseeing this matter. It is presently
contemplated that others may work on the matter. The firm's billing rates are adjusted
periodically, usually at the beginning of the calendar year, and any such adjustment is

Los Angeles    New York    Chicago    Nashville    Washington, DC    San Francisco    Beijing    Hong Kong    www.loeb.com

For the United States offices, a limited liability partnership including professional corporations. For Hong Kong office, a limited liability partnership.

17892106.1
PG-090-1



Privileged & Confidential

applicable to the legal services performed after the new rates become effective. You will be able to ascertain any such adjustments from our invoices, which reflect the hourly billing rate of each timekeeper during the period covered by the invoice.

I may assign parts of your work to other lawyers or other personnel in the office and may use other firm lawyers where specialized help is needed. I will continue to be responsible to you for the entire engagement, however, and will be available to discuss with you the use of other personnel. It is our practice to assign tasks among lawyers, legal assistants and other members of our staff in such a way as to produce quality work at a reasonable cost to you, given the nature of the specific project.

In the event that a dispute arises between us relating to our fees, you may, in certain circumstances, have the right to arbitration of the dispute pursuant to Part 137 of the Rules of the Chief Administrator of the Courts of New York State, a copy of which will be provided upon request.

It is the policy of our firm that, to the extent consistent with our professional responsibilities, we will perform no further legal services for you if you become more than sixty days delinquent in the payment of our bills, unless that delinquency is cured.

3.    <u>Expenses Incurred and Other Charges</u>.

In addition to our fees, we will expect you to reimburse us for all expenses incurred on your behalf, including travel costs, air freight, commercial messengers, computer research terminal time and printing costs, secretarial and word processing overtime when dictated by your needs and the like; we will expect you to pay us for all photocopying (currently 15¢ per page) and telecopying (currently 50¢ per page) done by us with respect to your matter(s); and if we are asked to incur any such expense on your behalf in excess of $2,000, we will ordinarily ask you to prepay those expenses. In addition, we will ordinarily expect you to pay directly the fees and expenses of any third parties, such as consultants, appraisers, expert witnesses and court reporters, engaged with respect to your matter(s), where the amount of any such fee or expense exceeds $2,000. In the event that, before or after our representation concludes, we are served with a subpoena, deposition notice or request for production of documents or testimony by any person or entity, you agree to pay for all of our reasonable fees and costs incurred in collecting and reviewing such production and responding to such request.

4.    <u>Billing Practices</u>.

The Absolut Entities provided a retainer in the total amount of $210,000 to Perkins Coie LLP, not all of which has been used. You have agreed to request Perkins Coie LLP transfer the balance to Loeb & Loeb LLP. Attached is a draft letter you may use to make that request to Perkins Coie LLP. Please complete and sign that letter and send it to Perkins Coie LLP with a cc to me. In addition, we may require an additional retainer prior to the commencement of the chapter 11 Bankruptcy Cases.

We will send an invoice, typically monthly, although prior to the Chapter 11 filing, this invoices may be sent more frequently, detailing all of the fees, costs and expenses incurred during the previous month. Payment of the invoice is due upon receipt. In the event payment is not timely



Privileged & Confidential

received, we reserve the right to charge interest from inception at the rate of 1% per month. These invoices will give you sufficient detail to enable you to determine who performed the services on your behalf, the amount of time expended in performing those services and the nature of the expenses incurred.  It is our normal practice to combine all tasks for any given date into one billing entry.

5.      Termination of Representation.

The attorney-client relationship is one of mutual trust and confidence, and you are, of course, free to terminate our relationship at any time. We will also be free to terminate the relationship at any time, and should that unlikely event occur, we will do so in a manner which complies with applicable law, court rules and the Rules of Professional Conduct of the State Bar of New York. These rules permit us to withdraw if, among other reasons, your conduct renders it unreasonably difficult for us to carry out the representation effectively, you fail to pay the fees or costs of third parties engaged with respect to a matter or you fail to pay our fees and costs in accordance with this Agreement.  Unless our engagement has been previously terminated, you and we agree that our representation of you shall be deemed completed and terminated upon the completion of our engagement (and any additional matters for which we were retained), and the billing therefor.  If following such termination you thereafter engage us for additional legal services, then in accordance with paragraph 1 above, all such services will be governed by the terms of this letter.

6.      No Calendaring, Tracking or Collections.

You acknowledge that agreements entered into by you may require the giving of notice, the exercising of rights (e.g., options), the making of payments by a specified time, or the making of other decisions within certain time periods (e.g., exercising any audit rights, granting an approval or consent, filing UCC Continuation Statements, filing legal actions or replying to legal claims), and that you understand and agree that we will not be responsible for determining or monitoring these time periods, or any dates or calendar items, or tracking compliance on your behalf.  Further, you understand and agree that we are not responsible for collecting monies due to you under any agreements entered into by you.  We may assist you in billing for monies owed or in following up on billing requests or other deadlines, but such assistance would be offered only as a courtesy and imposes no obligation on us.  We will track deadlines in any litigation in which we are your counsel of record.

