**LOEB & LOEB LLP**
Schuyler G. Carroll
Stephen A. Aschettino
Daniel B. Besikof
Noah Weingarten
345 Park Avenue
New York, NY 10154
Tel: (212) 407-4000
Fax: (212) 407-4990
Email:  scarroll@loeb.com
        aschettino@loeb.com
        dbesikof@loeb.com
        nweingarten@loeb.com

*Proposed Counsel to the Debtors*
*and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | Chapter 11 |
| | ) | |
| | ) | Case No. 19-76260-ast |
| | ) | Case No. 19-76263-ast |
| In re: | ) | Case No. 19-76267-ast |
| | ) | Case No. 19-76268-ast |
| Absolut Facilities Management, LLC, *et al.* | ) | Case No. 19-76269-ast |
| | ) | Case No. 19-76270-ast |
| Debtors.[1] | ) | Case No. 19-76271-ast |
| | ) | Case No. 19-76272-ast |
| | ) | |
| | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF DEBTORS' MOTION FOR ENTRY OF ORDER**
**AUTHORIZING THE RETENTION AND COMPENSATION OF CERTAIN**
**PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS**

---

[1]  The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Absolut Facilities Management, LLC (1412);  Absolut Center for Nursing and Rehabilitation at Allegany, LLC (7875);  Absolut Center for Nursing and Rehabilitation at Aurora Park, LLC (8266); Absolut Center for Nursing and Rehabilitation at Gasport, LLC (8080);  Absolut at Orchard Brooke, LLC (1641); Absolut Center for Nursing and Rehabilitation at Orchard Park, LLC (8300);  Absolut Center for Nursing and Rehabilitation at Three Rivers, LLC (8133); and Absolut Center for Nursing and Rehabilitation at Westfield, LLC (7924).

18273713

**PLEASE TAKE NOTICE** that Absolut Facilities Management, LLC and its affiliated debtor entities (collectively, the "**Debtors**"), as debtors-in-possession in the above-referenced chapter 11 cases, by and through their undersigned counsel, filed the *Motion for Entry of Order Authorizing the Retention and Compensation of Certain Professionals Utilized in the Ordinary Course of Business* (the "**Motion**") with the United States Bankruptcy Court for the Eastern District of New York (the "**Court**"), pursuant to 11 U.S.C. §§ 105(a), 327, 330, and 331.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the Motion must be filed with the Clerk of the Court together with proof of service thereof, and served so as to be **actually received by November 12, 2019 at 4:00 p.m. (Eastern Time)** upon (i) undersigned counsel for the Debtors, Schuyler G. Carroll, Esq., Daniel B. Besikof, Esq., Stephen A. Aschettino, and Noah Weingarten Loeb & Loeb LLP, 345 Park Avenue, New York, NY 10154; (ii) the United States Trustee for the Eastern District of New York, Alfonse D'Amato Federal Courthouse, 560 Federal Plaza, Central Islip, NY 11722 (Attn: Christine H. Black, Esq.); (iii) counsel to Capital Finance, LLC, Blank Rome LLP, 1271 Avenue of the Americas, New York, NY 10020 (Attn: Evan J. Zucker, Esq.); (iv) counsel to the Official Committee of Unsecured Creditors, Amini LLC, 140 East 45th Street, 25th Floor, New York, NY 10017 (Attn: Avery Samet, Esq. and Jeffrey Chubak, Esq.); (v) counsel to the Arba Group and its affiliates, Arent Fox LLP, 1301 Avenue of the Americas, Floor 42, New York, NY 10019 (Attn: George Angelich, Esq.); (vi) those persons who have formally appeared and requested notice and service in these proceedings pursuant to Bankruptcy Rules 2002 and 3017; and (vii) all governmental agencies having a regulatory or statutory interest in these cases. No other or further notice need be provided.

**PLEASE TAKE FURTHER NOTICE** that responses or objections to the Motion, if any, must (a) be in writing; (b) comply with the Bankruptcy Rules and the Local Rules; and (c) state with particularity the legal and factual basis for the objection.

