Joseph J. Tomaino
Grassi Healthcare Advisors LLC
488 Madison Avenue
New York, NY 10022
(212) 223-5020
*Patient Care Ombudsman*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
In re:                                                                    Chapter 11

ABSOLUT FACILITIES MANAGEMENT, LLC, *et al.*
Case No. 19-76260 (AST)
Case No. 19-76263 (AST)
Case No. 19-76267 (AST)
Case No. 19-76268 (AST)
Case No. 19-76269 (AST)
Case No. 19-76270 (AST)
Case No. 19-76271 (AST)
Case No. 19-76272 (AST)

(Jointly Administered)

                                Debtors.
------------------------------------------------------------------------x

## APPLICATION APPROVING EMPLOYMENT OF SILVERMANACAMPORA LLP AS ATTORNEYS FOR THE PATIENT CARE OMBUDSMAN

Joseph J. Tomaino, the court appointed Patient Care Ombudsman (the "**PCO**") of the jointly administered estates of Absolut Facilities Management, LLC, *et al.*[1] (the "**Debtors**"), by this application (the "**Application**"), seeks the entry of an order of this Court approving the employment of SilvermanAcampora LLP ("**SilvermanAcampora**") as attorneys for the PCO, and respectfully represents and alleges:

1. On September 10, 2019, the Debtors filed voluntary petitions (the "**Petitions**") in accordance with chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in this Court.

2. By Order of this Court dated September 20, 2019, the remaining Debtors' cases were procedurally consolidated and jointly administered with the Absolut Facilities Management,

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Absolut Facilities Management, LLC (1412); Absolut Center for Nursing and Rehabilitation at Allegany, LLC (7875); Absolut Center for Nursing and Rehabilitation at Aurora Park, LLC (8266); Absolut Center for Nursing and Rehabilitation at Gasport, LLC (8080); Absolut at Orchard Brooke, LLC (1641); Absolut Center for Nursing and Rehabilitation at Orchard Park, LLC (8300); Absolut Center for Nursing and Rehabilitation at Three Rivers, LLC (8133); and Absolut Center for Nursing and Rehabilitation at Westfield, LLC (7924).

LMM/2339677.1/067983

LLC d/b/a Absolut Care LLC ("**AFS**") Debtor; and AFS was determined to be the Lead Case where all matters affecting these Debtors' cases should be consulted, and all pleadings shall be docketed going forward.

3. By Order of this Court dated October 3, 2019, the Office of the United States Trustee was directed to appoint a patient care ombudsman in accordance with Bankruptcy Code Section 333 (ECF Doc. No. 116).

4. On October 4, 2019, Joseph J. Tomaino was appointed as the PCO in these Debtors' cases, and is serving in that capacity (ECF Doc. No. 122).

5. The PCO has determined that he requires the assistance of SilvermanAcampora to assist in all legal matters relating to, among other things, to (i) provide the PCO with legal advice with respect to his duties, obligations, and powers as PCO during the continuance of the Debtors' cases; and (ii) represent the PCO as an interested party in connection with any proceedings in these cases which effect the rights of the PCO and the patients residing in the Debtors' facilities (collectively, the "**Services**").

6. Further, the PCO has determined that it is necessary to employ counsel on his behalf in this case in order to assist him in these cases. The PCO requires counsel in order to, among other things, prepare the necessary motions, applications and orders, and other legal documents that may be required under the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") in furtherance of his appointment.

7. Accordingly, the PCO requests that SilvermanAcampora be employed as his attorneys effective as of October 4, 2019. The PCO believes that SilvermanAcampora is well qualified to act as his attorneys and to represent him as the PCO in this case.

8. In addition to the Services, SilvermanAcampora may render other professional services, including, but not limited to:

    (a) prepare on behalf of the PCO, all necessary applications, motions, answers, orders, and other legal documents required by the Bankruptcy Code and the Bankruptcy Rules; and

      (b)    perform all other legal services for the PCO, which may be necessary in connection with the PCO's duties in these Debtors' cases.

9.    To the best of the PCO's knowledge, SilvermanAcampora has no connection with the Debtors' creditors or any other party in interest or their respective attorneys, except as set forth in the attached affidavit of Ronald J. Friedman, Esq. (the "**Affidavit**"), a member of SilvermanAcampora. Additionally, SilvermanAcampora represents no interest adverse to the Debtors or their estates, or any other interested person in the matters with respect to which SilvermanAcampora is being employed by the PCO, except as set forth in the Affidavit.

10.    Furthermore, SilvermanAcampora is a "disinterested person" as that term is defined in §101(14) of the Code and that said firm:

    (a)    is not a creditor, equity security holder, or insider;

    (b)    is not and was not, within two (2) years before the date of the filing of the petition, a director, officer, or employee of the Debtors; and

    (c)    does not have an interest materially adverse to the interest of these estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason.

11.    Based on the foregoing, the PCO submits that the retention of SilvermanAcampora, as of October 4, 2019, is not only necessary but also in the best interest of these estates.

12.    No prior application for relief sought herein has been previously made to this or any other court.

*REMAINDER OF PAGE INTENTIONALLY LEFT BLANK*

**WHEREFORE**, the PCO respectfully requests for the entry of the annexed order authorizing the employment of SilvermanAcampora LLP, effective as of October 4, 2019, and, that this Court grant such other and further relief as may be deemed just and proper.

Dated: Jericho, New York
October 9, 2019

Joseph J. Tomaino,
Patient Care Ombudsman for the jointly administered estates of Absolut Facilities Management, LLC, *et al.*

*s/Joseph J. Tomaino*
Joseph J. Tomaino