**SILVERMANACAMPORA LLP**
Proposed Attorneys for Joseph J. Tomaino
 Patient Care Ombudsman
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300
Ronald J. Friedman

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
In re:                                                    Chapter 11

                                                          Case No. 19-76260 (AST)
ABSOLUT FACILITIES MANAGEMENT, LLC, *et al.*              Case No. 19-76263 (AST)
                                                          Case No. 19-76267 (AST)
                                                          Case No. 19-76268 (AST)
                                                          Case No. 19-76269 (AST)
                                                          Case No. 19-76270 (AST)
                                                          Case No. 19-76271 (AST)
                                                          Case No. 19-76272 (AST)

                                                          (Jointly Administered)

                                      Debtors.
-----------------------------------------------------------------------x

**AFFIDAVIT IN SUPPORT OF APPLICATION APPROVING RETENTION OF
SILVERMANACAMPORA LLP, AS ATTORNEYS FOR THE PATIENT CARE OMBUDSMAN**

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF NASSAU         )

Ronald J. Friedman, Esq., being duly sworn, deposes and says:

1.    I am a member of the firm of SilvermanAcampora LLP ("**SilvermanAcampora**") of 100 Jericho Quadrangle, Suite 300, Jericho, New York 11753. I have been duly admitted to practice law before this Court.

2.    I submit this affidavit (the "**Affidavit**") in support of the application of Joseph J. Tomaino, the Patient Care Ombudsman (the "**PCO**") of the jointly administered estates of Absolut Facilities Management, LLC, *et al.*[1] (the "**Debtors**") for an order authorizing the

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Absolut Facilities Management, LLC (1412); Absolut Center for Nursing and Rehabilitation at Allegany, LLC (7875); Absolut Center for Nursing and Rehabilitation at Aurora Park, LLC (8266); Absolut Center for Nursing and Rehabilitation at Gasport, LLC (8080); Absolut at Orchard Brooke, LLC (1641); Absolut Center for Nursing and Rehabilitation at Orchard Park, LLC (8300); Absolut Center for Nursing and Rehabilitation at Three Rivers, LLC (8133); and Absolut Center for Nursing and Rehabilitation at Westfield, LLC (7924).

retention of SilvermanAcampora as attorneys for the PCO pursuant to §327(a) title 11 United States Code (the "**Bankruptcy Code**"), and to provide the disclosures required under Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

**SilvermanAcampora's Qualifications**

3.  SilvermanAcampora has developed vast experience in representing trustees, debtors, committees, examiners, and other parties in this Court and in Bankruptcy Courts in other jurisdictions. SilvermanAcampora's experience and expertise includes bankruptcy, reorganizations and liquidations, and also includes commercial litigation, real estate and corporate law. Accordingly, SilvermanAcampora is well qualified to represent the PCO in this case.

**Disinterestedness**

4.  In preparing this Affidavit, attorneys and employees of SilvermanAcampora compared creditor and interested party information obtained from the PCO and the Debtors' petitions to SilvermanAcampora's database of present and former clients and adverse parties. In the event SilvermanAcampora receives additional information regarding additional creditors and interested parties, I will update the disclosures contained herein in a supplemental affidavit to the extent necessary.

5.  The database maintained by SilvermanAcampora includes every matter in which the firm is now or has been engaged over at least the past five years, and in each instance, the identity of related parties and adverse parties. It is the policy of SilvermanAcampora that no new matter may be accepted or opened within the firm without completing and submitting to those charged with maintaining the database the information necessary to check each new matter for conflicts, including the identity of the prospective client, the matter, and related and adverse parties.

6.  Insofar as I have been able to ascertain, neither SilvermanAcampora nor its partners, counsel or associates have any connection with the Debtors, their creditors or any

other party in interest in the Debtors' cases, their respective attorneys and advisors, the United States Trustee, or any person employed in the Office of the United States Trustee (the "**U.S. Trustee**").

7. SilvermanAcampora has not received a retainer from the PCO which would be applied to its fees and expenses incurred in this case. SilvermanAcampora understands that it will receive compensation and reimbursement of expenses in this case only after filing applications, upon appropriate notice, in accordance with Bankruptcy Code §§330 and 331.

8. Neither SilvermanAcampora, nor its partners, counsel or associates, have received or been promised compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code and Bankruptcy Rules.

9. Neither SilvermanAcampora, nor its partners, counsel or associates, have agreed to share with any entity any compensation received by SilvermanAcampora in these cases other than in accordance with the provisions of the Bankruptcy Code and the Bankruptcy Rules.

10. SilvermanAcampora does not represent, and will not represent, any creditors or any other party in interest in any matter adverse to the Debtors' estates.

11. Neither SilvermanAcampora nor I represent or hold any interest adverse to the Debtors' estates in the matters upon which SilvermanAcampora is to be engaged.

12. SilvermanAcampora is a "disinterested person" as that term is defined in Bankruptcy Code §101(14), in that SilvermanAcampora:

   a. is not a creditor, an equity security holder or insider of the Debtors;
   b. is not and was not, within two (2) years before the date of the filing of the petitions, a director, officer, or employee of the Debtors; and
   c. does not have an interest materially adverse to the interest of the Debtors' estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for

any other reason.

13. The PCO has been advised, subject to periodic adjustment, that the hourly rate for various attorneys and paraprofessionals who will be rendering services on behalf of the Trustee ranges from One Hundred Fifty and 00/100 ($150.00) Dollars to Six Hundred Ninety-Five and 00/100 ($695.00) Dollars per hour.

14. If SilvermanAcampora raises its hourly rates during the pendency of this case, SilvermanAcampora will inform, in writing, the U.S. Trustee and the Court of the new rates.

15. SilvermanAcampora customarily bills clients for expenses related to the rendition of services, including without limitation, photocopies, faxes, overnight delivery services, courier services, research services and transportation expenses.

                                                *s/Ronald J. Friedman*
                                                  Ronald J. Friedman

Sworn to before me this
8th day of October, 2019

*s/Lynne M. Manzolillo*
Notary Public

Lynne M. Manzolillo
Notary Public, State of New York
No. 01MA6204014
Qualified in Suffolk County
Commission Expires April 13, 2021