

**SCHUYLER G. CARROLL**
Partner

345 Park Avenue
New York, NY 10154

**Direct**   212.407.4820
**Main**    212.407.4000
**Fax**     212.202.5431
scarroll@loeb.com

Via ECF

October 28, 2019

Hon. Alan S. Trust
U.S. Bankruptcy Judge
U.S. Bankruptcy Court
Eastern District of New York
Alfonse M. D'Amato Federal Courthouse
290 Federal Plaza,
Central Islip, New York 11722

Re:   *In re: Absolut Facilities Management, LLC, et al.*, No. 19-76260 (AST)
      (Jointly Administered)

Dear Judge Trust:

We represent Absolut Facilities Management, LLC and its debtor affiliates, as debtors and debtors-in-possession in the above-referenced chapter 11 cases.  We write pursuant to your instructions in response to the letter filed by the landlords (the "**Landlords**").

The Debtors and the Landlords are continuing their discussions and the Debtors remain hopeful that the parties will shortly be in a position to move forward with the agreement previously reached and memorialized on the record at the October 3 hearing. In the interim, however, it is important for the Debtors to correct the record. In this regard, the Landlords allege that delays have occurred as a result of the "unexpected closure of the Orchard Park Facility… and surrender of CMS Form 855A" This simply is not true. First, the parties were well aware that residents were moving from Orchard Park, and that most residents had already moved from Orchard Park, at the time they met and reached an agreement. The parties discussed that the Debtors could not stop residents from moving, as they are entitled to live wherever they desired.  While the parties had hoped to avoid the need to surrender the operating certificate, the DOH governs this process and ultimately required submission. Similarly, while the Form 855A was temporarily submitted, it has been returned to the Debtors and it was never processed. Neither of these allegations created any reason for delay. To the contrary, it is the Landlords' propensity to add new terms to the October 2 settlement at every turn of the Term Sheet the Debtors have been negotiating in good faith that has resulted in substantial delay.

The Debtors have been working diligently to finalize the Term Sheet in lieu of proceeding with costly and burdensome discovery pursuant to the parties' agreement since reaching an accord. Now, however, the Landlords seek to take duplicative and additional discovery, apparently for the sole purpose of harassing the Debtors to accept their unreasonable terms. In this regard, although the Landlords already deposed the Debtors' Chief Restructuring Officer, Mr. Wyse and the

Los Angeles    New York    Chicago    Nashville    Washington, DC    San Francisco    Beijing    Hong Kong    www.loeb.com

For the United States offices, a limited liability partnership including professional corporations. For Hong Kong office, a limited liability partnership.

18316354



October 28, 2019
Page 2

Debtors' independent advisor, Mr. Lenhart, less than one month ago, the Landlords now seek to depose them again. The Landlords, however, have provided no basis as to why they should be permitted to depose these witnesses for the second time. And while Debtors have also produced numerous, relevant documents to the Landlords and provided direct access to the Debtors financial information, we see no reason why the Debtors should have to bear the expense of producing the thousands of pages of documents that Landlords' seek in their two sets of document requests.

The Debtors believe it is a better use of the parties' time and efforts – and more importantly, this Court's time – to continue to work towards a final settlement, rather than restart litigation. The Debtors further submit that, particularly since this Court set November 4 as a hearing only the status of the Motions to Appoint a Trustee and an initial hearing on the Debtors' closure motion, there is no reason to have a telephonic status conference in advance of next week's status conference. And there is certainly no reason to restart discovery in advance of that status conference. Accordingly, the Debtors respectfully request that the Court deny the Landlords' request and maintain the already scheduled status conference on November 4.

If the Court deems it appropriate to conduct a telephonic status conference on October 29, 2019, the Debtors ask that it be scheduled between 10 am and 2 pm or after 4pm, so that the attorneys involved can participate.

We thank the Court for its attention to this matter.

Respectfully submitted,

*[signature]*

Schuyler G. Carroll
Partner

18316354