UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
In re:                                                                                  Chapter 11

                                                                                        Case No. 19-76260 (AST)
ABSOLUT FACILITIES MANAGEMENT, LLC, *et al.*                 Case No. 19-76263 (AST)
                                                                                        Case No. 19-76267 (AST)
                                                                                        Case No. 19-76268 (AST)
                                                                                        Case No. 19-76269 (AST)
                                                                                        Case No. 19-76270 (AST)
                                                                                        Case No. 19-76271 (AST)
                                                                                        Case No. 19-76272 (AST)

                                                                                        (Jointly Administered)
                                              Debtors.
------------------------------------------------------------------x

**ORDER APPROVING EMPLOYMENT OF SILVERMANACAMPORA LLP AS ATTORNEYS FOR THE PATIENT CARE OMBUDSMAN RETROACTIVE TO OCTOBER 4, 2019**

Upon consideration of the application (the "**Application**") of Joseph J. Tomaino, the Patient Care Ombudsman (the "**PCO**") of the jointly administered estates of Absolut Facilities Management, LLC, *et al.*[1] (the "**Debtors**"), seeking authority to employ SilvermanAcampora LLP ("**SilvermanAcampora**") to represent the PCO as his attorneys; and upon the affidavit of Ronald J. Friedman, Esq., a member of SilvermanAcampora which is attached to the Application; and it appearing that: (i) the employment of SilvermanAcampora is necessary and would be in the best interests of the estates; (ii) SilvermanAcampora is a "disinterested person" as that term is defined in §101(14) of the Bankruptcy Code; and (iii) SilvermanAcampora is a firm duly qualified to practice in the Courts of the State of New York and before this Court and that the firm represents no interest adverse to these Debtors' estates, and no adverse interest appearing thereto and no additional notice being required; it is hereby

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Absolut Facilities Management, LLC (1412); Absolut Center for Nursing and Rehabilitation at Allegany, LLC (7875); Absolut Center for Nursing and Rehabilitation at Aurora Park, LLC (8266); Absolut Center for Nursing and Rehabilitation at Gasport, LLC (8080); Absolut at Orchard Brooke, LLC (1641); Absolut Center for Nursing and Rehabilitation at Orchard Park, LLC (8300); Absolut Center for Nursing and Rehabilitation at Three Rivers, LLC (8133); and Absolut Center for Nursing and Rehabilitation at Westfield, LLC (7924).

**ORDERED**, that in accordance with §327(a) of the Bankruptcy Code, SilvermanAcampora be, and it hereby is, authorized and empowered to represent the PCO as his attorneys effective as of October 4, 2019, to (i) provide the PCO with legal advice with respect to his duties, obligations, and powers as PCO during the continuance of the Debtors' cases; and (ii) represent the PCO as an interested party in connection with any proceedings in these Debtors' cases which effect the rights of the PCO and the patients residing in the Debtors' facilities (the "**Services**"). In furtherance of the Services, SilvermanAcampora shall perform the following duties:

(a) to prepare on behalf of the PCO, all necessary applications, motions, answers, orders, and other legal documents required by the Bankruptcy Code and the Bankruptcy Rules; and

(b) perform all other legal services for the PCO, which may be necessary in connection with the PCO's duties in these Debtors' cases.

**ORDERED**, that **ten (10) business days' notice** must be provided by SilvermanAcampora to the Debtors and the United States Trustee prior to any increases in the rates set forth in the Application, and such notice must be filed with the Court. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in §330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to §330 of the Bankruptcy Code; and, it is further;

**ORDERED**, that all compensation and reimbursement of expenses to be paid to SilvermanAcampora shall be subject to prior application to, and award by, this Court, pursuant

to 11 U.S.C. §§ 330 and 331, of the Bankruptcy Code and Local Bankruptcy Rules, any orders of this Court, and the Guidelines promulgated by the Office of the United States Trustee.

NO OBJECTION:
October 25, 2019

_s/ Christine H. Black_____
Office of the United States Trustee

**SO ORDERED:**



**Dated: October 28, 2019**
**Central Islip, New York**

_____
**Alan S. Trust**
**United States Bankruptcy Judge**