**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re:<br><br>ABSOLUT FACILITIES MANAGEMENT, LLC, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 19-76260-ast<br>Case No. 19-76263-ast<br>Case No. 19-76267-ast<br>Case No. 19-76268-ast<br>Case No. 19-76269-ast<br>Case No. 19-76270-ast<br>Case No. 19-76271-ast<br>Case No. 19-76272-ast<br><br>(Jointly Administered) |

**ORDER AUTHORIZING THE OFFICIAL COMMITTEE**
**OF UNSECURED CREDITORS TO EMPLOY AMINI LLC**
**AS COUNSEL NUNC PRO TUNC TO OCTOBER 3, 2019**

Upon the application, dated November 1, 2019 ("Application") of the Official Committee of Unsecured Creditors ("Committee") of the above-named Debtors for an Order authorizing the Committee to employ Amini LLC as its counsel, nunc pro tunc to October 3, 2019, pursuant to Bankruptcy Code section 1103(a); and upon the Declaration of Avery Samet, dated November 1, 2019; and the Court having jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157(a) and 1334(b); and consideration of the Application being a core proceeding under 28 U.S.C. § 157(b); and the Court having found that Amini LLC does not hold or represent an interest adverse

---

[1] The Debtors are: Absolut Facilities Management, LLC; Absolut Center for Nursing and Rehabilitation at Allegany, LLC; Absolut Center for Nursing and Rehabilitation at Aurora Park, LLC; Absolut Center for Nursing and Rehabilitation at Gasport, LLC; Absolut at Orchard Brooke, LLC; Absolut Center for Nursing and Rehabilitation at Orchard Park, LLC; Absolut Center for Nursing and Rehabilitation at Three Rivers, LLC; and Absolut Center for Nursing and Rehabilitation at Westfield, LLC.

to the Committee or to the Debtors' estates; and it appearing no further notice need be provided; now, therefore, it is hereby:

**ORDERED** that the Application is granted as provided herein; and it is further

**ORDERED** that the Committee is authorized to employ Amini LLC as its counsel nunc pro tunc to October 3, 2019, pursuant to section 1103(a), and as generally described in the Application and the Declaration of Avery Samet; and it is further

**ORDERED** that Amini LLC shall be compensated for services rendered and expenses incurred on behalf of the Committee, by applying for allowance of interim and final compensation and reimbursement of expenses, in accordance with the procedures set forth in Bankruptcy Code section 330 and 331, Rule 2016, the E.D.N.Y. Local Bankruptcy Rules, and any other Order establishing procedures for the interim compensation and reimbursement of expenses of professionals employed herein; and it is further

**ORDERED** that prior to any increase in Amini LLC's hourly rates, Amini LLC shall file a supplemental affidavit and provide ten (10) business days' prior notice to the Debtors and the United States Trustee of such increase. The Debtors and the United States Trustee shall retain all right to object to any rate increase on all grounds, including the reasonableness standard provided in section 330, and the Court shall retain the right to review any rate increase under section 330; and it is further

**ORDERED** that the Court shall retain jurisdiction with respect to all matters arising from the implementation or interpretation of this Order.

No Opposition:
11/4/19

*s/Christine H. Black*
Office of the United States Trustee

**SO ORDERED:**



Dated: November 6, 2019
**Central Islip, New York**

_____
**Alan S. Trust**
**United States Bankruptcy Judge**

3