# **EXHIBIT 3**

**Proposed DIP Terms**

Case 8-19-76260-ast    Doc 452-3    Filed 02/18/20    Entered 02/18/20 19:41:23

# Jeffrey Chubak

| | |
|---|---|
| **From:** | Schuyler G. Carroll <scarroll@loeb.com> |
| **Sent:** | Wednesday, December 4, 2019 2:12 PM |
| **To:** | Angelich, George; 'Toof, Jackson'; Blass, Michael; Renert, Jordana; Jeffrey Chubak; Christine H. Black - Office of the United States Trustee (christine.h.black@usdoj.gov); Avery Samet; Jonathan Bodner; Harry Gutfleish; Freismuth, Megan (USANYE); Daniel B. Besikof; Tinkham, Paige B.; Kenneth M. Lewis (klewis@wtplaw.com); Zucker, Evan; Mayo, David; Peter Beardsley; Ottaviano, Kenneth J.; mwyse@wyseadvisorsllc.com; Bill Lenhart |
| **Subject:** | TCA DIP Term Sheet |
| **Attachments:** | CS.ABS01.OR.CM.2019.09.24.V.6.0 Absolut DIP Term Sheet4.docx |

Attached is a Term Sheet to provide DIP financing from TCA Special Situations Credit Strategies ICAV. This would provide funding to pay off CapFi in full and provide the Debtors with additional liquidity. The DIP from ABS Funding would remain in place, but TCA would be first priority – i.e. essentially taking the same priority as CapFi.

The Debtors have approved this financing and believe it is appropriate and in the best interests of creditors and the estate to move forward promptly to obtain court approval, but before doing so wanted to reach out to see if you have any overall concerns.

We understand that you may have many issues with particular provisions of this term sheet and are not asking you to provide us a detailed response, but please let us know as soon as possible if you have any general objection to the Debtors moving forward with this financing, subject to a full reservation of rights by all parties to object.

Thank you.

**Schuyler G. Carroll**
*Partner*



345 Park Avenue | New York, NY 10154
**Direct Dial:** 212.407.4820 | **Fax:** 212.202.5431 | **E-mail:** scarroll@loeb.com
Los Angeles | New York | Chicago | Nashville | Washington, DC | San Francisco | Beijing | Hong Kong | www.loeb.com

**Schuyler G. Carroll**
*Partner*



**1909-2019 | CELEBRATING OUR 110TH ANNIVERSARY**

345 Park Avenue | New York, NY 10154
**Direct Dial:** 212.407.4820 | **Fax:** 212.202.5431 | **E-mail:** scarroll@loeb.com
Los Angeles | New York | Chicago | Nashville | Washington, DC | San Francisco | Beijing | Hong Kong | www.loeb.com

# Absolut Facilities Management, LLC

**TERM SHEET FOR PRIMING POST-PETITION
<u>DEBTOR-IN-POSSESSION FINANCING</u>**

**THIS TERM SHEET SETS FORTH THE TERMS OF A DIP FINANCING TRANSACTION AND IS SUBJECT TO SUCH OTHER TERMS AND CONDITIONS AS MAY BE AGREED TO BY THE LENDER AND THE DEBTOR AND AS APPROVED BY THE BANKRUPTCY COURT.**

| | |
|---|---|
| **Lender:** | TCA Special Situations Credit Strategies ICAV (the "**Lender**"). |
| **Borrower:** | **Absolut Facilities Management, LLC** (the "**Borrower**" or "**Debtor**"), including as a debtor-in-possession under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). |
| **Guarantors:** | Any and all subsidiaries or affiliate entities of the Borrower. |
| **Petition Date:** | September 11, 2019 which is the date the Borrower filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Case**") in the U.S. Bankruptcy Court for the Eastern District of New York under Case No.19-45422 (the "**Bankruptcy Court**"). |
| **DIP Facility:** | Lender commits to lend at least $8,000,000, subject to underwriting approvals, to Borrower under a post-petition multiple draw, non-revolving term loan facility (the "**DIP Facility**" and all loans thereunder, the "**DIP Loans**"), on the terms and conditions set forth or referred to herein. The DIP Facility will be available as follows: |

a) *First*, upon entry of an order by the Bankruptcy Court, in form and substance acceptable to the Lender in its sole and absolute discretion, approving the DIP Facility on an interim basis (such order, the "**Interim Order**"), and subject to compliance with the terms, conditions and covenants set forth in this Term Sheet and the DIP Documentation (as defined below), a portion of the DIP Facility, in an amount equal up to $5.8M or such other amount as may be approved by the Bankruptcy Court and approved by the Lender, shall be available for disbursement in a single draw to the Borrower (the "**Initial Availability**"); and

b) *Second*, upon entry of an order by the Bankruptcy Court, in form and substance acceptable to the Lender in its sole and absolute discretion, approving the DIP Facility on a final basis (such order, the "**Final Order**"), the remaining amount of the DIP Facility (after the disbursement of the Initial Availability) shall be available for disbursement to the Borrower as set forth herein (the "**Final Availability**").

