**Hearing Date: May 20, 2020 at 12:00 p.m. (EDT)**
**Objection Deadline: May 13, 2020**

Craig T. Mierzwa, Esq.
SIMON PLC ATTORNEYS & COUNSELORS
747 Third Avenue, 2nd Floor
New York, New York 10017
212 519 7412
Attorneys for Dwayne H. Benner and Stephen J. Schunk

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X

IN RE:

**ABSOLUT FACILITIES**
**MANAGEMENT, LLC, ET AL.,**

                   Debtors[1].

-------------------------------------------------------------------X

**Chapter 11**

**Case Nos.    19-76260-ast**
                   19-76263-ast
                   19-76267-ast
                   19-76268-ast
                   19-76269-ast
                   19-76270-ast
                   19-76271-ast
                   19-76272-ast

**NOTICE OF HEARING AND MOTION FOR RELIEF FROM THE AUTOMATIC**
**STAY PURSUANT TO BANKRUPTCY RULE 4001 AND 11 U.S.C. §362(d)**
**PURSUANT TO 11 U.S.C. §361**

        **PLEASE TAKE NOTICE** that upon the annexed motion, Dwayne H. Benner and Stephen

J. Schunk ("Movants"), by and through its attorneys Simon PLC Attorneys & Counselors, will

move this Court at the United States Bankruptcy Court, U.S. Courthouse, Conrad B. Duberstein

U.S. Courthouse, 271-C Cadman Plaza East, Courtroom 2554, Brooklyn 11201, on May 20, 2020,

at 12:00 p.m., or as soon thereafter as counsel may be heard, for an Order:

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Absolut Facilities Management, LLC (1412); Absolut Center for Nursing and Rehabilitation at Allegany, LLC (7875); Absolut Center for Nursing and Rehabilitation at Aurora Park, LLC (8266); Absolut Center for Nursing and Rehabilitation at Gasport, LLC (8080); Absolut at Orchard Brooke, LLC (1641); Absolut Center for Nursing and Rehabilitation at Orchard Park, LLC (8300); Absolut Center for Nursing and Rehabilitation at Three Rivers, LLC (8133); and Absolut Center for Nursing and Rehabilitation at Westfield, LLC (7924).

1.      Pursuant to 11 U.S.C. § 362 and Bankruptcy Rule 4001, granting Movants relief from the automatic stay to pursue a third party claim against the three (3) of the jointly administered Debtors, in particular, **Absolut At Orchard Park, LLC, Absolut Center For Nursing & Rehabilitation At Orchard Park, LLC, Absolut Facilities Management, LLC** in a civil action currently pending in the Supreme Court of the State of New York, County of Erie, styled Elizabeth M. Ambrose, Individually and as Administratrix for the Estate of Mary Jane Baco, Plaintiff, v. Odell C. Tillman, Jr., Buffalo Transportation, Inc., Stephen J. Schunk, Dwayne H. Benner, Absolut At Orchard Park, LLC, Absolut Center For Nursing & Rehabilitation At Orchard Park, LLC, Absolut Facilities Management, LLC, and Israel Sherman, Defendants, Index No.: 815242/2017.

2.      Granting Movants such other relief as is just and proper.

PLEASE TAKE FURTHER NOTICE that any responsive papers should be filed with the Court, no later than seven (7) days prior to the return date set forth above.

PLEASE TAKE FURTHER NOTICE that responses or objections to the Motion, if any, must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Eastern District of New York, and shall be (a) filed with the Bankruptcy Court electronically in accordance with General Order 599 (which can be found at www.nyeb.uscourts.gov), and (b) served on (i) Simon PLC Attorneys & Counselors, counsel to Dwayne H. Benner and Stephen J. Schunk, (Attn: Craig T. Mierzwa, Esq., 747 Third Avenue, 2nd Floor, New York, NY 10017); (ii) Office of the U.S. Trustee, Eastern District of New York, Central Islip Office, Alfonse M D'Amato U.S. Courthouse, 560 Federal Plaza, Central Islip, NY 11722; and (iii) the Bankruptcy Judge (a hard copy clearly marked "Chambers Copy" must be delivered to the Bankruptcy Court to the attention of Chambers of the Honorable Alan S. Trust, United States

Bankruptcy Judge, so as to be so filed and received no later than January 22, 2020 (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that if no responses or objections are timely filed and served, the Court may grant the relief requested in the Motion without a hearing.

