**THE LAW OFFICES OF RICHARD J. CORBI PLLC**
1501 Broadway, 12th Floor
New York, New York 10036
Telephone: (646) 571-2033
Email: rcorbi@corbilaw.com
Richard J. Corbi (*pro hac vice pending*)

*Counsel to Michael Wyse of Wyse Advisors LLC*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Absolut Facilities Management, LLC, *et al*.<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 19-76260-ast<br>Case No. 19-76263-ast<br>Case No. 19-76267-ast<br>Case No. 19-76268-ast<br>Case No. 19-76269-ast<br>Case No. 19-76270-ast<br>Case No. 19-76271-ast<br>Case No. 19-76272-ast<br><br>(Jointly Administered) |

**MOTION OF MICHAEL WYSE OF WYSE ADVISORS LLC TO COMPEL COMPLIANCE WITH THAT CERTAIN ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF MICHAEL WYSE OF WYSE ADVISORS, LLC AS CHIEF RESTRUCTURING OFFICER FOR THE DEBTORS *NUNC PRO TUNC*
TO THE PETITION DATE**

Michael Wyse of Wyse Advisors LLC ("WALLC") hereby files this motion ("Motion")

for entry of an order to compel compliance with that certain *Order Authorizing Employment and*

*Retention of Michael Wyse of Wyse Advisors, LLC as Chief Restructuring Officer for the Debtors*

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Absolut Facilities Management, LLC (1412); Absolut Center for Nursing and Rehabilitation at Allegany, LLC (7875); Absolut Center for Nursing and Rehabilitation at Aurora Park, LLC (8266); Absolut Center for Nursing and Rehabilitation at Gasport, LLC (8080); Absolut at Orchard Brooke, LLC (1641); Absolut Center for Nursing and Rehabilitation at Orchard Park, LLC (8300); Absolut Center for Nursing and Rehabilitation at Three Rivers, LLC (8133); and Absolut Center for Nursing and Rehabilitation at Westfield, LLC (7924).

*Nunc Pro Tunc to the Petition Date* [Doc. No. 400] (the "Payment Order"), and respectfully states as follows:

## BACKGROUND

1. Pursuant to Orders of this Court, the Debtors have retained WALLC to provide chief restructuring services to the above captioned debtors and debtors-in-possession (the "Debtors"). [Doc. Nos. 400 & 519]. WALLC has been providing services to the Debtors since September 2019.

2. As set forth in the Payment Order, WALLC is entitled to "all reasonable amounts invoiced by WALLC, without further Court order . . . ." See Payment Order, ¶ 6. Such payments are authorized unless a party interposes an objection within three (3) days of receipt of an invoice from WALLC. As of the filing of this Motion, WALLC has $351,598.75 of Chief Restructuring Officer fees outstanding.[2] WALLC is not seeking the $99,900 fees in connection with the debtor-in-possession financing at this time as those fees are subject to the final fee application protocol directed by the Court. [Doc. No. 519].

3. Rather pay himself in the ordinary course, Michael Wyse of WALLC put the needs of the Debtors and Debtors' estates ahead of his own compensation. Mr. Wyse focused his energies on closing the sale of the Debtors' estates and confirming a Chapter 11 plan. Now that those events have occurred, WALLC must be paid pursuant to the Payment Order. The Debtors and the DIP Lender did not object to the fee statements or payment within 3 days of receiving those fee statements under the Payment Order. Moreover, the Debtors and the Debtors' counsel do not object to the payment of those fees now. Mr. Wyse put his pecuniary interests behind those of

---

[2] The Committee and Plan Administrator made a $120,000.00 payment to WALLC on May 1, 2020 after repeated requested to comply with the Payment Order.

the Debtors and the Debtors' estates in order to bring the cases to a successful conclusion. Accordingly, WALLC is entitled to receive payment of its outstanding payments at this time.

4.      WALLC engaged in discussions with counsel for the official committee of unsecured creditors (the "Committee") and the plan administrator (the "Plan Administrator") to resolve this issue without motion practice, but the Committee and Plan Administrator chose to delay and ignore this issue rather than engage in any meaningful negotiations.  WALLC advised both the Committee and Plan Administrator in advance of filing this Motion and hopes that this matter can be resolved consensually without the need for Court intervention, but under the current time constraints, WALLC felt compelled to file the Motion at this time.

## RELIEF REQUESTED

5.      By this Motion, WALLC requests that the Court direct the Committee and Plan Administrator to comply with the Payment Order.

## RESERVATION OF RIGHTS

6.      WALLC reserves all rights to amend or supplement this Motion and seek reimbursement for its legal fees in connection with the prosecution of this Motion.

*[Remainder of Page Intentionally Left Blank]*

## **CONCLUSION**

**WHEFORE**, WALLC requests that the Court enter an order (a) granting the Motion, (b) directing the immediate payment of all such fees and expenses as required by the Payment Order, and (c) granting such other and further relief as this Court may deem just and proper.

Dated:  May 14, 2020
New York, New York

**THE LAW OFFICES OF RICHARD J. CORBI PLLC**

*/s/ Richard J. Corbi*
Richard J. Corbi, Esq. (*pro hac vice pending*)
1501 Broadway, 12th Floor
New York, New York 10036
Telephone: (646) 571-2033
Email: rcorbi@corbilaw.com

*Counsel to Michael Wyse of Wyse Advisors LLC*