**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re:<br><br>ABSOLUT FACILITIES MANAGEMENT, LLC, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 19-76260-ast<br>Case No. 19-76263-ast<br>Case No. 19-76267-ast<br>Case No. 19-76268-ast<br>Case No. 19-76269-ast<br>Case No. 19-76270-ast<br>Case No. 19-76271-ast<br>Case No. 19-76272-ast<br><br>(Jointly Administered) |

**ORDER CONFIRMING THIRD AMENDED JOINT CHAPTER 11
PLAN AND APPROVING DISCLOSURE STATEMENT**

The second amended joint chapter 11 plan, filed March 24, 2020 [Dkt. No. 516] on behalf of the Official Committee of Unsecured Creditors ("Committee") and the accompanying disclosure statement, filed March 24, 2020 [Dkt. No. 517] ("Disclosure Statement"), having been transmitted to creditors in accordance with the amended solicitation procedures order, entered March 30, 2020 [Dkt. No. 522], as described in the affidavit of service, filed April 7, 2020 [Dkt. No. 530]; and the Committee having filed a plan supplement on April 19, 2020 [Dkt. No. 538], a third amended joint chapter 11 plan on May 1, 2020 [Dkt. No. 560] ("Plan")[2] and an amended plan supplement on May 4, 2020 [Dkt. No. 566] ("Plan Supplement"); and the Court having found that the modifications reflected in the amended Plan and Plan Supplement, as reflected in the blackline comparisons filed May 1, 2020 [Dkt. No. 561-1] and May 4, 2020 [Dkt. No. 567-1], respectively,

---

[1] The Debtors are: Absolut Facilities Management, LLC; Absolut Center for Nursing and Rehabilitation at Allegany, LLC; Absolut Center for Nursing and Rehabilitation at Aurora Park, LLC; Absolut Center for Nursing and Rehabilitation at Gasport, LLC; Absolut at Orchard Brooke, LLC; Absolut Center for Nursing and Rehabilitation at Orchard Park, LLC; Absolut Center for Nursing and Rehabilitation at Three Rivers, LLC; and Absolut Center for Nursing and Rehabilitation at Westfield, LLC.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan.

do not require re-solicitation; and upon the Declaration of Michael Wyse, dated March 23, 2020 [Dkt. No. 517-2], the Supplemental Declaration of Michael Wyse, dated April 30, 2020 [Dkt. No. 559] and the declaration of Alex Orchowski of Prime Clerk LLC regarding the solicitation of votes and tabulation of ballots, filed April 30, 2020 [Dkt. No. 556], all admitted into evidence at the Hearing (defined below); and the Court having held a combined hearing on May 5, 2020 to consider approval of the Disclosure Statement and confirmation of the Plan ("Hearing"); and upon the record of the Hearing; and the Court having found that the Disclosure Statement contains adequate information under Bankruptcy Code section 1125, that votes on the Plan were solicited and tabulated fairly, in good faith and in a manner consistent with the solicitation procedures order and that the confirmation requirements set forth in Bankruptcy Code section 1129 have been satisfied; now, therefore, it is hereby **ORDERED:**

1. Plan Confirmation. The Plan, including the Plan Supplement, is hereby approved and confirmed.

2. Disclosure Statement Approval. The Disclosure Statement is hereby approved.

3. Further Action. The Committee, Debtors, Plan Administrator and all parties in interest, and their respective attorneys, officers, directors, employees and successors and assigns, are authorized and directed to take all such steps and to perform all such actions as are necessary, desirable or appropriate to carry out and give effect to the Plan and this Order, including executing and delivering the Plan Administrator Agreement and Responsible Officer Agreement included in the Plan Supplement.

4. Approval of Settlement and Compromise. The Plan provides for the comprehensive settlement of Claims, Equity Interests and controversies against the Debtors. The negotiations of such settlements, including the Plan Term Sheet, were conducted in good faith and at arm's length, and each such settlement benefits the Debtors and their Estates and represents a fair, necessary and

reasonable compromise of the Claims and Equity Interests held by the holders thereof. The terms and conditions of each such compromise and settlement, including the Plan Term Sheet, are therefore an integral part of the Plan. The Plan Term Sheet and other settlements embodied in the Plan, as reflected in the relative distributions and recoveries of Claims and Equity Interests under the Plan, are fair and reasonable to the Debtors and their Estates and accordingly are approved pursuant to Bankruptcy Rule 9019(a). The settlements will save the Debtors and their Estates the costs and expenses of prosecuting various disputes, the outcome of which would likely consume substantial resources of the Debtors' Estates and require substantial time to adjudicate.

5. <u>Exemption from Certain Transfer Taxes</u>. The appropriate state or local governmental officials or agents shall forgo collection of any tax or governmental assessment in connection with any transfer from any of the Debtors pursuant to the Plan including to the Purchaser in connection with the Sale.

