Avery Samet
Jeffrey Chubak
AMINI LLC
131 West 35th Street, 12th Floor
New York, New York 10001
(212) 490-4700
asamet@aminillc.com
jchubak@aminillc.com
*Attorneys for Ronald Winters*
*of Gibbins Advisors, LLC, Plan Administrator*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re:<br><br>ABSOLUT FACILITIES MANAGEMENT, LLC, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 19-76260-ast<br>Case No. 19-76263-ast<br>Case No. 19-76267-ast<br>Case No. 19-76268-ast<br>Case No. 19-76269-ast<br>Case No. 19-76270-ast<br>Case No. 19-76271-ast<br>Case No. 19-76272-ast<br><br>(Jointly Administered) |

**APPLICATION FOR FINAL DECREE CLOSING**
**OPERATING DEBTORS' CHAPTER 11 CASES**

Ronald Winters of Gibbins Advisors, LLC, as Plan Administrator, hereby moves for a final

decree in the form annexed hereto closing the chapter 11 cases of the following Debtors:

- Absolut Center for Nursing and Rehabilitation at Allegany, LLC

- Absolut Center for Nursing and Rehabilitation at Aurora Park, LLC

---

[1] The Debtors are: Absolut Facilities Management, LLC; Absolut Center for Nursing and Rehabilitation at Allegany, LLC; Absolut Center for Nursing and Rehabilitation at Aurora Park, LLC; Absolut Center for Nursing and Rehabilitation at Gasport, LLC; Absolut at Orchard Brooke, LLC; Absolut Center for Nursing and Rehabilitation at Orchard Park, LLC; Absolut Center for Nursing and Rehabilitation at Three Rivers, LLC; and Absolut Center for Nursing and Rehabilitation at Westfield, LLC.

- Absolut Center for Nursing and Rehabilitation at Gasport, LLC
- Absolut at Orchard Brooke, LLC
- Absolut Center for Nursing and Rehabilitation at Orchard Park, LLC
- Absolut Center for Nursing and Rehabilitation at Three Rivers, LLC
- Absolut Center for Nursing and Rehabilitation at Westfield, LLC

(together, the "Operating Debtors").

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this application pursuant to 28 U.S.C. §§ 157(a) and 1334(b). This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper under 28 U.S.C. § 1408.

## BACKGROUND

2. The Operating Debtors operated six skilled nursing facilities and one assisted living facility in New York State.

3. The Debtors commenced these cases on September 10, 2019.

4. On September 11, 2019, the Debtors announced that the Department of Health had approved their application to close the Orchard Park skilled nursing facility.

5. On October 7, 2019, the last patient at the facility was discharged. Soon after the facility's operating certificate was surrendered, and Orchard Park's operating lease was rejected and the premises surrendered.

6. On February 10, 2020, following a marketing and sale process that had commenced three months prior, the Court entered an order [Dkt. No. 446] approving the sale of substantially all of the Debtors' assets, excluding principally healthcare receivables attributable to services rendered by the Operating Debtors prior to the effective date of the ASA (defined below), cash on

hand as of said date and causes of action belonging to the Debtors' estates, to RCA Healthcare Management, LLC and certain affiliates ("RCA").

7. The transaction documents approved thereby—an Administrative Services and Consulting Agreement ("ASA") and Asset Purchase Agreement ("APA"), both among the non-Orchard Park Debtors and RCA and both dated as of January 30, 2020—together provide for the phased takeover of the Debtors' facilities by RCA.

8. Under the ASA during the period commencing on its effective date (March 1, 2020) through the closing of the APA (following receipt of Department of Health approval of RCA's certificates of need applications in respect of the subject facilities (which the Debtors expect will take some time, possibly over a year)), the Debtor parties to the ASA agreed to contract out virtually all aspects of their operations to RCA. Pursuant to the APA, at closing RCA would acquire all healthcare receivables and profits/losses attributable to services rendered during the interim period.

9. On May 18, 2020, this Court entered an order [Dkt. No. 583] confirming the third amended chapter 11 plan [Dkt. No. 560] (as supplemented, "Plan").

10. The Plan became effective on May 20, 2020 [Dkt. No. 595].

11. Upon its effective date, and pursuant to the Plan, Ronald Winters of Gibbins Advisors, LLC was appointed Plan Administrator. Pursuant to Section 4.6 of the Plan and Section 2 of the Plan Administrator Agreement [Dkt. No. 566-2], he was given all the rights and powers of a trustee, including, specifically, the right to apply for a final decree.

12. Since the commencement of these cases the Debtors have incurred fees under 28 U.S.C. § 1930 of approximately $200,000/quarter [Dkt. No. 452-2].

13. As RCA continues to in practical terms operate out of the non-Orchard Park Operating Debtors and make disbursements on its behalf consistent with pre-ASA effective date historic practices, significant statutory fees continue to accrue pending entry of a final decree for such Debtors.

14. Pursuant to Section 4.1 of the Plan, subject to certain limitations, upon its effective date all property of the Debtors' estates and all debts and liabilities of the Debtors accruing prior to the effective date were deemed merged into AFM (as such, "Consolidated Debtors") for distribution purposes; and said debts and liabilities were deemed obligations of the Consolidated Debtors, and any related claims were deemed to be against the Consolidated Debtors.

15. The Debtors have two open adversary proceedings: *AFM v. Mark LaSurk as Administrator of the Estate of Rhonda LaSurk*, No. 19-08155-ast and *EEOC v. AFM et al.*, No. 20-08055-ast.

