Hearing Date and Time: June 30, 2020 at 10:00 a.m.

Avery Samet
Jeffrey Chubak
AMINI LLC
131 West 35th Street, 12th Floor
New York, New York 10001
(212) 490-4700
asamet@aminillc.com
jchubak@aminillc.com
*Attorneys for the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>ABSOLUT FACILITIES MANAGEMENT, LLC, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 19-76260-ast<br>Case No. 19-76263-ast<br>Case No. 19-76267-ast<br>Case No. 19-76268-ast<br>Case No. 19-76269-ast<br>Case No. 19-76270-ast<br>Case No. 19-76271-ast<br>Case No. 19-76272-ast<br><br>(Jointly Administered) |

## SUMMARY SHEET

## FINAL APPLICATION OF AMINI LLC, COUNSEL FOR THE COMMITTEE, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES

| | |
|---|---|
| Applicant | Amini LLC |
| Counsel for | Official Committee of Unsecured Creditors |
| Compensation Period | October 3, 2019-May 20, 2020 |

[1] The Debtors are: Absolut Facilities Management, LLC; Absolut Center for Nursing and Rehabilitation at Allegany, LLC; Absolut Center for Nursing and Rehabilitation at Aurora Park, LLC; Absolut Center for Nursing and Rehabilitation at Gasport, LLC; Absolut at Orchard Brooke, LLC; Absolut Center for Nursing and Rehabilitation at Orchard Park, LLC; Absolut Center for Nursing and Rehabilitation at Three Rivers, LLC; and Absolut Center for Nursing and Rehabilitation at Westfield, LLC.

| | |
|---|---|
| Compensation Requested | $271,956[2] |
| Expenses Requested | $285.10 |
| Total Compensation and Expenses Requested | $272,241.10 |
| Compensation/Expenses Previously Allowed | $0 |
| Interim/Final Application | Final |

**SUMMARY OF TIME DETAIL**

| Name | Year Admitted in New York | Hours | Hourly Rate | Total for Application |
|---|---|---|---|---|
| Avery Samet | 2004 | 49.6 | $550 | $27,005 |
| Jeffrey Chubak | 2008 | 525.7 | $500 | $261,075 |
| Anjanique Barber | N/A (Paralegal) | 1.2 | $130 | $156 |

Total: $288,236

Blended Hourly Rate for Attorneys: $501

**ITEMIZATION OF EXPENSES**

| Expense | Amount |
|---|---|
| Telephone conference services | $47.90 |
| Computerized research | $237.20 |

Total: $285.10

[2] As set forth in the Summary of Time Detail (below), fees actually billed by timekeepers herein totaled $288,236. Pursuant to the Chapter 11 Plan Term Sheet, dated as of January 30, 2020 and annexed to the sale order [Dkt. No. 446-1], Amini LLC agreed to cap its fees associated with drafting and seeking confirmation of a plan at $50,000. From and after that date, Amini LLC billed $66,280 to drafting and seeking confirmation of a plan, all under Project Code B320—Plan and Disclosure Statement. The compensation being requested herein is accordingly $288,236 less the difference ($16,280), which is $271,956.

Avery Samet
Jeffrey Chubak
AMINI LLC
131 West 35th Street, 12th Floor
New York, New York 10001
(212) 490-4700
asamet@aminillc.com
jchubak@aminillc.com
*Attorneys for the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>ABSOLUT FACILITIES MANAGEMENT, LLC, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 19-76260-ast<br>Case No. 19-76263-ast<br>Case No. 19-76267-ast<br>Case No. 19-76268-ast<br>Case No. 19-76269-ast<br>Case No. 19-76270-ast<br>Case No. 19-76271-ast<br>Case No. 19-76272-ast<br><br>(Jointly Administered) |

**FINAL APPLICATION OF AMINI LLC, COUNSEL FOR THE COMMITTEE, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES**

Amini LLC, counsel for the Official Committee of Unsecured Creditors ("Committee"), submits this final application for allowance of compensation for services rendered from October 3, 2019-May 20, 2020 ("Compensation Period") in the amount of $271,956 and reimbursement of actual, necessary expenses incurred during such period in the amount of $285.10, pursuant to Bankruptcy Code section 330(a) and Rule 2016(a). In accordance with E.D.N.Y. LBR 9013-1(c),

[1] The Debtors are: Absolut Facilities Management, LLC; Absolut Center for Nursing and Rehabilitation at Allegany, LLC; Absolut Center for Nursing and Rehabilitation at Aurora Park, LLC; Absolut Center for Nursing and Rehabilitation at Gasport, LLC; Absolut at Orchard Brooke, LLC; Absolut Center for Nursing and Rehabilitation at Orchard Park, LLC; Absolut Center for Nursing and Rehabilitation at Three Rivers, LLC; and Absolut Center for Nursing and Rehabilitation at Westfield, LLC.

a proposed form of order is annexed hereto. Monthly fee statements setting forth time billed and expenses incurred in the Compensation Period are annexed hereto as Exhibit 1. The Certification under General Order 613 is annexed hereto as Exhibit 2.

