**SILVERMANACAMPORA LLP**
Counsel to Joseph J. Tomaino,
Patient Care Ombudsman
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300
Ronald J. Friedman

**Hearing Date: July 28, 2020**
**Time: 10:30 a.m.**

**Objection Deadline: July 21, 2020**
**Time: 4:00 p.m.**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------x

In re:

ABSOLUT FACILITIES MANAGEMENT, LLC, *et al.*,

Debtors.

---------------------------------------------------------------------x

Chapter 11

Case No: 19-76260 (AST)
Case No. 19-76263 (AST)
Case No. 19-76267 (AST)
Case No. 19-76268 (AST)
Case No. 19-76269 (AST)
Case No. 19-76270 (AST)
Case No. 19-76271 (AST)
Case No. 19-76272 (AST)

(Jointly Administered)

**SUMMARY SHEET**

| | |
|---|---|
| NAME OF APPLICANT | SilvermanAcampora LLP |
| ROLE IN CASE | Counsel to Joseph J. Tomaino, the Patient Care Ombudsman |
| FEES PREVIOUSLY REQUESTED | $0.00 |
| FEES PREVIOUSLY AWARDED | $0.00 |
| FEES HELD BACK | $0.00 |
| EXPENSES PREVIOUSLY AWARDED | $0.00 |
| CURRENT APPLICATION | |
| TOTAL FEES | $10,073.50 |
| TOTAL EXPENSES | $65.00 |
| FEES REQUESTED | $10,073.50 |
| EXPENSES REQUESTED | $65.00 |
| TOTAL REQUESTED | $10,138.50 |

| Names of Professionals and Paraprofessionals | Year Admitted | Hours | Rate | Total for Application |
|---|---|---|---|---|
| Ronald J. Friedman, Esq. (RJF) Partner | 1997 | 0.00<br>5.40<br>2.60 | $0.00<br>$625.00<br>$650.00 | $0.00<br>$1,690.00<br>$3,375.00 |



HTRUST/2426392.1/067983

| | | | | |
|---|---|---|---|---|
| Haley L. Trust, Esq. (HT)<br>Associate | 2017 | 1.30<br>12.60 | $250.00<br>$275.00 | $325.00<br>$3,465.00 |
| Lynne M. Manzolillo (LMM)<br>Paralegal | n/a | 2.00<br>1.60 | $0.00<br>$210.00 | $0.00<br>$336.00 |
| **TOTAL INCLUDING BLENDED HOURLY RATE** | | 18.90 | $532.99 | **$10,073.50** |
| **FINAL FEES REQUESTED** | | | | **$10,073.50** |

**SILVERMANACAMPORA LLP**
Counsel to Joseph J. Tomaino,
Patient Care Ombudsman
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300
Ronald J. Friedman

**Hearing Date: July 28, 2020**
**Time: 10:30 a.m.**

**Objection Deadline: July 21, 2020**
**Time: 4:00 p.m.**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------x

In re:

ABSOLUT FACILITIES MANAGEMENT, LLC, *et al.*,

Debtors.[1]

---------------------------------------------------------------------x

Chapter 11

Case No: 19-76260 (AST)
Case No. 19-76263 (AST)
Case No. 19-76267 (AST)
Case No. 19-76268 (AST)
Case No. 19-76269 (AST)
Case No. 19-76270 (AST)
Case No. 19-76271 (AST)
Case No. 19-76272 (AST)

(Jointly Administered)

**FIRST AND FINAL APPLICATION OF SILVERMANACAMPORA LLP, ATTORNEYS FOR JOSEPH J. TOMAINO, PATIENT CARE OMBUDSMAN, FOR ALLOWANCE OF COMPENSATION FOR PERIOD OF OCTOBER 4, 2019 THROUGH AND INCLUDING JUNE 18, 2020 AND REIMBURSEMENT OF EXPENSES**

TO: HONORABLE ALAN S. TRUST
UNITED STATES BANKRUPTCY JUDGE

SilvermanAcampora LLP ("**Applicant**"), attorneys for Joseph J. Tomaino, the Patient Care Ombudsman (the "**PCO**") of the jointly administered estates of Absolut Facilities Management, LLC, *et al*. (the "**Debtors**"), the above-captioned Debtors and debtors in possession, submits this first and final application for compensation and reimbursement of expenses (this "**Application**") seeking entry of an order pursuant to sections 105 and 330 of title

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Absolut Facilities Management, LLC (1412); Absolut Center for Nursing and Rehabilitation at Allegany, LLC (7875); Absolut Center for Nursing and Rehabilitation at Aurora Park, LLC (8266); Absolut Center for Nursing and Rehabilitation at Gasport, LLC (8080); Absolut at Orchard Brooke, LLC (1641); Absolut Center for Nursing and Rehabilitation at Orchard Park, LLC (8300); Absolut Center for Nursing and Rehabilitation at Three Rivers, LLC (8133); and Absolut Center for Nursing and Rehabilitation at Westfield, LLC (7924).

