Hearing Date and Time: June 30, 2020, at 10:00 a.m.

Avery Samet
Jeffrey Chubak
AMINI LLC
131 West 35th Street, 12th Floor
New York, New York 10001
(212) 490-4700
asamet@aminillc.com
jchubak@aminillc.com
*Attorneys for Ronald Winters*
*of Gibbins Advisors, LLC, Plan Administrator*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re:<br><br>ABSOLUT FACILITIES MANAGEMENT, LLC, et al.,[1]<br><br>               Debtors. | Chapter 11<br><br>Case No. 19-76260-ast<br>Case No. 19-76263-ast<br>Case No. 19-76267-ast<br>Case No. 19-76268-ast<br>Case No. 19-76269-ast<br>Case No. 19-76270-ast<br>Case No. 19-76271-ast<br>Case No. 19-76272-ast<br><br>(Jointly Administered) |

**PLAN ADMINISTRATOR'S OBJECTION TO MICHAEL WYSE'S**
**MOTION TO COMPEL PAYMENT AND CROSS-MOTION TO STRIKE**

Ronald Winters of Gibbins Advisors, LLC, Plan Administrator under the now-effective

chapter 11 plan (Dkt. No. 560, "Plan") of the above-named Debtors, objects to the motion of the

Debtors' former CRO Michael Wyse to compel payment of his outstanding restructuring advisory

fees (Dkt. No. 578) and cross-moves to strike the motion.

---

[1] The Debtors are: Absolut Facilities Management, LLC; Absolut Center for Nursing and Rehabilitation at Allegany, LLC; Absolut Center for Nursing and Rehabilitation at Aurora Park, LLC; Absolut Center for Nursing and Rehabilitation at Gasport, LLC; Absolut at Orchard Brooke, LLC; Absolut Center for Nursing and Rehabilitation at Orchard Park, LLC; Absolut Center for Nursing and Rehabilitation at Three Rivers, LLC; and Absolut Center for Nursing and Rehabilitation at Westfield, LLC.

## CROSS-MOTION TO STRIKE

1.      Mr. Wyse's counsel Richard Corbi is not admitted to practice in this Court and has not applied for pro hac vice admission, despite having represented that he did both in February (Dkt. No. 465) and in the motion.  Mr. Corbi nevertheless filed the motion on behalf of Mr. Wyse under the ECF password of Debtors' counsel Daniel Besikof, who was himself prohibited from representing Mr. Wyse under Bankruptcy Code section 327(a) and 328(c).  This practice violates the ECF rules (General Order 559 ¶2 ("No attorney or other person shall knowingly permit or cause to permit the attorney's password to be utilized by anyone other than an authorized member or employee of the attorney's law firm"); *see also* E.D.N.Y. LBR 9011-1(c) (similar)) and should not be countenanced.

## OBJECTION

2.      To the extent the Court considers the motion, the Plan Administrator states that the requested payment is prohibited by the Plan's payment priority provision (Plan § 5.2), which provides for payment of allowed administrative expenses only after secured debt has been fully satisfied, except as provided in the wind down budget.  (*See also* Plan § 2.1(a) (payment of administrative expenses subject to Section 5.2).)

3.      The provision was necessary because the healthcare receivables that serve as virtually the entire source of distributions to creditors (*see* Dkt. No. 517-2, Schedule 2) are expected to be collected over a period of years.  As acknowledged by Mr. Wyse in his declaration pursuant to E.D.N.Y. LBR 1007-4 (Dkt. No. 15, ¶24), the Debtors "routinely wait months, and sometimes years for approval (and resulting payment) [from government payors] to be received".  (*See also* Dkt. No. 517-2 (Wyse Declaration), ¶8 and Schedule 1 (not uncommon for receivables attributable to patients with Medicaid applications pending (constituting approximately 40% of all receivables) to take 2-3 years to get paid); Dkt. No. 559 (Supplemental Wyse Declaration), ¶5

("there is concern that the pandemic may cause already slow processing times on Medicaid Pending and certain other types of Healthcare Receivables to be even slower").)  In addition, DIP loan interest accrues at the rate of 14%/year (Dkt. No. 4, Exhibit A), and so it must be paid first to prevent interest accrual from eviscerating creditor recoveries.

