

September 10, 2020

**By E-mail**

Honorable Alan S. Trust
U.S. Bankruptcy Court for the Eastern District of New York
Alfonse M. D'Amato Federal Courthouse
290 Federal Plaza
Central Islip, New York 11722

Re: Absolute Facilities Management, LLC, Case 19-76260-ast

Dear Judge Trust:

I am the Plan Administrator appointed under the Chapter 11 Plan of the Debtors [Dkt. No. 560] (Plan) and write to address certain matters raised by Your Honor at the July 28, 2020 hearing.

Administrative Claims Pool; Available Cash

Since the effective date of the Plan (May 20, 2020) we have paid debt secured by the Debtors' healthcare receivables (principally the DIP loan), allowed claims of the patient care ombudsman and his counsel [Dkt. No. 670], adequate protection payments under the DIP order and obligations accrued post-effective date to governmental units (principally on account of the cash receipts assessment (under Public health Law Article 28) and U.S. Trustee fees).

In addition, in an effort to both reduce the cost of collecting the Debtors' healthcare receivables (face amount of approximately $11.7 million as of the date hereof) and improve collection yield, we have transitioned certain functions (billing, collection and administration of healthcare receivables) from the pre-effective date provider (an affiliate of the Debtors, *see* Dkt. No. 15, ¶15) to contractors; and are accordingly also paying costs incurred to them. We are of course continuing to develop alternatives to reduce collection costs.

As of the date hereof, there are approximately $4.9 million in allowed, outstanding administrative claims accrued pre-effective date (Administrative Claims). Enclosed herewith are charts breaking down Administrative Claims by category (Exhibit 1), identifying amounts paid to date to professionals relative to their respective Administrative Claims (Exhibit 2) and identifying Administrative Claims owed creditors other than



Honorable Alan S. Trust
September 10, 2020
Page 2

professionals (principally trade) and providing detail with respect to those over $10,000 (Exhibit 3).[1]

As of today, the book balance of the Debtors' cash, not held for RCA Healthcare Management, LLC,[2] is approximately $600,000. We expect to be able to make an interim distribution of approximately $400,000 by the end of this month.  Of that amount, $220,724.37 is being paid to Michael Wyse of Wyse Advisors LLC in advance of the hearing as discussed below, and the balance of this interim distribution will be paid before the end of this month.

Distribution Methodology

We intend to distribute cash of the Debtors, not held for RCA or reserved for accrued, owing and other near-term expenses, to holders of Administrative Claims ratably, based on the dollar amount of allowed claims outstanding as of the applicable distribution date (unless a particular creditor agrees to less favorable treatment).

We have conferred with the largest such holders, representing approximately 80% of the Administrative Claims pool (including both professionals and trade creditors) and based upon our discussions we do not believe that any of them object to our distributing cash on the basis of this methodology.  We are continuing to engage holders of Administrative Claims owed over $100,000 as to this matter and conceivable alternative methodologies, and will advise the Court at the hearing if any object to our distributing cash on the basis of the above-described methodology.

---

[1] Amounts identified in the enclosed charts are subject to adjustment as new information becomes available.

[2] Pursuant to the Administrative Services and Consulting Agreement between the Debtors and RCA [Dkt. No. 432, Exhibit D] (ASA), approved by the Sale Order, entered February 10, 2020 [Dkt. No. 446], since March 1, 2020 (ASA Effective Date) and pending closing of the transactions contemplated by the Asset Purchase Agreement between the Debtors and RCA [Dkt. No. 432, Exhibit C] (APA) (which we anticipate occurring following Department of Health approval of RCA's pending certificate of need applications in respect of the facilities), virtually all aspects of Debtors' operations has been contracted out to RCA, and RCA has been responsible for substantially all operating expenses incurred by the facilities.  Pursuant to the APA (at § 1.1.5-6), the Acquired Assets being purchased include healthcare receivables generated after the ASA Effective Date and all profits realized from the operation of the facilities after such date.  Pending closing, payors continue to remit payment for services rendered to the Debtors, and amounts paid on account of post-ASA Effective Date services are accordingly held for RCA and do not belong to the Debtors.  Said funds are periodically turned over to RCA following our review and reconciliation.

