Avery Samet
Jeffrey Chubak
AMINI LLC
131 West 35th Street, 12th Floor
New York, New York 10001
(212) 490-4700
asamet@aminillc.com
jchubak@aminillc.com
*Attorneys for Plaintiff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>ABSOLUT FACILITIES MANAGEMENT, LLC,<br><br>                             Debtor. | Chapter 11<br><br>Case No. 19-76260 (AST)<br><br>Adv. Proc. No. 21-_____ |
| RONALD WINTERS, as Plan Administrator under the Chapter 11 Plan of Absolut Facilities Management, LLC,<br>                             Plaintiff,<br><br>- against -<br><br>GRANDVIEW BROKERAGE CORPORATION,<br>                             Defendant. | **COMPLAINT** |

Plaintiff Ronald Winters, as Plan Administrator ("Plaintiff") under the Chapter 11 Plan of Absolut Facilities Management, LLC ("Debtor"), hereby alleges:

**THE PARTIES**

1. Plaintiff is the duly appointed Plan Administrator under the Debtor's Chapter 11 Plan, which was confirmed May 17, 2020 and became effective May 20, 2020. The Debtor was the management company for leased, skilled nursing and assisted living facilities owned and operated by certain of its subsidiaries.

2. Defendant Grandview Brokerage Corporation ("Defendant") is a New York corporation, whose office is located in Brooklyn and that was the Debtor's insurance broker.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this adversary proceeding under 28 U.S.C. §§ 1334(b) and 157(a).

4. This is a core proceeding under 28 U.S.C. § 157(b)(2)(F).

5. Pursuant to Rule 7008(a), Plaintiff states that he consents to the Court's entering final judgment on his claim.

6. This action is properly venued in this district under 28 U.S.C. § 1409.

## BACKGROUND

7. The Debtor (at 10:37 p.m.), and certain of its subsidiaries, commenced chapter 11 cases on September 10, 2019.

8. During the 90-day period preceding the commencement of the Debtor's chapter 11 case, the Debtor made three $75,000 payments ($225,000 total) to Defendant, on each of June 28, 2019, July 10, 2019 and September 10, 2019 (prior to filing) (together, "Challenged Payments").

9. The first two Challenged Payments were made by check, and the third was paid by credit card.

10. The first two Challenged Payments were made in partial satisfaction of funds advanced by Defendant to cover the $205,390.80 "cash down payment" under a commercial premium finance agreement between the Debtor and First Insurance Funding, executed May 10, 2019.

11. The subject policies were renewed May 15, 2019; and so, on information and belief, Defendant posted the cash down payment by such date.

12. The third Challenged Payment was made to cover the balance of the cash down payment and additional debts owed Defendant.

13. Defendant has filed a proof of claim in the amount of $735,965.33, on account of said debts, and which annexes prepetition invoices going back to December 25, 2016.

**FIRST CLAIM FOR RELIEF**
**Avoidance and Recovery**
**of Preferences Pursuant to**
**11 U.S.C. §§ 547 and 550**

14. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if they were fully restated.

15. The Challenged Payments were made on account of one or more antecedent debts owed by the Debtor to Defendant before each was made, and within 90 days before the petition date.

16. The Challenged Payments were made while the Debtor was insolvent. In the months leading up to the commencement of the Debtor's case, it was unable to pay its debts as they became due. Among other things, it ceased paying rent due under its subsidiaries' leases—a necessary operating expense—and applied to close one such subsidiary's facility (Absolut Center for Nursing and Rehabilitation at Orchard Park LLC).

17. The Debtor was also insolvent on a balance sheet basis. As of the petition date, the Debtor owed approximately $5.7 million to its healthcare receivables lender, and the claims register herein reflects millions of additional dollars in aged payables which were due and owing at the time the challenged payments were made.

18. As to assets, at the time the Challenged Payments were made the Debtor had no meaningful assets aside from its interests in its subsidiaries, de minimis cash reserves and preserved causes of action. However, the subsidiaries' skilled nursing and assisted living facilities ultimately sold following a lengthy marketing process, for a deferred purchase price of just

3

$750,000, less indemnification payments to cover recoupments of healthcare receivable proceeds by government payors at the contemplated purchaser's expense.

19. The Challenged Payments enabled Defendant to receive more than it would have received had they not been made, and Defendant instead received payment of the resulting debt in a chapter 7 case.

WHEREFORE, Plaintiff prays for judgment against Defendant in the amount of $225,000, plus prejudgment interest and costs, and such other and further relief as this Court deems just and proper.

Dated: New York, New York
      June 16, 2021

AMINI LLC

/s/ Jeffrey Chubak
Avery Samet
Jeffrey Chubak
131 West 35th Street, 12th Floor
New York, New York 10001
(212) 490-4700
asamet@aminillc.com
jchubak@aminillc.com
*Attorneys for Plaintiff*