Avery Samet
Jeffrey Chubak
AMINI LLC
131 West 35th Street, 12th Floor
New York, New York 10001
(212) 490-4700
asamet@aminillc.com
jchubak@aminillc.com
*Attorneys for Plaintiff*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>ABSOLUT FACILITIES MANAGEMENT, LLC,<br><br><div align="center">Debtor.</div> | Chapter 11<br><br>Case No. 19-76260 (AST)<br><br>Adv. Proc. No. 21-_____ |
| RONALD WINTERS, as Plan Administrator under the Chapter 11 Plan of Absolut Facilities Management, LLC,<br><div align="center">Plaintiff,</div><br> - against -<br><br>KAUFMAN BORGEEST & RYAN LLP,<br><div align="center">Defendant.</div> | **COMPLAINT** |

Plaintiff Ronald Winters, as Plan Administrator ("Plaintiff") under the Chapter 11 Plan of

Absolut Facilities Management, LLC ("Debtor"), hereby alleges:

<div align="center"><b><u>THE PARTIES</u></b></div>

1.      Plaintiff is the duly appointed Plan Administrator under the Debtor's Chapter 11

Plan, which was confirmed May 17, 2020 and became effective May 20, 2020.  The Debtor was

the management company for leased, skilled nursing and assisted living facilities owned and

operated by certain of its subsidiaries.

2.      Defendant Kaufman Borgeest & Ryan LLP ("Defendant") is a law firm organized as a limited liability partnership under New York law and which has multiple offices within New York.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this adversary proceeding under 28 U.S.C. §§ 1334(b) and 157(a).

4.      This is a core proceeding under 28 U.S.C. § 157(b)(2)(F).

5.      Pursuant to Rule 7008(a), Plaintiff states that he consents to the Court's entering final judgment on his claim.

6.      This action is properly venued in this district under 28 U.S.C. § 1409.

## BACKGROUND

7.      The Debtor, and certain of its subsidiaries, commenced chapter 11 cases on September 10, 2019 ("Petition Date").

8.      The Debtor engaged Defendant on an hourly basis, as defense counsel for the Debtor, certain of its subsidiaries and its principal in tort litigation.

9.      During the 90-day period preceding the Petition Date, the Debtor made weekly payments by check of around $15,000/each (totaling $105,101.66) to Defendant as set forth in the following chart:

| Payment Date | Payment Amount |
|---|---|
| June 14, 2019 | $15,015.25 |
| June 21, 2019 | $15,004.08 |
| June 28, 2019 | $15,007.75 |
| July 5, 2019 | $15,020.47 |
| July 12, 2019 | $15,011.10 |
| July 19, 2019 | $15,027.00 |
| July 26, 2019 | $15,016.01 |

(together, the "Preference Payments").

10.     Each payment was applied to batches of unpaid invoices (4-20 per payment), issued by Defendant from September 2018-December 2018.

## FIRST CLAIM FOR RELIEF
### Avoidance and Recovery of
### Preference Payments Pursuant
### to 11 U.S.C. §§ 547 and 550

11.     Plaintiff incorporates by reference the allegations in the preceding paragraphs as if they were fully restated.

12.     Each Preference Payment was made on account of antecedent debts owed by the Debtor to Defendant before it was made, and within 90 days before the petition date.

13.     The Preference Payments were made while the Debtor was insolvent.  In the months leading up to the Petition Date, it was unable to pay its debts as they became due.  Among other things, it ceased paying rent due under its subsidiaries' leases—a necessary operating expense—and applied to close one such subsidiary's facility (Absolut Center for Nursing and Rehabilitation at Orchard Park LLC).

14.     The schedule annexed to Defendant's proof of claim (Claim #334) further shows that in the months leading up to the Petition Date, the Debtor was not paying Defendant's invoices as they became due.

15.     The Debtor was also insolvent on a balance sheet basis.  As of the petition date, the Debtor owed approximately $5.7 million to its healthcare receivables lender, and the claims register herein reflects millions of additional dollars in aged payables which were due and owing at the time the Preference Payments were made.

16.     As to assets, at the time the Preference Payments were made the Debtor had no meaningful assets aside from its interests in its subsidiaries, de minimis cash reserves and preserved causes of action.  However, the subsidiaries' skilled nursing and assisted living facilities

ultimately sold following a lengthy marketing process, for a deferred purchase price of just $750,000, less indemnification payments to cover recoupments of healthcare receivable proceeds by government payors at the contemplated purchaser's expense.

17.    The Preference Payments enabled Defendant to receive more than it would have received had they not been made, and Defendant instead received payment of the resulting debt in a chapter 7 case.

WHEREFORE, judgment should be entered in favor of Plaintiff and against Defendant in the amount of $105,101.66, plus prejudgment interest and costs, and such other and further relief as this Court deems just and proper.

Dated: New York, New York
       September 3, 2021

AMINI LLC

/s/ Jeffrey Chubak
Avery Samet
Jeffrey Chubak
131 West 35th Street, 12th Floor
New York, New York 10001
(212) 490-4700
asamet@aminillc.com
jchubak@aminillc.com
*Attorneys for Plaintiff*