Craig T. Mierzwa, Esq.
SIMON PLC ATTORNEYS & COUNSELORS
845 Third Avenue, 6th Floor
New York, New York 10021
212 519 7412
Attorneys for Deborah Fetterly

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X

**IN RE:**

**ABSOLUT FACILITIES**
**MANAGEMENT, LLC, ET AL.,**

                              **Debtors[1].**

-------------------------------------------------------------------X

**Chapter 11**

| Case Nos. | 19-76260-ast |
|---|---|
| | 19-76263-ast |
| | 19-76267-ast |
| | 19-76268-ast |
| | 19-76269-ast |
| | 19-76270-ast |
| | 19-76271-ast |
| | 19-76272-ast |

**MOTION OF DEBORAH FETTERLY FOR RELIEF FROM THE AUTOMATIC STAY**
**UNDER SECTION 362 OF THE BANKRUPTCY CODE AND WAIVER OF FOURTEEN**
**DAY STAY IMPOSED BY RULE 4001 (a)(3)**

Deborah Fetterly ("Movant"), by and through her undersigned counsel, respectfully moves

this Court (the "Motion"), pursuant to section 362 of title 11 of the United States Code, 11 U.S.C.

§§ 101 et seq. (the "Bankruptcy Code"), Rule 4001 of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules"), and Rule 4001-1 of the Local Rules of Practice and Procedure of the

United States Bankruptcy Court for the Eastern District of New York (the "Local Rules") for relief

from the automatic stay to pursue a claim against one of the jointly administered debtors, in

particular, **Absolut Center For Nursing & Rehabilitation At Aurora Park LLC** ("Debtor"), in a

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Absolut Facilities Management, LLC (1412); Absolut Center for Nursing and Rehabilitation at Allegany, LLC (7875); Absolut Center for Nursing and Rehabilitation at Aurora Park, LLC (8266); Absolut Center for Nursing and Rehabilitation at Gasport, LLC (8080); Absolut at Orchard Brooke, LLC (1641); Absolut Center for Nursing and Rehabilitation at Orchard Park, LLC (8300); Absolut Center for Nursing and Rehabilitation at Three Rivers, LLC (8133); and Absolut Center for Nursing and Rehabilitation at Westfield, LLC (7924).

civil action currently pending in the Supreme Court of the State of New York, County of Erie, styled

Deborah Fetterly, Plaintiff, v. 292 Main Street, LLC, Absolut At Aurora Park, LLC and Absolut

Center For Nursing & Rehabilitation At Aurora Park, LLC, Defendants, Index No.: 807080/2019

(the "Civil Action") to settlement or final judgment and to satisfy such settlement or final judgment

from insurance proceeds. In support of this Motion, Movant respectfully represents as follows:

### JURISDICTION

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this Court

pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The bases for the relief requested herein are section 362 of the Bankruptcy Code,

Bankruptcy Rule 4001 and Local Rule 4001-1.

### BACKGROUND

#### A.      THE BANKRUPTCY CASE

3.      The collective debtors are nursing home facilities that filed this jointly administered

Chapter 11 case on or about September 10, 2019 (the "Petition Date").

#### B.      THE CIVIL ACTION

4.      On or around June 10, 2019, Ms. Fetterly commenced the Civil Action against one of

the debtors in this jointly administered case (plaintiff mistakenly named Absolut at Aurora Park,

LLC as defendant). Ms. Fetterly seeks damages from Debtor for personal injuries that she alleged

she sustained as a result of an accident that occurred on December 13, 2018.

