```
                    UNITED STATES BANKRUPTCY COURT
                     EASTERN DISTRICT OF NEW YORK


IN RE:                          .    Case No. 19-76260-AST
                                .
ABSOLUT FACILITIES              .    Long Island Federal Courthouse
MANAGEMENT, LLC,                .    290 Federal Plaza
                                .    Central Islip, NY 11722
          Debtor.               .
                                .    September 10, 2025
. . . . . . . . . . . . . . .        10:36 a.m.


                TRANSCRIPT OF [50] STATUS CONFERENCE
                 BEFORE HONORABLE ALAN S. TRUST
             UNITED STATES BANKRUPTCY COURT CHIEF JUDGE


APPEARANCES:

For Ronald Winters,        Amini LLC
Plan Administrator:        By:  JEFFREY CHUBAK, ESQ.
                           131 West 35th Street, 12th Floor
                           New York, NY 10001

For Office of the          U.S. Department of Justice
U.S. Trustee:              Office of the U.S. Trustee
                           By:  CHRISTINE H. BLACK, ESQ
                           560 Federal Plaza
                           Central Islip, NY 11722




Audio Operator:            Yvette Mills



  Proceedings recorded by electronic sound recording, transcript
                produced by transcription service.
```

**J&J COURT TRANSCRIBERS, INC.**
**268 Evergreen Avenue**
**Hamilton, New Jersey 08619**
**E-mail: jjcourt@jjcourt.com**

**(609) 586-2311      Fax No. (609) 587-3599**

THE COURT: Now, starting the 10:30 calendar, Case Number 19-76260, Absolut Facilities Management, LLC.

MR. CHUBAK: Good morning, Your Honor, Jeffrey Chubak of Amini LLC, on behalf of Ron Winters, the plan administrator. As Your Honor knows, this is a five-year-old case. It was confirmed in 2020 following a --

THE COURT: All right. Hang on. Let's get the appearances.

MR. CHUBAK: Sure.

MS. BLACK: Good morning, Your Honor, Christine Black, Office of the United States Trustee.

THE COURT: Any other appearances?

(No audible response)

THE COURT: Okay. Mr. Chubak?

MR. CHUBAK: Good morning, Your Honor, Jeffrey Chubak of Amini LLC, for the plan administrator, Ron Winters. As Your Honor is aware, this case was filed in 2019, plan confirmed 2020 following a phased sale process with the facilities being operated by another entity RCA pending regulatory approval at which point the court approved APA would be closed upon.

The case has been kept open pending resolution of tort claims, preference actions in the EEOC adversary proceeding that have all now been resolved. However, we haven't moved for final decree because the plan administrator agreement provides for its termination upon final decree and

we, frankly, had expected the APA to have closed by now.

We've been in touch, we're in regular touch with the operator and the most recent update as of September 5th and we've provided updates to links, with links to the regulatory approval process, the Health Department website with each request of adjournment of the plan, of the status conference. The most recent update from five days ago is that the Health Department has a significant backlog of applications since COVID which we, of course, knew. And they have been throttling reviews which we also knew.

They advised us to withdraw stale applications and re-file in order to move to the top of the list. We're in the process of doing this now. It's an involved process which requires updating financial feasability analysis, need analysis and related materials.

So, from our view, it makes sense that it's understandable that they might need a new application given that it involves financial feasability and current financials would be more useful than financials from the time the applications were submitted. From our view, we would love to put in a final decree. However, it --

THE COURT: I'm really more concerned about the sale closing than papering a final decree.

MR. CHUBAK: Understood. Understood. Well, that's the status of the sale closing in a nutshell.

1  THE COURT: All right. Is there -- one of the things
2  I was hoping to get and what I think I'm hearing is you all may
3  have to start over again, basically --
4  MR. CHUBAK: I'm not sure.
5  THE COURT: -- on the regulatory --
6  MR. CHUBAK: Oh, start --
7  THE COURT: On the regulatory process, not the plan
8  process, but the sale process.
9  MR. CHUBAK: Sure, but our understanding is that the
10 process is expected to move a lot faster once that -- I mean,
11 that the operator is advised by counsel and taking steps to
12 make sure this happens as quickly as possible and it -- and
13 from their view, starting over again is actually going to get
14 this done faster.
15 THE COURT: Yes. I mean, I had in yesterday a
16 nursing home of the debtor that the sale was finally approved
17 after about seven or eight months and an affiliate that's been
18 pending for five years. So, I was just trying to get a handle
19 on what is actually happening on the ground. And if it's -- if
20 it now requires a do-over for the State regulatory process,
21 that at minimum sounds like it's in the best case will be a six
22 to nine-month window.
23 MR. CHUBAK: I can't give an estimate.
24 THE COURT: Okay. Thank you. Ms. Black?
25 MS. BLACK: Good morning, Your Honor, Christine

Black, Office of the United States Trustee.  The former Committee counsel has been filing operating reports on a quarterly basis.  I keep in touch with him to see what's going on.  I don't think that there's anything we can do except have him complete the process to get the sale moving.

I haven't heard anything negative about this case, Absolut, at all.  So under the circumstances, we should probably just go out a short period of time to see if this new process will speed this up any significant amount.

THE COURT:  I don't think we're hearing much about it because by now I think people have forgotten.  I mean, the creditors aren't going to get paid because the sale generates the proceeds to pay the creditors, so I think everybody's waiting for the sale to close.

My inclination is, is to bring you all back in, in February or March.  I would like to at least get one last report.  This seems like this case is going to outlast my tenure.  Maybe it will be in a position to close by March.  We'll find that out.  But let me get you all a March date for an adjourned status.

And then, Mr. Chubak, if you will file for the plan administrator.  If a new process does, if the application has to be resubmitted for whatever reason, age, whatever it might be, just docket a letter, the process is now restarted, here's the date --

```
 1                MR. CHUBAK:  Of course.
 2                THE COURT:  -- so that we know that's going on and
 3   then closer to the adjourned status file an update letter say a
 4   week before, here's where the process is.
 5                MR. CHUBAK:  Of course, yes, Your Honor.
 6                THE COURT:  Okay.
 7                MS. BLACK:  Okay.
 8                THE COURT:  So March 11 at 10 a.m.  March 11 of 2026
 9   at 10 a.m. will be adjourned status.  Mr. Chubak, if you will
10   docket a notice of adjournment to March 11 at 10 a.m.  And,
11   again, file one status letter when the process restarts and
12   then an updated status the week before the adjourned hearing on
13   where it stands.  Maybe it will say the sale closed and that
14   would be great, but you'll know it before I do.  All right?
15                              * * * * *
```

## **C E R T I F I C A T I O N**

I, KELLI R. PHILBURN, court approved transcriber, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter, and to the best of my ability.

/s/ Kelli R. Philburn
KELLI R. PHILBURN
J&J COURT TRANSCRIBERS, INC.          DATE: October 28, 2025