7.      File Retention Policy.

You understand and agree that any materials left with us after the engagement ends may be retained or destroyed, at our discretion. Notwithstanding the foregoing, and while preserving any rights that we may have regarding retention of such materials, we will return and/or preserve any original wills, deeds, contracts, promissory notes or other similar documents unless you instruct us otherwise in writing. We reserve the right to make, at our expense, and retain copies of all documents generated or received by us in the course of our representation, and to charge you for the cost of storage of your files.



Privileged & Confidential

In the event that during or following the conclusion of our representation, you request that we provide you with a copy of the materials in your file (either hard copy or electronic) you agree to pay us for all reasonable search costs and copying costs incurred in responding to your request.

8.    Document Preservation.

You understand and agree that, to the extent the matter(s) on which we are representing you involve the reasonable likelihood of litigation, you may be legally required to preserve all relevant documents, in electronic or hard copy form, and to suspend any routine document retention/destruction policies that may be in place.

9.    Use of Name in Marketing Materials.

You understand and agree that we may make public reference to any matters in which our representation is a matter of public record, or to which you agree, consistent with our ethical responsibilities. Such references may include, without limitation, on our firm website, attorneys' biographical experiences, brochures, matter lists and other promotional materials.

10.    Arbitration and Costs.

We look forward to a long and mutually productive relationship with you. However, if you become dissatisfied for any reason, we encourage you to bring that to our attention immediately. It is our belief that most such problems can be resolved by good faith discussions between the parties. Nevertheless, it is always possible that some dispute may arise which cannot be resolved by discussions between us. We believe that such disputes can be resolved more expeditiously and with less expense to all concerned by binding arbitration than by court proceedings.

Arbitration is a process by which both parties to a dispute agree to submit the matter to an arbitrator and to abide by the arbitrator's decision. In arbitration, there is no right to a trial by jury, and the arbitrator's legal and factual determinations are generally not subject to appellate review. Rules of evidence and procedure are often less formal and rigid than in a court trial. Arbitration usually results in a decision more quickly than proceedings in court, and the attorneys' fees and other costs incurred by both sides are usually less. Of course, you are encouraged to discuss the advisability of arbitration with other counsel or any of your other advisors and to ask any questions which you may have.

By executing this letter you agree that if any dispute between you and the firm (and/or any of its partners or employees) arises out of this Agreement, our relationship with you or our performance of any current or future legal services, whether those services are the subject of this particular engagement letter or otherwise, that dispute will be resolved solely by binding arbitration in New York, New York, before one arbitrator who shall be a retired New York state or New York federal judge or magistrate (to be designated through JAMS) and pursuant to the Comprehensive Arbitration Rules and Procedures (as then in effect) of JAMS. The disputes subject to binding arbitration will include, without limitation, disputes regarding or alleging negligence, malpractice, breach of fiduciary duty, fraud, any claim based upon a statute, as well as any dispute as to the fees, or the arbitrability of any such claims. The arbitrator's award will be final and binding, and judgment thereon may be entered in any court of competent



Privileged & Confidential

jurisdiction. Arbitration will be the sole means of resolving any such disputes, and both parties waive their rights to resolve disputes by jury trial or other court proceedings.

The parties acknowledge that this engagement agreement is a contract involving interstate commerce and that, notwithstanding the governing choice of law provision in this Agreement, this arbitration provision will be interpreted under the Federal Arbitration Act.

11.    <u>Governing Law</u>.

This Agreement and its enforcement shall be governed by the laws of the State of New York without reference to conflict of law rules.

12.    <u>Conflict of Interest</u>.

We represent many other clients. You agree that we may represent, now and in the future, other persons and entities. In particular, you agree that while we are representing you in active, pending matters, we may represent other clients in any matters adverse to you (or which may be adverse to any of your subsidiaries or affiliates), provided that the matters (a) are not substantially related to active matters we are working on for you, (b) do not involve situations where we have obtained confidential information from you that is material to the new matter(s), or (c) are not litigations or arbitrations in which we are adverse to you. Additionally, if our representation of you is terminated, we may thereafter represent other clients with interests adverse to yours, or your affiliates or subsidiaries (even in litigation), provided that the representation does not involve confidential information we have obtained from you that is material to those matters. By executing this engagement agreement you are agreeing to waive any conflict of interest that arises in any of the aforementioned situations. If for any reason your consent and waiver of potential conflicts is not effective in the circumstances, you consent to our resignation from our representation of you if such resignation is permissible under applicable professional rules.