**PLEASE TAKE FURTHER NOTICE** that the Motion will be considered at a hearing on **November 19, 2019 at 2:00 p.m. (Eastern Time)**, before the Honorable Alan S. Trust, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Eastern District of New York, Alfonse M. D'Amato Federal Courthouse, 290 Federal Plaza, Central Islip, NY 11722, Courtroom 960.

**PLEASE TAKE FURTHER NOTICE**, that the hearing on the Motion may be adjourned without further notice except as announced in open court on the hearing date, or at any adjourned hearing.

Dated:    October 23, 2019                                   LOEB & LOEB LLP
          New York, New York

                                                             */s/ Schuyler G. Carroll*
                                                             Schuyler G. Carroll
                                                             Daniel B. Besikof
                                                             Stephen A. Aschettino
                                                             Noah Weingarten
                                                             345 Park Avenue
                                                             New York, NY 10154
                                                             Tel: (212) 407-4000
                                                             Fax: (212) 407-4990
                                                             scarroll@loeb.com
                                                             aschettino@loeb.com
                                                             dbesikof@loeb.com
                                                             nweingarten@loeb.com

                                                             *Proposed Counsel to the Debtors*
                                                             *and Debtors-in-Possession*

**LOEB & LOEB LLP**
Schuyler G. Carroll
Stephen A. Aschettino
Daniel B. Besikof
Noah Weingarten
345 Park Avenue
New York, NY 10154
Tel: (212) 407-4000
Fax: (212) 407-4990
Email: scarroll@loeb.com
      ascehttino@loeb.com
      dbesikof@loeb.com
      nweingarten@loeb.com

*Proposed Counsel to the Debtors*
*and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | Chapter 11 |
| | ) | |
| | ) | Case No. 19-76260-ast |
| | ) | Case No. 19-76263-ast |
| In re: | ) | Case No. 19-76267-ast |
| | ) | Case No. 19-76268-ast |
| Absolut Facilities Management, LLC, *et al.* | ) | Case No. 19-76269-ast |
| | ) | Case No. 19-76270-ast |
| Debtors.[1] | ) | Case No. 19-76271-ast |
| | ) | Case No. 19-76272-ast |
| | ) | |
| | ) | (Jointly Administered) |
| | ) | |

## DEBTORS' MOTION FOR ENTRY OF ORDER AUTHORIZING THE RETENTION AND COMPENSATION OF CERTAIN PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Absolut Facilities Management, LLC (1412); Absolut Center for Nursing and Rehabilitation at Allegany, LLC (7875); Absolut Center for Nursing and Rehabilitation at Aurora Park, LLC (8266); Absolut Center for Nursing and Rehabilitation at Gasport, LLC (8080); Absolut at Orchard Brooke, LLC (1641); Absolut Center for Nursing and Rehabilitation at Orchard Park, LLC (8300); Absolut Center for Nursing and Rehabilitation at Three Rivers, LLC (8133); and Absolut Center for Nursing and Rehabilitation at Westfield, LLC (7924).

Absolut Facilities Management, LLC and its affiliated debtor entities (collectively, the "**Debtors**"), as debtors-in-possession in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), by and through proposed counsel, Loeb & Loeb LLP, respectfully submit this motion (the "**Motion**") pursuant to 11 U.S.C. §§ 105(a), 327, 330, and 331 for entry of an order, authorizing the retention of professionals used by the Debtors in the ordinary course of their business.  In support of this Motion, the Debtors state as follows:

**JURISDICTION AND VENUE**

1.    This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.    The statutory bases for the relief requested in the Motion are sections 105(a), 327, 328, 330 and 331 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2014-1 of the Local Bankruptcy Rules for the Eastern District of New York (the "**Local Rules**").

**BACKGROUND**

3.    On September 10, 2019 (the "**Petition Date**"), the Debtors commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**").  The Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code.

4.    An official committee of unsecured creditors was appointed on October 3, 2019 (Dkt. No. 115) (the "**Committee**").  No trustee or examiner has been appointed.