| | |
|---|---|
| **Interest:** | 3-Month LIBOR, with a floor of 3%, plus Thirteen (13%) per annum, payable every 30 days. LIBOR bench will reset every three (3) months. Reference *Addendum A* for interest payment based on the estimated daily rate. |

|                                  |                                                                                                                                                                                                                                                                                                                                      |
|----------------------------------|--------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
| **Maturity Date:**               | The maturity date of the DIP Facility will be the earlier of (i) 18 months following the entry of the Interim Order, (ii) the effective date of the Borrower's plan of reorganization, or (iii) the date of occurrence of any Event of Default (as defined below) (the "**Maturity Date**"), on which Maturity Date all DIP Obligations shall be repaid, in full and in immediate available funds. |
| **Use of Proceeds:**             | The proceeds of the Initial Availability shall be used solely to pay the outstanding balance of the Capital Financial Group Facility. The proceeds of the Final Availability shall be used solely to pay only those costs and expenses set forth in the Budget attached hereto, and any fees required to be paid under 28 U.S.C. §1930. |
| **Existing Indebtedness and Liens:** | As of the Petition Date, the _____ See attached schedule |
| **Surcharge Rights:**            | No party shall have the right to recover from the Collateral (defined below) securing the DIP Obligations (defined below) under Section 506© of the Bankruptcy Code or otherwise under applicable law. |
| **Collateral and Priority:**     | All obligations of the Debtor to the Lender under the DIP Facility or the DIP Documentation (the "**DIP Obligations**") at all times shall be: |

a) pursuant to section 364(c)(1) of the Bankruptcy Code, authorized and allowed as superpriority administrative expense claims in the Chapter 11 Case with priority in the Chapter 11 Case under sections 364(c)(1), 503(b) and 507(b) of the Bankruptcy Code and otherwise over all administrative expense claims and unsecured claims against the Debtor and its estate, now existing or hereafter arising, of any kind or nature whatsoever including, without limitation, administrative expenses of the kinds specified in, arising, or ordered pursuant to sections 105, 326, 328, 330, 331, 503(a), 503(b), 506(c), 507(a), 507(b), 546(c), 546(d), 726(b), 1113 and 1114 of the Bankruptcy Code;

b) pursuant to section 364(c)(2) of the Bankruptcy Code and solely to the extent the Collateral (as defined below) is not otherwise subject to valid, perfected and non-avoidable liens securing allowed claims existing as of the Petition Date, secured by a perfected first-priority lien on all currently-owned or hereafter acquired assets and property, including without limitation, personal property, all pre-petition claims and causes of action (including without limitation any lender liability claims or similar claims or causes of actions), and any proceeds thereof (collectively, the "**Collateral**"), provided however, that the Collateral shall not include any claims or causes of action available under Chapter 5 of the Bankruptcy Code or similar non-bankruptcy law; and

c) pursuant to section 364(c)(3) of the Bankruptcy Code, secured by a perfected lien on all Collateral, subject only to valid, perfected and non-avoidable liens, in existence as of the Petition Date.

|  |  |
|---|---|
|  | The Debtor hereby grants the above liens and security interests to the Lender to secure its prompt payment and performance of all DIP Obligations and DIP Loans. Perfection of Lender's interest in the Collateral shall be evidenced by the Interim Order and Final Order, as applicable, and no further filings or recordings shall be required to evidence this interest. |
| **Conditions to Closing:** | 1. The Initial Availability will be subject to satisfaction by the Borrower or waiver by Lender, in each case in the sole judgment of Lender, of each of the following conditions precedent (collectively, the "**Interim Availability Conditions**"): |
|  | a) All corporate and judicial proceedings in connection with the DIP Documentation and the transactions contemplated thereby are reasonably satisfactory to Lender; and |
|  | b) Entry of the Interim Order within 15 days of the filing of the Motion to approve the DIP Loan. |
|  | 2. The Final Availability will be subject to satisfaction by the Borrower or waiver by Lender, in each case in the sole judgment of Lender, of each of the following conditions precedent (collectively, the "**Final Availability Conditions**"): |
|  | a) Entry of the Final Order within 20 days of the Interim Order; and |
|  | b) No Event of Default shall have occurred under the DIP Facility or DIP Documentation. |
| **Repayment:** | All accrued DIP Obligations and DIP Loans shall: (i) be repaid by the Borrower on the Maturity Date, or (ii) at the Lender's option, the Lender shall have the absolute right to have the DIP Obligations and DIP Loans be converted to equity in the reorganized Debtor on the effective date of any plan confirmed by the Bankruptcy Court (the "**Effective Date**") in the amount of amount of mutually agreement upon, unless an Event of Default occurs in which case the Lender may act in accordance with the provisions below. Refernce Addendum A for a detailed amortization schedule. |
| **Lender's Fees and Expenses:** | The Lender shall be entitled to the reimbursement of its reasonable out-of-pocket expenses, including, due diligence fees, attorney's fees, reporting and analysis fees, incurred by Lender in connection with the DIP Loans, including drafting of the DIP Documentation, which expenses will constitute DIP Obligations, but will not reduce the amount that Lender has committed to lend under the DIP Facility section above. Upon the closing date, the Borrower shall remit to Lender a payment for all such actual reasonable out-of-pocket expenses, including, due diligence fees, attorney's fees, reporting and analysis fees, incurred by Lender in connection with the DIP Loans, including drafting of the DIP Documentation, up through the closing date. Reference *Addendum B* for an anticipated budget for Lender's Fees and Expenses. |