**PLEASE TAKE FURTHER NOTICE that due to COVID-19 all hearings before Honorable Alan S. Trust will be conducted telephonically until further notice.  All parties, including attorneys, clients, and pro se parties, may appear telephonically in accordance with the instructions below.  Parties do not need to contact the Courtroom Deputy to request prior authorization to appear telephonically.**

**All parties must email the Courtroom Deputy at: ast_hearings@nyeb.uscourts.gov at least 24 hours in advance of the scheduled hearing to identify the parties that will appear. All attorneys must also identify the party the attorney represents. Please note that you should call in for the time in which your hearing is scheduled. Additionally, depending on where your case is on the calendar, you may have to wait a little while, so please put your phone on mute until your case is called.**

Dated: April 24, 2020

                               SIMON PLC ATTORNEYS & COUNSELORS

                               /s/ Craig T. Mierzwa
                               Craig T. Mierzwa
                               Attorneys for Stephen J. Schunk and
                               Dwayne H. Benner
                               747 Third Avenue, 2nd Floor
                               New York, New York 10017
                               212 519 7412
                               Email: cmierzwa@simonattys.com

Craig T. Mierzwa, Esq.
SIMON PLC ATTORNEYS & COUNSELORS
747 Third Avenue, 2nd Floor
New York, New York 10017
212 519 7412
Attorneys for Dwayne H. Benner and Stephen J. Schunk

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X

IN RE:

**ABSOLUT FACILITIES**
**MANAGEMENT, LLC, ET AL.,**

                    **Debtors[1].**

----------------------------------------------------------------X

**Chapter 11**

**Case Nos.**      **19-76260-ast**
                       **19-76263-ast**
                       **19-76267-ast**
                       **19-76268-ast**
                       **19-76269-ast**
                       **19-76270-ast**
                       **19-76271-ast**
                       **19-76272-ast**
               (Jointly Administered)

**MOTION OF DWAYNE H. BENNER AND STEPHEN J. SCHUNK**
**FOR RELIEF FROM THE AUTOMATIC STAY UNDER**
**SECTION 362 OF THE BANKRUPTCY CODE AND**
**WAIVER OF FOURTEEN DAY STAY IMPOSED BY RULE 4001 (a)(3)**

Dwayne H. Benner and Stephen J. Schunk (collectively "**Movants**"), by and through their undersigned counsel, respectfully moves this Court (the "**Motion**"), pursuant to section 362 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "**Bankruptcy Code**"), Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 4001-1 of the Local Rules of Practice and Procedure of the United States Bankruptcy Court for the Eastern

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Absolut Facilities Management, LLC (1412); Absolut Center for Nursing and Rehabilitation at Allegany, LLC (7875); Absolut Center for Nursing and Rehabilitation at Aurora Park, LLC (8266); Absolut Center for Nursing and Rehabilitation at Gasport, LLC (8080); Absolut at Orchard Brooke, LLC (1641); Absolut Center for Nursing and Rehabilitation at Orchard Park, LLC (8300); Absolut Center for Nursing and Rehabilitation at Three Rivers, LLC (8133); and Absolut Center for Nursing and Rehabilitation at Westfield, LLC (7924).

District of New York (the "**Local Rules**") for relief from the automatic stay to pursue a third party

claim against the three (3) of the jointly administered Debtors, in particular, **Absolut At Orchard**

**Park, LLC, Absolut Center For Nursing & Rehabilitation At Orchard Park, LLC, Absolut**

**Facilities Management, LLC** in a civil action currently pending in the Supreme Court of the State

of New York, County of Erie, styled Elizabeth M. Ambrose, Individually and as Administratrix

for the Estate of Mary Jane Baco, Plaintiff, v. Odell C. Tillman, Jr., Buffalo Transportation, Inc.,

Stephen J. Schunk, Dwayne H. Benner, Absolut At Orchard Park, LLC, Absolut Center For

Nursing & Rehabilitation At Orchard Park, LLC, Absolut Facilities Management, LLC, and Israel

Sherman, Defendants, Index No.: 815242/2017 (the "**Civil Action**") to settlement or final

judgment and to satisfy such settlement or final judgment from insurance proceeds. In support of

this Motion, Movants respectfully represents as follows:

## JURISDICTION

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and

1334. This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this

Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The bases for the relief requested herein are section 362 of the Bankruptcy Code,

Bankruptcy Rule 4001 and Local Rule 4001-1.

## BACKGROUND

**A.      THE BANKRUPTCY CASE.**

3.      The Debtors is an individual who filed this Chapter 11 case on or about

September 10, 2019 (the "**Petition Date**").

**B.      THE CIVIL ACTION.**

4.      On or around October 26, 2017, Ms. Ambrose commenced the Civil Action against

Movants and others including three of the debtors in this jointly administered case. Ms. Ambrose

seeks damages from Movants for personal injuries that led to the death of her daughter Mary Jane Baco that she alleged her daughter sustained as a result of an alleged motor vehicle accident that occurred on March 6, 2017.