6. <u>Notice of Confirmation Order and Plan Effective Date</u>. Within seven days following the Plan Effective Date, the Committee shall cause notice of entry of this Order and the occurrence of the Plan Effective Date to be served, pursuant to Rule 2002(f)(7) and 3020(c)(2), on all persons that filed Proofs of Claim, by causing a notice substantially in the form annexed hereto as <u>Exhibit 1</u>, which form is hereby approved, to be delivered to such parties by first class mail, and by filing a copy on the docket; <u>provided</u>, <u>however</u>, notice need not be mailed to any person to whom notice of the Bar Date or Combined Hearing was returned as undeliverable, unless the Debtors or Committee have been informed in writing by such person or entity of its new address. Said notice is adequate and appropriate under the particular circumstances of these Chapter 11 Cases, and no further notice is necessary.

7. <u>Capital Funding; HUD</u>. Neither Capital Funding nor HUD shall be required to file any Claims, including any application for allowance of an Administrative Expense Claim, in

connection with any amounts that are or may become due under the Capital Funding Security Agreements, the DIP Order, the Sale Order or applicable law.

8. Medicare/Medicaid Provider Agreements. Notwithstanding anything to the contrary in the Plan, Plan Supplement or this Order, (a) nothing herein or therein shall serve to set any cure amount with respect to any assumption, assignment or transfer of any Medicare or Medicaid provider agreements, and the Debtors shall pay any overpayments, civil money penalties or other liabilities owed to the United States of America, the New York State Department of Health or the New York State Medicaid Inspector General on account of and in accordance with applicable non-bankruptcy law; and (b) to the extent any Medicare or Medicaid provider agreement, or any other agreement or contract with the United States of America, the New York State Department of Health or the New York State Medicaid Inspector General is neither assumed, assigned or otherwise transferred in accordance with applicable non-bankruptcy law, or rejected as of the Plan Effective Date, nothing in the Plan, Plan Supplement or this Order shall serve to discharge, waive, release, preclude or enjoin any claim, debt or liability owed to the United States of America, the New York State Department of Health or the New York State Medicaid Inspector General under such agreements or contracts.

9. Restrictions on Equity Interests. Until Equity Interests are cancelled in accordance with the Plan, holders of Equity Interests are prohibited from taking any action with respect to any of the Debtors other than in furtherance of the Plan and the Sale. Such prohibition includes but is not limited to the following actions, in each case absent express direction from the Purchaser: incurring debt (including trade debt); pledging, transferring or assigning the Equity Interests; granting liens or security interests with respect to any of the Debtors' assets; holding oneself out to any third party as owner or operator of any Debtor other than for the purpose of implementing

the Plan or the Sale; and any other action or omission prohibited by the terms of the Purchase Agreement, the ASA, the Sale Order or the Plan (including the Plan Supplement).

10. <u>Landlords' Orchard Park Property Motion</u>.  Consistent with the *Stipulation and Agreed Order (I) Resolving Landlords' Motion Seeking Return of Landlord Property and Related Relief and (II) Allowing Certain Landlord Claims*, the *Landlords' Motion for Entry of an Order (I) Confirming Absence or Termination of Automatic Stay or, in the Alternative, Granting Relief from the Automatic Stay as to Landlord Property, (II) Compelling Debtors to Provide Accounting and Return of Landlord Property, (III) Allowing and Compelling Immediate Payment of Administrative Expense Claim, and (IV) Authorizing Discovery Under Federal Rule of Bankruptcy Procedure 2004* [Docket No. 336] will be deemed to have been withdrawn with prejudice upon the occurrence of the Plan Effective Date.

11. <u>Retention of Counsel by Responsible Officer</u>.  The Responsible Officer may retain counsel to assist in carrying out the powers and duties enumerated in the Plan and the Responsible Officer Agreement.  Compensation of the Responsible Officer's counsel will be subject to and limited to payment from the Wind Down Budget.  The fees and expenses of counsel to the Responsible Officer shall be paid in accordance with the procedures set forth in Section 4.7(e) of the Plan.  The Responsible Officer may select counsel of his choosing and if either Loeb & Loeb LLP or Bodner Law PLLC is selected, the provision of services by either firm so selected shall not disqualify such firm from employment by the Responsible Officer and any conflict of interest with respect to such firm's prior representations in these Chapter 11 Cases shall be deemed waived.

12. <u>Jurisdiction</u>.  This Court shall retain jurisdiction over those matters set forth in Section 10.1 of the Plan.

13. <u>Waiver of Rule 3020(e)</u>. The requirements of Rule 3020(e) that a confirmation order is stayed until the expiration of fourteen days after entry thereof is hereby waived. Subject to the occurrence or waiver of conditions precedent to the Plan Effective Date, as set forth in Section 11.1 of the Plan, this Order shall take effect immediately upon its entry, and shall not be stayed.



**Dated: May 18, 2020**
      **Central Islip, New York**

**Alan S. Trust**
**United States Bankruptcy Judge**