16. The LaSurk adversary proceeding sought to enjoin continued prosecution of a prepetition state court action, until the effective date of the Plan.[2] Absolut Facilities Management, LLC ("AFM") is the sole Debtor listed as a party on the docket sheet.

17. The EEOC adversary proceeding concerns whether a $425,000 settlement fund created pursuant to a Consent Decree entered in a discrimination action, and held in a bank account titled in AFM's name, constitutes estate property under Bankruptcy Code section 541(a) such that is available for distribution to creditors, or whether it falls outside of the definition of estate property by operation of the Consent Decree. Despite the EEOC's having named all Debtors as

---

[2] The First Claim for Relief seeks an order declaring continued prosecution of the subject action a stay violation; however, the stay terminated on the effective date of the Plan. The Second and Third Claims for Relief seeks an order extending the automatic until the effective date or further order of the Court.

Defendants, the Complaint seeks relief only against AFM in whose name the subject funds are held.

## BASIS FOR RELIEF REQUESTED

18. Bankruptcy Code section 350(a) provides "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case."

19. Rule 3022 further provides "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case."

20. The term "fully administered" is not defined in the Bankruptcy Code or Rules. The Advisory Committee Notes to Rule 3022 provide that the following factors should be considered when evaluating if a case has been fully administered: (a) whether the confirmation order has become final; (b) whether deposits required by the plan have been transferred; (c) whether the property proposed by the plan to be transferred has been transferred; (d) whether the debtor or its successor has assumed the business or management of the property dealt with by the plan; (e) whether payments under the plan have commenced; and (f) whether all motions, contested matters and adversary proceedings have been finally resolved. *In re Kliegl Bros. Univ. Elec. Stage Lighting Co.*, 238 B.R. 531, 542 (Bankr. E.D.N.Y. 1999).

21. The Advisory Committee Notes further provides: "Entry of a final decree closing a chapter 11 case should not be delayed solely because payments required by the plan have not been completed.

22. "Not all the factors set forth in the Advisory Committee Note need to be present to establish that a case is fully administered." *In re Federated Dep't Stores, Inc.*, 43 Fed. App'x 820, 822 (6th Cir. 2002).

23. As to the above-identified factors:

- The effective date of the Plan has occurred, and the Debtors have commenced making payments thereunder; and no appeal of the confirmation order has been taken.

- Pursuant to Section 4.3 of the Plan and Bankruptcy Code section 1141(b), all property of the Debtors' estates has vested in the Debtors.

- RCA has assumed the management of the Operating Debtors' respective facilities, other than Orchard Park.

- The Plan Administrator or Responsible Officer is now responsible for bringing any future claim objections, and the Plan Administrator is responsible for making all distributions.

- The sole pending motion, that concerning mediation of tort claims, concerns claims asserted against AFM by operation of Section 4.1 of the Plan.

- Avoidance causes of action need not be brought by or in anyway involve any of the Debtors whose cases are to be closed, Section 4.13 of the Plan conferring on the Plan Administrator the right to bring such claims in his name.

Accordingly, virtually all applicable factors identified in the Advisory Committee Note have been satisfied as to the Debtors whose cases are to be closed.

24. As to the two open adversary proceedings, one concerns claims only against AFM and not any of the Operating Debtors, by operation of Section 4.3 and as set forth on the docket sheet, and other concerns moneys held in a bank account titled only in AFM's name even without regard to application of Section 4.3. The only reason why the Operating Debtors were named as

defendants is because they were parties to the underlying EEOC action and therefore also parties to the Consent Decree.

25. That these adversary proceedings remain open should not preclude the Debtors from closing the subject cases. *In re McClelland*, 377 B.R. 446, 453 (Bankr. S.D.N.Y. 2007), *aff'd*, 460 B.R. 397 (Bankr. S.D.N.Y. 2011) ("if the estate is otherwise fully administered the Debtor's adversary proceeding … should not delay closing of the case"); *see also In re Clinton Nurseries, Inc.*, No. 17-31897, 2020 WL 1237212, at *3 (Bankr. D. Ct. Mar. 6, 2020) (quoting *In re MBF Inspection Services, Inc.*, 609 B.R. 899, 895 (Bankr. D. N.M. 2019)) ("A bankruptcy court may try adversary proceedings after entry of a final decree"); *In re JMP Newcor Int'l, Inc.*, 225 B.R. 462, 465 (Bankr. N.D. Ill. 1998) (plan disbursements and pending adversary proceeding did not warrant keeping debtor's case open).

26. Moreover, keeping the Operating Debtors' cases open because of the pendency of the EEOC adversary proceeding would be unfair and prejudicial as the timing of its commencement (shortly before confirmation) was outside of the Debtors' control.

27. Finally, entry of a final decree is warranted as closing the Operating Debtors' cases would improve creditor recoveries by terminating their continued accrual of statutory fees. *Clinton Nurseries, Inc.*, 2020 WL 1237212, at *5.

## NO PRIOR REQUEST

28. No prior application for the relief requested herein has been made to this court or to any other court.

WHEREFORE, the Debtors respectfully request that the Court enter a finally decree closing the Operating Debtors' cases and granting such other and further relief as the Court deems just and proper.

Dated: May 26, 2020                          AMINI LLC

                                               /s/ Jeffrey Chubak
                                               Avery Samet
                                               Jeffrey Chubak
                                               131 West 35th Street, 12th Floor
                                               New York, New York 10001
                                               (212) 490-4100
                                               asamet@aminillc.com
                                               jchubak@aminillc.com
                                               *Attorneys for Ronald Winters*
                                               *of Gibbins Advisors, LLC, Plan Administrator*