## INFORMATION ABOUT THE APPLICANT/APPLICATION

1. These chapter 11 cases were commenced on September 10, 2019.

2. The Committee was appointed on October 3, 2019 [Dkt. No. 115]. On the same day, the Committee selected Amini LLC as its counsel.

3. On November 6, 2019, the Court entered an Order approving Amini LLC's employment as counsel on terms set forth in its employment application [Dkt. No. 217] (hourly), nunc pro tunc to October 3, 2019 [Dkt. No. 225]. In accordance with E.D.N.Y. LBR 2016-1(c), a copy of the Order is annexed hereto as Exhibit 3.

4. No prior interim fee order has been entered herein. Towards the beginning of the Compensation Period, Amini LLC requested that the Debtors not seek entry of a monthly fee order herein, and none was requested. As no prior interim fee application has been made, no portion of Amini LLC's fees have been allowed or paid.

5. No compensation has been promised to Amini LLC for services rendered in connection with these chapter 11 cases; nor does any agreement or understanding exits between the firm and any other entity for the sharing of compensation to be received for services rendered herein.

6. The Committee has been given the opportunity to review this application and has approved the requested amount.

## CASE STATUS

7. The Committee's disclosure statement and plan were approved and confirmed, respectively, without objection, by Order entered May 18, 2020 [Dkt. No. 583].

8. The plan became effective two days later [Dkt. No. 595].

9. The undersigned has moved for a final decree closing the chapter 11 cases of all Debtors other than Absolut Facilities Management, LLC [Dkt. No. 598], which is returnable the same day as this application.

**SUMMARY OF SERVICES RENDERED BY PROJECT CODE**

10. In accordance with the United States Trustee Fee Guidelines, the following is a narrative summary of services rendered by Project Code.[2]

B110—Case Administration
13.5 hours; $6,416

Time billed to this Project Code concerned, principally, review of the Debtors' schedules of assets and liabilities and statement of financial affairs, and communications with the Debtors' professionals concerning the same; matters pertaining to Committee management; and preparation of the application for final decree.

B130—Asset Disposition
161.7 hours; $82,305

Time billed to this Project Code concerned, principally, negotiation of the Settlement Agreement among the Debtors, Landlord Group and Israel Sherman, approved by the Court; review of bid term sheets and letters of intent submitted by potential purchasers; research as to bed rights asserted by the Landlord Group with respect to the Westfield facility; review of lease concessions granted by the Landlord Group to RCA Healthcare Management LLC; communications with persons charged with marketing and selling the Debtors' facilities both pre- and post-petition, and principals for RCA Healthcare Management LLC; and review and comment

[2] This summary excludes Project Codes as to which less than $1,000 was billed during the Compensation Period; and Project Code B195—Nonworking Travel, as to which 8.1 hours was billed at half the applicable hourly rate ($2,050 total).

on the Administrative Services Agreement and Asset Purchase Agreement ultimately approved by the Court.

<u>B150—Meetings and Communications with Creditors</u>
49.1 hours; $24,830

Time billed to this Project Code concerned, principally, preparation for and holding meetings of the Committee, and e-mail updates to the Committee and follow-up telephone and e-mail communications; and telephone and e-mail communications with creditors not on the Committee, including Specialty RX Inc., the Debtors' largest trade creditor.

<u>B160—Fee/Employment Applications</u>
31.8 hours; $15,965

Time billed to this Project Code concerned, principally, review of the applications to employ the Debtors' professionals Loeb & Loeb LLP as counsel, Michael Wyse as CRO and William Lenhart as independent advisor; fee statements submitted by Messrs. Wyse and Lenhart; and the Debtors' ordinary course professional application and related submissions.