11, United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. §330, adopted on January 30, 1996 (the "**UST Guidelines**") and General Order 613, dated June 4, 2013 (the "**General Order**" and, together with the UST Guidelines, the "**Guidelines**"). The fees requested herein are for legal services rendered to the PCO from October 4, 2019 through and including June 18, 2020 (the "**Application Period**"). Applicant respectfully sets forth and states as follows:

## BACKGROUND

1. On September 10, 2019, the Debtors filed voluntary petitions (the "**Petitions**") in accordance with chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "**Court**").

2. By Order of this Court dated September 20, 2019, the Debtors' cases were procedurally consolidated and jointly administered with the Absolut Facilities Management, LLC d/b/a Absolut Care LLC ("**AFS**") Debtor's case; and AFS was determined to be the lead case where all matters affecting these Debtors' cases should be consulted, and all pleadings shall be docketed going forward.

3. By Order of this Court dated October 3, 2019, the Office of the United States Trustee was directed to appoint a patient care ombudsman in accordance with Bankruptcy Code Section 333 (ECF Doc. No. 116).

4. On October 4, 2019, Joseph J. Tomaino was appointed as the Patient Care Ombudsman in these Debtors' cases, and is serving in that capacity (ECF Doc. No. 122).

5. By Order dated October 28, 2019 (the "**Retention Order**") (ECF Doc. No. 209), the PCO retained Applicant as his counsel as of October 4, 2019. A copy of the Retention Order is annexed hereto as **Exhibit A**.

6. The Application complies with the Guidelines as set forth in the Certification of Ronald J. Friedman, Esq., annexed hereto as **Exhibit B**.

7. This Court has jurisdiction to hear this Application under 28 U.S.C. §§ 157(a) and 1334. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (N), and (O). The statutory predicates for the relief sought herein are Bankruptcy Code §§ 330 and 331, and Bankruptcy Rules 2002 and 2016.

## PROFESSIONAL SERVICES RENDERED DURING APPLICATION PERIOD

8. The summary that follows does not constitute a recitation of all services that were performed by Applicant during the Application period and serves to only summarize those services of major importance, which required Applicant's special attention, efforts and skill.

### Case Administration

9. During the Application Period, Applicant spent considerable time examining the Debtors' petition, schedules, statement of financial affairs, and the docket report assisting the PCO with his duties regarding the administration of the Debtors' bankruptcy estates and investigating the affairs of the Debtors.

10. Additionally, Applicant engaged in numerous teleconferences with the PCO and other interested parties in connection with the PCO's duties and role in the Debtors' bankruptcy estates.

11. At the direction of the PCO, Applicant reviewed, revised, and filed the PCO's Notice of Patient Care Ombudsman Report of Joseph J. Tomaino in Support of Appointment as Patient Care Ombudsman Pursuant to 11 U.S.C. (ECF Doc. No. 255).

12. On behalf of the PCO, participated in hearings before the Court on numerous matters in the Debtors' bankruptcy cases.

**Plan and Disclosure Statement**

13. At the direction of the PCO, Applicant reviewed provisions of Debtors' chapter 11 plan relating to duties of the PCO and discharge of PCO.

**Retention Order**

14. At the PCO's direction, Applicant prepared and filed the application and proposed order for the retention of Applicant as counsel to the PCO (ECF Doc. No. 200).

**Preparation of the Fee Application**

15. Lastly, Applicant has prepared and completed the instant Application for services performed on behalf of the PCO. No further applications for fees or expenses will be submitted by Applicant related to this case.

16. At the PCO's direction, Applicant has also prepared and filed the first and final fee application of the PCO for allowance of compensation for the period of October 4, 2019 through and including June 18, 2020, and for reimbursement of expenses.

## THIS APPLICATION

17. As of the date of this Application, Applicant has provided services to the PCO reasonably valued at $10,073.50. Applicant has incurred expenses in the amount of $65.00 on behalf of the PCO.

18. All services for which compensation is requested by Applicant were performed for and on behalf of the PCO, and not on behalf of any committee, creditor, entity or other person. Applicant has received no compensation for the services herein specified, and no allowance or application therefore has been previously made for the services rendered. Applicant has annexed to this Application, as **Exhibit C**, a printout of the time records for the services Applicant performed during the Application Period on behalf of the PCO (the "**Time Records**"). The Time Records list the services performed by Applicant's members, associates, legal assistants and paraprofessionals. The Time Records also set forth the dates when such services were rendered, the nature of the services performed, the party who performed the services, the time expended for such services performed, and the amount billed for such services. The Time Records were created contemporaneously with the rendition of the services. Applicant has invested a total of 18.90 hours in the rendering of legal services to the PCO during the Application Period.