4.      The wind down budget (Dkt. No. 446-1, Schedule 1) Mr. Wyse approved provided for him to be paid $45,000 of his undisputed fees outside the otherwise applicable priority scheme. As of the date hereof, he has been paid that full amount, in addition to the $120,000 referenced (Motion ¶2, n.2) ($165,000 total).

5.      Prior to the filing of the motion, the undersigned advised Mr. Corbi that the Plan Administrator is bound by the payment priority provision, which is unaddressed in the motion. On June 4, 2020, the Plan Administrator further suggested Mr. Corbi request a deviation from the wind down budget from the required parties under Plan § 4.4 if he wished Mr. Wyse to be paid in full on account of his restructuring advisory fees now.[2]  Upon information and belief, that has not happened.  The motion should accordingly be denied.

6.      Denial of the motion, of course, does not mean that Mr. Wyse will not be paid.  It simply means he will be treated the same as other holders of allowed administrative expenses (which include Loeb & Loeb LLP, Prime Clerk LLC, and ordinary course professionals) with respect to the timing of payment of his allowed claim, consistent with the Plan and as would be the case under Bankruptcy Code section 726(b).  Given the substantial progress made since the effective date of the Plan (May 20, 2020, Dkt. No. 595) towards paying down secured debt—since

---

[2] Mr. Corbi states that the Official Committee of Unsecured Creditors is responsible for the delay in paying Mr. Wyse. (Motion ¶4.)  That is plainly false, its having been dissolved on the effective date under the Plan except for limited purposes (inapplicable).  For the same reason, the branch of the motion seeking relief as against the Committee (*id*. ¶5) must be denied.

the effective date, the Plan Administrator has fully satisfied the Prepetition Loan Claims, and anticipates the outstanding principal balance of the DIP Loan being reduced to below $1.3 million by the hearing on the motion—the Plan Administrator expects value to flow to Mr. Wyse and other holders of allowed administrative expenses in the near term.

7.      Lastly, the motion's final paragraph reserves the right to seek reimbursement of attorneys' fees incurred by Mr. Wyse in bringing the same; and in a June 2, 2020 e-mail, Mr. Corbi advised that the asserted basis for reimbursement is Paragraph 4(c) of Mr. Wyse's engagement agreement (Dkt. No. 240, Exhibit C), a general expense reimbursement clause.  Such argument would clearly fail.  The list of items for which reimbursement is permitted under Paragraph 4(c) includes "reasonable fees and expenses of counsel and/or other advisors engaged by the Wyse Parties <u>as necessary to perform under this Agreement</u>, which counsel and advisors shall be reasonably acceptable to the Companies." The underlined proviso clearly precludes reimbursement, Mr. Wyse's performance having been substantially completed by confirmation. Such relief should also be denied, putting aside the underlined proviso. *In re Boomerang Tube, Inc.*, 548 B.R. 69, 74 (Bankr. D. Del. 2016) (fee defense provision in bankruptcy retention agreement not authorized under contract exception to American rule, and cannot serve to bind the estate).

WHEREFORE, the Court should strike or deny the motion and grant such other and further

relief as the Court deems just and proper.


Dated:  June 23, 2020                                                    AMINI LLC
        New York, New York

                                                                        /s/ Jeffrey Chubak
                                                                        Avery Samet
                                                                        Jeffrey Chubak
                                                                        131 West 35th Street, 12th Floor
                                                                        New York, New York 10001
                                                                        (212) 490-4700
                                                                        asamet@aminillc.com
                                                                        jchubak@aminillc.com
                                                                        *Attorneys for Ronald Winters*
                                                                        *of Gibbins Advisors, LLC, Plan Administrator*