Resolution of Pending Motion to Compel

We are pleased to advise that the pending motion of Mr. Wyse to compel payment of the full amount of his Administrative Claim [Dkt. No. 578] has been resolved. Loeb & Loeb LLP (holding an Administrative Claim representing over half of the total pool) has authorized our paying $220,724.37 (half of Mr. Wyse's outstanding claim) of the amount otherwise payable to Loeb under the above-described methodology to Mr. Wyse. We thereafter intend to continue making interim distributions on the basis of the above-described methodology. We will make the subject payment prior to the hearing and anticipate the motion being withdrawn concurrently.

Interim Distributions

We anticipate making the balance of the interim distribution to holders of Administrative Claims this month; and plan to make further interim distributions as soon as practicable following our collecting at least $300,000 in excess of a reasonable reserve to cover current expenses which include amounts owed governmental units and persons charged with collection activities.

We continue to endeavor to pay holders of Administrative Claims as quickly and efficiently and possible, and would be happy to address any questions or concerns of the Court.

Very truly yours,

R.M. Winters

Ronald M. Winters

m. 914.391.6269

e. rwinters@gibbinsadvisors.com

Enclosures

**Exhibit 1**
**Administrative Claims Summary**

| Description | Amount |
|---|---:|
| Outstanding Payables | $ 499,723.34 |
| HPE Admin Settlement | 43,902.12 |
| Whiteford, Taylor Settlement | 12,837.32 |
| RCA March Credits | 198,922.08 |
| Professional Fees | 4,078,076.59 |
| RCA Transition Bills | 41,426.86 |
| Total | $ 4,874,888.31 |
| *Rounded* | $ 4,900,000.00 |

**Exhibit 2**
**Paid/Unpaid Professional Fee Summary**

| Professional / Service Provider | Total Allowed | Paid to Date | Balance | %-age Paid | Notes |
|---|---|---|---|---|---|
| Loeb & Loeb | $ 2,700,000.00 | $         - | $ 2,700,000.00 | **0.0%** | Docket 614 |
| Prime Clerk Claims and Noticing Agent | 491,297.07 | 151,019.70 | 340,277.37 | **30.7%** | Includes post-ED amounts; accordingly subject to adjsutment |
| Prime Clerk Administrative Advisor | 40,328.89 | $0.00 | 40,328.89 | **0.0%** | Docket 613 |
| Wyse Advisors, LLC -- CRO | 506,548.75 | 165,000.00 | 341,548.75 | **32.6%** | Docket 435, 471, 525, 533, 571, 608 |
| Wyse Advisors LLC, --DIP | 99,900.00 | - | 99,900.00 | **0.0%** | |
| William Lenhart | 151,362.70 | 151,362.70 | - | **100.0%** | Docket 310, 319, 436, 477, 528, 564, |
| Senior Living Investment Brokerage | 75,000.00 | - | 75,000.00 | **0.0%** | Docket 668 |
| Feldman & Kieffer | | - | - | **0.0%** | |
| Robert J. Fedor, Esq. | 80,885.86 | 28,029.60 | 52,856.26 | **34.7%** | |
| SSRGA | | 115,149.26 | 92,187.89 | **55.5%** | Includes amounts in excess of cap and post-ED; subject to adjustment |
| Naness Chaiet & Naness | | 4,982.50 | 1,300.00 | **79.3%** | |
| Kaufman Borgeest & Ryan | | 36,718.30 | 866.50 | **97.7%** | Does not include a prepetition invoice ($75K) paid 10/26/19 |
| Hinman Straub | | 14,468.04 | 24,091.83 | **37.5%** | |
| Bonadio | | - | 37,478.00 | **0.0%** | Excludes post-ED services |
| Amini, LLC | 272,241.10 | | 272,241.10 | **0.0%** | |
| Joseph Tomaino (PCO) | 34,241.99 | 34,241.99 | - | **100.0%** | *Includes attorney fees* |
| SilvermanAcampora | 10,073.50 | 10,073.50 | - | **100.0%** | |
| | | | **$4,078,076.59** | | |

**Exhibit 3**
**Unpaid Vendor Claim Summary**

| | |
|---|---:|
| TwinMed, LLC | $121,168.10 |
| NYSEG | 43,489.32 |
| Preventive Diagnostics, Inc. | 28,522.60 |
| 1199 SEIU | 24,342.13 |
| National Fuel | 24,247.88 |
| Pronexus | 16,850.00 |
| Modern Corporation | 11,859.36 |
| Compliance Consulting Group, LLC | 11,600.00 |
| Brian Wiles | 11,568.84 |
| Fidelis | 10,868.31 |
| All below $10K | 195,206.80 |
| | $499,723.34 |