5.      A brief statement of the underlying facts in the Civil Action is as follows:

   a. Ms. Fetterly was an invitee to the premises located at 292 Main Street, East Aurora, Erie County, New York on December 13, 2018.

   b. Ms. Fetterly was lawfully on the Debtor's premises identified above, and more particularly, on the outside walkways and parking areas.

c. Ms. Fetterly was caused to sustain severe personal injuries as a direct result of the negligence, carelessness, recklessness and other culpable conduct of the Debtor, its agents, servants and/or employees.

d. The Debtor, its agents, servants and/or employees,were negligent, careless, and reckless in among other things:

      i. failing and omitting to keep and maintain the premises located at 292 Main Street, East Aurora, Erie County, New York and more particularly, the outside walkways and parking areas on said property in a safe condition, under the circumstances;

      ii. failing and omitting to clean and keep safe Debtor's premises;

      iii. causing, allowing and permitting a dangerous, unsafe and hazardous condition to exist at the accident site;

      iv. failing and omitting to provide persons such as the Ms. Fetterly with any notice or warning of the existence of the dangerous, unsafe and hazardous condition at the accident site;

      v. failing and omitting to periodically inspect and maintain the premises so that proper repairs and maintenance were performed thereat;

      vi. failing and omitting to take necessary steps at the accident site so that the site was free and clear of a dangerous condition; and

      vii. causing, allowing and permitting an unsafe condition to exist at the premises resulting from a fall by Ms. Fetterly that caused her sustain, *inter alia*, acute left distal radius (non-displaced) to her left wrist and left radial styloid fracture.

6. On or about July 29, 2019 the Debtor filed an answer to Ms. Fetterly's Complaint.

**RELIEF REQUESTED**

7. By this Motion, Movant requests entry of an order granting relief from the automatic stay to allow her to prosecute the Civil Action to settlement or final judgment and to enforce any such settlement or judgment, as against **Debtor Absolut Center For Nursing & Rehabilitation At Aurora Park LLC** solely against this Debtor's insurance proceeds.

## BASIS FOR RELIEF REQUESTED

8.    Section 362(d)(1) of the Bankruptcy Code provides that:

> the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay —
>
>> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest. . . .

11 U.S.C. § 362(d)(1).

9.    "Although cause is not defined ... Congress did intend that the automatic stay be lifted to allow litigation involving the debtor to continue in nonbankruptcy forums . . ." *In re United Imports, Inc.*, 203 B.R. 162, 166 (Bankr. D. Neb. 1996) (citing legislative history); see also *Robbins v. Robbins*, 964 F.2d 342, 345 (4th Cir. 1992) (citing legislative history: "it will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere").  The determination of whether cause exists to permit the movant to proceed with his state court litigation is left to the court's discretion and is to be made based on the facts of the case.  *Laguna Assocs. Ltd v. Aetna Cas. & Sur. Co.*, 30 F.3d 734, 737 (6th Cir. 1994).

10.    In determining whether cause exists, most courts "balance the hardship to the creditor, if he is not allowed to proceed with his lawsuit, against potential prejudice to the debtor, debtor's estate and other creditors." *In re R.J. Groover Constr., LLC*, 411 B.R. 460, 463-64 (Bankr. Ga. 2008). In carrying out this balancing test, courts have considered numerous factors, including:

(1) Whether relief would result in a partial or complete resolution of the issues;

(2) The lack of any connection with or interference with the bankruptcy case;

(3) Whether the other proceeding involves the debtor as a fiduciary;

(4) Whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;

(5) Whether the debtor's insurer has assumed full responsibility for defending it;

(6) Whether the action primarily involves third parties;

(7) Whether litigation in another forum would prejudice the interests of other creditors;

(8) Whether the judgment claim arising from the other action is subject to equitable subordination;

(9) Whether movant's success in the other proceeding would result in a judicial lien available by the debtor;

(10) The interests of judicial economy and the expeditious and economical resolution of the litigation;

(11) Whether the parties are ready for trial in the other proceeding;

(12) The impact of the stay on the parties and the balance of harms.

*In re New York Medical Group, P.C.*, 265 B.R. 408, 413 (Bankr. S.D.N.Y. 2001); see also *Sonnax Industries Inc. v. Tri Component Production Corp.* ( *In re Sonnax Industries, Inc.*), 907 F.2d 1280, 1286 (2d Cir. 1990). In weighing these factors, courts only consider those factors that are relevant to the particular case at hand and do not assign equal weight to each factor. *In re Mazzeo*, 167 F.3d 139, 143 (2d Cir. 1999).