In addition, please be aware that Loeb & Loeb LLP has internal ethics and professional responsibility counsel, who advise Loeb & Loeb attorneys generally regarding their ethical, professional and legal duties. From time to time, the Loeb & Loeb attorneys working on your matter may consult these lawyers. You acknowledge that any such consultation is protected by Loeb & Loeb's own attorney-client privilege, and you waive any right to discovery of those communications. Should circumstances arise in which Loeb & Loeb LLP faces a conflict of interest with respect to or by virtue of these communications, you agree to waive that conflict. You also agree that such communications are property of the firm and are not part of your files for purposes the aforementioned File Retention Policy.

13.    <u>Complete Agreement</u>.

This engagement agreement represents the entire agreement between you and our firm regarding our representation and supersedes any prior agreements or understandings.

If you ever have any concerns about our work, please feel free to contact Kenneth Florin, our Chairman.



If you agree with the foregoing, please sign the enclosed copy of this engagement agreement, and return it to me together with your retainer check.

I am looking forward to working with you.  Thank you again for choosing Loeb & Loeb LLP.

Very truly yours,

Schuyler G. Carroll
Partner

The undersigned has read and understood this engagement agreement and acknowledges that this engagement agreement is subject to binding arbitration as provided above. The undersigned represents that he or she has been expressly authorized to enter into this



Privileged & Confidential

Agreement on behalf of ABSOLUTE CARE FACILITIES MANAGEMENT, LLC. The foregoing accurately sets forth all the terms of your engagement and is approved and accepted as of _____, 2019.

**ABSOLUTE CARE FACILITIES MANAGEMENT, LLC**

By:_____

Its:___*CEO*_____

**ABSOLUTE CENTER FOR NURSING AND REHABILITATION AT AURORA PARK, LLC**

By:_____

Its:___*CEO*_____

**ABSOLUT AT ORCHARD BROOKE, LLC**

By:_____

Its:___*CEO*_____

**ABSOLUT CENTER FOR NURSING AND REHABILITATION AT ORCHARD PARK, LLC**

By:_____

Its:___*CEO*_____

**ABSOLUT CENTER FOR NURSING AND REHABILITATION AT ALLEGANY, LLC**

By:_____

Its:___*CEO*_____



## ABSOLUT CENTER FOR NURSING AND REHABILITATION AT THREE RIVERS, LLC

By: _____

Its: _____CEO_____

## ABSOLUT CENTER FOR NURSING AND REHABILITATION AT GASPORT, LLC

By: _____

Its: _____CEO_____

## ABSOLUT NURSING AND REHABILITATION CENTER OF WESTFIELD, LLC

By: _____

Its: _____CEO_____

**<u>Exhibit I</u>**

**(Parties in Interest List)**

<u>Debtors</u>

Absolut Facilities Management, LLC
Absolut Center for Nursing and Rehabilitation at Allegany, LLC
Absolut Center for Nursing and Rehabilitation at Aurora Park, LLC
Absolut Center for Nursing and Rehabilitation at Gasport, LLC
Absolut at Orchard Brooke, LLC
Absolut Center for Nursing and Rehabilitation at Orchard Park, LLC
Absolut Center for Nursing and Rehabilitation at Three Rivers, LLC
Absolut Center for Nursing and Rehabilitation at Westfield, LLC

<u>Non-Debtor Affiliates</u>

Absolut Center for Nursing and Rehabilitation at Dunkirk, LLC
Absolut Center for Nursing and Rehabilitation at Eden, LLC
Absolut Center for Nursing and Rehabilitation at Endicott, LLC
Absolut Center for Nursing and Rehabilitation at Houghton, LLC
Absolut Center for Nursing and Rehabilitation at Salamanca, LLC
Billit Accounting & Information Technology LLC

<u>Directors and Officers</u>

Israel Sherman
William K. Lenhart
Michael Wyse
Phillip Hoffman
Lorry Dotter

<u>Contract Counterparties</u>

Eaton Office Supply
Accelerated Care Plus Leasing Inc
American Health Tech Inc
Billit Accounting & Information Technology LLC
The Park Associates Inc
Amherst Psychiatry PC
All State Fire Equipment of WNY LLC
Krystal Klear Water Centers of Buffalo
Cross Country Healthcare
Trustaff Travel Nurses LLC
Thomas & Thomas
Bison Fleet Specialists
Casella
Compliance Consulting Group LLC
Dentserv Dental Services, P.C.
Greenberg G. & Richards, Inc.