5.    A detailed description of the Debtors and their business, the facts and circumstances leading up to the filing of the Debtors' Chapter 11 Cases, and the facts supporting this Motion are

2

set forth in greater detail in the *Declaration of Michael Wyse in Support of Debtors' Chapter 11 Petitions and First-Day Motions* (Dkt. No. 15) (the "**Wyse Declaration**" or "**Wyse Decl.**").

**RELIEF REQUESTED**

6.       By this Motion, the Debtors request entry of an order, substantially in the form attached as **Exhibit A** (the "**Proposed Order**"), authorizing the Debtors to retain and compensate certain professionals utilized in the ordinary course of business (each, an "**Ordinary Course Professional**", and, collectively, the "**Ordinary Course Professionals**"), pursuant to the compensation procedures outlined below (the "**Compensation Procedures**"), without the need for each Ordinary Course Professional to file a formal application for retention and compensation.

**PROPOSED RETENTION AND COMPENSATION PROCEDURES**

**A.       The Ordinary Course Professionals**

7.       The Debtors employ several professionals in the ordinary course of business, each of whom render a wide range of accounting and legal services to the Debtors, including in litigation, labor and employment matters, healthcare matters, and regulatory matters.  Each of the Ordinary Course Professionals and the services they provide to the Debtors are listed on **Exhibit 1** attached to the Proposed Order.  Each of the Ordinary Course Professionals have a great deal of knowledge, expertise, and familiarity with the Debtors and their operations.

8.       Although some Ordinary Course Professionals may hold relatively small unsecured claims against the Debtors in connection with services rendered to the Debtors prepetition, the Debtors do not believe that any of the Ordinary Course Professionals has an interest materially adverse to the Debtors, their creditors or other parties in interest.  Importantly, by this Motion, the Debtors are not requesting authority to pay prepetition amounts owed to the Ordinary Course Professionals.

B.      **The Compensation Procedures**

9.      The Debtors propose that they be permitted to pay each Ordinary Course Professional, without a prior application to the Court, one-hundred percent (100%) of the fees and disbursements incurred, upon the Debtors' receipt and approval of an appropriate invoice setting forth in reasonable detail the nature of the services rendered and disbursements actually incurred, up to $50,000, in the aggregate throughout the duration of these cases (the "**Case Cap**"), for each Ordinary Course Professional; *provided, however*, that if any amount owed for an Ordinary Course Professional's fees and disbursements exceeds the Case Cap, then (i) such Ordinary Course Professional shall file an application with the Court seeking to be retained under section 327 of the Bankruptcy Code, *nunc pro tunc* to the date that its fees and disbursements exceeded the Case Cap, and (ii) the payments to such Ordinary Course Professional for such excess amounts shall be subject to the prior approval of the Court in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, orders of the Court, and the Fee Guidelines promulgated by the U.S. Trustee.

10.     Within thirty (30) days after the later of (i) the entry of an order granting the relief requested herein, or (ii) the date on which each retained Ordinary Course Professional commences services for the Debtors, each Ordinary Course Professional shall serve upon the Debtors' attorneys: (a) an affidavit, substantially in the form annexed to the Proposed Order as **Exhibit 2**, certifying that the professional does not represent or hold any interest adverse to the Debtors or their estates with respect to the matter on which the professional is to be employed (the "**Ordinary Course Professional Affidavit**"); and (b) a completed retention questionnaire, substantially in the form annexed to the Proposed Order as **Exhibit 3** (the "**Retention Questionnaire**").  The Debtors' attorneys shall then file the Ordinary Course Professional Affidavit and the Retention

4

Questionnaire with the Court and serve it upon the U.S. Trustee and the Committee.  The U.S. Trustee and the Committee shall have fourteen (14) days following the date of service to notify the Debtors, in writing, of any objection to the retention stemming from the contents of the Ordinary Course Professional Affidavit and the Retention Questionnaire.  If after fourteen (14) days no objection is filed, the Ordinary Course Professional may be paid 100 percent of fees and 100 percent of expenses, without the need to file a fee application, based upon the submission of an appropriate invoice setting forth in reasonable detail the nature of the services rendered and disbursements actually incurred.  The Debtors propose that no Ordinary Course Professional be paid any amounts for invoiced fees and expenses until its Ordinary Course Professional Affidavit and its Retention Questionnaire have been filed with the Court.