| | |
|---|---|
| **Documentation:** | Unless otherwise required by the Bankruptcy Court, this Term Sheet, the Interim Order and Final Order shall constitute the credit documents providing for the DIP Facility (the "**DIP Documentation**"). |
| **Events of Default:** | The following shall each be an event of default (each, an "**Event of Default**"): unless waived by Lender in its sole discretion: (i) the violation of or failure by the Debtor to perform, in any respect, any of the terms, provisions, conditions, covenants, or obligations under the Interim Order or the Final Order (including the Budget); (ii) a trustee or examiner is appointed in the Chapter 11 Case; (iii) the Chapter 11 Case is dismissed or converted to chapter 7, (iv) the Final Order in form and content acceptable to Lender is not entered on or before 20 days after the date of the Interim Order; (v) the Bankruptcy Court enters an order granting relief from or modifying the automatic stay under Section 362 of the Bankruptcy Code, including to permit foreclosure on any of the Collateral; (vi) the obtaining of credit or the incurring of indebtedness that is secured by a security interest, mortgage or other lien on all or any portion of the Collateral which is equal or senior to any security interest, mortgage or other lien of the Lender, or entitled to priority administrative status which is equal or senior to that granted to the Lender herein; (vii) the entry of an order by the Bankruptcy Court vacating, amending, supplementing or otherwise modifying the Interim Order or the Final Order without the written consent of the Lender; (viii) the termination of the Debtor's exclusivity under Section 1121 of the Bankruptcy Code; or (ix) the Debtor files a plan of reorganization with the Bankruptcy Court that is inconsistent with this Term Sheet or the DIP Documentation, (x) a change of control. |
| **Governing Law and Jurisdiction:** | The Borrower will submit to the exclusive jurisdiction and venue of the Bankruptcy Court, and shall waive any right to trial by jury. The laws of the State of Florida shall govern the DIP Documentation. |
| **Board Observation Rights:** | The Borrower will provide unlimited access to the management / advisory team or "acting" leadership individual/group for "board observation". The Lender will appoint one individual as their representative in this role. |

**Inconsistencies:** To the extent that any provision in this Term Sheet is inconsistent with any of the terms or provisions set forth in the Interim Order or Final Order, the terms and provisions of the Interim Order or Final Order, as applicable, shall govern and control. Agreed to and Accepted on _____, 2019 by:

**Absolut Facilities Management, LLC**

By:_____
Name:_____
Its:_____

**TCA Special Situations Credit Strategies ICAV**

By:_____
Name:_____
Its:_____

## Addendum A:

Proposed Amortization Schedule:

| Month | Beginning Principal Balance | Interest Payment | Principal Repayment | Monthly Total Payment |
|---|---|---|---|---|
| 0 | 8,000,000.00 | - | - | |
| 1 | 8,000,000.00 | 105,205.48 | - | 105,205.48 |
| 2 | 8,000,000.00 | 108,712.33 | - | 108,712.33 |
| 3 | 8,000,000.00 | 108,712.33 | - | 108,712.33 |
| 4 | 8,000,000.00 | 101,698.63 | - | 101,698.63 |
| 5 | 8,000,000.00 | 105,205.48 | - | 105,205.48 |
| 6 | 8,000,000.00 | 108,712.33 | - | 108,712.33 |
| 7 | 8,000,000.00 | 108,712.33 | - | 108,712.33 |
| 8 | 8,000,000.00 | 105,205.48 | - | 105,205.48 |
| 9 | 8,000,000.00 | 108,712.33 | - | 108,712.33 |
| 10 | 8,000,000.00 | 108,712.33 | - | 108,712.33 |
| 11 | 8,000,000.00 | 105,205.48 | - | 105,205.48 |
| 12 | 8,000,000.00 | 108,712.33 | - | 108,712.33 |
| 13 | 8,000,000.00 | 105,205.48 | - | 105,205.48 |
| 14 | 8,000,000.00 | 108,712.33 | - | 108,712.33 |
| 15 | 8,000,000.00 | 108,712.33 | - | 108,712.33 |
| 16 | 8,000,000.00 | 98,191.78 | - | 98,191.78 |
| 17 | 8,000,000.00 | 108,712.33 | - | 108,712.33 |
| 18 | 8,000,000.00 | 105,205.48 | 8,000,000.00 | 8,105,205.48 |

## Addendum B:

| Lender's Fees and Expenses | |
|---|---|
| Due Diligence Fee | $ 20,000 |
| Business Analysis & Negotiation | 25,000 |
| Weekly Monitoring (74 weeks) | 37,000 |
| 4- Field Audits/site visits | 10,000 |
| Qaulity of Earnings Report (estimated) | 50,000 |
| Projected* | $ 142,000 |
| *Additional legal fees charged as incurred | |