5.    A brief statement of the underlying facts in the Civil Action is as follows:

a.  A medical transportation van operated by defendant Odell Tillman and owned by defendant Buffalo Transportation, Inc., collided with the tractor-trailer owned by movant Dwayne Benner and operated by movant Stephen J. Schunk.

b.  There is conflicting testimony as to how the subject accident occurred which will not be recounted here however, this conflicting testimony would prevent any of the defendants in the motor vehicle accident from succeeding on a motion for summary judgment in the Civil Action.

c.  At the time of the subject accident, decedent Mary Jane Baco was riding as a passenger in defendant Buffalo Transportation, Inc.'s medical transportation van and was thrown from her seat, sustaining a fractured right hip.  Mary Jane Baco's right hip fracture was treated conservatively and she was sent home where she failed to improve.

d.  Mary Jane Baco was admitted to debtor Absolut at Orchard Park, LLC on March 30, 2017 and was found unresponsive in her room ten days later on April 9, 2017 from an overdose of a mixture of Baclofen and Fentanyl.

e.  Mary Jane Baco passed away on April 12, 2017 without ever regaining consciousness.

f.  Significantly, Mary Jane Baco had a decades-long history of debilitating health problems that were completely unrelated to the March 6, 2017 motor vehicle accident including a prior kidney transplant that was progressing toward end-stage chronic kidney disease, a urostomy, right hip issues including several prior right hip surgeries, and a below-the-knee amputation of her left leg.

g.  Mary Jane Baco started treating with pain a management specialist in 2008 who initially prescribed Duragesic patches and Hydrocodone to treat the pain.  Over the years, Mary Jane Baco was prescribed pain medication in the form of Duragesic patches, Hydrocodone, Methadone, Nerontin, Dilaudid, slow-release Morphine, Roxicodone, Oxycodone, and Fentanyl patches.

h.  At the time of the March 6, 2017 motor vehicle accident, Mary Jane Baco was using Fentanyl patches and Oxycodone on a daily basis.

        i.     The plaintiff is Mary Jane Baco's 84year-old mother. Mary Jane Baco was 63 years old when she passed away on April 12, 2017.

6.      On or about March 28, 2018 the Debtors filed an answers to Plaintiff's amended Complaint.

7.      On or about May 14, 2018, Movants filed an Answer to Amended Complaint with Cross Claim against Debtors **Absolut At Orchard Park, LLC, Absolut Center For Nursing & Rehabilitation At Orchard Park, LLC and Absolut Facilities Management, LLC** alleging that these particular Debtors' negligence, carelessness, fault, statutory violations, or other culpable conduct are the primary reason for the death of Mary Jane Baco.

8.      The Movants' Cross Claim requests a judgment finding these particular Debtors responsible for any and all of the alleged damages suffered by Ms. Ambrose.

## **RELIEF REQUESTED**

9.      By this Motion, Movants request entry of an order granting relief from the automatic stay to allow them to prosecute the Civil Action to settlement or final judgment and to enforce any such settlement or judgment, as against **Debtors Absolut At Orchard Park, LLC, Absolut Center For Nursing & Rehabilitation At Orchard Park, LLC, Absolut Facilities Management, LLC**, solely against these Debtors' insurance proceeds.

## **BASIS FOR RELIEF REQUESTED**

10.     Section 362(d)(1) of the Bankruptcy Code provides that:

the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay —

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest. . . .

11 U.S.C. § 362(d)(1).

11.     "Although cause is not defined ... Congress did intend that the automatic stay be lifted to allow litigation involving the debtor to continue in nonbankruptcy forums . . ." *In re United Imports, Inc.*, 203 B.R. 162, 166 (Bankr. D. Neb. 1996) (citing legislative history); *see also Robbins v. Robbins*, 964 F.2d 342, 345 (4th Cir. 1992) (citing legislative history: "it will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere").    The determination of whether cause exists to permit the movant to proceed with his state court litigation is left to the court's discretion and is to be made based on the facts of the case. *Laguna Assocs. Ltd v. Aetna Cas. & Sur. Co.*, 30 F.3d 734, 737 (6th Cir. 1994).

12.     In determining whether cause exists, most courts "balance the hardship to the creditor, if he is not allowed to proceed with his lawsuit, against potential prejudice to the debtor, debtor's estate and other creditors." *In re R.J. Groover Constr., LLC*, 411 B.R. 460, 463-64 (Bankr. N.D. Ga. 2008). In carrying out this balancing test, courts have considered numerous factors, including:

(1) Whether relief would result in a partial or complete resolution of the issues;

(2) The lack of any connection with or interference with the bankruptcy case;

(3) Whether the other proceeding involves the debtor as a fiduciary;

(4) Whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;

(5) Whether the debtor's insurer has assumed full responsibility for defending it;

(6) Whether the action primarily involves third parties;

(7) Whether litigation in another forum would prejudice the interests of other creditors;

(8) Whether the judgment claim arising from the other action is subject to equitable subordination;

(9) Whether movant's success in the other proceeding would result in a judicial lien available by the debtor;

(10) The interests of judicial economy and the expeditious and economical resolution of the litigation;

(11) Whether the parties are ready for trial in the other proceeding;

(12) The impact of the stay on the parties and the balance of harms.

*In re New York Medical Group, P.C.*, 265 B.R. 408, 413 (Bankr. S.D.N.Y. 2001); see also *Sonnax Industries Inc. v. Tri Component Production Corp.* ( *In re Sonnax Industries, Inc.*), 907 F.2d 1280, 1286 (2d Cir. 1990). In weighing these factors, courts only consider those factors that are relevant to the particular case at hand and do not assign equal weight to each factor. *In re Mazzeo*, 167 F.3d 139, 143 (2d Cir. 1999).