<u>B170—Fee/Employment Objections</u>
14.2 hours; $7,145

Time billed to this Project Code concerned, principally, the Committee's objection to the motion to expand the scope of Mr. Wyse's retention to cover DIP financing fees, the United States Trustee's objection to his initial employment application, resolution of the subject objection and objections interposed as to monthly fee statements submitted by professionals employed by Capital Finance, LLC, the Debtors' accounts receivable lender.

<u>B185—Assumption/Rejection of Unexpired Leases and Executory Contracts</u>
7.2 hours; $3,610

Time billed to this Project Code concerned, principally, review of the Debtors' operating leases and the Landlord Group's asserted rights as secured creditor under the same and argument that the subject operating leases constituted a single master lease; Debtors' treatment of secured

claims as personal property leases under Bankruptcy Code section 365(d)(5) and designation issues relating to the sale.

B190—Other Contested Matters
22.8 hours; $11,425

Time billed to this Project Code concerned, principally, responding to the Landlord Group's and United States Trustee's motions to appoint a chapter 11 trustee or examiner at the outset of Amini LLC's engagement, and getting up to speed on these chapter 11 cases in connection therewith.

B210—Business Operations
25.6 hours; $12,830

Time billed to this Project Code concerned, principally, review of the Debtors' monthly operating reports and Rule 2015.3 statement; and monitoring the Debtors' business performance and healthcare receivables collections for compliance with the applicable provisions of the DIP and cash collateral order, and their composition.

B220—Employee Benefits/Pensions
3.4 hours; $1,700

Time billed to this Project Code concerned, principally, review of the Debtors' collective bargaining agreements and attention to the Debtors' motion to pay prepetition healthcare claims and communications with the Debtors' and union's representatives in connection therewith.

B230—Financing/Cash Collections
86.9 hours; $43,720

Time billed to this Project Code concerned, principally, analysis of Capital Finance LLC's and Capital Funding LLC's asserted security interests; analysis of the underlying transaction documents focusing on the Capital Funding Security Agreements; review of the DIP loan agreement; negotiation of the DIP and cash collateral order; and matters pertaining to proposed additional DIP funding sought by the Debtors.

B240—Tax Issues
2.5 hours; $1,250

Time billed to this Project Code concerned, principally, analysis of the bankruptcy treatment of the Department of Health's cash receipts assessment claims.

B310—Claims Administration
4.6 hours; $2,300

Time billed to this Project Code concerned, principally, analysis of the claims pool on expiration of the general and governmental unit bar dates; and review and analysis of various individual claims.

B320—Plan and Disclosure Statement
134.8 hours; $67,530

Time billed concerned, principally, preparation of a chapter 11 plan, plan supplement, disclosure statement, motion to hold a combined hearing to consider plan confirmation and disclosure statement approval and brief in support of confirmation; communication with all major parties in these chapter 11 cases concerning the same; matters related to solicitation and tabulation; and preparation for the combined hearing; and matters relating to the Debtors' motion to extend its exclusive period under Bankruptcy Code section 1121.

## VOLUNTARY FEE REDUCTION

11. Total time billed in the annexed monthly fee statements is $288,236. Pursuant to the Chapter 11 Plan Term Sheet, dated as of January 30, 2020 and annexed to the sale order [Dkt. No. 446-1], Amini LLC agreed to cap its fees associated with drafting and seeking confirmation of a plan at $50,000. From and after that date, Amini LLC billed $66,280 to drafting and seeking confirmation of a plan, all under Project Code B320—Plan and Disclosure Statement. The compensation being requested herein is accordingly $288,236 less the difference ($16,280), which is $271,956.

## BASIS FOR RELIEF REQUESTED

12. The applicable standard governing applications for allowance of hourly fees is set forth in Bankruptcy Code section 330(a)(3), which provides:

> In determining the amount of reasonable compensation to be awarded to an examiner, trustee under chapter 11, or professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

13. Courts ordinarily begin the reasonableness analysis by multiplying time spent by the applicable hourly rates (lodestar method) and then decide whether to make adjustments for one or another reason, such as any of those in section 330(a)(3)(C)-(F).

14. It is well established that the "salutary objective" in calculating a fee award is "that attorneys should not be deterred from undertaking the representation of debtors in bankruptcy cases, including cases that may pose significant challenges and an uncertain outcome due to a risk of inadequate compensation. *In re The Korea Chosun Daily Times, Inc.*, 337 B.R. 758, 767 (Bankr. E.D.N.Y. 2005).