19. The blended hourly rate for the time spent working on these cases by the attorneys and paraprofessionals employed by Applicant equals $532.99 per hour.

20. Additionally, Applicant has annexed hereto as **Exhibit D**, a printout of the necessary disbursements Applicant has advanced on behalf of the PCO during the Applicant Period.

## LEGAL STANDARD

21. In awarding compensation to retained professionals pursuant to Bankruptcy Code §330, courts take into account the cost of comparable non-bankruptcy services, among other factors. *In re Busy Beaver Bldg. Center, Inc.*, 19 F.3d 833, 848 (3d Cir. 1994) ("the principal purpose of the 1978 amendments to section 330 was to compensate bankruptcy attorneys at the

same level as non-bankruptcy attorneys"); *see also* H.R. Rep. No. 95-595, 95th Cong., 1st Sess. 329 (1977) ("Bankruptcy Specialists, however, if required to accept fees in all cases that are consistently lower than fees they could receive elsewhere, will not remain in the bankruptcy field"); *see also* 124 Cong. Rec. H11, 091-92 (daily ed. Sept. 28, 1978); §17, 408 (daily ed. Oct. 6, 1978).

22. Courts, when reviewing fee applications, generally use the "lodestar" approach pursuant to which the Court first establishes a reasonable hourly rate of compensation based on the value of the services provided and the cost of comparable services, and then multiplies such rate by the reasonable number of compensable hours. *See Busy Beaver*, 19 F.3d at 849.

23. As the United States Supreme Court has recognized, it has been made clear that the lodestar approach includes each of the factors set forth by the Fifth Circuit in *Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir. 1974). *See Pennsylvania v. Delaware Valley Citizens Counsel for Clean Air,* 478 U.S. 546, 563 (1986); *see also In re Cena's Fine Furniture, Inc.*, 109 B.R. 575, 581 (E.D.N.Y. 1990).[2]

24. Applicant respectfully submits that the services required to be performed have been efficiently performed with effective results. Applicant has expended substantial time rendering services to the PCO in furtherance of the rights and interests of the Debtors' estates. Accordingly, Applicant submits that the allowance sought by this Application for all services rendered is fair and reasonable.

---

[2] Factors that courts have considered when reviewing fee applications include: (a) the amounts resulting from time and labor devoted and the results achieved to date; (b) the novelty and difficulty of the questions presented; (c) the skill requisite to performing properly the legal services; (d) the preclusion of other employment; (e) the customary fee to private clients for the services rendered; (f) awards in similar cases; (g) time constraints required by the exigencies of the case, including the frequency and amount of time required to be devoted other than in regular business hours; (h) the experience, reputation, and ability of the attorney rendering services; and (i) the nature and length of the professional relationship with the client. *See Johnson v. Georgia Highway Express*, 488 F.2d at 717-19; *In re First Colonial Corp. of America*, 544 F.2d 1291, 1294 (5th Cir. 1977), *cert. denied*, 431 U.S. 904 (1977).

25. No agreement or understanding exists between Applicant and any other person for the sharing of compensation received for services rendered in connection with Applicant's representation of the PCO. Moreover, no division or compensation will be made by Applicant and no action prohibited by Bankruptcy Code § 504 has been made or will be made by Applicant.

26. Furthermore, Applicant has received no payment and no promises of payment from any source for services rendered in connection with these chapter 11 cases.

27. No other application has been submitted to this or any other Court for the relief requested herein.

## CONCLUSION

28. It is impracticable to set forth in a fee application a detailed description of each and every service rendered to the PCO. However, Applicant believes that this Application appropriately sets forth the more significant matters that Applicant handled, and provides the Court with a valuable overview of the scope of the services rendered. Applicant submits the fees sought herein are reasonable and the services rendered were necessary, effective, efficient and economical.

29. Therefore, Applicant respectfully requests that this Application for its first and final allowance and payment of fees and reimbursement of expensesbe granted in all respects.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

**WHEREFORE**, Applicant seeks the entry of an order, in substantially the form annexed hereto as **Exhibit E**, (i) awarding compensation for services rendered to the PCO in the amount of $10,073.50, together with reimbursement of expenses in the amount of $65.00; (ii) authorizing payments of such amounts for a total payment in the amount of $10,138.50; and (iii) granting such other, further, and different relief as this Court may deem just and proper.

Dated: Jericho, New York
June 18, 2020

**SILVERMANACAMPORA LLP**
Attorneys for Joseph J. Tomaino,
the Patient Care Ombudsman

By: *s/Ronald J. Friedman*
Ronald J. Friedman
Member of the Firm
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300