11. In this case, several of the factors are relevant and all weigh heavily in favor of lifting the stay so that the Movant can proceed with her claims.

12. Determining whether "cause" exists to permit the Movant to proceed is whether "the interests of the estate" are outweighed "by the hardships incurred by the creditor-plaintiff." *In re*

*Indian River Estates*, 293 B.R. 429 (Bankr. N.D. Ohio 2003). Because no harm will befall the Debtor and Movant will effectively be prejudiced by delaying her claims, a lifting of the stay is appropriate.

### A. Lifting the Stay to allow the claims to proceed in State Court will completely resolve the issues between Movant and the Debtor.

13. First, this Honorable Court can completely resolve the issues between the Movant and this particular Debtor by lifting the automatic stay and permitting Movant to pursue her claims in state court. By lifting the stay and permitting Movant and this particular Debtor to litigate the personal injury claim in New York state court to its conclusion, the relationship between Movant and the particular Debtor will be over.

### B. Lifting the Stay will not interfere with the Bankruptcy Estate(s)

14. The Debtor's estate(s) will suffer little prejudice if Movant is allowed to pursue her claims against the Debtor.

15. The purpose of the automatic stay is to enable the bankruptcy court:

> [t]o prevent certain creditors from gaining a preference for their claims against the debtor, to forestall the depletion of the debtor's assets due to legal costs in defending proceedings against it; and, in general, to avoid interference with the orderly liquidation of the debtor.

*See Rexene*, 141 B.R. 574 at 576 (Bankr. D. Del. 1992) (quoting *St. Croix Condominium Owners v. St. Croix Hotel*, 682 F.2d 446, 448 (3d Cir. 1982)). In this case, the Debtor will not be harmed because if Movant is successful in obtaining a judgment against, or settlement with, the Debtor, Movant is merely seeking to collect from the Debtor's insurance and will not seek to collect on any such judgment or settlement from the estate(s) assets without further order of this Court. Further, Movant is attempting to liquidate her claim against the Debtor in a timely and efficient manner. Movant is seeking to liquidate claims in order to recover under applicable insurance policies.

16. "Numerous courts have permitted the stay to be lifted when the movant is simply seeking to establish the fact and amount of the debtor's liability and, as in this case, the movant has stipulated that any recovery will be sought from the debtor's insurer or a codefendant." *In re Peterson*, 116 B.R. 247, 250-51 (D. Cob. 1990). "Where, as here, the plaintiffs have agreed that they will not seek any recovery from estate assets, there is no basis for continuing the automatic stay"; *In re Grace Indus, Inc.*, 341 B.R. 399, 405 (Bankr. E.D.N.Y. 2006); *see also In re Todd Shipyards Corp.*, 92 B.R. 600 (Bankr. D. N.J. 1988) ("Since the movants only seek to litigate their claims to the point of judgment and do not seek relief from the stay in order to attach the property of the debtor, such relief does not interfere with the bankruptcy proceedings").

## C. The New York State Court is the appropriate forum and promotes judicial efficiency.

17. Because the Civil Action was commenced in the Supreme Court of the State of New York, and involves questions of New York law, Movant's claims against the Debtor should be liquidated in the appropriate court. Further, as the Debtor has already answered the Complaint in the Civil Action, counsel representing the Debtor in the Civil Action by way of its insurance carrier is familiar with the underlying claims. It is often more, "appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere." *See Rexene*, 141 B.R. at 576 (citing H.R. Rep. No. 95-595, 95th Cong., 1st Sess., 341 (1977)). Such is the case here and judicial efficiency will be promoted by having all the claims resolved in one forum.

## D. The hardship to the Movant by the maintenance of the automatic stay considerably outweighs any conceivable hardship to the Debtor by modifying the automatic stay.

18. "When the court is reasonably confident that the policy proceeds will be sufficient to satisfy all creditors with claims that may be paid under the policy, the court should grant relief from

the stay to permit an action either against the debtor, if necessary, or directly against the insurer."