GSG Financial LLC
Integra Scripts LLC
Jamestown Psychiatric, PC
Kaleida Health
Quest Diagnostics of Pennsylvania Inc
River Park Health Care Center Inc
Olean General Hospital
Associated Clinical Laboratories
Optima Healthcare Solutions LLC
Health System Services, Ltd
Medline Industries Inc
Modern Corporation
Otis Elevator Company
Penn Power Systems,  a Division of Penn Detroit Diesel Allison, LLC
Wescom Solutions Inc d/b/a PointClickCare
Preventive Diagnostics Inc
MorphoTrust USA, LLC
Orkin Commercial Services
Ehrlich Pest Control
Specialty Rx Inc
Time Warner Cable Business Class
River Park
Time Warner Cable Enterprises LLC
Arbor Park 2806, LLC
Sullivan Park 301, LLC
Village Park 4540, LLC
Orchard Park 6060, LLC
Three Rivers 101, LLC
ZOLL Services LLC
Verizon Business Services
Solex
Beils Information Technology Systems Corporation
Crown Castle Fiber LLC
Ricoh
Hewlett Packard Financial Services
PointClickCare Technologies Inc.
Lightower Fiber Networks I LLC
Hewlett Packard Financial Services
Windstream Enterprise
Optima Healthcare Solutions LLC
DFT Communications

## Insurers; Insurance Finance Providers

ACE Westchester Specialty Group
AIG Domestic Claims, Inc.

Alliance National Insurance Co.
Allied World Assurance Co.
American Safety Indemnity Co.
Arch Insurance Co.
ASI/Riverstone Claims Management LLC
AXIS Surplus
AXIS US Insurance
CRC Insurance Services, Inc.
Fitzpatric & Hunt Pagano, Aubert LLP
Gallgher Bassett Insurance Services
Guide One Mutual Insurance
Kenney Shelton liptak Nowak LLP
Lester Schwab Katz & Dwyer LLP

Executive Risk Indemnity Inc.
Chubb
Lloyds of London
Miller Insurance Services, LLP
Oriska Insurance Co.
Oxford Coverages, Inc.
Premier Claims Management
Risk Placement Services
Riverstone/American Safety Insurance Co.
SCI Underwriting Management, LLC
TIS Insurance Services, Inc.
United Specialty Ins. Co.
Western Litigation TPA Guideone Insurance
Zurich North America
Bank Direct Capital Finance
National Fire & Marin Insurance Co.
UMR
Great American Insurance Company
First Insurance Funding
American Guarantee & Liability Insurance
U.S. Risk Underwriters
The Ohio Casualty Insurance Company
WESCO Insurance Company
Excess Line Association of New York

<u>Landlords</u>

The Arba Group
Ira Smedra
292 Main Street, LLC
6060 Armor Road, LLC
2178 N. Fifth Street, LLC

101 Creekside Drive, LLC
4540 Lincoln Drive, LLC
26 Cass Street, LLC

Lenders

Capital Finance, LLC
Capital Funding, LLC

Asserted Lienholders

4540 Lincoln Drive, LLC
Marquette Equipment Finance, Llc
Secretary Of Housing and Urban Development
Signature Financial LLC
Karen S. Modlich as Executrix of Estate of Ann M. Keller
Axis Capital, Inc.
TCF Equipment Finance, Inc.
Ruthann Bently Foster, as Executrix of the Estate of Carrol E. Foster A.K.A Carol E. Foster
A Plus Quality Medical Staffing Agency, LLC
Beverly Harris
292 Main Street, LLC
HVB Equipment Capital LLC
The Arba Group, Inc
Rebecca Danser
Elizabeth M. Ambrose, Individually and as Administratrix for the Estate of Mary Jane Baco
Equal Employment Opportunity Commission
Donnie Carson, as Administrator of the Estate of Theresa Carson
NBLN Limited Partnership, a Georgia Limited Partnership
6060 Armor Road, LLC
Hewlett-Packard Financial Services Company
Willink Properties, LLC
Rose Mary Sanmarco-Yuschak, Individually and as Executrix of the Estate of Stephene Ann
Sanmarco
Deborah Phillips
William C. Erhardt, as Administrator of the Estate of Martha R. Erhardt
Deborah Phillips
Kathryn J. Wilfert, as Executrix of the Estate of Rosemary S. Bova aka Rosemary Bova
Todd Johnson, as Administrator of the Estate of John H.W. Johnson, Sr
Sterling National Bank
Capital Finance, LLC
Douglas Taylor and Randy Talor on Behalf of the Estate of Joyce A. Brown
Capital Funding Group, Inc.
Bethann Schrader-Giancarlo, as Administratix of the Estate of Donald A. Cunningham A/K/A
Donald Alan Cunningham
Favorite Healthcare Staffing, Inc.