11.    The Debtors reserve the right to supplement the list of Ordinary Course Professionals from time to time as necessary. The Debtors have diligently attempted to identify all of their current Ordinary Course Professionals.  Nevertheless, some Ordinary Course Professionals may have been omitted inadvertently and some may cease providing services to the Debtors during the course of these Chapter 11 Cases.  Further, the nature of the Debtors' businesses may require the retention of additional Ordinary Course Professionals from time to time.  In each case, the Debtors propose to file a notice (a "**Supplemental Notice of Ordinary Course Professionals**") with the Court listing the additional Ordinary Course Professional(s) (each, an "**Additional Ordinary Course Professional**") that the Debtors intend to employ, or removing Additional Ordinary Course Professionals or those originally listed on Exhibit 1 to the Proposed Order who are no longer providing services, and to serve such notice on (i) the U.S. Trustee, (ii) the attorneys for the Committee, and (iii) all other parties that have filed a notice of appearance in these Chapter 11 Cases or that are listed on a master service list pursuant to an order of this Court.  Each

Supplemental Notice of Ordinary Course Professionals will attach the Ordinary Course Professional Affidavit and Retention Questionnaire of each Additional Ordinary Course Professional identified on such Supplemental Notice of Ordinary Course Professional. The Debtors further propose that if no objection to the retention of an Additional Ordinary Course Professional is filed with the Court and served upon the Debtors within fourteen (14) days after the service of the Supplemental Notice of Ordinary Course Professionals (with the Ordinary Course Professional Affidavit and the Retention Questionnaire attached thereto), retention of such Additional Ordinary Course Professional(s) will be deemed approved by the Court in accordance with the provisions of the Motion without the need for a hearing or further order of the Court.

## BASIS FOR RELIEF REQUESTED

12.     In determining whether an entity is a "professional" within the meaning of section 327 of the Bankruptcy Code and, therefore, must be retained by express approval of the court, courts generally consider whether such entity is involved in the actual reorganization effort, rather than a debtor's ongoing business operations.  *See*, *e.g.*, *Comm. of Asbestos-Related Litigants v. Johns-Manville Corp.* (*In re Johns-Manville Corp.*), 60 B.R. 612, 619 (Bankr. S.D.N.Y. 1986) ("[T]he phrase 'professional persons,' as used in § 327(a), is a term of art reserved for those persons who play an intimate role in the reorganization of a debtors' estate."); *In re Drexel Burnham Lambert Group Inc.*, 112 B.R. 584, 587 (Bankr. S.D.N.Y. 1990) (same).  Given that the Ordinary Course Professionals will not be involved in administering the Debtors' Chapter 11 Cases and their employment relates only marginally to the Debtors' chapter 11 responsibilities, the Debtors do not believe the Ordinary Course Professionals are "professionals" that require full retention under section 327 of the Bankruptcy Code.

13.     In addition, the proposed employment of the Ordinary Course Professionals and the payment of compensation pursuant to the Compensation Procedures proposed herein is in the best

interests of the Debtors' estates and creditors. The relief requested will save the estates the substantial expense associated with separately applying for the employment of each Ordinary Course Professional. Further the relief requested will avoid the incurrence of additional fees relating to preparation of and hearings on numerous fee applications. Likewise, the procedures will relieve the Court, the U.S. Trustee, and the Committee of the burden of reviewing numerous fee applications involving relatively small amounts of fees and expenses.