13.     In this case, several of the factors are relevant and all weigh heavily in favor of lifting the stay so that the Movants can proceed with their claims.

14.     Determining whether "cause" exists to permit the Movants to proceed is whether "the interests of the estate" are outweighed "by the hardships incurred by the creditor-plaintiff." *In re Indian River Estates*, 293 B.R. 429 (Bankr. N.D. Ohio 2003). Because no harm will befall the Debtors and Movants will effectively be prejudiced by delaying their claims, a lifting of the stay is appropriate.

**A. Lifting the Stay to allow the claims to proceed in State Court will completely resolve the issues between Movants and the Debtors.**

15.     First, this Honorable Court can completely resolve the issues between the Movants and these particular Debtors by lifting the automatic stay and permitting Movants to pursue their

claims in state court.  By lifting the stay and permitting Movants and these particular Debtors to

litigate the personal injury claim in New York state court to its conclusion, the relationship between

Movants and the particular Debtors will be over.

**B.   Lifting the Stay will not interfere with the Bankruptcy Estate(s)**

16.      The Debtors' estate(s) will suffer little prejudice if Movants are allowed to pursue

its claims against the Debtors.

17.      The purpose of the automatic stay is to enable the bankruptcy court:

> [t]o prevent certain creditors from gaining a preference for
> their claims against the debtor, to forestall the depletion of
> the debtor's assets due to legal costs in defending
> proceedings against it; and, in general, to avoid interference
> with the orderly liquidation of the debtor.

*See Rexene*, 141 B.R. 574 at 576 (Bankr. D. Del. 1992) (quoting *St. Croix Condominium*

*Owners v. St. Croix Hotel*, 682 F.2d 446, 448 (3d Cir. 1982)).  In this case, the Debtors will not be

harmed because if Movants are successful in obtaining a judgment against, or settlement with, the

Debtors, Movants are merely seeking to collect from the Debtors' insurance and will not seek to

collect on any such judgment or settlement from the estate(s) assets without further order of this

Court.  Further, Movants are attempting to liquidate their claim against the Debtors in a timely and

efficient manner. Movants are seeking to liquidate claims in order to recover under applicable

insurance policies.

"Numerous courts have permitted the stay to be lifted when the movant is simply seeking to

establish the fact and amount of the debtor's liability and, as in this case, the movant has stipulated

that any recovery will be sought from the debtor's insurer or a codefendant."  *In re Peterson*, 116

B.R. 247, 250-51 (D. Cob. 1990).  "Where, as here, the plaintiffs have agreed that they will not

seek any recovery from estate assets, there is no basis for continuing the automatic stay"; *In re*

*Grace Indus, Inc.*, 341 B.R. 399, 405 (Bankr. E.D.N.Y. 2006); *see also In re Todd Shipyards Corp.*, 92 B.R. 600 (Bankr. D. N.J. 1988) ("Since the movants only seek to litigate their claims to the point of judgment and do not seek relief from the stay in order to attach the property of the debtor, such relief does not interfere with the bankruptcy proceedings").

**C.  The New York State Court is the appropriate forum and promotes judicial efficiency.**

18.      Because the Civil Action was commenced in the Supreme Court of the State of New York, and involves questions of New York law, Movants' claims against the Debtors should be liquidated in the appropriate court.  Further, as the Debtors have already answered the Amended Complaint in the Civil Action, counsel representing the Debtors in the Civil Action by way of their insurance carrier is familiar with the underlying claims.

19.      The claims, counterclaims, and cross claim in the Civil Action relate to the same facts.  It is often more, "appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere."  *See Rexene*, 141 B.R. at 576 (citing H.R. Rep. No. 95-595, 95th Cong., 1st Sess., 341 (1977)).  Such is the case here and judicial efficiency will be promoted by having all the claims resolved in one forum.

**D.  The hardship to the Movants by the maintenance of the automatic stay considerably outweighs any conceivable hardship to the Debtors by modifying the automatic stay.**

20.      "When the court is reasonably confident that the policy proceeds will be sufficient to satisfy all creditors with claims that may be paid under the policy, the court should grant relief from the stay to permit an action either against the debtor, if necessary, or directly against the insurer." 3 *Collier on Bankruptcy* § 362.07 [3][a].  To the extent there are applicable insurance

proceeds available to satisfy Movants' claim, Movants are prejudiced by the delay in recovering on the claim, when such recovery will have little or no impact on the Debtors' estate(s).

21.      In the event this Court grants the relief from stay, Movants respectfully request waiver of the fourteen (14) day stay imposed by Bankruptcy Rule 4001(a)(3).

## **CONCLUSION**

**WHEREFORE**, Dwayne H. Benner And Stephen J. Schunk respectfully request that this Court enter an order (i) granting the Motion; (ii) lifting the automatic stay to allow Movants to liquidate their claim against Debtors **Absolut At Orchard Park, LLC, Absolut Center For Nursing &  Rehabilitation At Orchard Park, LLC and Absolut Facilities Management, LLC** and to proceed against the insurance proceeds; and (iii) granting such other and further relief as the Court deems just and proper.