15. Further, in calculating the amount to be awarded, and in accordance with section 330(a)(3)(C), "the Court must not penalize attorneys by viewing the efforts of counsel with the benefit of 20/20 hindsight." *Id*. *See also In re Parkview Care and Rehabilitation Center, Inc.*, No. 08-71867, 2010 WL 3517069 (Bankr. E.D.N.Y. Sept. 7, 2010) (same).

16. In addition, in a case where the United States Trustee objected to the fee application of committee counsel the ground that unsecured creditors had yet to receive the less-than-1% return contemplated by the confirmed chapter 11 plan, counsel prevailed on Judge Peck to award the requested fees when recovery to unsecured creditors was uncertain. "[T]here is no basis under applicable law to condition the final allowance of professional compensation on the timing or amount of a distribution to the unsecured creditors under a confirmed plan." *In re Value City Holdings, Inc.*, 436 B.R. 300, 306 (Bankr. S.D.N.Y. 2010); *see also id*. ("Here, the Professionals rendered services in a manner 'commensurate with the expected gain' from those efforts. Even if the Professionals turned out to be wrong in dedicating themselves to their clients a court does not determine 'reasonableness' through hindsight").

17. As to this application, the applicable factors set forth in section 330(a)(3) warrant granting it in full.

18. Time Spent; Rates Charged. As set forth above, Amini LLC is not seeking the full lodestar amount, and has agreed to reduce its requested compensation as agreed in the Chapter 11 Plan Term Sheet. In an age where associate billing rates at national law firms are pushing/exceed $1,000/hour,[3] the billing rates of attorneys staffed on this engagement ($500-$550) are eminently reasonable.

[3] Samantha Stokes, "Associate Hourly Billing Rates Surge Past $1k as Firms Snap Up Bankruptcy Work," The American Lawyer (May 22, 2020).

19. Beneficial at the Time Service Was Rendered Toward Completion of the Case. Amini LLC sought to conclude these cases while minimizing administrative expenses, particularly given the potential for continued litigation between the Debtors and Landlord Group. Amini LLC engaged with them at an in-person conference in January 2020, which resulted in a consensual path for concluding the sale process and these cases, without the Debtors having to submit applications to close the Debtors' facilities as contemplated by the Settlement Agreement. Other services rendered as described above were further necessary to administer these chapter 11 cases, and/or fulfill the Committee's duties under Bankruptcy Code section 1103(c).

20. Timely Performance. The Committee had minimal information at the outset of this engagement as to a number of key matters, including the agreements governing the relationship between the Debtors and each of Capital Finance, LLC (accounts receivable lender), Capital Funding, LLC (affiliated mortgage lender), HUD and the Landlord Group; and also as to the composition and quality of the Debtors' healthcare receivables, the principal source of recovery herein. Committee counsel succeeded in getting up to speed quickly, and advising the Committee so it could take an informed position on key motions pending towards the outset of these cases (*e.g.*, motions for a chapter 11 trustee). Counsel also recognized early on budgeted restructuring costs were unsustainable and would drive the need to end these cases promptly on completion of an expedited sale process, which in turn drove the decision to confirm a plan in this complex case on a $50,000 budget following a combined hearing to also consider disclosure statement approval. Counsel further did this without shirking its obligation under section 1103(c)(2) to investigate potential claims arising out of inter alia the Debtors' closure of the Orchard Park facility and prepetition divestiture transaction.

21. Skill and Expertise. The attorneys staffed on this engagement, Avery Samet and Jeffrey Chubak, have well over a decade each of chapter 11 experience. They have significant

experience representing official committees and healthcare expertise, having represented trustees of Peninsula Hospital and Peninsula Nursing and Rehabilitation Center and TransCare Corporation.[4]

22. No Unnecessary Duplication. The billing detail reflects that this matter was staffed leanly so as to minimize any duplication of effort.

## NO PRIOR REQUEST

23. No prior request for the relief sought herein has been made to this Court or to any other court.

WHEREFORE, Amini LLC requests that this Court grant this application and such other and further relief as this Court deems just and proper.

Dated: June 8, 2020

AMINI LLC

/s/ Jeffrey Chubak
Avery Samet
Jeffrey Chubak
131 West 35th Street, 12th Floor
New York, New York 10001
(212) 490-4700
asamet@aminillc.com
jchubak@aminillc.com
*Attorneys for the Official Committee of Unsecured Creditors*

[4] Mr. Chubak also passed the American Board of Certification's business bankruptcy exam and is around two dozen live CLE credits shy of achieving board certification.