3 *Collier on Bankruptcy* § 362.07 [3][a]. To the extent there are applicable insurance proceeds available to satisfy Movant's claim, Movant is prejudiced by the delay in recovering on the claim, when such recovery will have little or no impact on the Debtor's estate(s).

19. In the event this Court grants the relief from stay, Movant respectfully requests waiver of the fourteen (14) day stay imposed by Bankruptcy Rule 4001(a)(3).

## CONCLUSION

**WHEREFORE**, Deborah Fetterly respectfully requests that this Court enter an order (i) granting the Motion; (ii) lifting the automatic stay to allow Movant to liquidate her claim against Debtor **Absolut Center For Nursing & Rehabilitation At Aurora Park LLC** and to proceed against the insurance proceeds; and (iii) granting such other and further relief as the Court deems just and proper.

Dated: December 20, 2021

SIMON PLC ATTORNEYS & COUNSELORS


/s/ Craig T. Mierzwa
Craig T. Mierzwa
Attorneys for Deborah Fetterly
845 Third Avenue, 6th Floor
New York, New York 10022
212 519 7412
cmierzwa@simonattys.com

Craig T. Mierzwa, Esq.
SIMON PLC ATTORNEYS & COUNSELORS
845 Third Avenue, 6th Floor
New York, New York 10021
212 519 7412
Attorneys for Deborah Fetterly

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X

**IN RE:**

**ABSOLUT FACILITIES**
**MANAGEMENT, LLC, ET AL.,**


                    **Debtors.**

-------------------------------------------------------------------X

**Chapter 11**

| Case Nos. | 19-76260-ast |
|---|---|
| | 19-76263-ast |
| | 19-76267-ast |
| | 19-76268-ast |
| | 19-76269-ast |
| | 19-76270-ast |
| | 19-76271-ast |
| | 19-76272-ast |

## CERTIFICATE OF SERVICE

I certify that on December 20, 2021, I caused a copy of Deborah Fetterly's annexed notice of hearing and motion for relief from stay to be filed with the Court using the CM/ECF system thereby causing Notice of Electronic Filing of the same to be served by e-mail, pursuant to Fed. R. Bankr. P. 9036 and E.D.N.Y. 9036-2, on those persons listed on the annexed service list at the addresses indicated.

Dated: December 20, 2021


                        SIMON PLC ATTORNEYS & COUNSELORS


                        /s/ Craig T. Mierzwa
                        Craig T. Mierzwa
                        Attorneys for Deborah Fetterly
                        845 Third Avenue, 6th Floor
                        New York, NY 10021
                        212 519 7412
                        cmierzwa@simonattys.com

George Angelich on behalf of Creditor 6060 Armor Road, LLC angelich.george@arentfox.com, lisa.indelicato@arentfox.com
George Angelich on behalf of Creditor Arba Group angelich.george@arentfox.com,   lisa.indelicato@arentfox.com
George Angelich on behalf of Plaintiff 6060 Armor Road, LLC angelich.george@arentfox.com, lisa.indelicato@arentfox.com
Jessica Ipa Apter on behalf of Creditor 1199SEIU United Healthcare Workers   East japter@levyratner.com
Arthur G Baumeister, Jr on behalf of Creditor Denise A. Kolodziej  abaumeister@bdlegal.net

Robert Aaron Benjamin on behalf of Creditor Kaufman Borgeest & Ryan LLP   rbenjamin@kbrlaw.com

Daniel B Besikof on behalf of Debtor Absolut Facilities Management, LLC dbesikof@loeb.com Christine
H   Black  christine.h.black@usdoj.gov

Erin.Hogan@usdoj.gov,Sharon.Warner@usdoj.gov,Rhonda.J.Zdanowicz@usdoj.gov,Ercelia.Mendoza@usdoj.gov,USTP.LI.ECF
@usdoj.gov

Jonathan Bodner on behalf of Creditor ABS DIP, LLC  jbodner@bodnerlawpllc.com

Schuyler G. Carroll on behalf of Debtor Absolut Center for Nursing and Rehabilitation at Allegany, LLC
SCarroll@loeb.com,
scarroll@ecf.courtdrive.com,NYbkdocket@loeb.com,fmckeown@loeb.com,rvega@loeb.com,nweingarten@loeb.com