101 Creekside Drive, LLC
Norma Jones, Individually and as Executory/Fiduciary of the Estate of Vernan J. Spears
Julie Hall
Rose Mary Sanmarco-Yuschak, Individually and as Executrix of the Estate of Stephene Ann
Sanmarco
Donnie Carson, as Administrator of the Estate of Theresa Carson
Beverly Harris
Terry Douglas as Proposed Administratrix of the Estate of Judy Archer
CFG Madison NY, LLC
Mary Jo Cancilla, as Temporary Administrator of the Estate of Joan L. Linhart, Deceased
Christina Maldonado, as Administrator of the Estate of Camilla J. Finch
Favorite Healthcare Staffing, Inc.
Gail M. Dressel, Individually, As Administrator Of The Estate Of David L. Kolpack
Alice M. Dunlap, Individually And As Administratrix Of The Estate Of Eileen M. Dunlap
Tammy Finnegan, As Proposed Administratrix Of The Estate Of Camille Franks
Lexington Insurance Company
Dolly Brant, By Alan P. Brant, As Her Attorney-In-Fact
Janette Busch, as Administratrix of the Estate of Lois M. Dolbow
Specialty Rx Inc.
Rebecca Danser
Lorraine S Krajewski Individually and as Administrartrix of the Estate of Jamie L. Krajewski
Kathryn J. Wilfert, As Executrix of the Estate of Rosemary S. Bova Aka Rosemary Bova
Grace Humphrey, as Administratix of the Estate of Thomas Humphrey
Terry Douglas As Proposed Administratrix Of The Estate Of Judy Archer
Deborah Fetterly
Michael Isome, as Administrator of the Estate of Vivian L. Skinner-Isome
Navitas Lease Corp. Isaoa
First State Bank Of Newcastle
Corporation Service Company, as Representative
U.S. Bank Equipment Finance, a Division of U.S. Bank
Mark Lasurk As Administrator of the Estate of Rhonda Lasurk
101 Creekside Drive, LLC
Maplevale Farms Inc.
Cubex Financial Services
6060 Armor Road, LLC
Capital Funding Group, Inc. and its Successors and Assigns

## Parties to Litigation

NYS Division Of Human Rights
Sonja Houze
Housh Law Offices, PLLC
Nicholas, Perot, Smith, Bernhardt & Zosh
Matthew Karoglan
William Mattar Law Offices
Julie Hall

Tang Law Firm, PC
Capitol Avenue Claims Management LLC
Danielle Conta
Dienson Volmy
Patients 1-51

## Union Parties

1199 SEIU
1199 SEIU Greater NY Education Fund

## Professionals

Loeb & Loeb LLP
Wyse Advisors LLC
Robert J. Fedor, Esq., LLC
Bonadio Group
WKL Advisors, LLC
ProNexus, LLC
Arent Fox LLP
Blank Rome LLP
Whiteford Taylor Preston, LLP

## Shareholders

Israel Sherman
Samuel Sherman

## Top 30 Creditors

The Arba Group
New York State Department of Health
Internal Revenue Service
American Plan Administrators
Grandview Brokerage
Grandison Management
Clinical Staffing Resources
Trustaff Travel Nurses, LLC
Schwartz Sladkus Reich Greenberg Atlas
Kaufman Borgeest & Ryan LLP
GuideOne Insurance
Preventive Diagnostics
Medical Staffing Network
Favorite Healthcare Staffing, Inc.
American Express
TwinMed

New York State Department of Taxation and Finance
Paterson Healthcare Interior Design
SolaMed 02, LLC
Interstate Capital Corporation
Fidelis
Accountable Healthcare Staffing, Inc.
Sysco Frozen Foods
Lexington Insurance Company
Harter, Secrest & Emery LLP
Allstate Medical
Abe Schonfeld
Crown Energy Services, Inc.
Feldman, Kieffer & Herman, LLP
Maxim Healthcare

## U.S. Trustee and Court Personnel

William K. Harrington
Christine H. Black
Stan Y. Yang
Linda Kmiotek
Joann Lomangino
Hon. Carla E. Craig
Hon. Robert E. Grossman
Hon. Nancy H. Hershey Lord
Hon. Louis A. Scarcella
Hon. Elizabeth S. Stong
Hon. Alan S. Trust
Deanna Wolf
Amanda Schaefer
Yvette Mills

## Utilities

National Grid
Windstream
NYSEG
Town of Allegany
Time Warner
National Fuel
Village of East Aurora
Town of Royalton
Erie County Water Authority
Crown Energy
Town of Erwin
Department of Public Works of Westfield New York

DFT Communications
634 Communications

<u>Vendors</u>

3M TeleSteth
634 - Consolidated Communications
A 24 Hour Door National, Inc
A Great Choice Lawn Care & Landscaping
A Place For Mom
Aaron's Heating & Air Conditioning, Inc.
Abe Schonfeld
Absolut at Aurora Park
Absolut at Orchard Brooke, LLC
Accelerated Care Plus Leasing Inc.
Accountable Healthcare Staffing, Inc
Accu-Fit Compression Garments
Activity Connection.com
Add Lumber Company
Advo Waste Medical Services, LLC
Aetna
Airgas USA, LLC
Alabama Child Support Payment Center
Albert J. Mogavero
Alco Sales And Service
Alicia Hubbard
Alimed, Inc.
All Square Media, LLC
All State Fire & Security
Allscripts Healthcare, LLC
Allstate Administrators LLC
Allstate Medical
Amandeep Pal. MD
Amtrust North America, Inc.
Arjo, Inc.
Armstrong Telecom
Arnot Medical Services, PC
Arnot Ogden Medical Center
Aslan Plumbing & Mechanical Srvcs Inc
Associated Clinical Laboratories
AT&T
Audiology Solutions, PLLC
Aurora Premier Storage Inc.
Aurora Theater
Avalon Document Services
Avante Care Management, LLC