14.     Retention and payment procedures similar to those requested herein have routinely been granted in this district. *See, e.g.*, *In re Gramercy Group, Inc.*, No. 19-736220 (LAS) (Bankr. E.D.N.Y. July 19, 2019); *In re Décor Holdings, Inc.*, No. 19-71020 (REG) (Bankr. E.D.N.Y. Mar. 27, 2019); *In re Global Aviation Holdings Inc.*, No. 12-40783 (CEC) (Bankr. E.D.N.Y. Mar. 8, 2012); *In re The Innovative Cos. LLC*, No. 09-72669 (Bankr. E.D.N.Y. Feb. 24, 2010); *In re The Brooklyn Hosp. Ctr.*, No. 05-26990 (Bankr. E.D.N.Y. Nov. 7, 2005).

15.     All other professionals utilized by the Debtors in connection with the prosecution of these Chapter 11 Cases will be retained by the Debtors pursuant to separate retention applications. Such professionals will be compensated in accordance with the applicable provisions of the Bankruptcy Code and Bankruptcy Rules, and as otherwise allowed by the Court.

## NOTICE

16.     Notice of this Motion has been provided to: (i) the Office of the United States Trustee; (ii) proposed counsel for the Committee, (iii) the Debtors' secured creditors; (iv) the Debtors' Landlord; (v) those persons who have formally appeared and requested notice and service in these proceedings pursuant to Bankruptcy Rules 2002 and 3017; and (vi) all governmental agencies having a regulatory or statutory interest in these cases. The Debtors submits that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

## <u>CONCLUSION</u>

WHEREFORE, the Debtors respectfully request that the Court enter the proposed order, substantially in the form attached as **<u>Exhibit A</u>**, granting the relief requested herein and such other and further relief as the Court deems appropriate under the circumstances.

Dated:   October 23, 2019
       New York, New York

LOEB & LOEB LLP

*/s/ Schuyler G. Carroll*
Schuyler G. Carroll
Stephen A. Aschettino
Daniel B. Besikof
Noah Weingarten
345 Park Avenue
New York, NY 10154
Tel: (212) 407-4000
Fax: (212) 407-4990
scarroll@loeb.com
sascettino@loeb.com
dbesikof@loeb.com
nweingarten@loeb.com

*Proposed Counsel to the Debtors
and Debtors-in-Possession*

**Exhibit A**

**(Proposed Order)**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| | ) | Chapter 11 |
| | ) | |
| | ) | Case No. 19-76260-ast |
| | ) | Case No. 19-76263-ast |
| In re: | ) | Case No. 19-76267-ast |
| | ) | Case No. 19-76268-ast |
| Absolut Facilities Management, LLC, *et al.* | ) | Case No. 19-76269-ast |
| | ) | Case No. 19-76270-ast |
| Debtors.[1] | ) | Case No. 19-76271-ast |
| | ) | Case No. 19-76272-ast |
| | ) | |
| | ) | (Jointly Administered) |
| | ) | |

## ORDER AUTHORIZING THE RETENTION AND
## COMPENSATION OF CERTAIN PROFESSIONALS UTILIZED BY
## THE DEBTORS IN THE ORDINARY COURSE OF BUSINESS

Upon the motion (the "**Motion**")[2] of Absolut Facilities Management, LLC and its affiliated

debtor entities, as debtors and debtors-in-possession in the above-captioned chapter 11 cases

(collectively, the "**Debtors**"), and the Court finding that (i) it has jurisdiction over the matters

raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant

to 28 U.S.C. § 157(b)(2); (iii) the relief requested in the Motion is in the best interests of the

Debtors, their estates, and their creditors; (iv) proper and adequate notice of the Motion has been

given and no other or further notice is necessary; and (v) upon the record herein after due

deliberation thereon, good and sufficient cause exists for the granting of the relief as set forth

herein.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Absolut Facilities Management, LLC (1412); Absolut Center for Nursing and Rehabilitation at Allegany, LLC (7875); Absolut Center for Nursing and Rehabilitation at Aurora Park, LLC (8266); Absolut Center for Nursing and Rehabilitation at Gasport, LLC (8080); Absolut at Orchard Brooke, LLC (1641); Absolut Center for Nursing and Rehabilitation at Orchard Park, LLC (8300); Absolut Center for Nursing and Rehabilitation at Three Rivers, LLC (8133); and Absolut Center for Nursing and Rehabilitation at Westfield, LLC (7924).