Dated: April 24, 2020

SIMON PLC ATTORNEYS & COUNSELORS


/s/ Craig T. Mierzwa
Craig T. Mierzwa
Attorneys for Stephen J. Schunk and
Dwayne H. Benner
747 Third Avenue, 2nd Floor
New York, New York 10017
212 519 7412
Email: cmierzwa@simonattys.com

Craig T. Mierzwa, Esq.
SIMON PLC ATTORNEYS & COUNSELORS
747 Third Avenue, 2nd Floor
New York, New York 10017
212 519 7412
Attorneys for Dwayne H. Benner and Stephen J. Schunk

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X

IN RE:

**ABSOLUT FACILITIES**
**MANAGEMENT, LLC, ET AL.,**


                                    Debtors[1].

----------------------------------------------------------------X

| | |
|---|---|
| **Chapter 11** | |
| **Case Nos.** | **19-76260-ast** |
| | **19-76263-ast** |
| | **19-76267-ast** |
| | **19-76268-ast** |
| | **19-76269-ast** |
| | **19-76270-ast** |
| | **19-76271-ast** |
| | **19-76272-ast** |
| | (Jointly Administered) |

**CERTIFICATE OF SERVICE**

      I certify that on April 24, 2020, I caused a copy of the Dwayne H. Benner's and Stephen J. Schunk's annexed notice of hearing and motion for relief from stay to be filed with the Court using the CM/ECF system thereby causing Notice of Electronic Filing of the same to be served by e-mail, pursuant to Fed. R. Bankr. P. 9036 and E.D.N.Y. 9036-2, on those persons listed on the annexed service list at the addresses indicated.

Dated:  April 24, 2020

                                    SIMON PLC ATTORNEYS & COUNSELORS

                                    /s/ Craig T. Mierzwa
                                    Craig T. Mierzwa
                                    Attorneys for Stephen J. Schunk and
                                    Dwayne H. Benner
                                    747 Third Avenue, 2nd Floor
                                    New York, New York 10017
                                    212 519 7412
                                    Email: cmierzwa@simonattys.com

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Absolut Facilities Management, LLC (1412); Absolut Center for Nursing and Rehabilitation at Allegany, LLC (7875); Absolut Center for Nursing and Rehabilitation at Aurora Park, LLC (8266); Absolut Center for Nursing and Rehabilitation at Gasport, LLC (8080); Absolut at Orchard Brooke, LLC (1641); Absolut Center for Nursing and Rehabilitation at Orchard Park, LLC (8300); Absolut Center for Nursing and Rehabilitation at Three Rivers, LLC (8133); and Absolut Center for Nursing and Rehabilitation at Westfield, LLC (7924).

George Angelich on behalf of Creditor 6060 Armor Road, LLC angelich.george@arentfox.com, lisa.indelicato@arentfox.com

George Angelich on behalf of Creditor Arba Group angelich.george@arentfox.com, lisa.indelicato@arentfox.com

George Angelich on behalf of Plaintiff 6060 Armor Road, LLC angelich.george@arentfox.com, lisa.indelicato@arentfox.com
Jessica Ipa Apter on behalf of Creditor 1199SEIU United Healthcare Workers East japter@levyratner.com

Arthur G Baumeister, Jr on behalf of Creditor Denise A. Kolodziej abaumeister@bdlegal.net

Robert Aaron Benjamin on behalf of Creditor Kaufman Borgeest & Ryan LLP rbenjamin@kbrlaw.com

Daniel B Besikof on behalf of Debtor Absolut Facilities Management, LLC dbesikof@loeb.com
Christine H Black christine.h.black@usdoj.gov

Erin.Hogan@usdoj.gov,Sharon.Warner@usdoj.gov,Rhonda.J.Zdanowicz@usdoj.gov,Ercelia.Mendoza@usdoj.gov,USTP.LI.ECF
@usdoj.gov

Jonathan Bodner on behalf of Creditor ABS DIP, LLC jbodner@bodnerlawpllc.com

Schuyler G. Carroll on behalf of Debtor Absolut Center for Nursing and Rehabilitation at Allegany, LLC
SCarroll@loeb.com,
scarroll@ecf.courtdrive.com,NYbkdocket@loeb.com,fmckeown@loeb.com,rvega@loeb.com,nweingarten@loeb.com

Schuyler G. Carroll on behalf of Debtor Absolut Center for Nursing and Rehabilitation at Aurora Park, LLC
SCarroll@loeb.com,
scarroll@ecf.courtdrive.com,NYbkdocket@loeb.com,fmckeown@loeb.com,rvega@loeb.com,nweingarten@loeb.com