Schuyler G. Carroll on behalf of Debtor Absolut Center for Nursing and Rehabilitation at Aurora Park, LLC
SCarroll@loeb.com,
scarroll@ecf.courtdrive.com,NYbkdocket@loeb.com,fmckeown@loeb.com,rvega@loeb.com,nweingarten@loeb.com

Schuyler G. Carroll on behalf of Debtor Absolut Center for Nursing and Rehabilitation at Gasport, LLC
SCarroll@loeb.com,
scarroll@ecf.courtdrive.com,NYbkdocket@loeb.com,fmckeown@loeb.com,rvega@loeb.com,nweingarten@loeb.com

Schuyler G. Carroll on behalf of Debtor Absolut Center for Nursing and Rehabilitation at Orchard Park, LLC
SCarroll@loeb.com,
scarroll@ecf.courtdrive.com,NYbkdocket@loeb.com,fmckeown@loeb.com,rvega@loeb.com,nweingarten@loeb.com

Schuyler G. Carroll on behalf of Debtor Absolut Center for Nursing and Rehabilitation at Three Rivers, LLC
SCarroll@loeb.com,
scarroll@ecf.courtdrive.com,NYbkdocket@loeb.com,fmckeown@loeb.com,rvega@loeb.com,nweingarten@loeb.com

Schuyler G. Carroll on behalf of Debtor Absolut Center for Nursing and Rehabilitation at Westfield, LLC
SCarroll@loeb.com,
scarroll@ecf.courtdrive.com,NYbkdocket@loeb.com,fmckeown@loeb.com,rvega@loeb.com,nweingarten@loeb.com

Schuyler G. Carroll on behalf of Debtor Absolut Facilities Management, LLC
SCarroll@loeb.com,
scarroll@ecf.courtdrive.com,NYbkdocket@loeb.com,fmckeown@loeb.com,rvega@loeb.com,nweingarten@loeb.com

Schuyler G. Carroll on behalf of Debtor Absolut at Orchard Brooke, LLC
SCarroll@loeb.com,
scarroll@ecf.courtdrive.com,NYbkdocket@loeb.com,fmckeown@loeb.com,rvega@loeb.com,nweingarten@loeb.com

Schuyler G. Carroll on behalf of Defendant Absolut Center for Nursing and Rehabilitation at Orchard Park, LLC
SCarroll@loeb.com,
scarroll@ecf.courtdrive.com,NYbkdocket@loeb.com,fmckeown@loeb.com,rvega@loeb.com,nweingarten@loeb.com

Schuyler G. Carroll on behalf of Defendant Absolut Facilities Management, LLC
SCarroll@loeb.com,
scarroll@ecf.courtdrive.com,NYbkdocket@loeb.com,fmckeown@loeb.com,rvega@loeb.com,nweingarten@loeb.com

Michael R Caruso on behalf of Creditor Ohio Casualty Insurance Company and its affiliates mcaruso@csglaw.com,
ecf@csglaw.com

James R Cho on behalf of Creditor United States of America   james.cho@usdoj.gov

Jeffrey Chubak on behalf of Creditor Committee Official Committee of Unsecured Creditors
jchubak@aminillc.com,      aminillcfiling@aminillc.com;jchubak@ecf.courtdrive.com

Nicole M Ciolko on behalf of Creditor Signature Financial, LLC  nciolko@bronsterllp.com
Paul A De Genaro on behalf of Creditor 777 Equipment Finance LLC pdegenaro@benantilaw.com
Kyle C. DiDone on behalf of Creditor Paramount Roofing Inc.  didone@ruppbaase.com,
hill@ruppbaase.com;federalfiling@ruppbaase.com

Stephen A Donato on behalf of Interested Party COTRNC Realty, LLC
sdonato@bsk.com, tayers@bsk.com;kdoner@bsk.com