AXIS Surplus Insurance Co.
B & W Towing Heavy Hauling
Babcock's Service Center
Bammel Architects, PLLC
Barclay Damon, LLP
Bartsch's Auto Service, Inc.
Bauer Service Inc.
Bay City Orthocare LLC
Bestway Container Service
BH Land and Snow
Biels Information Technology Sytems
Billit AIT, LLC
Bimbo Foods, Inc.
Bison Fleet Specialists
Blackburn's Physicians Pharmacy, Inc.
Blanding Electric, Inc.
Blidy Canopy Rental
BLT Medical Group, LLP
Bonezzi Switzer Polito & Hupp Co., LPA
Brian Beaudry
Brian Parisi Copier Systems, Inc.
Brooks Memorial Hospital
Buffalo Ambulatory Surgery Center
Buffalo City Court Marshals
Buffalo Endovascular & Vascular
Buffalo Envelope
Buffalo Expert Service Tech.
Buffalo Exterminating Company, Inc.
Buffalo Hotel Supply Co., Inc.
Buffalo Medical Group, PC
Buffalo Niagara Retina Association
Buffalo Party Rental
Buffalo Scale & Supply Co, Inc.
Buffalo Transportation Inc.
Buffalo Wheelchair
Burbank Electric, Inc.
Cappelli's
Care Center Rx & Medical Supply, Inc-The
Carstens
Casale Plumbing & Heating,Inc.
Cascades Recovery U.S., Inc.
Casella Waste Services, Inc.
Cattaraugus County Dept Of SS
Cattaraugus County Sheriff
Cayuga Ridge
Cengage Learning

Chautauqua County Sheriff
Chautauqua Professional Medical Services
Chem-Aqua
Chudy Paper Company Inc.
CIOX Health
Claimex LLC
Clinical Staffing Resources
Coast Professional, Inc
Coastal Facility Products Corp.
Collins & Walton Plumbing
Colonial Life
Commissioner Of Taxation & Finance
Community Papers of Western New York LLC
Complete Homecare Inc.
Concord Plumbing & Heating, Inc
Conking & Calabrese Co,Inc
Corning Hospital
Corning Natural Gas Corp.
CosmoProf
Crest/Good Manufacturing Co,Inc
Crown Castle Fiber, LLC
Crown Energy Services, Inc.
Cub Aviation, LLC
Culligan
Culligan Stewart Water
CV3 Architectural PC
CW Lawn Care, Inc.
C-Y Publications
D. Murray Enterprises
Dana Michael Ritter, PC
Daniel A. Carter, Inc.
Darel Bower
David Farmer II PA-C
David T. Pullen, Esq.
Dawn Hammer
DDK
Deaf Access Services, Inc.
Dent Neurologic GP, LLC
Dentserv Dental Service PC
Department of Public Works
DFT Communications
Diamond Disposal Service
Dimon & Bacorn, Inc.
Direct Supply
Diversified Hearing Services
Diversified Services, LLC

Dobmeier Janitor Supply, Inc.
DR Innovations, LLC
E.M. Cahill Co., Inc.
E-3 Communications
Eagle Ridge Landscaping
East Aurora Advertiser
East Coast Orthotic & Prosthetic
Eastern Niagara Hospital
Eastern Niagara Radiology Associates, PC
Eastman Institute for Oral Health
Eaton Office Supply Co., Inc.
Eden-North Collins Pennysaver
Elaine's Flower Shoppe
Elder Care Solutions of WNY, LLC
Ellicottville Kitchen Equipment
Emerald Resources, Inc.
Empire Blue Cross Blue Shield
EmpireWound Physician Services
EMSL Analytical, Inc
Erie County Medical Center
Erie County Sheriffs Office
Erie County Water Authority
ESAAL
E-Telmed, Inc.
Evenhouse Printing
Excelsior Orthopaedics, LLP
Expert Tree Service
Favorite Healthcare Staffing, Inc.
Feldman, Kieffer & Herman, LLP
Fenster Enterprises, Inc.
Ferguson Electric Services, Inc.
Fidelis
Fillmore Shop N Save
First Class Glass & Mirror
First UNUM Life Insurance Co.
Foothills Medical Group at OGH
Forefront Telecare, Inc
Formal Maintenance Services, Inc
Fredonia Glass Service, LLC
Gary Dyer, Inc.
General Physician Sub 1
Global Health Products, Inc.
Goodyear Auto Service Center
Grainger, Inc.
Grandison Management Inc.
Grandview Brokerage