[2] Capitalized terms used but not defined herein shall have the meaning set forth in the Motion.

18271140

Therefore, **IT IS HEREBY ORDERED THAT**

1.       The Motion is **GRANTED**, as set forth herein.

2.       Pursuant to sections 105(a), 327, 328 and 330 of the Bankruptcy Code, to the extent deemed necessary or appropriate by the Debtors, the Debtors are authorized to employ the Ordinary Course Professionals listed on **Exhibit 1** hereto in the ordinary course of their businesses, effective as of the Petition Date.

3.       Within 30 days after the later of: (i) the date of entry of this Order, or (ii) the date on which the Ordinary Course Professional commences services for the Debtors, each Ordinary Course Professional shall serve upon the Debtors' attorneys (a) an affidavit, substantially in the form annexed hereto as **Exhibit 2**, certifying that such professional does not represent or hold any interest adverse to the Debtors or their estates for the matter on which  the  professional is to be employed (the   "**Ordinary Course Professional Affidavit**"), and (b) a completed retention questionnaire, substantially in the form annexed hereto as **Exhibit 3** (the "**Retention Questionnaire**").  The Debtors' attorneys shall promptly file the Ordinary Course Professional Affidavit and the Retention Questionnaire with the Court and serve it upon the U.S. Trustee and the Committee.  The U.S. Trustee and the Committee shall have fourteen (14) days following the date of service to notify the Debtors, in writing, of any objection to the retention based on the contents of the Ordinary Course Professional Affidavit and the Retention Questionnaire.

4.       The Debtors shall not pay an Ordinary Course Professional any amounts for invoiced fees and expenses until its Ordinary Course Professional Affidavit and its Retention Questionnaire have been filed with the Court.

5.       Subject to the conditions of the previous paragraph, the Debtors are authorized to pay, in the customary manner, 100 percent of the fees and disbursements sought by each

Ordinary Course Professional retained pursuant to this Order upon receipt of reasonably detailed invoices indicating the nature of the services rendered and calculated in accordance with the professional's standard billing practices, up to $50,000 in the aggregate throughout the duration of these cases (the "**Case Cap**"), for each Ordinary Course Professional; *provided, however,* that if any amount owed for an Ordinary Course Professional's fees and disbursements exceeds the Case Cap, then (i) such Ordinary Course Professional shall file an application with the Court seeking to be retained under section 327 of the Bankruptcy Code, *nunc pro tunc* to the date that its fees and disbursements exceeded the Case Cap, and (ii) the payments to such Ordinary Course Professional for such excess amounts shall be subject to the prior approval of the Court in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, orders of the Court, and the Fee Guidelines promulgated by the U.S. Trustee.

6.      The Debtors' right to dispute any invoices shall not be affected or prejudiced in any manner by the relief granted in this Order.

7.      The Debtors are authorized to supplement the list of Ordinary Course Professionals from time to time as necessary, by filing with the Court a notice (the "**Supplemental Notice of Ordinary Course Professionals**") listing the additional Ordinary Course Professional(s) (the "**Additional Ordinary Course Professionals**") that the Debtors intend to employ, or removing Additional Ordinary Course Professionals or those originally listed on Exhibit 1 hereto who are no longer providing services, and by serving it on: (i) the U.S. Trustee, (ii) counsel for the Committee, and (iii) all other parties that have filed a notice of appearance in these Chapter 11 Cases or that are listed on the Debtors' master service list.  Each Supplemental Notice of Ordinary Course Professionals shall attach the Ordinary Course Professional Affidavit and the Retention Questionnaire of each Additional Ordinary Course Professional identified on

such Supplemental Notice of Ordinary Course Professional. If no objection to the retention of an Additional Ordinary Course Professional is filed with the Court and served upon the Debtors within fourteen (14) days after the service of the respective Supplemental Notice of Ordinary Course Professionals (with the Ordinary Course Professional Affidavit and the Retention Questionnaire attached thereto), the retention of the Additional Ordinary Course Professional(s) is deemed approved by this Order, pursuant to sections 105(a), 327 and 330 of the Bankruptcy Code, without the need for a hearing or further order.