Schuyler G. Carroll on behalf of Debtor Absolut Center for Nursing and Rehabilitation at Gasport, LLC
SCarroll@loeb.com,
scarroll@ecf.courtdrive.com,NYbkdocket@loeb.com,fmckeown@loeb.com,rvega@loeb.com,nweingarten@loeb.com

Schuyler G. Carroll on behalf of Debtor Absolut Center for Nursing and Rehabilitation at Orchard Park, LLC
SCarroll@loeb.com,
scarroll@ecf.courtdrive.com,NYbkdocket@loeb.com,fmckeown@loeb.com,rvega@loeb.com,nweingarten@loeb.com

Schuyler G. Carroll on behalf of Debtor Absolut Center for Nursing and Rehabilitation at Three Rivers, LLC
SCarroll@loeb.com,
scarroll@ecf.courtdrive.com,NYbkdocket@loeb.com,fmckeown@loeb.com,rvega@loeb.com,nweingarten@loeb.com

Schuyler G. Carroll on behalf of Debtor Absolut Center for Nursing and Rehabilitation at Westfield, LLC
SCarroll@loeb.com,
scarroll@ecf.courtdrive.com,NYbkdocket@loeb.com,fmckeown@loeb.com,rvega@loeb.com,nweingarten@loeb.com

Schuyler G. Carroll on behalf of Debtor Absolut Facilities Management, LLC
SCarroll@loeb.com,
scarroll@ecf.courtdrive.com,NYbkdocket@loeb.com,fmckeown@loeb.com,rvega@loeb.com,nweingarten@loeb.com

Schuyler G. Carroll on behalf of Debtor Absolut at Orchard Brooke, LLC
SCarroll@loeb.com,
scarroll@ecf.courtdrive.com,NYbkdocket@loeb.com,fmckeown@loeb.com,rvega@loeb.com,nweingarten@loeb.com

Schuyler G. Carroll on behalf of Defendant Absolut Center for Nursing and Rehabilitation at Orchard Park, LLC
SCarroll@loeb.com,
scarroll@ecf.courtdrive.com,NYbkdocket@loeb.com,fmckeown@loeb.com,rvega@loeb.com,nweingarten@loeb.com

Schuyler G. Carroll on behalf of Defendant Absolut Facilities Management, LLC
SCarroll@loeb.com,
scarroll@ecf.courtdrive.com,NYbkdocket@loeb.com,fmckeown@loeb.com,rvega@loeb.com,nweingarten@loeb.com

Schuyler G. Carroll on behalf of Jointly Administered Debtor Absolut Center for Nursing and Rehabilitation at Allegany, LLC
SCarroll@loeb.com,
scarroll@ecf.courtdrive.com,NYbkdocket@loeb.com,fmckeown@loeb.com,rvega@loeb.com,nweingarten@loeb.com

Schuyler G. Carroll on behalf of Jointly Administered Debtor Absolut Center for Nursing and Rehabilitation at Aurora Park, LLC SCarroll@loeb.com,
scarroll@ecf.courtdrive.com,NYbkdocket@loeb.com,fmckeown@loeb.com,rvega@loeb.com,nweingarten@loeb.com

Schuyler G. Carroll on behalf of Jointly Administered Debtor Absolut Center for Nursing and Rehabilitation at Gasport, LLC SCarroll@loeb.com,
scarroll@ecf.courtdrive.com,NYbkdocket@loeb.com,fmckeown@loeb.com,rvega@loeb.com,nweingarten@loeb.com

Schuyler G. Carroll on behalf of Jointly Administered Debtor Absolut Center for Nursing and Rehabilitation at Orchard Park, LLC SCarroll@loeb.com,
scarroll@ecf.courtdrive.com,NYbkdocket@loeb.com,fmckeown@loeb.com,rvega@loeb.com,nweingarten@loeb.com

Schuyler G. Carroll on behalf of Jointly Administered Debtor Absolut Center for Nursing and Rehabilitation at Three Rivers, LLC SCarroll@loeb.com,
scarroll@ecf.courtdrive.com,NYbkdocket@loeb.com,fmckeown@loeb.com,rvega@loeb.com,nweingarten@loeb.com

Schuyler G. Carroll on behalf of Jointly Administered Debtor Absolut Center for Nursing and Rehabilitation at Westfield, LLC SCarroll@loeb.com,
scarroll@ecf.courtdrive.com,NYbkdocket@loeb.com,fmckeown@loeb.com,rvega@loeb.com,nweingarten@loeb.com

Schuyler G. Carroll on behalf of Jointly Administered Debtor Absolut at Orchard Brooke, LLC SCarroll@loeb.com,
scarroll@ecf.courtdrive.com,NYbkdocket@loeb.com,fmckeown@loeb.com,rvega@loeb.com,nweingarten@loeb.com

Schuyler G. Carroll on behalf of Plaintiff Absolut Facilities Management, LLC SCarroll@loeb.com,
scarroll@ecf.courtdrive.com,NYbkdocket@loeb.com,fmckeown@loeb.com,rvega@loeb.com,nweingarten@loeb.com