Stephen A Donato on behalf of Interested Party DURNC Operating, LLC
sdonato@bsk.com, tayers@bsk.com;kdoner@bsk.com

Stephen A Donato on behalf of Interested Party DURNC Realty, LLC sdonato@bsk.com, tayers@bsk.com;kdoner@bsk.com Stephen A Donato on behalf of Interested Party EDRNC Operating, LLC sdonato@bsk.com, tayers@bsk.com;kdoner@bsk.com Stephen A Donato on behalf of Interested Party EDRNC Realty, LLC sdonato@bsk.com, tayers@bsk.com;kdoner@bsk.com Stephen A Donato on behalf of Interested Party HORNC Operating, LLC sdonato@bsk.com, tayers@bsk.com;kdoner@bsk.com Stephen A Donato on behalf of Interested Party HORNC Realty, LLC sdonato@bsk.com, tayers@bsk.com;kdoner@bsk.com Stephen A Donato on behalf of Interested Party SARNC Operating, LLC sdonato@bsk.com, tayers@bsk.com;kdoner@bsk.com Stephen A Donato on behalf of Interested Party SARNC Realty, LLC sdonato@bsk.com, tayers@bsk.com;kdoner@bsk.com
Gabriel J Ferber on behalf of Interested Party Ally  bkcy@nfdlaw.com

Peter B Foster on behalf of Creditor Sterling National Bank pfoster@foster-wolkind.com Aviva
Francis on behalf of Creditor Specialty RX NY, Inc afrancis@newmanlawpc.com Aviva Francis
on behalf of Creditor Specialty Rx, Inc. afrancis@newmanlawpc.com
Megan J. Freismuth on behalf of Creditor United States of America  megan.freismuth@usdoj.gov

Megan J. Freismuth on behalf of Interested Party United States of America  megan.freismuth@usdoj.gov
Megan J. Freismuth on behalf of Plaintiff Equal Employment Opportunity Commission megan.freismuth@usdoj.gov Ronald J
Friedman on behalf of Patient Care Ombudsman Joseph J.   Tomaino
efilings@spallp.com,
rfriedman@silvermanacampora.com;dmahoney@silvermanacampora.com;CTiso@SilvermanAcampora.com
Leo V. Gagion on behalf of Creditor New York State Department of Health Leo.Gagion@ag.ny.gov, Enid.Stuart@ag.ny.gov Garry M.
Graber on behalf of Creditor Cass Development  Company
ggraber@hodgsonruss.com, mheftka@hodgsonruss.com;cnapiers@hodgsonruss.com

Charles A Gruen on behalf of Creditor U.S. Bank National Association d/b/a U.S. Bank Equipment Finance cgruen@gruenlaw.com

William M Hawkins on behalf of Debtor Absolut  Facilities  Management,  LLC  whawkins@loeb.com,  nybkdocket@loeb.com William
M Hawkins on behalf of Plaintiff Absolut Facilities Management, LLC whawkins@loeb.com, nybkdocket@loeb.com Andrew B
Helfand on behalf of Creditor Signature Financial, LLC  ahelfand@bronsterllp.com
Suzanne Hepner on behalf of Creditor 1199SEIU United Healthcare Workers  East
shepner@levyratner.com,
rbarbur@levyratner.com;jcisneros@levyratner.com;lblackstone@levyratner.com;klehmann@levyratner.com

Camille Hill on behalf of Interested Party COTRNC Realty, LLC chill@bsk.com,
kdoner@bsk.com,tayers@bsk.com,nbasalyga@bsk.com

Camille Hill on behalf of Interested Party DURNC Operating, LLC chill@bsk.com,
kdoner@bsk.com,tayers@bsk.com,nbasalyga@bsk.com

Camille Hill on behalf of Interested Party DURNC Realty, LLC chill@bsk.com,
kdoner@bsk.com,tayers@bsk.com,nbasalyga@bsk.com

Camille Hill on behalf of Interested Party EDRNC Operating, LLC chill@bsk.com,
kdoner@bsk.com,tayers@bsk.com,nbasalyga@bsk.com