Great Lakes Physician Practice
Green Prosthetics & Orthotics Inc
Greg Docenko
Gregory T. Jehrio, M.D.
Guardian
GuideOne Insurance
Guthrie Clinic Ltd.
Guthrie Medical Group, PC
Hale Contracting, Inc.
Hampton Inn
Hand & Arthritis Rehab Ctr
Hand Microsurgery & Reconstruction
Hanger Clinic
Harbor Linen
Harter, Secrest & Emery LLP
Hartford Steam Boiler
Hawk Creek Wildlife Center, Inc.
HD Supply Facilities Maintenance, LTD
Health System Physician, PC
Health System Services, LTD
Health Technologies, Inc.
Herman Katz Cangemi & Clyne, LLP
Hill-Rom
Hinman Straub
Hipsaver, Inc.
HMS
Hobart
Home Depot
Houseman's Landscaping, Inc
Hudson Energy-NY
Humana Health Care Plans
HyperDoc, LLC
I.D.Booth Inc.
iCircle Care
ICS Industries
Indeed, Inc.
Independent Health Assoc.,Inc.
Independent Nursing Care
Indoor Air Professionals
Industrial & Domestic Electric Motor Inc
Industrial Chem. Labs & Services, Inc.
Industrial Power & Lighting Corp
InLighten
Insight
Instant Diagnostic Systems, Inc.
Instantwhip

Integra Scripts LLC
International Credit Recovery
Interstate Capital Corporation
Interstate Gourmet Coffee Roasters, Inc
IPC Healthcare, Inc.
Ira Smedra
Iron Mountain, Inc.
Irr Supply Centers,inc.
J&S Signs of WNY, Inc.
J. C. Ehrlich Co., Inc.
J.A. Brundage
Jack W Hunt & Assoc., Inc
Jackson Lewis P.C.
Jacob Wintner
James B. Schwab Co., Inc.
Jamma Consulting Inc.
Jasper's Auto Sales & Service LLC
Jenia Wagner, MD
Joseph Holmgren, MD
Joyce Freeland
JTF Medical, PLLC
Kaleida Health
Kalos Health
Kaufman Borgeest & Ryan LLP
KCI
Kenney, Shelton, Liptak & Nowak, LLP
Keystone Medical Services-ICH
Kimball Midwest
Kling Bros. Auto Service
Kohler Awning, Inc.
Krystal Klear Water Centers of Buffalo
Label Tape Systems, Inc.
Lalor Creekside Dental P.C.
Land & Wheels Instant Supply
Landmark Connect
Latina Boulevard Foods, LLC
Lawley Service, Inc.
Lexington Insurance Company
Liberty Mutual
Lifetime Benefit Solutions
Lipsius Benhaim Law, LLP
Liturgical Publications, Inc.
Localedge, A Hearst Media Services Co.
Lockmaster
Lourdes Health Support
Lourdes Hospital

Lyle Stang
Lynn Silliman
M & N Party Store
M.C. Healthcare Products Inc.
M.Catherine Wollman DNP, CRNP
Manna Refrigeration Services, Inc.
Mantis Medical Equip. Service, LLC
Martin F. Scheinman, Esq.
Masonry and More
Matthew B. Brown, DDS MD
Mattucci Design, LLC
Maxim Healthcare Services, Inc.
Maximum Mobility, LLC
Med Supply Depot
Media Displays Inc.
Medical Arts Support Corp.
Medical Staffing Network
Medline Industries, Inc.
Med-Pass, Inc.
Mercy Hospital
Metschl and Associates
Michael Dennehy
Michael J. Merletti DPM
Midstate Bakery Distributors, Inc.
Mission Health Concepts, Inc
MLP Plumbing & Mechanical, Inc.
Mobile Mini
Mobilex USA
Modern Corporation
Monroe County Sheriff's Office
MorphoTrust USA, Inc.
Murray Roofing Co., Inc.
Myron Corp.
Naness, Chaiet & Naness, LLC
Nascentia Health
Nasco
National Care Systems, LLC
National Commercial Products
National Datacare Corporation
National Distribution Systems
National Fuel
National Grid
National Pen
Nayan Das, MD
NCS Healthcare/Omnicare Pharmacy
Niagara County Sheriff