8.      The Debtors shall not pay an Additional Ordinary Course Professional retained pursuant to a Supplemental Notice of Ordinary Course Professionals, any amounts for invoiced fees and expenses until the Ordinary Course Professional Affidavit and Retention Questionnaire have been filed with this Court.

9.      Ordinary Course Professionals retained pursuant to a Supplemental Notice of Ordinary Course Professionals shall be paid in accordance with the procedures set forth herein for the payment of other Ordinary Course Professionals.

10.     This Order shall not apply to any professional retained by the Debtors pursuant to a separate order of the Court

11.     Any objection to the relief requested in the Motion or granted in the provisions of this Order has either been withdrawn with prejudice or is hereby overruled in its entirety.

12.     The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

13.     This Court shall retain exclusive jurisdiction to hear and decide all disputes related to or arising from the implementation, interpretation, or enforcement of this Order.

**<u>Exhibit 1</u>**

**(List of Ordinary Course Professionals)**

18271140

| Professional | Services Provided |
|---|---|
| Feldman & Kieffer | Defense Counsel, Tort Litigation |
| Robert Fedor | Tax Counsel |
| Schwartz Sladkus Reich Greenberg Atlas LLP | Medicare Collections Counsel |
| Naness Chaiet & Naness | Labor Counsel |
| Kaufman Borgeest & Ryan LLP | Defense Counsel, Tort Litigation |
| Hinman Straub | Healthcare Regulatory Counsel |
| The Bonadio Group | Accountants |

**<u>Exhibit 2</u>**

**(Ordinary Course Professional Affidavit)**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| _____ | ) | Chapter 11 |
| | ) | |
| | ) | Case No. 19-76260-ast |
| | ) | Case No. 19-76263-ast |
| In re: | ) | Case No. 19-76267-ast |
| | ) | Case No. 19-76268-ast |
| Absolut Facilities Management, LLC, *et al.* | ) | Case No. 19-76269-ast |
| | ) | Case No. 19-76270-ast |
| Debtors.[1] | ) | Case No. 19-76271-ast |
| | ) | Case No. 19-76272-ast |
| | ) | |
| | ) | (Jointly Administered) |
| _____ | ) | |

**AFFIDAVIT AND DISCLOSURE STATEMENT OF**_____,
**ON BEHALF OF** _____

STATE OF_____)
                                                      ) ss:
COUNTY OF_____)

_____ , being duly sworn, upon his oath, deposes and says:

1.       I am a [INSERT TITLE] of _____, located at _____ (the "**Firm**").

2.       Absolut Facilities Management, LLC and its affiliated debtor entities (collectively, the "Debtors"), as debtors and debtors-in-possession in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), have requested that the Firm provide _____ services to the Debtors, and the Firm has consented to provide such services.

---

[1]   The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Absolut Facilities Management, LLC (1412); Absolut Center for Nursing and Rehabilitation at Allegany, LLC (7875); Absolut Center for Nursing and Rehabilitation at Aurora Park, LLC (8266); Absolut Center for Nursing and Rehabilitation at Gasport, LLC (8080); Absolut at Orchard Brooke, LLC (1641); Absolut Center for Nursing and Rehabilitation at Orchard Park, LLC (8300); Absolut Center for Nursing and Rehabilitation at Three Rivers, LLC (8133); and Absolut Center for Nursing and Rehabilitation at Westfield, LLC (7924).