Michael R Caruso on behalf of Creditor Ohio Casualty Insurance Company and its affiliates mcaruso@csglaw.com, ecf@csglaw.com

James R Cho on behalf of Creditor United States of America james.cho@usdoj.gov

Jeffrey Chubak on behalf of Creditor Committee Official Committee of Unsecured Creditors jchubak@aminillc.com, aminillcfiling@aminillc.com;jchubak@ecf.courtdrive.com

Nicole M Ciolko on behalf of Creditor Signature Financial, LLC nciolko@bronsterllp.com

Paul A De Genaro on behalf of Creditor 777 Equipment Finance LLC pdegenaro@benantilaw.com

Kyle C. DiDone on behalf of Creditor Paramount Roofing Inc. didone@ruppbaase.com, hill@ruppbaase.com;federalfiling@ruppbaase.com

Stephen A Donato on behalf of Interested Party COTRNC Realty, LLC sdonato@bsk.com, tayers@bsk.com;kdoner@bsk.com

Stephen A Donato on behalf of Interested Party DURNC Operating, LLC sdonato@bsk.com, tayers@bsk.com;kdoner@bsk.com

Stephen A Donato on behalf of Interested Party DURNC Realty, LLC sdonato@bsk.com, tayers@bsk.com;kdoner@bsk.com

Stephen A Donato on behalf of Interested Party EDRNC Operating, LLC sdonato@bsk.com, tayers@bsk.com;kdoner@bsk.com

Stephen A Donato on behalf of Interested Party EDRNC Realty, LLC sdonato@bsk.com, tayers@bsk.com;kdoner@bsk.com

Stephen A Donato on behalf of Interested Party HORNC Operating, LLC sdonato@bsk.com, tayers@bsk.com;kdoner@bsk.com

Stephen A Donato on behalf of Interested Party HORNC Realty, LLC sdonato@bsk.com, tayers@bsk.com;kdoner@bsk.com

Stephen A Donato on behalf of Interested Party SARNC Operating, LLC sdonato@bsk.com, tayers@bsk.com;kdoner@bsk.com

Stephen A Donato on behalf of Interested Party SARNC Realty, LLC sdonato@bsk.com, tayers@bsk.com;kdoner@bsk.com

Gabriel J Ferber on behalf of Interested Party Ally bkcy@nfdlaw.com

Peter B Foster on behalf of Creditor Sterling National Bank pfoster@foster-wolkind.com

Aviva Francis on behalf of Creditor Specialty RX NY, Inc afrancis@newmanlawpc.com

Aviva Francis on behalf of Creditor Specialty Rx, Inc. afrancis@newmanlawpc.com

Megan J. Freismuth on behalf of Creditor United States of America megan.freismuth@usdoj.gov

Megan J. Freismuth on behalf of Interested Party United States of America megan.freismuth@usdoj.gov

Megan J. Freismuth on behalf of Plaintiff Equal Employment Opportunity Commission megan.freismuth@usdoj.gov

Ronald J Friedman on behalf of Patient Care Ombudsman Joseph J. Tomaino
efilings@spallp.com,
rfriedman@silvermanacampora.com;dmahoney@silvermanacampora.com;CTiso@SilvermanAcampora.com

Leo V. Gagion on behalf of Creditor New York State Department of Health Leo.Gagion@ag.ny.gov, Enid.Stuart@ag.ny.gov

Garry M. Graber on behalf of Creditor Cass Development Company
ggraber@hodgsonruss.com, mheftka@hodgsonruss.com;cnapiers@hodgsonruss.com

Charles A Gruen on behalf of Creditor U.S. Bank National Association d/b/a U.S. Bank Equipment Finance
cgruen@gruenlaw.com

William M Hawkins on behalf of Debtor Absolut Facilities Management, LLC whawkins@loeb.com, nybkdocket@loeb.com

William M Hawkins on behalf of Plaintiff Absolut Facilities Management, LLC whawkins@loeb.com, nybkdocket@loeb.com

Andrew B Helfand on behalf of Creditor Signature Financial, LLC ahelfand@bronsterllp.com

Suzanne Hepner on behalf of Creditor 1199SEIU United Healthcare Workers East
shepner@levyratner.com,
rbarbur@levyratner.com;jcisneros@levyratner.com;lblackstone@levyratner.com;klehmann@levyratner.com

Camille Hill on behalf of Interested Party COTRNC Realty, LLC chill@bsk.com,
kdoner@bsk.com,tayers@bsk.com,nbasalyga@bsk.com

Camille Hill on behalf of Interested Party DURNC Operating, LLC chill@bsk.com,
kdoner@bsk.com,tayers@bsk.com,nbasalyga@bsk.com

Camille Hill on behalf of Interested Party DURNC Realty, LLC chill@bsk.com,
kdoner@bsk.com,tayers@bsk.com,nbasalyga@bsk.com

Camille Hill on behalf of Interested Party EDRNC Operating, LLC chill@bsk.com,
kdoner@bsk.com,tayers@bsk.com,nbasalyga@bsk.com