Camille Hill on behalf of Interested Party EDRNC Realty, LLC chill@bsk.com,
kdoner@bsk.com,tayers@bsk.com,nbasalyga@bsk.com

Camille Hill on behalf of Interested Party HORNC Operating, LLC chill@bsk.com,
kdoner@bsk.com,tayers@bsk.com,nbasalyga@bsk.com

Camille Hill on behalf of Interested Party HORNC Realty, LLC chill@bsk.com,
kdoner@bsk.com,tayers@bsk.com,nbasalyga@bsk.com

Camille Hill on behalf of Interested Party SARNC Operating, LLC chill@bsk.com,
kdoner@bsk.com,tayers@bsk.com,nbasalyga@bsk.com

Camille Hill on behalf of Interested Party SARNC Realty, LLC chill@bsk.com,
kdoner@bsk.com,tayers@bsk.com,nbasalyga@bsk.com

Tracy L Klestadt on behalf of Interested Party RCA Healthcare Management LLC tklestadt@klestadt.com,   tklestadt@yahoo.com

Lawrence J Kotler on behalf of Creditor Midland Loan Services, Inc., acting by and through its authorized sub-servicer Berkadia Commercial Mortgage LLCljkotler@duanemorris.com

Harlan M Lazarus on behalf of Creditor Clinical Staffing Resources Corp. hlazarus@lazarusandlazarus.com, harlan.lazarus@gmail.com

Kenneth M Lewis on behalf of Interested Party Capital Funding, LLC klewis@wtplaw.com, klewis@lewispllc.com Evan M Newman on behalf of Creditor Specialty RX NY, Inc enewman@newmanlawpc.com
Evan M Newman on behalf of Creditor Specialty Rx, Inc. enewman@newmanlawpc.com

James B. Reed on behalf of Claimant Diana L. Morse jreed@zifflaw.com, kwheadon@zifflaw.com
James B. Reed on behalf of Interested Party Diane L Morse jreed@zifflaw.com, kwheadon@zifflaw.com
Matthew G Roseman on behalf of Creditor Chubb European Group SE mroseman@cullenanddykman.com

Josh Russell on behalf of Creditor New York State Department of Taxation and Finance josh.russell@tax.ny.gov

Avery Samet on behalf of Creditor Committee Official Committee of Unsecured Creditors asamet@aminillc.com, aminillcfiling@aminillc.com;asamet@ecf.courtdrive.com

William F Savino on behalf of Defendant Mark LaSurk as Administrator of the Estate of Rhonda LaSurk wsavino@woodsoviatt.com

Andrew I Silfen on behalf of Plaintiff 6060 Armor Road, LLC silfen.andrew@arentfox.com, nova.alindogan@arentfox.com
Thomas R Slome on behalf of Creditor New York State Electric and Gas Corporation tslome@cullenanddykman.com
John R Stoelker on behalf of Creditor Grandison Management, Inc. jstoelker@mccarter.com

Andrew M Thaler on behalf of Interested Party Axis Surplus Insurance Company athaler@athalerlaw.com, dawn@athalerlaw.com;spiros@athalerlaw.com;r61907@notify.bestcase.com

James C Thoman on behalf of Creditor All State Fire Equipment of WNY jthoman@hodgsonruss.com, mizard@hodgsonruss.com;cnapierski@hodgsonruss.com

James C Thoman on behalf of Creditor Latina Boulevard Foods jthoman@hodgsonruss.com, mizard@hodgsonruss.com;cnapierski@hodgsonruss.com

Paige Barr Tinkham on behalf of Creditor Capital Finance, LLC ptinkham@blankrome.com
United States Trustee USTPRegion02.LI.ECF@usdoj.gov
John Robert Weiss on behalf of Creditor Midland Loan Services, Inc., acting by and through its authorized sub-servicer Berkadia Commercial Mortgage LLC jrweiss@duanemorris.com

Menachem O Zelmanovitz on behalf of Creditor Designed for Healthcare Ltd. mendy@zelmlaw.com Evan J. Zucker on behalf of Creditor Capital Finance, LLC ezucker@blankrome.com