Niceforo And Braun DDS, PC
Northtowns Cardiology PLLC
Novack Burnbaum Crystal LLP
Nunda Lumber And Hardware Inc.
Nurse Connection Staffing, Inc.
NYS Child Support Processing Center
NYS Department Of Health
NYSEG
NYSHFA - District 10
Observer
O'Connor Mechanical Corp.
Olean General Hospital
Olean Medical Group
Olean Radiology
Omnicare Pharmacy Of New York LLC
OneSpan North America, Inc.
OnShift, Inc.
Oriental Trading Company,Inc.
Orkin Inc.
Otis Elevator Company
Paramount Roofing Inc.
Parkview Supermarket
Paterson Healthcare Interior Design
Patriot Newspapers
Patton Electric Co
Peerless Insurance
Penn Detroit Diesel-Allison
Personnel Concepts
Phillips Lytle LLP
Pioneer Credit Recovery
Plumb Master, Inc.
PointClickCare Technologies, Inc.
Povinelli Cutlery Inc.
Praxair Distribution, Inc.
Preferred Leasing
Preventive Diagnostics, Inc.
Preventive HealthCare
PRO2 LLC Professional Oxygen
ProQuest, LLC
Purchase Power
Pure Water Technology of WNY Inc.
Rachelle Francis
Radio One Buffalo, LLC
Radiology Solution Associates, PLLC
Raiff Brothers, Inc.
Rajan Gulati, Physician PC

Real Time Medical Systems, LLC
Reboy Supply Inc.
Regional Cancer Center
Regional Health Services Inc.
Regional Health Transport, LLC
Rehab Management Alliance, LLC
Reqqer, LLC
Respiratory Services of WNY, Inc.
Richard S. Young
Richard Zellner
Rick Duncan
RiverStone Claims Mgt, LLC
Robert Gannon
Robert Packer Hospital
Roswell Park Cancer Institute
Roto Rooter
Royal Care Pharmacy Services
Rural Metro Medical Services
S & S Crafts
Savilles Country Florist
Schwartz Sladkus Reich Greenberg Atlas
Sedgwick Claims Managment Svc, Inc.
Service Employees Benefits Fund
Sherwin Williams
Shred-it
Sisters of Charity Hospital
Social Security Administration
SolaMed 02, LLC
SolEx
Southern Tier Audiology Associates, PC
Southern Tier Medi-van,inc
Southern Tier Penny Saver
Southern Tier Prof. Pest Control, Inc.
Southtowns Business Centre, Inc.
Sparta, Inc.
Specialty RX
Spectocor LLC
Spectrum
Speno MacLeod, PLLC
Springville Pharmacy Infusion
St Anthony of Padua Church
St Vincent Medical Education
St. Vincent Health Center
Steuben County Sheriff's Civil Division
Steven Bates, Constable
Streamline Verify

Superior Auto Supply Inc.
Superior Plumbing
Surgical Consulting, PLLC
Susan Banks Consulting Services
Syracuse Banana Co.
Sysco Frozen Foods
T & R Towing & Service Center
TALX Corporation
TALX UC Express
Techline Communications
Terminix
Terrace View
The Catholic Reader
The Gallery Collection
Thermo Mechanical
Thomson Reuters-West
TIAA
Time Warner
Todays Options
Tops Markets
Trans Am Ambulance Service
Transworld Systems, Inc.
Trinity Medical WNY, PC
Tri-State Pain Institute
Trustaff Travel Nurses, LLC
Trusted Nurse Staffing, LLC
Twin City Ambulance
TwinMed LLC
Twomagnets, Inc
TX Child Support SDU
U & S Services Inc.
U.S. Bank
U.S. Department Of Education
UB Neurosurgery, Inc
United Health Services
United Healthcare
United Refining Company
United Specialty Insurance Co.
United States Treasury
Universal Hospital Services, Inc.
University Orthopaedic Services
Upstate New York Engineers Pension Fund
US Postage Meter Center, Inc
Verizon
Visiting Nurse Service of NY
Vivial

VNSNY Choice
W.G. Arthur Co., Inc.
Water Works
Water's Edge Aquarium Service, Inc.
WCA Services Corporation
Wegman's Food Market, Inc.
Wellcare
West Unified Communications Svcs, Inc
Western New York MRI, LLP
Westfield Memorial Hospital
William's Florist
Windsong Radiology Group
Windstream
Wood's Locksmith, LLC
Worth W. Smith Co. Surplus
Wound Healing Technologies
WPS Tricare for Life
Wyoming County Sheriff's Office
Yellow Pages Directory
Yellow Pages United
YourCare
Zoll Services, LLC

## Exhibit I-a

M&T Bank

Sterling National Bank

U.S. Bank National Association

Bimbo Foods, Inc.

Hill-Rom

Home Depot

Fidelis

Spectrum

Thompson Reuters-West

TIAA

Time Warner (and its parent, Charter Communications)

Visiting Nurse Service of New York

**Exhibit I-b**

| **Loeb Client** | **Affiliated Potential Creditor** |
|---|---|
| Chubb Insurance of Hong Kong | The Chubb Group of Insurance Companies |
| Aetna Health of California | Aetna Insurance Companies |
| Hearst Media Services | Localedge |
| Visiting Nurse Service of NY | VSNY Choice |

## Exhibit I-c

The Park Associates, Inc.

Ricoh

American Express