3.      The Firm may have performed services in the past and may perform services in the future, in matters unrelated to these Chapter 11 Cases for persons that are parties in interest in the Debtors' Chapter 11 Cases.  As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be claimants or employees of the Debtors, or other parties in interest in these Chapter 11 Cases. The Firm does not perform services for any such person in connection with these Chapter 11 Cases. In addition, the Firm does not have any relationship with any such person, their attorneys, or accountants that would be adverse to the Debtors or their estates.

4.      Neither I, nor any principal of, or professional employed by the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principals and regular employees of the Firm.

5.      Neither I, nor any principal of, or professional employed by the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates.

6.      The Debtors owe the Firm $_____ for prepetition services.

7.      [The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Affidavit.]

_____
[NAME]

Subscribed and sworn to before me
this _____ day of _____, 2019

_____
Notary Public

2

**<u>Exhibit 3</u>**

**(Retention Questionnaire)**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| | ) Chapter 11 |
| | ) |
| | ) Case No. 19-76260-ast |
| | ) Case No. 19-76263-ast |
| In re: | ) Case No. 19-76267-ast |
| | ) Case No. 19-76268-ast |
| Absolut Facilities Management, LLC, *et al.* | ) Case No. 19-76269-ast |
| | ) Case No. 19-76270-ast |
| Debtors.[1] | ) Case No. 19-76271-ast |
| | ) Case No. 19-76272-ast |
| | ) |
| | ) (Jointly Administered) |
| | ) |

## <u>ORDINARY COURSE PROFESSIONALS RETENTION QUESTIONNAIRE</u>

TO BE COMPLETED BY PROFESSIONALS EMPLOYED BY ABSOLUT FACILITIES MANAGEMENT, LLC AND ITS AFFILIATED DEBTOR ENTITIES (COLLECTIVELY, THE "**DEBTORS**"), AS DEBTORS-IN-POSSESSION IN THE ABOVE-CAPTIONED CHAPTER 11 CASES (THE "**CHAPTER 11 CASES**").

DO NOT FILE THIS QUESTIONNAIRE WITH THE COURT.  RETURN IT FOR FILING BY THE DEBTORS, TO:

> LOEB & LOEB LLP
> 345 Park Avenue
> New York, New York 10154
> Attn: Daniel B. Besikof, Esq.
> dbesikof@loeb.com

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Absolut Facilities Management, LLC (1412); Absolut Center for Nursing and Rehabilitation at Allegany, LLC (7875); Absolut Center for Nursing and Rehabilitation at Aurora Park, LLC (8266); Absolut Center for Nursing and Rehabilitation at Gasport, LLC (8080); Absolut at Orchard Brooke, LLC (1641); Absolut Center for Nursing and Rehabilitation at Orchard Park, LLC (8300); Absolut Center for Nursing and Rehabilitation at Three Rivers, LLC (8133); and Absolut Center for Nursing and Rehabilitation at Westfield, LLC (7924).

All questions **must** be answered. Please use "none," "not applicable," or "N/A," as appropriate. If more space is needed, please complete on a separate page and attach.

1.    Name and address of firm:

_____

_____

_____

_____

_____

Date of retention:   _____

2.    Type of services provided (accounting, legal, etc.):

_____

_____

_____

_____

3.    Brief description of services to be provided:

_____

_____

_____

_____

4.    Arrangements for compensation (hourly, contingent, etc.):_____

5.    Average hourly rate (if applicable):

_____

_____

6.    Estimated average monthly compensation based on prepetition retention (if firm was employed prepetition):_____

7.      Prepetition claims against the Debtors held by the firm:

          Amount of Claim: _____

          Date claim arose: _____

                            _____

          Source of claim: _____

          _____

          _____

8.      Prepetition claims against the Debtors held individually by any member, associate, or professional employee of the firm:

          Name: _____

          Status _____

          Amount of  claim: $_____

          Date claim arose: _____

          Source of claim: _____

9.      Disclose the nature and provide a brief description of any interest adverse to the Debtors or to their estates with respect to the matters on which the above-named firm is to be employed.

          _____

          _____

          _____

          _____

                        Name: _____

                        Title: _____

                        Date: _____