Camille Hill on behalf of Interested Party EDRNC Realty, LLC chill@bsk.com,
kdoner@bsk.com,tayers@bsk.com,nbasalyga@bsk.com

Camille Hill on behalf of Interested Party HORNC Operating, LLC chill@bsk.com,
kdoner@bsk.com,tayers@bsk.com,nbasalyga@bsk.com

Camille Hill on behalf of Interested Party HORNC Realty, LLC chill@bsk.com,
kdoner@bsk.com,tayers@bsk.com,nbasalyga@bsk.com

Camille Hill on behalf of Interested Party SARNC Operating, LLC chill@bsk.com,
kdoner@bsk.com,tayers@bsk.com,nbasalyga@bsk.com

Camille Hill on behalf of Interested Party SARNC Realty, LLC chill@bsk.com,
kdoner@bsk.com,tayers@bsk.com,nbasalyga@bsk.com

Tracy L Klestadt on behalf of Interested Party RCA Healtcare Management LLC tklestadt@klestadt.com, tklestadt@yahoo.com

Lawrence J Kotler on behalf of Creditor Midland Loan Services, Inc., acting by and through its authorized sub-servicer Berkadia Commercial Mortgage LLCljkotler@duanemorris.com

Harlan M Lazarus on behalf of Creditor Clinical Staffing Resources Corp. hlazarus@lazarusandlazarus.com, harlan.lazarus@gmail.com

Kenneth M Lewis on behalf of Interested Party Capital Funding, LLC klewis@wtplaw.com, klewis@lewispllc.com

Evan M Newman on behalf of Creditor Specialty RX NY, Inc enewman@newmanlawpc.com

Evan M Newman on behalf of Creditor Specialty Rx, Inc. enewman@newmanlawpc.com

James B. Reed on behalf of Claimant Diana L. Morse jreed@zifflaw.com, kwheadon@zifflaw.com

James B. Reed on behalf of Interested Party Diane L Morse jreed@zifflaw.com, kwheadon@zifflaw.com

Matthew G Roseman on behalf of Creditor Chubb European Group SE mroseman@cullenanddykman.com

Josh Russell on behalf of Creditor New York State Department of Taxation and Finance josh.russell@tax.ny.gov

Avery Samet on behalf of Creditor Committee Official Committee of Unsecured Creditors asamet@aminillc.com, aminillcfiling@aminillc.com;asamet@ecf.courtdrive.com

William F Savino on behalf of Defendant Mark LaSurk as Administrator of the Estate of Rhonda LaSurk wsavino@woodsoviatt.com

Andrew I Silfen on behalf of Plaintiff 6060 Armor Road, LLC silfen.andrew@arentfox.com, nova.alindogan@arentfox.com

Thomas R Slome on behalf of Creditor New York State Electric and Gas Corporation tslome@cullenanddykman.com

John R Stoelker on behalf of Creditor Grandison Management, Inc. jstoelker@mccarter.com

Andrew M Thaler on behalf of Interested Party Axis Surplus Insurance Company athaler@athalerlaw.com, dawn@athalerlaw.com;spiros@athalerlaw.com;r61907@notify.bestcase.com

James C Thoman on behalf of Creditor All State Fire Equipment of WNY jthoman@hodgsonruss.com, mizard@hodgsonruss.com;cnapierski@hodgsonruss.com

James C Thoman on behalf of Creditor Latina Boulevard Foods jthoman@hodgsonruss.com, mizard@hodgsonruss.com;cnapierski@hodgsonruss.com

Paige Barr Tinkham on behalf of Creditor Capital Finance, LLC ptinkham@blankrome.com

United States Trustee USTPRegion02.LI.ECF@usdoj.gov

John Robert Weiss on behalf of Creditor Midland Loan Services, Inc., acting by and through its authorized sub-servicer Berkadia Commercial Mortgage LLC jrweiss@duanemorris.com

Menachem O Zelmanovitz on behalf of Creditor Designed for Healthcare Ltd. mendy@zelmlaw.com

Evan J. Zucker on behalf of Creditor Capital Finance, LLC ezucker@blankrome.co

Amini LLC
140 East 45th Street, 25th Floor New York, NY 1007

Michael E Collins
1201 Demonbreun Street, Suite 900
Nashville, TN 37203

Evan K. Farber
Mary Jean Kim
Loeb & Loeb LLP
345 Park Avenue
 New York, NY 10154

Iron Mountain Information Management, LLC One Federal Street
Boston, MA 02110

William K Lenhart
WKL Advisors, LLC ("WKL") 400 Seasage Drive , Apt. 602
Delray Beach, FL 33483

Kenneth Ottaviano
Blank Rome LLP
444 West Lake Street, Suite 1650
Chicago, IL 60606

Prime Clerk LLC
One Grand Central Place 60 East 42nd Street Suite 1440
New York, NY 10165

ProNexus, LLC
115 Sullys Trail, Suite 11
Pittsford, NY 14534

Silverman Acampora LLP
100 Jericho Quadrangle, Suite 300
Jericho, NY 11753